1  MARK KLEIMAN (S.B.N. 115919)
2  KLEIMAN / RAJARAM
3  12121 WILSHIRE BOULEVARD, # 810
   LOS ANGELES, CA 90025
4  TELEPHONE: (310) 392-5455
5  FACSIMILE: (310) 306-8491
   EMAIL: mark@krlaw.us
6
7  Attorneys for Defendant
   NATIONAL STUDENTS FOR
8  JUSTICE IN PALESTINE
9                 UNITED STATES DISTRICT COURT
10
11              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  MATTHEW WEINBERG, RABBI | Case No. 2:25-cv-03714 MCS (JCx) |
| 13  DOVID GUREVICH, NIR HOFTMAN, ELI TSIVES, | |
| 14  | SPECIAL APPEARANCE BY NATIONAL STUDENTS FOR |
| 15  Plaintiffs, | JUSTICE IN PALESTINE IN OPPOSITION TO PLAINTIFFS' |
| 16  vs. | MOTION FOR SERVICE BY PUBLICATION AND FOR |
| 17  | EXTENSION OF TIME FOR SERVICE; DECLARATION OF |
| 18  NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, JOHN DOE | MARK KLEIMAN AND PROPOSED ORDER |
| 19  #1, PRESIDENT OF THE UCLA CHAPTER OF SJP, AJP | |
| 20  EDUCATIONAL FOUNDATION, INC., | |
| 21  D/B/A AMERICAN MUSLIMS FOR PALESTINE, OSAMA ABURSHAID, | Date: August 25, 2025 |
| 22  HATEM AL-BAZIAN, FACULTY FOR | Time: 9:00 A.M. |
| 23  JUSTICE IN PALESTINE NETWORK, | Courtroom: 7C |
| 24  UC DIVEST COALITION, WESPAC | |
| 25  FOUNDATION, PEOPLE'S CITY COUNCIL, | |
| 26  | |
| 27  Defendants. | |

28

SPECIAL APPEARANCE BY NATIONAL STUDENTS FOR JUSTICE IN PALESTINE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SERVICE BY PUBLICATION AND FOR EXTENSION OF TIME FOR SERVICE;
DECLARATION OF MARK KLEIMAN AND PROPOSED ORDER

National Students for Justice in Palestine, (NSJP) specially appearing  by and through the undersigned counsel, and hereby respectfully submits this Opposition to Plaintiff's Motion for Service by Publication pursuant to California Code of Civil Procedure § 415.50.

## INTRODUCTION

In the three and a half months since filing, Plaintiffs have done nothing but send emails.  They nonetheless have moved this Court for an order permitting service by publication upon NSJP, an unincorporated national student group. However, Plaintiffs have failed to demonstrate the "reasonable diligence" required by California law before resorting to this extraordinary method of service. Plaintiff's attempts at service—limited to emails and contacting co-defendants— fall far short of the thorough, systematic investigation and good faith effort required by law. This Opposition demonstrates that Plaintiffs have not exhausted readily available methods of service and has ignored the most likely means of serving Defendant, thus failing to satisfy the statutory prerequisites for service by publication.

Plaintiffs also ignore the requirement of this very Court in Chrome Hearts LLC v. Goodluck SD LLC, No. 2:22-cv-05918-MCS-GJS, 2022 U.S. Dist. LEXIS 221869 (C.D. Cal. Dec. 8, 2022) that ""Plaintiff must offer independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant."…" Id. at *2

## I.    Legal Standard for Service by Publication

Service by publication is an extraordinary method of service that is permitted only as a last resort.  It is permitted only when two independent tests have been satisfied.  As a threshold matter, it will only be considered when it "appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner

SPECIAL APPEARANCE BY NATIONAL STUDENTS FOR JUSTICE IN PALESTINE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SERVICE BY PUBLICATION AND FOR EXTENSION OF TIME FOR SERVICE; DECLARATION OF MARK KLEIMAN AND PROPOSED ORDER

specified in this article." <u>Cal Code Civ Proc</u> § 415.50. This "reasonable diligence" standard requires a "thorough, systematic investigation and inquiry conducted in good faith." Strict compliance with the letter and spirit of the statutes is required." <u>United Specialty Ins. Co. v. Green Med. Trans, Inc.</u>, No. 23-CV-01092-MEMF-SP, 2023 U.S. Dist. LEXIS 247092 at * 6-7 (C.D. Cal. Nov. 13, 2023) [citing California appellate decisions interpreting § 415.50's requirements. [<u>Rodriguez v. Cho</u>, 236 Cal.App.4th 742, 750 (2015) and <u>Olvera v. Olvera</u>, 232 Cal.App.3d 32, 41 (1991).]

Only once this threshold test has been passed will the Court see if the second requirement has been met:  "The plaintiff "must offer 'independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant.'" <u>Cummings v. Hale</u>, No. 15-cv-04723-JCS, 2016 U.S. Dist. LEXIS 124262, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016) (quoting <u>McNamara v. Sher</u>, No. 11-cv-1344-BEN (WVG), 2012 U.S. Dist. LEXIS 30807, 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012));  The declaration must be signed by someone with personal knowledge of the essential facts." <u>Cummings</u>, 2016 U.S. Dist. LEXIS 124262, 2016 WL 4762208 at *3.

## II.    **Plaintiffs Failed to Exercise Reasonable Diligence in Attempting to Serve NSJP**

Plaintiffs' motion for service by publication must be denied because Plaintiffs have utterly failed to demonstrate reasonable diligence in attempting to serve Defendant through other available methods. The record shows that Plaintiffs' efforts were limited to:

1. Sending emails to general email addresses associated with Defendant or its lawyers in wholly separate cases; and
2. Contacting co-defendants for information about Defendant.

