William J. Brown, Jr. (SBN 192950)
bill@brownwegner.com
Kyle J. Berry (SBN 355393)
kberry@brownwegner.com
BROWN WEGNER LLP
2010 Main Street, Suite 1260 Irvine, California 92614
Telephone: 949.705.0080

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WEINBERG, RABBI DOVID GUREVICH, NIR HOFTMAN, ELI TSIVES,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, JOHN DOE #1, PRESIDENT OF THE UCLA CHAPTER OF SJP, AJP EDUCATIONAL FOUNDATION, INC., D/B/A AMERICAN MUSLIMS FOR PALESTINE, OSAMA ABURSHAID, HATEM AL-BAZIAN, FACULTY FOR JUSTICE IN PALESTINE NETWORK, UC DIVEST COALITION, WESPAC FOUNDATION, PEOPLE'S CITY COUNCIL,<br><br>    Defendants | Case No.: 2:25-cv-03714 MCS (JCx)<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE AND TO SERVE BY PUBLICATION**<br><br>Date: August 25, 2025<br>Time: 9:00 A.M.<br>Courtroom: 7C |

1 | [Additional Counsel Cont. from previous page]

2

3 | Thomas R. McCarthy (DC Bar No. 48965)*
Zachary P. Grouev (FL Bar No. 10386291)*

4 | Julius Kairey (NY Bar No. 5668249)*

5 | CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700

6 | Arlington, VA 22209

7 | (703) 243-9423
tom@consovoymccarthy.com

8 | zach@consovoymccarthy.com

9 | julius@consovoymccarthy.com

10 | Richard A. Rosen (NY Bar No. 1663830)*

11 | Omer Wiczyk (NY Bar No. 4321600)*
THE LOUIS D. BRANDEIS CENTER

12 | FOR HUMAN RIGHTS UNDER LAW

13 | 1330 6th Avenue, 23rd Floor
New York, NY 10019

14 | (917) 363-9004

15 | rrosen@brandeiscenter.com
owiczyk@brandeiscenter.com

16

17 | *Admitted pro hac vice*

18 | *Attorneys for Plaintiffs*

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
EXTENTION OF TIME TO SERVE AND TO SERVE
BY PUBLICATION

**REPLY**

It is now clear that National Students for Justice in Palestine (NSJP or SJP) has actual knowledge of this action. On July 21, 2025, after receiving a third request from Plaintiffs that SJP waive service, counsel for SJP in *Parizer v. AJP Educational Foundation, Inc.*, No. 24-cv-724 (E.D. Va.), responded: "We do not know if NSJP has retained other counsel for the case about which you are writing us. We do know that we have not been retained, and are therefore without authority to accept your offer of waiver of service. Should that change we will let you know." *See* Dkt.43-2 (Grouev Decl.) ¶3 & Ex.B at 5. Counsel has since specially appeared for SJP in this action, removing any doubt that SJP is aware of Plaintiffs' claims. *See* Opp. But rather than comply with its "duty to avoid unnecessary expenses of serving the summons" by waiving service, Fed. R. Civ. P. 4(d)(1), SJP has elected to challenge whether Plaintiffs have been reasonably diligent in attempting to effect service and whether Plaintiffs have offered evidence that a cause of action exists against SJP. Because Plaintiffs have satisfied the requirements of California Code of Civil Procedure §415.50, the Court should grant Plaintiffs' motion and authorize service by publication on SJP.

**ARGUMENT**

**I.    Plaintiffs Have Exercised Reasonable Diligence.**

The "reasonable diligence" standard under §415.50 is context specific. *See Rios v. Singh*, 65 Cal. App. 5th 871, 880 (Ct. App. 2021). Thus, a court's determination of whether the standard is met "depends on the facts," *id.*, and "[n]o single formula nor mode of search can be said to constitute due diligence in every case," *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (Ct. App. 1978). The inquiry is also informed by the underlying fact that service by publication alone "rarely results in actual notice." *Rios*, 65 Cal. App. 5th at 880; *see also Watts v. Crawford*, 896 P.2d 807, 811 n.5 (Cal. 1995) (explaining that "constitutional principles of due process of law" influence when service by publication is appropriate). In short, the question is whether the court is satisfied that the plaintiff "'took those steps which a reasonable person who truly desired to give notice would have taken

under the circumstances.'" *Wells Fargo Bank, N.A. v. Nangong*, 2023 WL 3555477, at *1 (C.D. Cal. Mar. 28) (Scarsi, J.). Generally, "[a] number of honest attempts to learn the defendant's whereabouts through inquiry and investigation" is enough. *Rios*, 65 Cal. App. 5th at 880.

