Max A. Schoening (SBN 324643)
max@qureshi.law
Qureshi Law
700 Flower St., Suite 1000
Los Angeles, CA 90017
Phone: 213-786-3478
Fax: 213-277-8989

Christina A. Jump (*pro hac vice* application pending)
cjump@clcma.org
Samira S. Elhosary (*pro hac vice* application pending)
selhosary@clcma.org
Muslim Legal Fund of America, Legal Division
100 N. Central Expy., STE 1010
Richardson, TX 75080
Phone: 972-914-2507
Fax: 972-692-7454
*Attorneys for Defendant AJP Educational Foundation, Inc.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Weinberg, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>National Students for Justice in Palestine, *et al.*,<br><br>                    Defendants. | Case No. 2:25-cv-03714<br><br>**DEFENDANT AJP EDUCATIONAL FOUNDATION, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Hearing: December 8, 2025<br>Time: 9:00 a.m.<br>Location: Courtroom 7C<br>First Street U.S. Courthouse<br>350 W. 1st St.<br>Los Angeles, CA 90012<br><br>Honorable Mark C. Scarsi<br>United States District Judge |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ii

I. INTRODUCTION ..................................................................................1

II. FACTS AND PROCEDURAL HISTORY ...........................................1

III. STANDARD OF REVIEW ...................................................................3

    A. Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6) ...........................................................................................3

IV. ARGUMENT ..........................................................................................4

    A. Plaintiffs' Fail to State a Claim Against AMP Under Section 1985's Deprivation Clause .................................4

    B. Plaintiffs Fail to State a Claim Against AMP Under Section 1985's Hindrance Clause ...................................7

V. CONCLUSION .......................................................................................8

Certificate of Service ...............................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Appling v. City of L.A.*
   701 F. App'x 622 (9th Cir. 2017) .................................................................. 5, 6

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ............................................................................................ 3

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ............................................................................................ 3

*Caldeira v. Cnty. of Kauai*
   866 F.2d 1175 (9th Cir. 1989) ............................................................................ 5

*Gompper v. VISX, Inc.*
   298 F.3d 893 (9th Cir. 2002) .............................................................................. 3

*Griffin v. Breckenridge*
   403 U.S. 88 (1971) .............................................................................................. 4

*Holgate v. Baldwin*
   425 F.3d 671 (9th Cir. 2005) .......................................................................... 6, 7

*Jones v. Cnty. of San Bernardino*
   No. EDCV 21-695 JGB (SPx), 2021 U.S. Dist. LEXIS 214904
   (C.D. Cal. Oct. 15, 2021) ................................................................................... 5

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir. 2001) .............................................................................. 4

*Leishman v. Wash. Off. of the AG*
   No. 24-2509, 2025 U.S. App. LEXIS 7377 (9th Cir. Mar. 31, 2025) ............... 6

*Miller v. Vega*
   No. 2:25-cv-04268-HDV (MBKx), 2025 U.S. Dist. LEXIS 149581
   (C.D. Cal. Aug. 4, 2025) ................................................................................ 5, 6

*Molina v. Diaz*
   No. EDCV 20-00518-SVW (AS), 2021 U.S. Dist. LEXIS 246829
   (C.D. Cal. Dec. 28, 2021) ................................................................................... 5

*Nat'l Abortion Fed'n v. Operation Rescue*
   8 F.3d 680 (9th Cir. 1993) .............................................................................. 7, 8

*New Mexico State Inv. Council v. Ernst & Young LLP*
  641 F.3d 1089 (9th Cir. 2011) .................................................................................. 3

*Selane Prods. v. Cont'l Cas. Co.*
  706 F. Supp. 3d 997 (C.D. Cal. 2020) ..................................................................... 2

*Sever v. Alaska Pulp Corp.*
  978 F.2d 1529 (9th Cir. 1992) .................................................................................. 4

*United Bhd. of Carpenters & Joiners, Local 610 v. Scott*
  463 U.S. 825 (1983) .................................................................................................. 4

**<u>Statutes</u>**

42 U.S.C. § 1983 .............................................................................................................. 5

42 U.S.C. § 1985(3) ..................................................................................................... 4, 5

**<u>Rules</u>**

Federal Rule of Civil Procedure 12(b)(6) .................................................................... 3

I. **INTRODUCTION**

Advocating for a political position, even one not universally liked, does not equate to a conspiracy against rights under any law. Plaintiffs accuse AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP") of facts that constitute no more than being a nonprofit in the United States that works to educate Americans about the history and culture of Palestine. Plaintiffs' claims, therefore, fail as a matter of law. Plaintiffs seek compensation for harms they suffered on UCLA's campus, but misdirect their lawsuit: instead of going after the actors that harmed them, Plaintiffs blame AMP under a theory that AMP must have known about activities on UCLA's campus, simply because AMP provides some limited support to student groups nationwide. The law does not support this baseless and conclusory leap. AMP asks this Court to dismiss this misdirected attempt, for the reasons explained in further detail below.

