Max A. Schoening (SBN 324643)
max@qureshi.law
Qureshi Law
700 Flower St., Suite 1000
Los Angeles, CA 90017
Phone: 213-786-3478
Fax: 213-277-8989

Christina A. Jump (*pro hac vice* application pending)
cjump@clcma.org
Samira S. Elhosary (*pro hac vice* application pending)
selhosary@clcma.org
Muslim Legal Fund of America, Legal Division
100 N. Central Expy., STE 1010
Richardson, TX 75080
Phone: 972-914-2507
Fax: 972-692-7454
*Attorneys for Defendant Dr. Osama Abuirshaid*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

Matthew Weinberg, *et al.*,

Plaintiffs,

v.

National Students for Justice in Palestine, *et al.*,

Defendants.

Case No. 2:25-cv-03714

**DEFENDANT DR. OSAMA ABUIRSHAID'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Hearing: December 8, 2025
Time: 9:00 a.m.
Location: Courtroom 7C
First Street U.S. Courthouse
350 W. 1st St.
Los Angeles, CA 90012

Honorable Mark C. Scarsi
United States District Judge

# TABLE OF CONTENTS

TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. FACTS AND PROCEUDRAL HISTORY .......... 1

III. STANDARD OF REVIEW .......... 3

A. Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(2) .......... 3

B. Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6) .......... 5

IV. ARGUMENT .......... 6

A. This Court Lacks Personal Jurisdiction Over Dr. Abuirshaid .......... 6

B. Plaintiffs Fail to State a Claim Against Dr. Abuirshaid Under Section 1986 .......... 9

V. CONCLUSION .......... 11

Certificate of Service .......... 13

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 5

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......... 5

*Bowie v. Maddox*
642 F.3d 1122 (D.C. Cir. 2011) .......... 9, 11

*Brand v. Menlove Dodge*
796 F.2d 1070 (9th Cir. 1986) .......... 3

*Bristol-Myers Squibb Co. v. Superior Court*
137 S. Ct. 1773 (2017) .......... 7

*Burger King Corp. v. Rudzewicz*
471 U.S. 462 (1985) .......... 5, 7, 8

*Clark v. Clabaugh*
20 F.3d 1290 (3d Cir. 1994) .......... 9, 10

*Conohan v. Gen. Digit. Inc.*
No. 2:24-cv-06894-MCS-PVC, 2025 U.S. Dist. LEXIS 29803 (C.D. Cal. Feb. 19, 2025) .......... 3

*Gompper v. VISX, Inc.*
298 F.3d 893 (9th Cir. 2002) .......... 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
564 U.S. 915 (2011) .......... 3, 4

*Hampton v. Hanrahan*
600 F.2d 600 (7th Cir. 1979) .......... 9

*Harrington v. Cracker Barrel Old Country Store, Inc.*
142 F.4th 678 (9th Cir. 2025) .......... 4

*Int'l Shoe Co. v. Wash.*
326 U.S. 310 (1945) .......... 3, 6, 8

*Johnson v. UBS AG*
No. 2:20-cv-00357-MCS-JC, 2020 U.S. Dist. LEXIS 221926 (C.D. Cal. Nov. 12, 2020) .......... 3

*Karim-Panahi v. L.A. Police Dep't*
839 F.2d 621 (9th Cir. 1988) .......... 9

*Laltitude LLC. v. JC Ingenium Pty Ltd*
No. 2:21-cv-08575-MCS-AFM, 2023 U.S. Dist. LEXIS 28795 (C.D. Cal. Feb. 21, 2023) .......... 6, 7

*Lee v. City of L.A.*
250 F.3d 668 (9th Cir. 2001) .......... 5

*Lee v. Yonja*
No. 2:23-cv-10677-MCS-E, 2025 U.S. Dist. LEXIS 189676 (C.D. Cal. Sep. 22, 2025) .......... 4

*N.M. State Inv. Council v. Ernst & Young LLP.*
641 F.3d 1089 (9th Cir. 2011) .......... 5

*Newpoint Fin. Corp. v. Berm. Monetary Auth.*
No. 2:22-cv-08659-MCS-PVC, 2023 U.S. Dist. LEXIS 183154 (C.D. Cal. Oct. 11, 2023) .......... 6

