Max A. Schoening (SBN 324643)
max@qureshi.law
Qureshi Law
700 Flower St., Suite 1000
Los Angeles, CA 90017
Phone: 213-786-3478
Fax: 213-277-8989

Christina A. Jump (*pro hac vice* application pending)
cjump@clcma.org
Samira S. Elhosary (*pro hac vice* application pending)
selhosary@clcma.org
Muslim Legal Fund of America, Legal Division
100 N. Central Expy., STE 1010
Richardson, TX 75080
Phone: 972-914-2507
Fax: 972-692-7454
*Attorneys for Defendant Dr. Hatem Bazian*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Weinberg, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>National Students for Justice in Palestine, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-03714<br><br>**DEFENDANT DR. HATEM BAZIAN'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Hearing: December 8, 2025<br>Time: 9:00 a.m.<br>Location: Courtroom 7C<br>First Street U.S. Courthouse<br>350 W. 1st St.<br>Los Angeles, CA 90012<br><br>Honorable Mark C. Scarsi<br>United States District Judge |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ii

I. INTRODUCTION ................................................................................1

II. FACTS AND PROCEDURAL HISTORY .........................................1

III. STANDARD OF REVIEW ..................................................................3

    A. Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6) ..........................................................................................3

IV. ARGUMENT ..........................................................................................3

    A. Plaintiffs Fail to State a Claim Against Dr. Bazian Under Section 1986.......................................................................3

V. CONCLUSION .....................................................................................6

Certificate of Service ...................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ................................................................................................3

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ................................................................................................3

*Bowie v. Maddox*
  642 F.3d 1122 (D.C. Cir. 2011) ........................................................................... 4, 5

*Clark v. Clabaugh*
  20 F.3d 1290 (3d Cir. 1994) ................................................................................ 4, 5

*Gompper v. VISX, Inc.*
  298 F.3d 893 (9th Cir. 2002) ...................................................................................3

*Hampton v. Hanrahan*
  600 F.2d 600 (7th Cir. 1979) ...................................................................................4

*Karim-Panahi v. L.A. Police Dep't*
  839 F.2d 621 (9th Cir. 1988) ...................................................................................3

*Lee v. City of Los Angeles*
  250 F.3d 668 (9th Cir. 2001) ...................................................................................3

*N.M. State Inv. Council v. Ernst & Young L.L.P.*
  641 F.3d 1089 (9th Cir. 2011) .................................................................................3

**Statutes**

42 U.S.C. § 1986 ..........................................................................................................4

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ....................................................................2

## I.  INTRODUCTION

Dr. Hatem Bazian works as a professor and lecturer at the University of California, Berkeley. His academic focus includes Arab and Arab American studies, colonialism and post-colonial studies, comparative liberation theologies, critical race theory, Muslim American Studies, and Palestine studies. Dr. Bazian writes extensively on these issues and presents lectures on his areas of expertise at schools and events across the country. Dr. Bazian is a respected academic, and co-founder and current chairman of the Board of Directors of AJP Educational Foundation, d/b/a American Muslims for Palestine ("AMP"). This role with AMP, as well as his constitutionally protected and legal speech, forms the basis of Plaintiffs' attempt to hold Dr. Bazian liable for the harms they suffered at UCLA. However, Plaintiffs fail to allege any facts that tie Dr. Bazian to any conspiracy against their rights, nor facts that could show he had any knowledge of a conspiracy. Dr. Bazian therefore respectfully requests this Court dismiss Plaintiffs' claims against him in full.

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiffs are members of the University of California, Los Angeles ("UCLA") community and include a professor, a law student, a Rabbi, and an undergraduate student who allege harm connected to the campus encampment. *See* First Amended Complaint ("FAC"), at ¶¶ 30-33, 131-148. Plaintiffs allege that Dr. Bazian is "the founder of AJP/AMP and the Chairman of AMP's Board of Directors." *Id.* ¶ 42. Plaintiffs assert that Dr. Bazian, as the AMP Chairman who also serves as the President, "is the

organization's chief executive officer and supervises and controls the organization's affairs and the activities of its officers." *Id.* Plaintiffs also plead that Dr. Bazian is a "professor in the University of California, Berkeley's Department of Ethnic Studies, the state where he is domiciled." *Id.* Plaintiffs allege that Dr. Bazian works with Dr. Abuirshaid "to exercise control over AMP's operations, including its campus activism efforts." *Id.* ¶ 43. Plaintiffs assert that Dr. Bazian "regularly communicated with and received reports from Taher Herzallah, AMP's Associate Director of Outreach & Community Organizing." *Id.* ¶ 169. Plaintiffs assert that the Senate HELP Committee launched an investigation into Dr. Bazian in March 2025. *Id.* ¶ 20.[1]

