Dan Stormer, Esq. [S.B. #101967]
Rebecca Brown, Esq. [S.B. #336638]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
T: (626) 585-9600 / F: (626) 577-7079
Emails: dstormer@hadsellstormer.com
        rbrown@hadsellstormer.com

Attorneys for Defendant
PEOPLE'S CITY COUNCIL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WEINBERG, RABBI DOVID GUREVICH, NIR HOFTMAN, ELI TSIVES, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, JOHN DOE #1, PRESIDENT OF THE UCLA CHAPTER OF SJP, AJP EDUCATIONAL FOUNDATION, INC., D/B/A AMERICAN MUSLIMS FOR PALESTINE, OSAMA ABURSHAID, HATEM AL-BAZIAN, FACULTY FOR JUSTICE IN PALESTINE NEWTWORK, UC DIVEST COALITION, WESPAC FOUNDATION, PEOPLE'S CITY COUNCIL, <br><br> Defendants | Case No.: 2:25-cv-03714-MCS-JC <br><br> [Assigned to the Honorable Mark C. Scarsi – Courtroom 7C] <br><br> **DEFENDANT PEOPLE'S CITY COUNCIL'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR ORDER TO SET A UNIFIED RESPONSE DEADLINE TO ALL OF DEFENDANTS' MOTIONS TO DISMISS** <br><br> Complaint Filed:    April 25, 2025 |

DEFT PCC'S OPP TO PLTFS' EX PARTE
APPL FOR ORDER TO SET DEADLINE

## I. INTRODUCTION

After Plaintiffs failed to timely oppose Defendant People's City Council's ("PCC") Motion to Dismiss their First Amended Complaint, they now seek an additional minimum of eight weeks to oppose PCC's Motion and to delay PCC's opportunity to be heard on their Motion by at least two months. The Court should deny Plaintiff's *ex parte* application as to Defendant PCC's Motion to Dismiss because it is improper and unmoored from the requirements for such relief. First, Plaintiffs will not be irreparably harmed by PCC Motion being heard on December 8, 2025. PCC is the only Defendant who seeks to have their motion to dismiss heard in December, rather than in 2026, and Plaintiffs will have had nearly a month to respond to PCC's Motion. Second, to the extent a "crisis" even exists (it does not), Plaintiffs have created it by bringing suit against nine Defendants, failing to timely oppose PCC's Motion, and delaying requesting an extended and consolidated briefing schedule. Plaintiffs cannot meet the high bar that this Court requires for *ex parte* relief.

## II. RELEVANT FACTUAL BACKGROUND

After Defendant PCC agreed to stipulate that Plaintiffs could file a first amended complaint ("FAC") five months after they filed their original complaint, Plaintiffs filed their FAC on September 26, 2025. Declaration of Rebecca Brown ("R. Brown Dec.") at ¶ 3; *see* Dkt. 54. On October 15, 2025, counsel for Defendant PCC sent Plaintiffs' counsel a detailed meet and confer letter, explaining their position that the FAC should be dismissed as to PCC. R. Brown Dec. at ¶ 4. On October 16, 2025, the Parties met and conferred but were not able to reach agreement regarding dismissal of PCC. *Id.* During the meet and confer call, Plaintiffs' counsel informed PCC's counsel that they intended to reach out later regarding changes to the briefing schedule for their opposition. *Id.*

On October 27, 2025, Defendant PCC filed its Motion to Dismiss Plaintiff's First Amended Complaint and noticed the hearing on the Motion for November 24, 2025. *See* Dkt. 69. Accordingly, Plaintiff's deadline to oppose Defendant PCC's Motion was November 3, 2025. *See* C.D. Cal. Local Rule 7-9. Plaintiffs did not file any opposition to

PCC's Motion on or before November 3. R. Brown Dec. at ¶ 5. Nor did Plaintiffs' counsel contact PCC's counsel on or before November 3 to request a continuance of the November 24 hearing, request a continuance of their deadline to oppose PCC's Motion, or offer any explanation as to why they would be unable to oppose the Motion by November 3. *Id.* at ¶ 6. It was not until November 6, three days after Plaintiffs' deadline to oppose PCC's Motion passed, that Plaintiffs' counsel contacted PCC's counsel to request that PCC agree to continue the hearing on their Motion to the same date as the hearing on the other Defendants' motions to dismiss. *Id.* at ¶ 7. One hour later, the Court issued an order continuing the hearing on PCC's Motion to December 8, 2025[1]. *See* Dkt. 76.

Despite failing to timely oppose PCC's Motion to Dismiss, Plaintiffs now seek an additional minimum of eight weeks to oppose PCC's Motion and to delay PCC's opportunity to be heard on their Motion by at least two months.

