Max A. Schoening (SBN 324643)
max@qureshi.law
Qureshi Law
700 Flower St., Suite 1000
Los Angeles, CA 90017
Phone: 213-786-3478
Fax: 213-277-8989

Christina A. Jump (*pro hac vice*)
cjump@jump-start-legal.com
Jump Start Legal Justice Center PLLC
100 N. Central Expy., Suite 537
Richardson, TX 75080
Phone: 972-992-5060

*Attorneys for Defendant AJP Educational Foundation, Inc.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Weinberg, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> National Students for Justice in Palestine, *et al.*, <br><br> Defendants. | Case No. 2:25-cv-03714 <br><br> **DEFENDANT AMP'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** <br><br> Hearing: December 15, 2025 <br> Time: 9:00 a.m. <br> Location: Courtroom 7C <br> First Street U.S. Courthouse <br> 350 W. 1st St. <br> Los Angeles, CA 90012 <br><br> Honorable Mark C. Scarsi <br> United States District Judge |

[Additional Counsel Cont. from previous page]

Samira S. Elhosary (*pro hac vice*)
selhosary@clcma.org
Muslim Legal Fund of America, Legal Division
100 N. Central Expy., Suite 1010
Richardson, TX 75080
Phone: 972-914-2507
Fax: 972-692-7454
*Attorney for Defendant AJP Educational Foundation, Inc.*

# I. INTRODUCTION

Plaintiffs fail to state a claim against Defendant AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP") under either clause of Section 1985. Instead, they rest their arguments on the same vague, non-specific allegations of wrongdoing that also fail them in their First Amended Complaint. Plaintiffs fail to plead with any of the required specificity the existence of any conspiracy against their rights, in which AMP allegedly participated. Instead, they point to allegations that AMP could have or should have known certain events in which they acknowledge AMP did not participate. Plaintiffs also fail to state with any specificity that any alleged conspiracy took place with the purpose of hindering law enforcement. Under either clause, Plaintiffs fail to state the required invidiously discriminatory animus. Plaintiffs merely disagree with AMP's political views and advocacy efforts, which alone cannot create liability.

# II. ARGUMENT

### A. Plaintiffs Plead No Conspiracy Sufficient to State a Claim under Section 1985's Deprivation Clause

Plaintiffs fail to plead the contours of the specific conspiracy in which AMP allegedly participated, nor any actions by AMP taken in furtherance of that alleged conspiracy. This alone dooms their Section 1985 claim against AMP. Relying on non-specific allegations against other defendants, Plaintiffs fail to identify anywhere in their First Amended Complaint ("FAC") that "any communication occurred at all between" the alleged conspirators, nor do they allege anything beyond insufficiently vague

1

generalizations. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 937 (9th Cir. 2012). This Court may therefore properly dismiss Plaintiffs' entirely conclusory conspiracy claims against AMP in full.

AMP rebuts the existence of a conspiracy in which it allegedly participated, though Plaintiffs misrepresent AMP's argument. *See* AMP's Memo in Support of its Motion to Dismiss at 5, ECF No. 62-1 ("AMP's Motion"). Plaintiffs' allegation that AMP "helped create co-conspirator NJSP [sic]" fails to allege that AMP entered into any conspiracy with NSJP, or any other defendants. *See Gaetz v. City of Riverside*, 722 F. Supp. 3d 1054, 1069 (C.D. Cal. 2024) (finding the complaint lacked "plausible allegations—with specific facts—that there was a 'meeting of the minds' or an 'agreement'" sufficient to establish the claims asserted). Plaintiffs' conclusory assertions that AMP "'provided at least some support' to co-conspirators 'that were either involved in the UCLA encampment or constituent organizations within UC Divest'" contains so many qualifiers that on its face it falls short of alleging the necessary specific contours of a conspiracy. *Id.* (explaining allegations do not suffice if they show no more than that defendants met, and may have spoken about plaintiffs). Plaintiffs likewise fail to plead that AMP conspired against them, claiming only that "Defendants supported teams" allegedly engaged in wrongful activity, or that AMP allegedly provided support to organizations involved in unspecified wrongful activity, without pleading "affirmative acts ***in furtherance of their conspiracy***." *M.M.E. v. Cnty. of San Bernardino*, 709 F. Supp. 3d 1033, 1046 (C.D. Cal. 2023) (emphasis in original). Plaintiffs rely solely on generalizations and conclusions, which

2

1   fail to state a claim against AMP under Section 1985.

