MARK KLEIMAN (S.B.N. 115919)
KLEIMAN / RAJARAM
12121 WILSHIRE BOULEVARD, # 810
LOS ANGELES, CA 90025
TELEPHONE: (310) 392-5455
FACSIMILE: (310) 306-8491
EMAIL: mark@krlaw.us

Attorneys for Defendant
NATIONAL STUDENTS FOR
JUSTICE IN PALESTINE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WEINBERG, et al., <br><br> Plaintiffs, <br> vs. <br> NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, et al., <br><br> Defendants. | Case No. 2:25-cv-03714 MCS (JCx) <br><br> Hon. Mark C. Scarsi <br> Courtroom 7C <br><br> **NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Declarations of Mark Kleiman and Dylan Kupsch in Support Thereof Filed Concurrently Herewith** <br><br> Date:      January 26, 2026 <br> Time:      9:00 a.m. <br> Dept;      7C <br><br> Complaint Filed:  April 25, 2025 |

1

NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on Monday, January 26, 2026, at 9:00 a.m. or as soon thereafter as this matter may be heard in Courtroom 7C of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, Courtroom 7C, Los Angeles, CA 90012, Defendant NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, will and hereby does move the Court for an Order staying discovery against NATIONAL STUDENTS FOR JUSTICE IN PALESTINE until the Court rules on NATIONAL STUDENTS FOR JUSTICE IN PALESTINE's motion to dismiss Plaintiffs' case against it.  If NJSP remains in the case we request an informal discovery conference either with the Court or with the Magistrate Judge so that both parties will understand the Court's expectations with regard to respect for Constitutional norms, for relevancy, and for proportionality given the nature of the claims.

This Motion is made following a meet and confer regarding the substance of the Motion between Defendant's counsel and Plaintiffs' counsel on January 2, 2026, in accordance with Local Rule 7-3.

Dated:  January 5, 2026               KLEIMAN RAJARAM


By:_____
               Mark Klemian

Attorneys for Defendant
National Students for Justice in Palestine

NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**1.     <u>INTRODUCTION</u>**

Four individuals have sued National Students for Justice in Palestine (NSJP) for event that occurred nearly twenty months ago on the UCLA campus while a Solidarity Encampment occupied perhaps one-half of the Dickson Plaza are. One of the plaintiffs never encountered the encampment,  but did not like what he saw about it on television and social media.  One alleges he was "shocked and frustrated" over having to walk perhaps 100' out of his way to avoid the Encampment.  A third claims he was "tackled" while trying to walk through the encampment and lost an earbud. The fourth alleges that days later, at an altogether different demonstration, somebody knocked his phone out of his hand while he was filming the protestors, and he was then threatened with violence.  Neither of the two plaintiffs who claim physical contact allege that the contact they experienced was from an NSJP-related person.

For damages so slight that they would barely tip the scales in Smal Claims Court, Plaintiffs seek nationwide discovery involving hundreds of NSJP's chapters and many thousands of students and fellow activists, revealing that this case has never been about the plaintiffs, who are merely props in a cast-of-thousands blockbuster.  Plaintiffs have seized on this in the hope that it will allow then national discovery against a student movement they hope to destroy.

Plaintiffs want names – from hundreds of different NSJP chapters and anyone those chapters may have been in contact with.  Plaintiffs want document sand names from  nearly fifteen years ago.   And anyone who might have been spoken to at all about the encampment.  And they want this up to the present day, some twenty months after the encampment ended.

This would be more than ample to make the discovery sought a poster child for lack of any proportionality in discovery.  But it moves from the surprising to the shocking when one considers the fact that this all concerns core

NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES

Constitutionally-protected speech, and directly endangers the right of association and associational privacy Supreme Courts have championed from the NAACP decisions sixty years ago to decisions protecting the identity of donors and activists on the Right today.  There can never be room for chilling speech, whether it comes from nosey attorneys general or private Lawfare warriors seeking to misuse the courts for their own political ends.

This discovery should be stayed.

**2.      PERTINENT PROCEDURAL HISTORY**

Plaintiffs, whose injuries include shock and annoyance, momentary inconvenience, the loss of an earbud while being grappled with and having a phone slapped out of a hand, have sued two student groups, a faculty group, a UC Berkeley lecturer, several vaguely defined *ad* hoc coalitions, and a nonprofit foundation with one employee.  All defendants who were served filed motions to dismiss which this Court heard on December 15, 2025.

The day the defendants filed their reply briefs for these motions (December 5, 2025) the plaintiffs served extensive discovery on NSJP.  Remarkably, the instructions and definitions for the Request for Production is over three thousand words long and take up over nineteen pages.  The interrogatories' preface is a model of brevity by comparison; a mere 2,736 words long, and just seventeen pages.

NSJP met and conferred with counsel for the plaintiffs last week, but we were unable to reach agreement.  NSJP also explained that wished to file declarations from people who had been doxed because of their involvement with these issues, and who asked to file their declaration under seal lest they endure another barrage of death threats and rape threats.  Plaintiffs never responded so NSJP is filing a separate motion for leave to file these declarations under seal.

NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES

**3.    LEGAL STANDARDS**

This Court has identified the relevant interests to weigh when considering a stay a "1) the possible damage which may result from the granting of a stay, 2) 'the hardship or inequity which party may suffer in being required to go forward', and 3) 'the orderly cause of justice measured in terms of simplifying or complicating of issues which could be expected to result from a stay.  In re Pandora Media, LLC Copyright Litig., No. 2:22-cv-00809-MCS-MAR, 2023 U.S. Dist. LEXIS 54078, at *5 (C.D. Cal. Jan. 31, 2023)

**4.    THE THREAT TO CONSTITUTIONALLY PROTECTED SPEECH AND THE BURDEN OF GROSSLY DISPROPORTIONATE DISCOVERY ON AN UNINCORPORATED STUDENT ASSOCIATION WEIGH HEAVILY IN FAVOR OF A STAY HERE**

The Plaintiffs' discovery shows previous little curiosity about the events that actually affected them and a preoccupation with getting NSJP to name names all across the Country, including hundreds and perhaps thousands of people who are not affiliated with NSJP but merely received some communication from them. Discovery that identifies political participants or donors, especially in matters that are controversial of unpopular has a chilling effect on speech and discourages freedom of assembly and association.  They are examined under an "exacting scrutiny" standard.  Perry v. Schwarzenegger, 591 F.3d 1147, 1159-60 (9th Cir. 2010).  See, Ams. for Prosperity Found. v. Bonta, 594 U.S., 595, 605-606, 608 (opinion of Roberts, C.J).  Discovery may only be enforced it three tests are all satisfied.  First, there must be a substantial relation between it and the interest to be vindicated. Second, it must reflect the seriousness of the actual burden on First Amendment rights.  And even if it meets those two tests, it must still be narrowly tailored. No on E v. Chiu, 85 F.4th 493, 504 (9th Cir. 2023).

Plaintiffs' discovery fails.  The discovery, with the encyclopedic instructions and definitions is attached as Exhibits A-C.  Stunningly, even its demands for a

5

NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES

privilege log demand Constitutionally privileged information ("the name and position of each author, preparer, sender, addressee and recipient of the document").  "You" and "Your" is defined as including every one of NSJP's hundreds of affiliated campus groups.  Merely identifying a document requires "the identities of all persons mentioned in or a signatory to, or who were present at the formation or execution of the communication, including whether such persons were serving as an officer, employee, contractor, volunteer, agent, or representative of NSJP, WESPAC, AMP, PCC, Unity of Fields, or any other third party." (Emphases added.  This imposes a burden on NSJP to find and warn each of these thousands of people who may move to intervene and quash the discovery.

Plaintiffs continue by demanding any communications any of the hundreds of chapters may have had with one another about their organization, the names of all chapter volunteers, in every chapter in the country, inquiries from donors or potential donors, all communications about finances, and communications between all social media posts, and communications between chapters on a wide range of topics.

To claim that this gillnet-style fishing expedition has a "substantial relationship" to the harm claimed by these plaintiffs, that it respects the burden placed upon First Amendment activities, or that is it tailored at all, much less narrowly tailored simply beggars the imagination.

### A.    Relevance and Proportionality

Congress wisely elected to narrow the scope of discovery from the old, overbroad "reasonably calculated to lead to admissible evidence" standard and precedents relying on the old law are inapplicable.  <u>Physicians Healthsource, Inc. v. Masimo Corp.</u>, 2019 U.S. Dist. LEXIS 78024, at *12–13 (C.D. Cal. Feb. 27, 2019). That is why courts repeatedly inveigh against the term "relating to "In light of Rule 26's proportionality requirement . . . parties should avoid using broad terms such as "RELATING TO" in discovery requests.").  <u>Moore v. Pflug</u>

Packaging & Fulfillment, Inc., 2018 WL 1938557, at *2 (N.D. Cal. Apr. 25, 2018) Plaintiffs disregard this and use the term promiscuously (eighteen times in just the first set of production requests.)

Even without Constitutional strictures, discovery must be tailored.  Hancock v. Aetna Life Ins. Co., 321 F.R.D. 383, 392 (W.D. Wash. 2017)   (When plaintiff claimed that defendants breached fiduciary duty by failing to adequately train employees, discovery of employees' duties, tasks, and training was limited to employees who worked on plaintiff's claim).

## 5.      THE STAKES ARE HIGH AND VERY REAL – THERE IS NOTHING ABSTRACT ABOUT THIS DISPUTE.

NSJP is seeking to file under seal declarations form several academics with firsthand experience of what happens when people are doxed.  Death threats.  Threats to one's children.  Threats of rape.  Demands that employers fire people.  And for some, the risk of removal, even for permanent residents if they have written the wrong school paper editorial, or have gotten on the wrong email list.  Over two dozen pro-Palestine students and community members were hospitalized after a night of attacks that led to the next-day scrutiny the plaintiffs complain of. (Exh. D to Kleiman decla, as I represent them.)

To force defense counsel to fight to protect these rights at this early stage, and to create the judicial burden that will inevitably arise from such poorly thought-out discovery is neither reasonable nor necessary.

## 6.      CONCLUSION

This discovery must be stayed.

NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES

Respectfully submitted,

Dated:  January 5, 2026                    KLEIMAN RAJARAM

By:_____
                                                      Mark Klemian

Attorneys for Defendant
National Students for Justice in Palestine

NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel of record for Defendant National Students for Justice in Palestine certifies that this brief contains 1471 words, which complies with the word limited of L.R. 11-6-1.

Dated:  January 5, 2026                    KLEIMAN RAJARAM


By:_____
                    Mark Klemian

Attorneys for Defendant
National Students for Justice in Palestine

NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES