Dan Stormer, Esq. [S.B. #101967]
Rebecca Brown, Esq. [S.B. #336638]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
T: (626) 585-9600 / F: (626) 577-7079
Emails: dstormer@hadsellstormer.com
         rbrown@hadsellstormer.com

Attorneys for Defendant
PEOPLE'S CITY COUNCIL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WEINBERG, RABBI DOVID GUREVICH, NIR HOFTMAN, ELI TSIVES,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, JOHN DOE #1, PRESIDENT OF THE UCLA CHAPTER OF SJP, AJP EDUCATIONAL FOUNDATION, INC., D/B/A AMERICAN MUSLIMS FOR PALESTINE, OSAMA ABURSHAID, HATEM AL-BAZIAN, FACULTY FOR JUSTICE IN PALESTIBE NEWTWORK, UC DIVEST COALITION, WESPAC FOUNDATION, PEOPLE'S CITY COUNCIL,<br><br>Defendants | Case No.: 2:25-cv-03714-MCS-JC<br><br>[Assigned to the Honorable Mark C. Scarsi – Courtroom 7C]<br><br>**DEFENDANT PEOPLE'S CITY COUNCIL'S NOTICE OF MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY**<br><br>Date:         Feb. 23, 2026<br>Time:        9:00 a.m.<br>Courtroom:  7C<br><br>Complaint Filed:    April 25, 2025 |

DEFT PCC'S MTN FOR PROTECTIVE
ORDER TO STAY DISCOVERY

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 23, 2026 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above entitled court, located at First Street Courthouse, 350 West First Street, Courtroom 7C, Los Angeles, California 90012, Defendant People's City Council will move the Court for a protective order. Specifically, Defendant People's City Council respectfully request this Court grant a protective order to stay discovery pending the resolution of People's City Council's motion to dismiss and prohibiting Plaintiffs from conducting discovery prior to the Rule 26(f) conference.

The Motion is made following a meet and confer regarding the substance of the Motion between Defendants' counsel and Plaintiffs' counsel, on January 2, 2026, in accordance with Local Rule 7-3.

The Motion is based upon this Notice of and Motion for a Protective Order, Declaration of Rebecca Brown, and the Proposed Order filed herein.

Respectfully Submitted,

Dated: January 15, 2026        HADSELL STORMER RENICK & DAI LLP


By: /s/ Rebecca Brown
Dan Stormer
Rebecca Brown
Attorneys for Defendant

DEFT PCC'S MTN FOR PROTECTIVE
ORDER TO STAY DISCOVERY                    i

## I. INTRODUCTION

In a clear effort to achieve their personal political motives of publicly exposing Defendant People's City Council's (PCC) political organizing and membership information and hindering PCC's operations, Plaintiffs are improperly attempting to conduct burdensome and invasive discovery prematurely, before PCC's and five other motions to dismiss have been decided and before a Rule 26(f) conference has been held. Plaintiffs' actions run afoul of Ninth Circuit authority and practice, as well as basic principles of equity and judicial economy. Both the test used by this Court in *Pandora Media* and the *Quezambra* test used by other Central District Courts establish that discovery against PCC or related to Plaintiffs' claims against PCC should be stayed until the Court rules on PCC's motion to dismiss. Furthermore, per the Federal Rules of Civil Procedure, Plaintiffs cannot conduct discovery until the Parties have held a Rule 26(f) conference. Accordingly, PCC requests that the Court grant a protective order to stay discovery against pending the Court's resolution of People's City Council's motion to dismiss and prohibiting discovery until a Rule 26(f) conference has been held.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiffs filed their complaint in this matter on April 25, 2025 and served Defendant PCC on June 23, 2025. *See* Dkt. 1, 33. The Parties met and conferred regarding PCC's anticipated motion to dismiss on August 6, 2025, at which time Plaintiffs' counsel informed PCC's counsel that they intended to file a first amended complaint (FAC). Declaration of Rebecca Brown (Brown Dec.) ¶ 6. On September 26, 2025, Plaintiffs filed their FAC. *See* Dkt. 54. On October 16, 2025, the Parties met and conferred regarding PCC's anticipated motion to dismiss and were unable to reach a resolution. Brown Dec. ¶ 7. Accordingly, PCC filed a motion to dismiss Plaintiffs' FAC on October 27, 2025. *See* Dkt. 69. Defendants AJP Educational Foundation, Inc., Osama Aburshaid, Hatem Al-Bazian, WESPAC Foundation, and National Students for Justice in Palestine also filed motions to dismiss the FAC. *See* Dkt. 62, 64, 66, 71, 74. The motions to dismiss were heard on December 15, 2025 and taken under submission. *See* Dkt. 98. As of the time of

1    the filing of this motion, the Court has not ruled on any of the motions to dismiss. Brown
2    Dec. ¶ 8.
3           At no point since the filing of the first complaint have Plaintiffs contacted PCC to
4    conduct a Federal Rule of Civil Procedure Rule 26(f) conference. Brown Dec. ¶ 9. Nor
5    have Plaintiffs sought permission from the Court to conduct early discovery. *Id.*
6    Nonetheless, in direct contravention of Rule 26(d)(1), Plaintiffs served PCC with thirty-
7    four requests for production and ten interrogatories on December 5, 2025. Brown Dec. ¶
8    10; Exs. 3-4. This written discovery is highly burdensome and invasive, requesting for
9    example "All documents [and communications] reflecting, referring or relating to Jews,
10   Judaism or any Jewish practices or beliefs" (Brown Dec. Ex. 3 at 21, RFPs 9, 10), "All
11   documents [and communications] reflecting, referring or relating to the roles played and
12   functions performed by Jason Reedy, Albert Corado, and Ricci Sergienko in" PCC
13   (Brown Dec. Ex. 3 at 20, RFPs 3, 6), and the identities of "all persons serving as [PCC's]
14   officers, employees, contractors, volunteers, agents, or representatives." (Brown Dec. Ex.
15   4 at 17, Rog 2).
16          On December 31, 2025, Plaintiffs once again disregarded Rule 26(d)(1) and served
17   PCC with a notice of deposition of PCC pursuant to Rule 30(b)(6) for January 27, 2026.
18   Brown Dec. ¶ 11; Ex. 5. The noticed topics for examination are likewise highly
19   burdensome and invasive. For example, Plaintiffs seek testimony regarding "PCC's
20   creation, including its founders and initial sources of funding" (Brown Dec. Ex. 5 at
21   11:12-13), "PCC's relationship with any foreign government, foreign political party,
22   foreign faction, or other foreign organization" (Brown Dec. Ex. 5 at 12:1-2), and "PCC's
23   methods of communicating with third parties" (Brown Dec. Ex. 5 at 12:25).
24          Despite Defendants' requests, Plaintiffs refuse to wait until the six pending motions
25   to dismiss are resolved before commencing discovery. Brown Dec. ¶¶ 3-5; Exs. 1-2. There
26   is no urgency to commence discovery as a trial date and scheduling order have not yet
27   been issued in this case, nor substantively discussed between the Parties. Brown Dec. ¶
28   12. At no point prior to drafting their FAC or filing their opposition to PCC's motion to

1  dismiss did Plaintiffs request to conduct discovery into PCC. Brown Dec. ¶ 13. It is clear
2  that in an effort to achieve their personal political motives, Plaintiffs are attempting to
3  extract protected and invasive information from Defendants before Defendants may be
4  dismissed; information which, if disclosed, could place Defendants' and those who
5  associate with Defendants' safety at risk (*see* Dkt. 105), chill Defendants' and their
6  associates' political organizing activity, and hamper Defendants' organizational
7  operations. *See* Declaration of Ricci Sergienko (Sergienko Dec.) ¶ 4-5.

## III.   LEGAL STANDARD

"The purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). "A district court has wide discretion to control discovery, which includes issuing a stay pending the outcome of a potentially dispositive matter." *Malone v. Walt Disney Parks & Resorts United States Inc.*, No. 8:25-cv-00562-SRM-DFM, 2025 U.S. Dist. LEXIS 267369, *3 (C.D. Cal. Oct. 8, 2025). While a "routine issuance of a stay [pending the resolution of a dispositive motion] is disfavored as directly at odds with the need for expeditious resolution of litigation . . . . a stay of discovery has been upheld where it furthers the goal of efficiency for the court and litigants." *Id.* (internal quotations and citations omitted).