//

These minimal efforts fall far short of the "thorough, systematic investigation" required by law.

**A.    Plaintiffs Failed to Attempt Personal Service as Required by Law**

California Code of Civil Procedure § 415.10 requires  that "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served.". Despite this straightforward method of service, Plaintiffs made no attempt whatsoever to effect personal service on Defendant, or even to conduct basic research about where the Defendant might be served. This failure alone demonstrates that Plaintiffs have not exhausted the methods of service specified in the Code before seeking the extraordinary remedy of service by publication.

**B.    Plaintiffs Failed to Even Attempt to Identify and Serve Defendant's Officers or Agents**

Both federal and state law provide clear methods for serving unincorporated associations. Federal Rule of Civil Procedure 4(h) permits service on an unincorporated association by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." USCS Fed Rules Civ Proc R 4. Similarly, California allows service on an unincorporated association by delivering the summons and complaint to "the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process." Cal Code Civ Proc § 416.40.

Despite these clear provisions, Plaintiffs made no effort to identify any officers, managing agents, or authorized agents of Defendant who could accept service. This failure to pursue the most obvious and legally prescribed methods of

//

4

1  service demonstrates a lack of reasonable diligence. <u>Whitaker v. Backic</u>, No. CV
2  18-06053-AB (Ex), 2018 U.S. Dist. LEXIS 250923 *6-7 (C.D. Cal. Oct. 31, 2018)
3       **C.     Plaintiffs' Affidavit Fails to Demonstrate Reasonable Diligence**
4       To obtain an order for service by publication, Plaintiffs must submit an
5  affidavit that satisfies the court that the party cannot with reasonable diligence be
6  served in another manner. <u>Cal Code Civ Proc</u> § 415.50. Plaintiffs' affidavit
7  describing a series of emails falls far short of the required demonstration that
8  reasonable diligence was exercised. In fact, the Plaintiffs own exhibits and
9  references to two other case highlight their failure here.
10       In Parizer v AJP Educational Foundation, et. al. the Plaintiffs engaged in
11  engaged in extensive research (Exh. 1., Dkt. 44-1 at p.3) and identified a member
12  of NSJP's Steering Committee and found his address.  Only after the Plaintiffs
13  engaged a process server who then attempted substitute service on that individual's
14  parents and failed and only after Plaintiffs' investigators failed to find any other
15  address, did the District Court judge in Parizer permit service by publication. *Id.* at
16  p. 4.
17       Similarly, in Manhart v. AJP Educational Foundation, the Plaintiff worked
18  to identify multiple addresses for an individual tied to another organizational
19  defendant (Jewish Voice for Peace).  (Exh. 2., Dkt. 37-1 and 37-2, at pp. 2-4.)
20  There, as in Parizer, the Plaintiff engaged a process server who made multiple
21  attempts to serve the individual at at least two different addresses/  Only then was
22  service by publication permitted.
23  **III.    <u>Plaintiff Has Failed to Offer a Sworn Affidavit Attesting to Facts</u>**
24         **<u>Showing that a Cause of Action Exists Against NSJP.</u>**
25       California has a second requirement which federal courts have strictly
26  enforced:  "[I]ndependent evidentiary support, in the form of a sworn statement of
27  facts, for the existence of a cause of action against the defendant." <u>Chrome Hearts</u>
28  <u>LLC</u>, 2022 U.S. Dist. LEXIS 221869 * 2 (C.D. Cal. Dec. 8, 2022). Moreover,

"[T]he declaration must be signed by someone with personal knowledge of the essential facts." <u>Zimmerman v. Mighty Mug, Inc.</u>, No. CV 23-10596-GW-MRWx, 2024 U.S. Dist. LEXIS 70493 *6 (C.D. Cal. Apr. 17, 2024)

There is no such declaration here, nor could there be since there is not a single factual, non-conclusory allegation against NSJP in the entire pleading.  In fact, the closest Plaintiffs come is an allegation made "on information and belief" at Par. 47 of their complaint.

This defect is fatal, and Plaintiffs' failure to even attempt a remedy is telling.

## CONCLUSION

Plaintiffs have failed to demonstrate the reasonable diligence required before resorting to service by publication. <u>Cal Code Civ Proc</u> § 415.50. Plaintiffs' minimal efforts—limited to emails and contacting co-defendants—while ignoring the most obvious methods of service prescribed by law, fall far short of the thorough, systematic investigation conducted in good faith that the law requires.

Their equally fatal failure to establish, by sworn declaration, any facts pointing to a cause of action against NSJP also compels denial of this motion and dismissal of the complaint.

Accordingly, Defendant respectfully requests that this Court deny Plaintiff's Motion for Service by Publication.

WHEREFORE, specially appearing Defendant respectfully requests that this Court:

1. Deny Plaintiff's Motion for Service by Publication;

2. Deny Plaintiff's Motion for an Extension of Time;

3. Order Plaintiff to pursue service through the methods prescribed by Federal Rule of Civil Procedure 4(h) and California Code of Civil Procedure §§ 415.10 and 416.40; and

4. Grant such other and further relief as this Court deems just and proper.

//

6

Respectfully submitted,

DATED: August 4, 2025          KLEIMAN / RAJARAM

By:_____

Mark Kleiman, Esq.

Mark Allen Kleiman
Specially Appearing for Defendant
National Students for Justice in Palestine.

SPECIAL APPEARANCE BY NATIONAL STUDENTS FOR JUSTICE IN PALESTINE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SERVICE BY PUBLICATION AND FOR EXTENSION OF TIME FOR SERVICE;
DECLARATION OF MARK KLEIMAN AND PROPOSED ORDER