The gravamen of SJP's opposition is that Plaintiffs' efforts to serve it have been limited to "[s]ending emails to general email addresses associated with Defendant or its lawyers in wholly separate cases" and "[c]ontacting co-defendants for information about Defendant." Opp.3. SJP further claims that Plaintiffs failed to "conduct basic research about where the Defendant might be served" and "made no effort to identify any officers, managing agents, or authorized agents of Defendant who could accept service." Opp.4. But that is wrong. Mr. Grouev's unrebutted declaration describes the extensive steps Plaintiffs took to accomplish service. *See* Grouev Decl. Plaintiffs "attempted to locate a 'last known address' for SJP" at which the organization could be served, but could not do so, "even after a comprehensive search of publicly available information." Mot.4 (citing Grouev Decl. ¶7). Plaintiffs also "conducted extensive research to ascertain SJP's organizational structure, including seeking the identifies of any officers or directors it may have." Mot.6 (citing Grouev Decl. ¶¶4-7 & Exs.D-G). But Plaintiffs were "unable to identify any officer or other person who could accept service on behalf of SJP." Grouev Decl. ¶6. That was no surprise, because SJP is "led by an anonymous 'steering committee' that makes high-level decisions that then filter down to individual chapters." *Id.* "The identities of the steering committee's members do not appear to be publicly available." *Id.* As Plaintiffs explained, *see* Mot.4 (collecting cases), many litigants seeking to hold SJP accountable have faced similar difficulties, especially with respect to identifying current members of the steering committee, *see* Grouev Supp. Decl. ¶3 & Ex.AA (letter from plaintiff's counsel in *Horowitz v. AJP Educational Foundation, Inc.*, No. 25-cv-3412 (ALC) (S.D.N.Y), explaining that Horowitz has been able to locate only individuals "previously … acknowledged" to have served on the steering committee some time before).

Although SJP has not specifically identified whom it thinks Plaintiffs should have attempted to serve or where Plaintiffs should have attempted to serve them, it appears to contend that reasonable diligence requires inevitably ineffective attempts to serve individuals previously identified as members of the steering committee. *See* Opp.5. "'[U]nder the circumstances,'" *Wells Fargo Bank, N.A.*, 2023 WL 3555477, at *1, that argument fails. For starters, there is no indication that any of the handful of previously identified steering committee members is *currently* serving on the committee and thus can accept service on behalf of SJP. *See* Cal. Civ. Proc. Code §416.40(b); Fed. R. Civ. P. 4(h)(1)(B). One such individual was identified by the *Parizer* plaintiffs roughly ten months before Plaintiffs filed this action. *See* Dkt.44-1 (Kleiman Decl.) ¶2 & Ex.1 at 6. Two others, whose previous affiliations are based on a December 15, 2023 article in the New Yorker, *see* Grouev Supp. Decl. ¶3 & Ex.BB at 12, are even further removed. Yet SJP refuses to confirm that even one of these individuals is currently authorized to accept service on its behalf. *See* Opp. And there is reason to believe that the steering committee regularly cycles through members as part of SJP's broader strategy of maintaining operational secrecy and avoiding accountability in court. *Cf.* Grouev Supp. Decl. ¶3 & Ex.CC (social media post from SJP's "[o]fficial account" advertising applications to join the steering committee in June 2023). That SJP has adopted this convoluted and opaque organizational structure should not, and does not, make the organization immune from suit.

As SJP acknowledges, the district court in *Parizer* ordered service by publication. Opp.5. There, the plaintiffs identified an individual they believed to be a then-current member of the steering committee, then tried (and failed) to serve that individual at his parents' address. Kleiman Decl. ¶2 & Ex.1 at 39-40. In this case, SJP appears to argue that Plaintiffs, before filing their motion, were required to try to accomplish service by the same means on the same individual, only to fail just like the plaintiffs in *Parizer* and *Horowitz* did. *See* Kleiman Decl. ¶2 & Ex.1 at 39-40 (*Parizer*); Grouev Supp. Decl. ¶3 & Ex.AA (*Horowitz*). That makes no sense, especially when the individual has demonstrated

an independent pattern of evading service and there is no question that SJP already has actual notice of this action. *See e.g.*, *Est. of Smith v. City of San Diego*, 2017 WL 3175975, at *4 (S.D. Cal. July 19); *cf. Rios*, 65 Cal. App. 5th at 880.[1] In any event, Plaintiffs have been unable to discover the identities of *any* of the current members of the steering committee, despite extensive research into SJP's organizational structure. Mot.6.