II. **FACTS AND PROCEDURAL HISTORY**

Defendant AMP is a 501(c)(3) non-profit organization incorporated in California. *See* First Amended Complaint ("FAC") at ¶ 38, (Doc. 54). Since its founding in 2006, AMP has continuously worked toward its stated mission to advance Palestinian rights in the United States and raise awareness of Palestine's rich culture and history.[1] AMP does not accept donations from outside the United States, nor does it send money to any party outside of the United States. Today, and at all times relevant to the allegations in this

---

[1] *About AMP,* AMERICAN MUSLIMS FOR PALESTINE, https://www.ampalestine.org/about-amp (last visited October 15, 2025).

1

lawsuit, AJP Educational Foundation, Inc. is the name of the single legal entity, with American Muslims for Palestine ("AMP") as its designated fictitious name.[2]

Plaintiffs are members of the University of California, Los Angeles ("UCLA") community and include a professor, a law student, a Rabbi, and an undergraduate student, all of whom allege harm connected to the campus encampment in May 2024. *Id*. ¶¶ 30-33, 131-148. Plaintiffs allege that AMP engaged in a conspiracy in violation of the Ku Klux Klan Act. *Id*. ¶ 150.

Plaintiffs allege that AMP "works in broad-based coalitions and supports campus activism through SJP and its chapters and Muslim Student Associations." *Id*. ¶ 38. Plaintiffs assert that AMP, through an employee with the title of Associate Director of Outreach and Community Organizing, is "charged with acting as a liaison to campus activism groups across the country; helping these groups procure grants, materials and speakers and to set up programs and activities; and coordinating AMP's grassroots organizing to facilitate national coalition building." *Id*.

Plaintiffs also contend that AMP "was significantly involved in the creation of NSJP for the express purpose of binding campus groups around the country together into

---

[2] While Plaintiffs allege that AMP "utilizes a hybrid corporate structure to obfuscate its actions and conceal its sources of funding" (FAC at ¶ 38 n.6), AMP merely utilizes a "doing business as" name, as do many corporations. This Court may take judicial notice of AMP's publicly available incorporation documents and fictitious name certificate, available through Virginia Secretary of State's website and attached hereto as Exhibit A. *See Selane Prods. v. Cont'l Cas. Co.*, 706 F. Supp. 3d 997, 1002 (C.D. Cal. 2020) (taking judicial notice of public records).

2

a unified and cohesive advocacy network." *Id.* ¶ 39. However, AMP has never had any corporate or other structural relationship with NSJP. Plaintiffs also plead that AMP is under investigation by the Virigina Attorney General's Office and the Senate HELP Committee.[3] *Id.* ¶ 40.

Plaintiffs filed this claim on April 25, 2025, and later amended their Complaint. ECF Nos. 1, 54. This Motion to Dismiss now follows.

### III. STANDARD OF REVIEW

**A.  Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint must contain sufficient allegations that, if accepted as true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims qualify as facially plausible when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant could be liable for the misconduct alleged, if those allegations ultimately prove true. *Id.* The facts alleged in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Courts "will accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." *New Mexico State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011) (quoting *Gompper v. VISX, Inc.* 298 F.3d 893, 895 (9th Cir. 2002)). However, plaintiffs cannot survive a motion to dismiss on conclusory

---

[3] AMP responded to the HELP Committee's requests of it, *via* letter dated April 23, 2025. To date, AMP has had no subsequent communication from the HELP Committee.

allegations of law alone. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

## IV.   ARGUMENT

### A.   Plaintiffs Fail to State a Claim Against AMP Under Section 1985's Deprivation Clause

Plaintiffs fail to state a claim against AMP under Section 1985's deprivation clause because they do not plausibly plead any of the first three elements required by the statute.