*Pebble Beach Co. v. Caddy*
453 F.3d 1151 (9th Cir. 2006) .......... 3, 4

*Schwarzenegger v. Fred Martin Motor Co.*
374 F.3d 797 (9th Cir. 2004) .......... passim

*Speidel v. Markota*
No. 2:20-cv-04653-MCS-AS, 2021 U.S. Dist. LEXIS 148821 (C.D. Cal. May 4, 2021) .......... 7

*Vast Vantages, LLC v. Bhandari*
Case No. 2:21-cv-04896-MCS-MRW, 2021 U.S. Dist. LEXIS 220379 (C.D. Cal. Nov. 15, 2021) .......... 6

**Statutes**

42 U.S.C. § 1986 .......... 9

**Rules**

Federal Rule of Civil Procedure 12(b)(2) .......... 2

Federal Rule of Civil Procedure 12(b)(6) .......... 5

## I. INTRODUCTION

Dr. Osama Abuirshaid ("Dr. Abuirshaid") is a nationally recognized expert on Palestinian and Middle Eastern Affairs, as well as on American politics and foreign affairs. He authored and coauthored several books and dozens of studies, in English and Arabic, on these issues. He earned his Ph.D. in Political Science from Loughborough University, and regularly travels nationally and internationally to speak at institutions and events on topics within his areas of expertise. Dr. Abuirshaid also serves as the Executive Director for AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP") and as a member of its Board of Directors, and previously served as AMP's National Policy Director.

Dr. Abuirshaid's role with AMP, and his constitutionally protected speech and association, form the basis for Plaintiffs' attempt to hold Dr. Abuirshaid liable for the harms they suffered due to actions of other, unnamed individuals. Plaintiffs plead harm from events in which they do not claim Dr. Abuirshaid participated, or even knew had happened. Plaintiffs attempt to hold Dr. Abuirshaid liable because they disagree with his political views, and the views expressed by AMP. Plaintiffs fail to plead any facts that tie Dr. Abuirshaid to any conspiracy to violate their rights, and their claims therefore fail as a matter of law. Dr. Abuirshaid respectfully requests this Court dismiss Plaintiffs' claims against him in full.

## II. FACTS AND PROCEUDRAL HISTORY

Plaintiffs are members of the University of California, Los Angeles ("UCLA")

community and include a professor, a law student, a Rabbi, and an undergraduate student, each of whom allege harm connected to the campus encampment. *See* First Amended Complaint ("FAC"), at ¶¶ 30-33, 131-148. Plaintiffs correctly allege that Dr. Abuirshaid is AMP's Executive Director. *Id.* ¶ 43. Plaintiffs then contend that "before joining AMP, Abuirshaid worked as the editor of Al-Zaytounah, the Islamic Association of Palestine's newspaper." *Id.* Plaintiffs plead that "[o]n information and belief, [Dr.] Abuirshaid works together with Bazian to exercise control over AMP's operations, including its campus activism efforts." *Id.* Plaintiffs reference an earlier Senate HELP Committee investigation, claiming the Senate committee investigated Dr. Abuirshaid in March 2025. *Id.* ¶ 20.[1]

Plaintiffs allege that Dr. Abuirshaid violated Section 1986 of the Ku Klux Klan Act by failing to prevent a civil rights conspiracy. *Id.* ¶ 167. Plaintiffs filed this claim on April 25, 2025, and later amended their Complaint. ECF Nos. 1, 54. Counsel for Dr. Abuirshaid waived personal service on July 23, 2025. ECF No. 42. The parties sought two extensions of time for Dr. Abuirshaid to respond to Plaintiffs' Complaint through joint stipulation. ECF Nos. 38, 46. This Motion to Dismiss now follows.

/ / /

/ /

[1] AMP responded to the HELP Committee's requests of it, via letter dated April 23, 2025. To date, there has been no subsequent communication from the HELP Committee. No investigation by that committee ever requested documents or responses from Dr. Abuirshaid.