Plaintiffs allege that Dr. Bazian violated Section 1986 of the Ku Klux Klan Act by failing to prevent a civil rights conspiracy. *Id.* ¶ 167. Plaintiffs filed this claim on April 25, 2025, and later amended their complaint. ECF Nos. 1, 54. Counsel for Dr. Bazian waived personal service on July 11, 2025. ECF No. 37. The parties sought two extensions of time for Dr. Bazian to respond to Plaintiffs' Complaint through joint stipulation. ECF Nos. 38, 46. ECF Nos. 38, 46. This Motion to Dismiss now follows.

/ / /

/ / /

---

[1] Dr. Bazian, as Chairman of AMP, received the request for documents sent as to AMP. AMP responded to the HELP Committee on April 23, 2025. No further actions occurred, as is reflected in publicly available locations. *See, e.g.*, AMP's Response letter to the Committee, https://mlfa.org/wp-content/uploads/2025/04/2025.04.23-AMP-Response-to-HELP-Committee-2.pdf.

### III. STANDARD OF REVIEW

**A.  Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint must contain sufficient allegations that, if accepted as true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims are facially plausible when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant could be liable for the misconduct alleged, if those allegations ultimately prove true. *Id.* The facts alleged in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A court "will accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." *N.M. State Inv. Council v. Ernst & Young L.L.P.*, 641 F.3d 1089, 1094 (9th Cir. 2011) (quoting *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002)). However, plaintiffs cannot survive a motion to dismiss on conclusory allegations of law. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

### IV. ARGUMENT

**A.  Plaintiffs Fail to State a Claim Against Dr. Bazian Under Section 1986**

Plaintiffs' Section 1986 claim against Dr. Bazian further fails on the merits. As described fully in AMP's Motion to Dismiss, Plaintiffs fail to state a claim under Section 1985, necessarily precluding a Section 1986 claim. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985."). And even if this Court were

1   to rule that Plaintiffs sufficiently state a claim under Section 1985, Plaintiffs still fail to
2   state non-conclusory allegations that Dr. Bazian knew about any Section 1985 conspiracy
3   and failed to stop it.

4         Section 1986 creates a cause of action against individuals who fail to prevent a
5   conspiracy under Section 1985. 42 U.S.C. § 1986. Though there is a dearth of Ninth
6   Circuit case law on the elements needed to state a claim under Section 1986, other federal
7   Circuit Courts recognize four elements to support a claim under the Section. First,
8   plaintiffs must plead that a defendant had actual knowledge of a Section 1985 conspiracy;
9   second, that the defendant had the ability to prevent or aid in preventing it; third, that the
10  defendant exhibited negligence or refusal to prevent the conspiracy; and fourth, the
11  commission of a resulting wrongful act. *See, e.g., Clark v. Clabaugh,* 20 F.3d 1290, 1295
12  (3d Cir. 1994). Plaintiffs must also plead with specificity plausible allegations that the
13  defendant had advanced knowledge of a conspiracy <u>and</u> had the power to prevent it. *See*
14  *Bowie v. Maddox*, 642 F.3d 1122, 1128 (D.C. Cir. 2011); *Hampton v. Hanrahan*, 600
15  F.2d 600, 629 (7th Cir. 1979), *rev'd on different grounds*, 446 U.S. 746. Conclusory
16  allegations do not suffice to carry this burden.