### III.   ARGUMENT

#### A.   Defendant is Not Entitled to Ex Parte Relief

In *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) this Court described the showing necessary to justify *ex parte* relief: First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. To show irreparable harm, it is "usually [] necessary to refer to the merits of the motion, because if it is meritless, failure to hear it cannot be prejudicial." *Id.*

##### i.   Plaintiffs Have Not Shown Irreparable Harm

Plaintiffs have not established that they will suffer irreparable harm if PCC's Motion is not heard per regular noticed motion procedures on December 8, 2025, nor have

---

[1] PCC requested that Plaintiffs stipulate to continue the hearing to December 15, 2025 because PCC's counsel had a trial set to start on December 8, 2025. In the afternoon of November 12, 2025, the matter set for trial on December 8 settled. Accordingly, PCC's counsel will now be available for the December 8 hearing date. R. Brown Dec. at ¶ 8.

they shown "why the change in the date is essential," as required by this Court's standing order. Initial Standing Order for Civil Cases Assigned to Judge Mark C. Scarsi at 3:18. Plaintiffs argue that it would be unwieldy for them to oppose six separate motions to dismiss by November 24, 2025. However, as set forth in Plaintiffs' application, all other Defendants have agreed to continue the hearings on their motions to dismiss to 2026. Accordingly, Plaintiffs can no longer credibly claim that they will be burdened by filing one opposition brief to PCC's Motion by November 24, 2025, especially in light of the fact that PCC filed their Motion nearly a month prior.[2] Plaintiffs claim that Defendants' motions to dismiss involve similar issues, and therefore, they must respond to all of the Motion in one opposition. However, in their Motion, PCC sets forth arguments unique to PCC and has not incorporated arguments from any of the other Defendants' motions. *See* Dkt. 69. Perhaps the Court's ruling on PCC's Motion may influence its rulings on the other Defendants' motion, however the inverse, that the Court's rulings on the other Defendants' motions will impact its ruling on PCC's Motion, is not true. Plaintiffs elected to bring this lawsuit against nine Defendants. They cannot now claim prejudice by being forced to litigate this multi-Defendant case they elected to pursue. Plaintiffs also claim that their counsel have upcoming deadlines in other matters. Plaintiffs only offer that their counsel Thomas McCarthy and Zachary Grouev have briefs due in November and December. *See* Dkt. 78-1 at ¶ 10. Plaintiffs make no mention of the availability of the other five attorneys named on their pleadings nor do they assert that Mr. McCarthy or Mr. Grouev are unavailable for a hearing on December 8 or 15. *See id.* Briefing deadlines in other matters for two of seven attorneys on this matter does not rise to the level of irreparable harm required by this Court. In sum, Plaintiffs cannot show that they will suffer irreparable harm if PCC's Motion to Dismiss is heard on December 8, 2025.

On the other hand, Defendant PCC will be greatly prejudiced if their Motion is not heard in December 2025. PCC has already been greatly burdened by this pending

---

[2] PCC does not concede that Plaintiffs have not waived any arguments against PCC's Motion to Dismiss by failing to oppose the Motion by the November 3, 2025 deadline.

litigation for months, which, as set forth in its Motion to Dismiss, it believes is meritless. Subjecting PCC to additional weeks of this litigation will result in the unnecessary expenditure of its time and resources.

### ii. Plaintiffs are at Fault for the "Crisis"

There is no crisis because, as mentioned, a December 8, 2025 hearing date allows Plaintiffs ample time to respond to PCC's Motion, which was filed on October 27, 2025, after they failed to do so by the original deadline. The "crisis" of responding to six motions to dismiss is only Plaintiffs' doing, as they elected to bring this lawsuit against nine different Defendants. Furthermore, Plaintiffs' counsel did contact PCC's counsel at any point between when PCC filed their Motion and November 3 to request a continuance of the November 24 hearing, to request a continuance of their deadline to oppose PCC's Motion, or to offer any explanation as to why they would be unable to oppose the Motion by November 3. R. Brown Dec. at ¶ 6. After failing to timely oppose PCC's Motion, Plaintiffs cannot now seek an additional minimum of eight weeks to file an opposition. Even now, in their *ex parte* application, Plaintiffs fail to offer any substantive reason for they are not at fault in creating this "crisis."

There is no crisis here, only Plaintiffs' desire for several additional weeks to respond to PCC's Motion after missing their deadline and failure to act on their desire for an extended briefing schedule sooner.

## IV. CONCLUSION

For the reasons stated herein, the Court should deny Plaintiffs' *ex parte* application.

Dated: November 13, 2025        Respectfully Submitted,

HADSELL STORMER RENICK & DAI LLP


By: /s/ Rebecca Brown
    Dan Stormer
    Rebecca Brown
Attorneys for Defendant People's City Council

DEFT PCC'S OPP TO PLTFS' EX PARTE
APPL FOR ORDER TO SET DEADLINE            4