2   　　　Plaintiffs cannot sufficiently state a claim under Section 1985 by relying only on
3   "plausible inferences" that AMP was motivated by discriminatory animus. *See* Plaintiffs'
4   Omnibus Opposition to Defendants' Motions to Dismiss at 40, ECF No. 81 ("Plaintiffs'
5   Response"). Courts require a clear showing of "invidiously discriminatory animus behind
6   the conspirators' action" so that claims under Section 1985 do not serve as "a general
7   federal tort law." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993).
8   That Plaintiffs present no facts other than their unsupported assumptions about AMP's
9   intentions reveals they cannot meet their burden on this element of their claim.

10   　　　Plaintiffs admit the closest they get to pleading a direct claim of bias comes in their
11   allegation that AMP engages in antisemitic rhetoric and tropes; beyond that, the best
12   Plaintiffs do is "raise[] a plausible inference of racial discrimination." Plaintiffs'
13   Response at 40. Even when taken as true, these inferences do not satisfy the required
14   burden. *See Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1153 (9th Cir. 2006) (holding even
15   allegations of circumstantial evidence of discriminatory animus must be "specific and
16   substantial"). Alleging AMP came "under investigation for potential terrorist
17   fundraising" or had unspecified "involvement in planning, organizing, and funding"
18   campus encampments constitutes neither specific nor substantial pleading, and warrants
19   dismissal.  Plaintiffs' Response at 40.

20   / / /

21   / / /

3

### B. Plaintiffs Fail to Plead Facts Sufficient to State a Claim Under Section 1985's Hindrance Clause

Plaintiffs fail to plead any more than that the conspiracy they believe occurred had the effect of interfering with law enforcement. Even taking Plaintiffs' sparse allegations as true, these allegations do not suffice to save a claim under Section 1985's hindrance clause, because Plaintiffs still fail to allege that the purported conspiracy took place with the <u>purpose</u> of hindering law enforcement action, as the statute requires. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1546 (9th Cir. 1989) (finding a sufficient Section 1985 conspiracy claim where the plaintiffs' showed defendants met with law enforcement multiple times with an express intent to violate strikers' rights, not merely coordinate with law enforcement). Instead, Plaintiffs rely on vague allegations that protestors coordinated to resist arrest, after police involvement occurred, as well as on statements in one anonymous blog post. Plaintiffs' Response at 42. These vague allegations do not satisfy Plaintiffs' burden to properly state a claim; instead, even when combined with Plaintiffs' failure to plead facts that plausibly support invidious discrimination, Plaintiffs still wholly fail to state a claim under the hindrance clause.

### III. CONCLUSION

Merely self-declaring their own allegations as specific does not actually render them specific. Plaintiffs' allegations rest entirely on assumptions and regurgitation of the legal standard. This does not suffice to properly state a claim against AMP for conspiracy under Section 1985. Therefore, AMP respectfully requests this Court dismiss Plaintiffs'

4

claims against it in full, and that this Court exercise its discretion to award AMP reasonable attorneys' fees for its need to defend against these unsupported allegations.

Respectfully submitted this 5th day of December, 2025.

/s/Max Schoening
Max A. Schoening (SBN 324643)
max@qureshi.law
Qureshi Law
700 Flower St., Suite 1000
Los Angeles, CA 90017
Phone: 213-786-3478
Fax: 213-277-8989

Christina A. Jump
(*pro hac vice*)
cjump@jump-start-legal.com
Jump Start Legal Justice Center PLLC
100 N. Central Expy., Suite 537
Richardson, TX 75080
Phone: 972-992-5060

Samira S. Elhosary
(*pro hac vice*)
selhosary@clcma.org
100 N. Central Expy., STE 1010
Richardson, TX 75080
Phone: 972-914-2507
Fax: 972-692-7454

*Attorneys for Defendant AJP Educational Foundation, Inc.*

**Certificate of Service**

The undersigned certifies that a true and correct copy of the foregoing was electronically filed and served upon all counsel of record. Parties may access this filing through the Court's CM/ECF System.

Dated this 5th day of December, 2025.

<u>/s/Max Schoening</u>
Max A. Schoening (SBN 324643)
max@qureshi.law
Qureshi Law
700 Flower St., Suite 1000
Los Angeles, CA 90017
Phone: 213-786-3478
Fax: 213-277-8989