This Court has used a three-part competing interests test to determine whether to stay discovery when a motion to dismiss is pending. *See In re Pandora Media LLC Copyright Litig.*, 2023 U.S. Dist. LEXIS 54078, at *5 (C.D. Cal. Jan. 31, 2023). In this test, the Court weighs "1) the possible damage which may result from the granting of a stay," 2) "the hardship or inequity which a party may suffer in being required to go forward," and 3) "the orderly cause of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

Other Central District Courts use the test articulated in *Quezambra*, which allows a stay if: "(1) the pending motion [is] potentially dispositive of the entire case, or at least

dispositive on the issue at which discovery is aimed, and (2) the pending, potentially dispositive motion can be decided absent additional discovery." *Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*, No. 19-cv-00927, 2019 U.S. Dist. LEXIS 228150, at *3 (C.D. Cal. Nov. 14, 2019).

Further, pursuant to Federal Rule of Civil Procedure 26(d)(1), "(a) party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The Court may "grant a protective order to preclude Plaintiff[s] from making untimely discovery requests prior to discovery commencing pursuant to Rule 26(d)(1) and Rule 26(f)." *Carter v. Jackson*, No. 1:23-cv-01775-KES-SAB, 2024 U.S. Dist. LEXIS 63470, at *4, 3 (E.D. Cal. Apr. 5, 2024) (granting a protective order where the parties did not confer as required by Rule 26(f) and the party seeking discovery did "not file[] a motion, supported by good cause for the requested departure from usual discovery procedures, including seeking discovery in advance of the Rule 26(f) conference.").

## IV.   ARGUMENT

### A.   Discovery Should be Stayed per the *Pandora Media* Test.

#### i.   No Harm Will Result from a Stay.

Plaintiffs will suffer no harm if discovery is stayed until PCC's motion to dismiss is resolved. As a trial date and scheduling order have not yet been issued in this case, nor substantively discussed between the Parties, Plaintiffs are not up against any approaching deadlines for which discovery may be needed. Brown Dec. ¶ 12. The lack of any true urgency in conducting discovery is exemplified by the fact that over eight months have elapsed since Plaintiffs filed this lawsuit, yet they have not once raised holding a Rule 26(f) conference. Brown Dec. ¶ 9. Furthermore, the Parties have briefed and argued the multiple motions to dismiss, without any discovery having been conducted. There are no outstanding motions for which Plaintiffs may need discovery. Plaintiffs claim that they must immediately begin discovery because they understand that this Court conducts trials

1  in an eighteen-month time frame. *See* Brown Dec. Ex. 1. Eighteen months is certainly not
2  a short time frame, and Plaintiffs are unable to articulate any reason why they would be
3  harmed by a brief delay so that the motions to dismiss may first be resolved. This first
4  factor weighs in favor of a stay.

### ii. PCC Will Suffer Hardship if Discovery Proceeds.

On the other hand, PCC will suffer hardship if it is forced to substantively respond to Plaintiffs' discovery requests, including participating in a Rule 30(b)(6) deposition. PCC is a small unincorporated association that has no paid staff and is managed by individuals on a part-time volunteer basis who otherwise work, attend school, and raise young children. Sergienko Dec. ¶ 4. This litigation has placed a great burden on PCC, consumed PCC's resources, and hampered its organizational operations. Sergienko Dec. ¶ 5. Plaintiffs' thirty-four requests for production and ten interrogatories to PCC are highly burdensome and invasive. For example, Plaintiffs request "All documents [and communications] reflecting, referring or relating to Jews, Judaism or any Jewish practices or beliefs" (Brown Dec. Ex. 3 at 21, RFPs 9, 10), "All documents [and communications] reflecting, referring or relating to the roles played and functions performed by Jason Reedy, Albert Corado, and Ricci Sergienko in" PCC (Brown Dec. Ex. 3 at 20, RFPs 3, 6), and the identities of "all persons serving as [PCC's] officers, employees, contractors, volunteers, agents, or representatives." (Brown Dec. Ex. 4 at 17, Rog 2). Plaintiffs' Rule 30(b)(6) notice of deposition of PCC is likewise highly burdensome and invasive. For example, Plaintiffs seek testimony regarding "PCC's creation, including its founders and initial sources of funding" (Brown Dec. Ex. 5 at 11:12-13), "PCC's relationship with any foreign government, foreign political party, foreign faction, or other foreign organization" (Brown Dec. Ex. 5 at 12:1-2), and "PCC's methods of communicating with third parties." (Brown Dec. Ex. 5 at 12:25).