SJP does not say how Plaintiffs should have gone about trying to identify its current officers or agents, beyond what Plaintiffs did. It refuses to confirm whether any of the handful of individuals who have previously identified themselves as members of the steering committee continue to sit on the committee today such that efforts to serve SJP through them would even be possible. And despite several concurrent suits in which SJP has been named as a defendant, no plaintiff appears to have successfully effected service on SJP outside of a waiver or court-ordered service by publication. In the light of SJP's pattern of "systematic secrecy" and "structural evasiveness of service," Grouev Decl. ¶3 & Ex.AA, and the practical reality that SJP has actual knowledge of this action, Plaintiffs have demonstrated "reasonable diligence" under California Code of Civil Procedure §415.50.

## II.    Plaintiffs Have Established that a Cause of Action Exists against SJP.

The declarations of Plaintiffs Nir N. Hoftman and Matthew Weinberg are independent evidentiary support showing that "[a] cause of action exists against" SJP. Cal. Civ. Proc. Code § 415.50(a)(1). "SJP played a critical role in a conspiracy to deprive both men of their civil rights as Jews." Mot.6. "SJP was the primary organizer of a virulently antisemitic campus encampment," and helped expand it. *Id.* (citing Hoftman Decl. ¶¶3, 8; Weinberg Decl. ¶¶3-6). It "deployed the 'checkpoints' and 'human phalanxes' that

---

[1] SJP also cites the plaintiff's efforts in *Manhart v. AJP Educational Foundation*, No. 24-cv-8209-MMR-KHH (N.D. Ill.), to serve an individual defendant (Simone Tucker) allegedly affiliated with a different organization (Jewish Voice for Peace, or JVP) by alternative means. *See* Opp.5. But that motion had nothing to do with service on JVP, which promptly appeared because, unlike SJP, it is a California corporation easily served via its registered agent. *See* Grouev Supp. Decl. ¶3 & Ex.DD (JVP proof of service). If anything, *Manhart* supports Plaintiffs' arguments because it shows that SJP only selectively complies with its duty to minimize costs under Rule 4(d)(1) by waiving service. *See* Grouev Supp. Decl. ¶3 & Ex.EE (SJP waiver).

ensured Jews could not access public spaces without risking a violent encounter with antisemitic thugs." Mot.7 (citing Weinberg Decl. ¶¶3-6; Hoftman Decl. ¶¶5-6). Hoftman was assaulted and robbed by members of the encampment, and both he and Weinberg had to avoid the "occupied" area out of fear for their safety. *See id.* Both men have knowledge of SJP's role in the encampment. *See* Hoftman Decl. ¶3; Weinberg Decl. ¶3. These and other facts set forth in the declarations show, at a minimum, that Plaintiffs have a cause of action against SJP under 42 U.S.C. §1985(3).

The opposition ignores these declarations. *See* Opp.5-6 (asserting that Plaintiffs have not submitted evidentiary support by individuals with personal knowledge of essential facts). SJP also claims that Plaintiffs' complaint is conclusory, and that the motion should thus be denied based on this Court's order in *Chrome Hearts LLC v. Goodluck SD LLC*, No. 2:22-cv-05918-MCS-GJS (Dec. 8, 2022). Grouev Supp. Decl. ¶3 & Ex.FF (reproducing order). But in that case, the plaintiff at first failed to submit *any* sworn statement showing the existence of a cause of action. *See id.* The Court gave the plaintiff additional time to supplement the motion with sworn statements, and after plaintiff did so, the Court allowed service by publication. Grouev Supp. Decl. ¶3 & Ex.GG. SJP's argument that Plaintiffs' complaint sets forth only conclusory allegations against it can be raised on a motion to dismiss after counsel for SJP enters an ordinary appearance. *See Wells Fargo Bank, N.A.*, 2023 WL 3555477, at *2 (granting service by publication "[w]ithout opining on the sufficiency of the Complaint under Rule 8(a) or the merits of Plaintiff's claims"). That argument is no reason to deny this motion for service by publication, which is supported by two sworn declarations establishing the existence of at least one cause of action against SJP.

## CONCLUSION

Plaintiffs respectfully request that the Court enter an order allowing them to serve SJP by publication and extending the time for service for six weeks after entry of the publication order, or for any other period the Court deems appropriate.

Dated: August 11, 2025                    Respectfully submitted,


                                          BROWN WEGNER LLP
                                          CONSOVOY MCCARTHY PLLC
                                          THE LOUIS D. BRANDEIS CENTER
                                          FOR HUMAN RIGHTS UNDER LAW

                                          By: /s/
                                                Thomas R. McCarthy*
                                                Willam J. Brown, Jr.
                                                Zachary P. Grouev*
                                                Julius Kairey*
                                                Richard A. Rosen *
                                                Omer Wiczyk *

                                          *Attorneys for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that this brief contains 1,851 words, which complies with the word limit of L.R. 11-6 and this Court's Standing Order, Dkt.28 at 8, for reply memoranda of points and authorities.

Dated: August 11, 2025                    /s/ Thomas R. McCarthy
                                          Thomas R. McCarthy