To state a claim under 42 U.S.C. § 1985(3)'s deprivation clause, a plaintiff must allege (1) a conspiracy; (2) to deprive a person or class of equal protection of the laws or equal privileges and immunities; (3) an act in furtherance of the conspiracy; (4) resulting injury. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Section 1985(3) itself provides no substantive rights, so plaintiffs must identify an underlying constitutional or federal statutory right to support a claim under Section 1985(3). *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833-34 (1983). Further, when the alleged conspiracy targets rights that constrain only government actors, such as the First Amendment, plaintiffs must also show either that the conspiracy included government actors, or that private actors acted to influence state action. *Id.* at 830. Plaintiffs must also demonstrate racial or otherwise class-based, invidiously discriminatory animus behind the conspirators' actions. *Sever*, 978 F.2d at 1536 (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). In the Ninth Circuit, Section 1985(3) claims extend beyond race "only when the class in question can show that there has been a governmental determination that its members require and warrant special deferral

4

assistance in protecting their civil rights." *Id.* (internal citations and quotations omitted).

As to the first element of Section 1985's deprivation clause, Plaintiffs fail to allege AMP participated in any conspiracy with the other defendants named in this lawsuit, or anyone else for that matter, to harm Plaintiffs. To properly state a claim for conspiracy, a plaintiff "must state ***specific facts*** to support the existence of the claimed conspiracy." *Miller v. Vega*, No. 2:25-cv-04268-HDV (MBKx), 2025 U.S. Dist. LEXIS 149581, at *7 (C.D. Cal. Aug. 4, 2025) (emphasis in original). Merely stating that a conspiracy exists "without factual specificity is insufficient." *Id.* (finding that a claim under Section 1985 failed where the plaintiff alleged no facts that included "the scope of the conspiracy or when the agreement formed and to what end").

Plaintiffs fail to identify a deprivation of a constitutional or federal statutory right cognizable under 42 U.S.C. § 1983. This failure is fatal to their claim for conspiracy under Section 1985(3). *See Jones v. Cnty. of San Bernardino*, No. EDCV 21-695 JGB (SPx), 2021 U.S. Dist. LEXIS 214904, at *13 (C.D. Cal. Oct. 15, 2021) (citing *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989)) ("A plaintiff cannot state a conspiracy claim under section 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983."). Further, Plaintiffs fail to state any invidiously discriminatory, class-based animus by AMP. *See Appling v. City of L.A.*, 701 F. App'x 622, 626 (9th Cir. 2017) (affirming dismissal of a 1985(3) claim where the plaintiff only asserted conclusory statements of bias); *see also Molina v. Diaz*, No. EDCV 20-00518-SVW (AS), 2021 U.S. Dist. LEXIS 246829, at *18-19 (C.D. Cal. Dec. 28, 2021) ("The absence of an invidiously

discriminatory animus on the part of Defendants is fatal to Plaintiff's § 1985 claim."). Plaintiffs' allegation that AMP "frequently engaged in rhetoric that promotes antisemitic tropes and support for violence against Israel" (FAC ¶ 41) is simply a conclusory statement of bias and warrants dismissal. *Appling*, 701 F. App'x at 626.

As to the third element, Plaintiffs do not plead any act by AMP in furtherance of the conspiracy. *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (finding that a complaint failed on its face where it did not allege specific acts in furtherance of the conspiracy). A pleading must include sufficient facts that give a defendant notice of the grounds upon which a plaintiff's claim rests, including, in this case, the act for which Plaintiffs seek to hold AMP liable. *Id.; see also Leishman v. Wash. Off. of the AG*, No. 24-2509, 2025 U.S. App. LEXIS 7377, at *4 (9th Cir. Mar. 31, 2025) (affirming dismissal where the plaintiff identifies no act in furtherance of the conspiracy). Instead of specifying any act in furtherance of a conspiracy, Plaintiffs merely provide the conclusory assertion that AMP "works in broad-based coalitions and supports campus activism through SJP and its chapters and Muslim Student Associations." FAC ¶ 38. This broad generalization lacks the specificity of facts required for a conspiracy claim. *Miller*, 2025 U.S. Dist. LEXIS 149581, at *7. Plaintiffs further conclude only that "nonprofit organizations that supported the encampment by channeling funds and providing high-level operational and organizational support to SJP – WESPAC Foundation and American Muslims for Palestine" face liability for those actions, but fail to show any communication or agreement. FAC ¶ 27. These conclusory allegations fail to show how AMP acted in

6

1  furtherance of the conspiracy. *See Holgate*, 425 F.3d at 676.