## III. STANDARD OF REVIEW

### A. Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(2)

Plaintiffs bear the burden to demonstrate that courts have jurisdiction over a defendant, by showing that "both the long-arm statute of the forum state confers personal jurisdiction over an out-of-state defendant, and that the exercise of jurisdiction is consistent with due process requirements." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

To ensure constitutional due process, the law allows jurisdiction over a non-resident party "only if that party has 'minimum contacts' with the forum, such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Conohan v. Gen. Digit. Inc.*, No. 2:24-cv-06894-MCS-PVC, 2025 U.S. Dist. LEXIS 29803, at *2 (C.D. Cal. Feb. 19, 2025) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Personal jurisdiction rests on the "nature and extent of a defendant's contacts, if any, with a forum state" and may either be general or specific. *Johnson v. UBS AG*, No. 2:20-cv-00357-MCS-JC, 2020 U.S. Dist. LEXIS 221926, at *4 (C.D. Cal. Nov. 12, 2020) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Proving general jurisdiction is an "exacting standard, as it should be, because a

finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801 (citing *Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir. 1986)). To establish general jurisdiction, a defendant must be "fairly regarded as at home" in the forum. *Harrington v. Cracker Barrel Old Country Store, Inc*., 142 F.4th 678, 685 (9th Cir. 2025). For an individual, the "paradigm forum for the exercise of general jurisdiction over an individual is the individual's domicile." *Goodyear*, 654 U.S.at 919 (internal quotations omitted).

When considering specific personal jurisdiction, the Ninth Circuit utilizes a three-prong test to "analyze whether a defendant's 'minimum contacts' satisfy the due process clause in the context of specific personal jurisdiction." *Lee v. Yonja*, No. 2:23-cv-10677-MCS-E, 2025 U.S. Dist. LEXIS 189676, at *4 (C.D. Cal. Sep. 22, 2025) (quoting *Schwarzenegger*, 374 F.3d at 802). Those prongs are:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id*. Of the three prongs, the plaintiff must satisfy the first two prongs of the test. *Pebble Beach Co.*, 453 F.3d at 1155. "If any of the three requirements are not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Id.* Only if the plaintiff satisfies both of the first two prongs does the burden shift "to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

**B. Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint must contain sufficient allegations that, if accepted as true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims qualify as facially plausible when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant could be liable for the misconduct alleged, if those allegations ultimately prove true. *Id.* The facts alleged in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Courts "will accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." *N.M. State Inv. Council v. Ernst & Young LLP.*, 641 F.3d 1089, 1094 (9th Cir. 2011) (quoting *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002)). However, plaintiffs cannot survive a motion to dismiss on conclusory

allegations of law. *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001).

## IV. ARGUMENT

### A. This Court Lacks Personal Jurisdiction Over Dr. Abuirshaid

This Court possesses no basis to exercise personal jurisdiction over Dr. Abuirshaid in his personal capacity. Dr. Abuirshaid is not subject to general jurisdiction of the state of California, and Plaintiffs fail to plead facts about Dr. Abuirshaid's contacts with California that could establish this Court's specific jurisdiction over him. Therefore, exercise of jurisdiction by this Court would violate due process requirements. *Newpoint Fin. Corp. v. Berm. Monetary Auth.*, No. 2:22-cv-08659-MCS-PVC, 2023 U.S. Dist. LEXIS 183154, at *3 (C.D. Cal. Oct. 11, 2023).

Once a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden to establish how jurisdiction is proper. *Id.* at *2. Courts review the pleadings and affidavits to determine whether jurisdiction exists, taking only uncontroverted facts as true for the purpose of jurisdiction. *Vast Vantages, LLC v. Bhandari*, Case No. 2:21-cv-04896-MCS-MRW, 2021 U.S. Dist. LEXIS 220379, at *2 (C.D. Cal. Nov. 15, 2021). California's jurisdictional statute is "coextensive with federal law," enabling this Court to "only consider federal due process requirements." *Laltitude LLC. v. JC Ingenium Pty Ltd*, No. 2:21-cv-08575-MCS-AFM, 2023 U.S. Dist. LEXIS 28795, at *5 (C.D. Cal. Feb. 21, 2023). Constitutional due process requires that plaintiffs establish how each defendant has "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial

justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

Courts consider minimum contacts through the lens of general and specific jurisdiction. If defendants qualify as "essentially at home" in a state through "continuous and systematic" contacts, courts may exercise general jurisdiction over that defendant. *Laltitude LLC*, 2023 U.S. Dist. LEXIS 28795, at *5. For individuals, general jurisdiction usually only exists in the state where the person maintains their domicile. *Speidel v. Markota*, No. 2:20-cv-04653-MCS-AS, 2021 U.S. Dist. LEXIS 148821, at *5 (C.D. Cal. May 4, 2021) (citing *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017)). To determine whether specific jurisdiction exists, courts review whether the defendant maintains "sufficient minimum contacts with California arising from, or related to" the cause of action. *Schwarzenegger*, 374 F.3d at 801. The Ninth Circuit applies a three-prong test to this analysis:

> "(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id.* at 802.