17        Plaintiffs merely conclude that Dr. Bazian, as AMP's founder and Chairman of its
18  Board of Directors, "supervises and controls the organization's affairs and the activities
19  of its officers." FAC, at ¶ 42. This conclusory statement fails to establish the four elements
20  required to support a claim under Section 1986. As to the first element of a Section 1986
21  claim, Plaintiffs make broad assertions with no details and fail to establish that Dr. Bazian

4

1    had actual knowledge of any Section 1985 conspiracy, such as when or how he became
2    aware of a conspiracy. Plaintiffs instead assert only that "on information and belief" Dr.
3    Bazian would have spoken to Taher Herzallah, AMP's staff member, who, "on [further]
4    information and belief, would have been responsible for coordinating AMP's support of
5    SJP," to purportedly include UCLA's encampment. *Id.* ¶ 169. These tenuous assertions
6    fail to satisfy Plaintiffs' burden.

7         As to the second element, Plaintiffs also fail to plead with specificity that Dr.
8    Bazian had the ability to prevent any conspiracy, or to aid in preventing it. Instead,
9    Plaintiffs present only the vague assertion that "on information and belief" Dr. Bazian
10   "had the power to eat least aid in preventing the conspiracy" by "instruct[ing] Herzallah
11   to cease using AMP resources to support SJP." *Id.* ¶¶ 170-171. To the third element,
12   Plaintiffs plead no facts that, if true, would show Dr. Bazian exhibited neglect or refusal
13   to prevent the conspiracy, or that his actions led to the commission of the wrongful acts
14   against Plaintiffs. *Compare Clark*, 20 F.3d at 1295 *with* FAC, at ¶ 173 (asserting that Dr.
15   Bazian failed to take steps that Plaintiffs do not plead were even within his control).
16   Furthermore, Plaintiffs fail to allege that Dr. Bazian had advanced knowledge of a
17   conspiracy or the power to prevent one—they simply allege Dr. Bazian acted in his
18   capacity as Chairman of the Board of a national nonprofit. *Bowie*, 642 F.3d at 1128.
19   Plaintiffs' Section 1986 claim against Dr. Bazian fails because they fail to plead three of

5

the four necessary elements, and therefore warrants dismissal.[2]

## V. CONCLUSION

Dr. Bazian, a highly educated individual widely recognized as an expert in academia in his areas of study, deserves better than the dismissive and offensive characterizations in which Plaintiffs cast his many accomplishments. Dr. Bazian bears no responsibility for the harms Plaintiffs may have suffered on UCLA's campus. Plaintiffs hope this Court will afford them a broad enough brush to punish both Dr. Bazian's professional focus and his expressive viewpoint, as somehow discriminating against them. The law does not allow this. Plaintiffs do not sufficiently plead the existence of a conspiracy against their rights under Section 1985, which precludes any liability under Section 1986. Even if they did make a sufficient showing under Section 1985, they do not plead that Dr. Bazian had knowledge of any conspiracy or ability to stop it.

Plaintiffs disagree with Dr. Bazian's work. They have the right to do so. They do not, however, have the right to equate his protected speech with allegations of illegal behavior. Plaintiffs' claims against Dr. Bazian fail entirely under the law; he therefore respectfully requests that this Court dismiss Plaintiffs' claims against him in full.

---

[2] Plaintiffs never clearly identify a right of which any alleged conspiracy deprived them. However, since Plaintiffs fail to reach three of four elements, Dr. Bazian does not at this time address the fourth element.

Respectfully submitted this 27th day of October, 2025.

*/s/Max Schoening*
Max A. Schoening (SBN 324643)
max@qureshi.law
Qureshi Law
700 Flower St., Suite 1000
Los Angeles, CA 90017
Phone: 213-786-3478
Fax: 213-277-8989

Christina A. Jump
(*pro hac vice* application pending)
cjump@clcma.org
Samira S. Elhosary
(*pro hac vice* application pending)
selhosary@clcma.org
100 N. Central Expy., STE 1010
Richardson, TX 75080
Phone: 972-914-2507
Fax: 972-692-7454

*Attorneys for Defendant Dr. Hatem Bazian*

## Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing was electronically filed and served upon all counsel of record. Parties may access this filing through the Court's CM/ECF System.

Dated this 27th day of October, 2025.

*/s/Max Schoening*
Max A. Schoening (SBN 324643)
max@qureshi.law
Qureshi Law
700 Flower St., Suite 1000
Los Angeles, CA 90017
Phone: 213-786-3478
Fax: 213-277-8989