Furthermore, as discussed in Defendant NSJP's motion for a protective order, Plaintiffs' discovery requests seek information, in particular identities of people who participate in or have had any contact with PCC, which may expose PCC and numerous

DEFT PCC'S MTN FOR PROTECTIVE
ORDER TO STAY DISCOVERY

5

1 third-party individuals to serious risks of violence and doxing. *See* Dkt. 105 at 7:11-23;
2 Dkt. 107.
3       PCC will be forced to preemptively expend further resources at the expensive of its
4 free speech activity, operational activities, and volunteer leaders' personal obligations if it
5 responds to Plaintiffs' discovery requests when it may ultimately be dismissed from this
6 case or defend against narrowed claims with fewer co-defendants once the Court rules on
7 the motions to dismiss. *Malone*, 2025 U.S. Dist. LEXIS 267369, at *6 (holding that
8 "several of Plaintiffs discovery requests are particularly broad at this pleading stage and
9 'present undue burden or expense[,]' which weighs in favor of staying discovery until the
10 Court can issue a ruling on . . . Defendants' Motions to Dismiss.").
11       "The purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal
12 sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co.*,
13 829 F.2d at 738. Allowing Plaintiffs to proceed with conducting extensive discovery at
14 this early stage would defeat the purpose of a motion to dismiss, as compared to motion
15 for summary judgment. Plaintiffs' premature and expansive discovery is a clear attempt to
16 extract protected and invasive information from Defendants before Defendants may be
17 dismissed in an effort to achieve their personal political motives.

      **iii.    The Orderly Cause of Justice Will be Advanced by a Stay.**

19       Plaintiffs have ignored the "orderly cause of justice" by ignoring Rule 26's dictates
20 for the entire pendency of this action. Conducting extensive discovery against PCC when
21 several motions to dismiss, including PCC's, have been heard and are pending for
22 decision would not simplify the issues, proof, or questions of law in Plaintiffs' case
23 against PCC.
24       PCC objects to Plaintiffs' discovery requests on numerous bases, including that
25 many of Plaintiffs' requests seek information that is protected from disclosure by the First
26 Amendment, that Plaintiffs' requests are fatally overbroad and seek information that is
27 outside the scope of discovery, and that Plaintiffs' requests seek information protected by
28 the attorney-client privilege. *See* Brown Dec. ¶ 14, Exs. 6-7. Although PCC seeks to avoid

discovery disputes wherever possible, it appears likely that many of Plaintiffs' discovery requests will need to be litigated. There is no reason to preemptively burden the Court with litigating discovery when the discovery propounded on PCC may become moot or the scope of the case may be significantly altered.

In *StandwithUs* and *Helmann*, Judge Wilson faced similar issues and, upon motion of defendants, stayed all discovery pending his resolution of the defendants' motion to dismiss. *See StandwithUs Center for Legal Justice v. Code Pink, et al.*, No. 2:24-cv-06253-SVW-PVCx, Dkt. 79 (C.D. Cal. Jan. 8, 2025) (vacating "previous order to commence discovery immediately until a decision is reached on responsive motions to the First Amended Complaint"); *Helmann v. Code Pink, et al.*, No. 2:24-cv-05704-SVW-PVC, Dkt. 73 (C.D. Cal. Jan. 8, 2025).

The orderly cause of justice will be advanced by a stay, not by premature invasive and burdensome discovery. All three *Pandora Media* factors weigh in favor of a stay. Accordingly, the Court should stay discovery pending the resolution of PCC's motion to dismiss.