2  Because Plaintiffs do not plead three of the first four elements of a Section 1985

3  deprivation claim, the Court should dismiss this claim against AMP in full.

4  **B.    Plaintiffs Fail to State a Claim Against AMP Under Section 1985's**

5     **Hindrance Clause**

6  To state a claim under Section 1985(3)'s hindrance clause, a plaintiff must state

7  facts sufficient to show three factors. First, the conspiracy must have the goal of

8  interfering with state law enforcement, not merely that effect. *Nat'l Abortion Fed'n v.*

9  *Operation Rescue*, 8 F.3d 680, 683 (9th Cir. 1993). Second, the interference must concern

10 a protected class, and plaintiffs must show the same invidiously discriminatory animus

11 required for a deprivation clause claim. *Id.* at 687 (Trott, J., concurring and dissenting)

12 (explaining that both clauses require a showing of invidiously discriminatory animus, but

13 disagreeing with the majority's application). Third, the right the conspiracy seeks to

14 obstruct must be a constitutional right. *Id.* at 685 (holding that "ordinary trespasses or

15 torts would not qualify"). For the same reasons described above, Plaintiffs' claim under

16 the hindrance clause fails.

17 As to the first factor, Plaintiffs fail to allege any facts that could show that AMP

18 had the goal of interfering with state law enforcement. *Nat'l Abortion Fed'n*, 8 F.3d at

19 683. Plaintiffs plead only that "[a]n anonymous organizer who authored an article on the

20 UCLA encampment" claimed that "the encampment was 'radicaliz[ed] to the point of

21 fighting the pigs for 6 hours,'" but plead no facts about AMP's involvement, knowledge,

7

or any intent to hinder law enforcement. FAC ¶ 94. Plaintiffs therefore fail to establish the first factor required under the hindrance clause. Furthermore, Plaintiffs fail to meet the second factor because they do not plead any invidiously discriminatory animus by AMP targeting a protected class. *Nat'l Abortion Fed'n*, 8 F.3d at 687. Plaintiffs allege only that AMP "frequently engaged in rhetoric that promotes antisemitic tropes and support for violence against Israel." FAC ¶ 41. This sweeping, conclusory allegation does not offer sufficient facts to meet the requirement of the second factor. Given that Plaintiffs fail to establish at least two of the three factors, this claim warrants dismissal. [4]

## V.   CONCLUSION

AMP operates wholly in the United States to fulfill its mission to inform and educate Americans about Palestine and its rich history and culture.[5] Plaintiffs fail to plead facts that, when taken as true, demonstrate that AMP participated in any conspiracy against Plaintiffs' rights. Plaintiffs fail to allege the contours of any conspiracy, any non-conclusory discriminatory animus by AMP, or any intent by AMP to hinder law enforcement. Plaintiffs merely disagree with AMP's viewpoints and its work. They have the right to do so. They do not have the right to equate its legal and protected speech and work with the allegations lobbed against it. Plaintiffs' claims fail entirely under the law and therefore AMP respectfully requests this Court dismiss Plaintiffs' claims in full.

---

[4] Plaintiffs do not identify a specific harm to any constitutional right. Defendant recognizes that Plaintiffs reference "equal protection" generally, but Plaintiffs present no First Amendment claim. *See, e.g.,* FAC ¶ 131.

[5] *Supra*, n.2.

Respectfully submitted this 27th day of October, 2025.

*/s/Max Schoening*
Max A. Schoening (SBN 324643)
max@qureshi.law
Qureshi Law
700 Flower St., Suite 1000
Los Angeles, CA 90017
Phone: 213-786-3478
Fax: 213-277-8989

Christina A. Jump
(*pro hac vice* application pending)
cjump@clcma.org
Samira S. Elhosary
(*pro hac vice* application pending)
selhosary@clcma.org
100 N. Central Expy., STE 1010
Richardson, TX 75080
Phone: 972-914-2507
Fax: 972-692-7454

*Attorneys for Defendant AJP Educational Foundation, Inc.*

## Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing was electronically filed and served upon all counsel of record. Parties may access this filing through the Court's CM/ECF System.

Dated this 27th day of October, 2025.

*/s/Max Schoening*
Max A. Schoening (SBN 324643)
max@qureshi.law
Qureshi Law
700 Flower St., Suite 1000
Los Angeles, CA 90017
Phone: 213-786-3478
Fax: 213-277-8989