Plaintiffs bear the burden to establish the first two prongs of the test; if they do so,

the burden shifts to the defendant to show how exercise of jurisdiction would be unreasonable. *Id; see also Burger King Corp.*, 471 U.S. at 476-78.

Dr. Abuirshaid maintains his domicile in Virginia. *See* Exhibit A, Declaration of Dr. Osama Abuirshaid. Plaintiffs do not contend that this Court maintains general jurisdiction over him. *See* FAC, at ¶¶ 59, 77. This Court's analysis, therefore, turns on whether it may properly exercise specific jurisdiction over Dr. Abuirshaid. This Court cannot do so. Plaintiffs fail to plead any facts that, if true, would show Dr. Abuirshaid "purposefully availed [him]self of the privilege of conducting activities in California, or purposefully directed [his] activities toward California." *Schwarzenegger*, 374 F.3d at 802. Plaintiff pleads no facts about any activities by Dr. Abuirshaid in California sufficient to show he availed himself of the privilege and benefit of the laws of California; Plaintiffs fail to plead whether Dr. Abuirshaid has even visited California. FAC, at ¶ 77. Because Plaintiffs do not plead any facts asserting Dr. Abuirshaid's contacts with California, Plaintiffs' claim necessarily cannot arise out of any sufficient contacts with California. Plaintiffs fail to present even a prima facie showing that justifies this Court's jurisdiction over Dr. Abuirshaid.

Were this Court to find otherwise, any exercise of this Court's jurisdiction over Dr. Abuirshaid does not "comport with fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 320. Dr. Abuirshaid has no contact with California sufficient for him to "reasonably anticipate being haled into court" in California. *Burger King Corp.*, 471 U.S. at 474. Plaintiffs plead only conclusory statements about what Dr. Abuirshaid may have

known about actions by other actors in California. *See* FAC, at ¶ 77. Based solely on Plaintiffs' allegations, Dr. Abuirshaid cannot reasonably foresee being subject to the jurisdiction of a California court. Dr. Abuirshaid therefore requests this Court decline to exercise jurisdiction against him, and dismiss Plaintiffs' claims.

**B. Plaintiffs Fail to State a Claim Against Dr. Abuirshaid Under Section 1986**

Plaintiffs' Section 1986 claim against Dr. Abuirshaid further fails on the merits. As described fully in AMP's Motion to Dismiss, Plaintiffs fail to state a claim under Section 1985, necessarily precluding a Section 1986 claim. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985."). And even if this Court were to find that Plaintiffs state a valid Section 1985 claim, Plaintiffs still fail to plead any non-conclusory allegations that Dr. Abuirshaid knew about a Section 1985 conspiracy and failed to stop it.

Section 1986 creates a cause of action against individuals who fail to prevent a conspiracy under Section 1985. 42 U.S.C. § 1986. Though a dearth of Ninth Circuit case law exists on the elements needed to state a claim under Section 1986, other federal Circuit Courts have found that four elements support a claim under the section. First, plaintiffs must plead that a defendant had actual knowledge of a Section 1985 conspiracy; second, that the defendant had the ability to prevent or aid in preventing it; third, that the defendant exhibited neglect or refusal to prevent the conspiracy; and finally, the commission of a resulting wrongful act. *See, e.g., Clark v. Clabaugh,* 20 F.3d 1290, 1295

(3d Cir. 1994). Plaintiffs must also plead with specificity plausible allegations that the defendant had advanced knowledge of a conspiracy and had the power to prevent it. *Bowie v. Maddox*, 642 F.3d 1122, 1128 (D.C. Cir. 2011); *Hampton v. Hanrahan*, 600 F.2d 600, 629 (7th Cir. 1979), *rev'd on different grounds*, 446 U.S. 746. Conclusory allegations do not suffice to carry this burden.