### B. Discovery Should be Stayed per the *Quezambra* Test.

#### i. PCC's Pending Motion to Dismiss is Potentially Dispositive of Plaintiffs' Entire Case Against PCC.

PCC's motion to dismiss seeks to dismiss Plaintiffs' FAC as to PCC entirely on the grounds that Plaintiffs cannot bring a section 1985(3) conspiracy claim based on PCC's First Amendment protected speech and advocacy, Plaintiffs fail to state a claim against PCC, and Plaintiffs lack standing to sue PCC. *See* Dkt. 69; *see also Quezambra*, 2019 U.S. Dist. LEXIS 228150, at *5 ("the Court finds that both elements are satisfied. Defendants' motions to dismiss are potentially dispositive of the entire case as they raise arguments related to Article III standing, the adequacy of Quezambra's pleading, and Quezambra's ability to state a claim based on her allegations.").

/ / /

/ / /

          ii.      **PCC's Pending Motion to Dismiss can be Decided Absent Additional Discovery.**

None of the three grounds upon which PCC moves to dismiss the FAC require additional discovery to be decided because they raise purely legal questions that rely solely upon the allegations pled in within the four corners of the FAC. *See id.; Ningbo Yituo Enter. Mgmt. Co., Ltd. v. GoPlus Corp.*, No. 5:24-cv-02548-AJR, 2025 U.S. Dist. LEXIS 211759, at *11 (C.D. Cal. Sep. 18, 2025) ("in ruling on a motion to dismiss under Rule 12(b) or Rule 12(c), the Court is not permitted to consider evidence outside of the Complaint unless the facts are incorporated by reference or subject to judicial notice."). At no point prior to drafting their FAC or filing their opposition to PCC's motion to dismiss did Plaintiffs request to conduct discovery into PCC. Brown Dec. ¶ 13. All briefing on the motion to dismiss has been filed, oral argument has been conducted, and the motion has been taken under submission. Dkt. 98. It cannot be disputed that any discovery is needed to decide the motion. Both *Quezambra* factors clearly support staying discovery pending the resolution of PCC's motion to dismiss.

      **C.**    **The Court Should Issue a Protective Order Forbidding Premature Discovery from Plaintiffs.**

At no point since the filing of the first complaint have Plaintiffs contacted PCC to conduct a Federal Rule of Civil Procedure Rule 26(f) conference. Brown Dec. ¶ 9. Nor have Plaintiffs sought permission from the Court to conduct early discovery. *Id.* Nonetheless, in direct contravention of Rule 26(d)(1), Plaintiffs served PCC with thirty-four requests for production and ten interrogatories on December 5, 2025 and then served PCC with a notice of deposition of PCC pursuant to Rule 30(b)(6) on December 31, 2025, for January 27, 2026. Brown Dec. ¶¶ 10-11. There is no justification for Plaintiffs to boldly flout the Federal Rules of Civil Procedure. As such, the Court should "grant a protective order to preclude Plaintiff[s] from making untimely discovery requests prior to discovery commencing pursuant to Rule 26(d)(1) and Rule 26(f)." *Carter*, 2024 U.S. Dist. LEXIS 63470, at *4.

## V. CONCLUSION

For the foregoing reasons, Defendant People's City Council requests that the Court grant a protective order to stay discovery against PCC or related to Plaintiffs' claims against PCC pending the Court's resolution of PCC's motion to dismiss and prohibiting Plaintiffs from conducting discovery until the Parties have held a Rule 26(f) conference.

Respectfully Submitted,

Dated: January 15, 2026        HADSELL STORMER RENICK & DAI LLP

By: /s/ Rebecca Brown
      Dan Stormer
      Rebecca Brown

Attorneys for Defendant People's City Council

### L.R. 11-6.2 Attestation

The undersigned, counsel of record for Defendant People's City Council, certifies that this brief contains 2843 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 15, 2026        HADSELL STORMER RENICK & DAI LLP

By: /s/ Rebecca Brown
      Dan Stormer
      Rebecca Brown

Attorneys for Defendant People's City Council