Plaintiffs merely conclude that Dr. Abuirshaid, as AMP's Executive Director, "works together with Bazian to exercise control over AMP's operations including its campus activism efforts." FAC, at ¶ 43. This conclusory allegation fails to establish the four elements required to support a claim under Section 1986. As to the first element, Plaintiffs make broad assertions with no details and fail to establish that Dr. Abuirshaid had actual knowledge of any Section 1985 conspiracy, such as when or how he became aware of a conspiracy. Plaintiffs instead assert only that "on information and belief" Dr. Abuirshaid would have spoken to Taher Herzallah, AMP's staff member, who, "on [further] information and belief, would have been responsible for coordinating AMP's support of SJP," to purportedly include UCLA's encampment. Id. ¶ 169. These tenuous assertions do not suffice.

As to the second element, Plaintiffs also fail to plead with specificity that Dr. Abuirshaid had the ability to prevent any conspiracy or aid in preventing it. Instead, Plaintiffs present only the vague assertion that "on information and belief" Dr. Abuirshaid "had the power to eat least aid in preventing the conspiracy" by "instruct[ing] Herzallah to cease using AMP resources to support SJP." *Id.* ¶¶ 170-171. On the third element,

Plaintiffs plead no facts that, if true, would potentially show that Dr. Abuirshaid exhibited neglect or refusal to prevent the conspiracy, or that his actions led to the commission of the wrongful acts against Plaintiffs. *Compare Clark*, 20 F.3d at 1295 *with* FAC, at ¶ 173 (asserting that Dr. Abuirshaid failed to take steps that Plaintiffs do not plead were even within his control). Furthermore, Plaintiffs fail to allege that Dr. Abuirshaid had advanced knowledge of a conspiracy, or the power to prevent one; Plaintiffs simply allege that Dr. Abuirshaid acted in his capacity as Executive Director of a national nonprofit. *Bowie*, 642 F.3d at 1128. Plaintiffs fail to plead three of the four necessary elements of a Section 1986 claim against Dr. Abuirshaid, and their claim fails and therefore warrants dismissal.[2]

## V. CONCLUSION

Dr. Abuirshaid bears no responsibility for the harms Plaintiffs may have suffered on UCLA's campus. Rather, he is a highly respected individual, who deserves better than the dismissive and offensive characterizations in which Plaintiffs cast him and his work. Plaintiffs hope this Court will afford them a broad brush to paint Dr. Abuirshaid's expressive viewpoint and work with AMP as somehow discriminating against them. The law does not allow this. Plaintiffs fail to plead sufficient facts sufficient to establish liability under Section 1986. They do not sufficiently plead the existence of a conspiracy against their rights under Section 1985, which precludes any liability under Section 1986.

[2] Plaintiffs never clearly identify a right of which any alleged conspiracy deprived them. However, since Plaintiffs fail to reach three of four elements, Dr. Abuirshaid does not at this time address the fourth element.

Even if they did make a sufficient showing under Section 1985, they do not plead that Dr. Abuirshaid had knowledge of any conspiracy or ability to stop it.

Plaintiffs disagree with Dr. Abuirshaid's work. They have the right to do so. They do not, however, have the right to equate his protected speech with allegations of illegal behavior. Plaintiffs' claims against Dr. Abuirshaid fail entirely under the law; he therefore respectfully requests that this Court dismiss Plaintiffs' claims against him in full.

Respectfully submitted this 27th day of October, 2025.

*/s/Max Schoening*
Max A. Schoening (SBN 324643)
max@qureshi.law
Qureshi Law
700 Flower St., Suite 1000
Los Angeles, CA 90017
Phone: 213-786-3478
Fax: 213-277-8989

Christina A. Jump
(*pro hac vice* application pending)
cjump@clcma.org
Samira S. Elhosary
(*pro hac vice* application pending)
selhosary@clcma.org
Muslim Legal Fund of America, Legal Division
100 N. Central Expy., STE 1010
Richardson, TX 75080
Phone: 972-914-2507
Fax: 972-692-7454

*Attorneys for Defendant Dr. Osama Abuirshaid*

**Certificate of Service**

The undersigned certifies that a true and correct copy of the foregoing was electronically filed and served upon all counsel of record. Parties may access this filing through the Court's CM/ECF System.

Dated this 27th day of October, 2025.

*/s/Max Schoening*
Max A. Schoening (SBN 324643)
max@qureshi.law
Qureshi Law
700 Flower St., Suite 1000
Los Angeles, CA 90017
Phone: 213-786-3478
Fax: 213-277-8989