William J. Brown, Jr. (SBN 192950)
bill@brownwegner.com
Kyle J. Berry (SBN 355393)
kberry@brownwegner.com
BROWN WEGNER LLP
2010 Main Street, Suite 1260
Irvine, California 92614
Telephone: 949.705.0080
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Weinberg, et al., <br><br> Plaintiff, <br><br> v. <br><br> National Students for Justice in Palestine, et al., <br><br> Defendants. | **Case No. 2:25-cv-03714-MCS-JC** <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT NATIONAL STUDENTS FOR JUSTICE IN PALESTINE'S RENEWED MOTION FOR A PROTECTIVE ORDER** <br> Date of Hearing: 2/9/26 <br> Time: 9:00 AM <br> Courtroom: Courtroom 7C <br> First Street U.S. Courthouse <br> 350 W. 1st St. <br> Los Angeles, CA 90012 <br> Honorable Mark C. Scarsi <br> United States District Judge <br><br> Complaint Filed: April 25, 2025 |

[Additional Counsel Cont. from previous page]
Thomas R. McCarthy (VA Bar No. 47154)*
Thomas A. Wilson (DC Bar No. 90019385)*
Julius Kairey (VA Bar No. 101216)*
Zachary P. Grouev (FL Bar No. 10386291)*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
tom@consovoymccarthy.com
twilson@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

Patrick Strawbridge (MA Bar No. 678274)*
CONSOVOY MCCARTHY PLLC
8th Floor South PMB #706
Boston, MA 02109
Telephone: (617) 227-0548
patrick@consovoymccarthy.com

Richard A. Rosen (NY Bar No. 1663830)*
Omer Wiczyk (NY Bar No. 4321600)*
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW
1330 6th Avenue, 23rd Floor
New York, NY 10019
Telephone: (917) 363-9004
rrosen@brandeiscenter.com
owiczyk@brandeiscenter.com

* Admitted pro hac vice

*Attorneys for Plaintiffs*

**PLAINTIFFS' OPPOSITION TO NATIONAL STUDENTS FOR JUSTICE IN PALESTINE'S RENEWED MOTION FOR A PROTECTIVE ORDER**

ii

Plaintiffs respectfully submit the following opposition to Defendant National Students for Justice in Palestine's Renewed Motion for a Protective Order.

## INTRODUCTION

NSJP's Motion for a Protective Order seeks a stay of all discovery pending decision on its motion to dismiss. Mot.1. This stay motion is based *entirely* on NSJP's objections to the purported breadth and burden of Plaintiffs' discovery requests. Objections to breadth and burden are not the basis for a discovery stay; they are the basis for the mandatory, everyday meet-and-confer negotiations between parties during which compromises are reached and disputes are narrowed. NSJP has not even attempted to address its objections via the meet-and-confer process.

A party's objections to the breadth and burden of discovery requests is not a basis for producing nothing, and certainly does not meet the "'heavy burden of making a strong showing why discovery should be denied'" that must be adduced to support a motion to stay. *In re Pandora Media, LLC Copyright Litig.*, 2023 WL 2661192, at *1 (C.D. Cal. Jan. 31, 2023) (Scarsi, J.). NSJP's motion is a flagrant attempt to circumvent the procedures established by the Local Rules for resolving the very sorts of discovery disputes on which NSJP's motion is based. *See* L.R. 37-1, 37-2. The Court should uphold its Rules and reject NSJP's attempt to skirt them.

And NSJP's statement that Plaintiffs never responded to NSJP's request to file under seal, Mot.4, is an out and out misrepresentation. Plaintiffs told NSJP by email on January 5—before NSJP filed its initial motion to stay—that they did not object to a motion to seal. *See* Wilson Decl. (Dkt.109-1), Ex.A at 1. Plaintiffs then reminded NSJP of their position on

**PLAINTIFFS' OPPOSITION TO NATIONAL STUDENTS FOR JUSTICE IN PALESTINE'S RENEWED MOTION FOR A PROTECTIVE ORDER**

1

January 13, requesting that NSJP correct its misstatement. *Id.* NSJP failed to do so.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their initial Complaint on April 25, 2025. *See* Dkt.1. Once NSJP became a party to the case, the parties filed a joint stipulation for a briefing schedule on Defendants' motions to dismiss on September 24, *see* Dkt.54, and engaged in substantial briefing that concluded with the filing of Defendants' reply briefs on December 5, *see* Dkts.84-90.[1]

That same day, Plaintiffs served their first sets of requests for production (RFPs) and interrogatories on all Defendants. The Court held oral argument on the motions to dismiss on December 15, and one week later, on December 22, Plaintiffs served second sets of RFPs and interrogatories on NSJP and WESPAC. Plaintiffs then noticed Rule 30(b)(6) depositions on several Defendants on December 31. On January 2, 2026, Plaintiffs served their initial disclosures. Plaintiffs served their initial production, containing hundreds of photos and video files, on January 7, 2026, pursuant to Fed. R. Civ. P. 26(a) and paragraph 8(b) of this Court's Initial Standing Order for Civil Cases (Dkt.28), which provides that "the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery." Defendants, by contrast, have produced nothing, in violation of both the letter and spirit of

---

[1] Bringing key Defendants into this litigation proved difficult. Rather than comply with its "duty to avoid unnecessary expenses of serving the summons," Fed. R. Civ. P. 4(d)(1), NSJP insisted on personal service while simultaneously refusing to identify anyone on whom such service would be proper. This posed a serious obstacle, because NSJP is organized and operated in a manner designed to elude service. *See* Dkt.43-2 at 3-5. Nevertheless, Plaintiffs were able to eventually track down and effect personal service on NSJP through its representative, Dylan Kupsh, in August 2025. *See* Grouev Decl., Ex.A at 2. Although NSJP contested that effort too, it ultimately agreed to enter the case on September 8, after Plaintiffs threatened to seek fees. *Id.* at 6.

Rule 26(a) and this Court Standing Order.

On January 2, Plaintiffs' counsel met and conferred with counsel for NSJP, among others, regarding NSJP's proposed motion to stay discovery. In response to Plaintiffs' proposal that NSJP's objections to discovery should be addressed via the usual meet and confer process, NSJP's counsel said that NSJP would produce nothing. *See* Strawbridge Decl. ¶3.

## ARGUMENT

"'It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied.'" *In re Pandora Media,* 2023 WL 2661192, at *1. "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995). Pointing to the fact that a "'dispositive motion is pending'" is not enough. *In re Pandora Media*, 2023 WL 2661192, at *1.

The factors that govern NSJP's motion to stay discovery are: "1) 'the possible damage which may result from the granting of a stay,' 2) 'the hardship or inequity which a party may suffer in being required to go forward,' and 3) 'the orderly cause of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *In re Pandora Media*, 2023 WL 2661192, at *1 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

This Court's decision in *In re Pandora Media* is the only authority on which NSJP relies for the legal standard on a motion to stay. Yet it was a decision in which a motion to stay was *denied*—and denied on grounds equally applicable here. Indeed, NSJP agrees that the standards articulated

**PLAINTIFFS' OPPOSITION TO NATIONAL STUDENTS FOR JUSTICE IN PALESTINE'S RENEWED MOTION FOR A PROTECTIVE ORDER**

3

in *In re Pandora Media* and *Lockyer* are the applicable standards, Mot.5, yet NSJP *does not even attempt to demonstrate that its motion meets those standards*, choosing instead to use its brief to complain about overbreadth and burdensomeness—without even having attempted to address those concerns via the ordinary and mandated process for doing so.

Having declined to pursue any argument under the applicable legal standard in its opening brief, NSJP has foreclosed its ability to do so on reply. *See, e.g.*, *Jones v. Covello*, 2021 WL 4222699, at *18 (C.D. Cal. May 6, 2021), *report and recommendation adopted sub nom. Jones v. Santoro*, 2021 WL 5359603 (C.D. Cal. Nov. 17, 2021) ("Arguments raised for the first time in a reply brief are forfeited.") (collecting cases).

## I. NSJP's Motion Is An Improper Attempt To Circumvent The Local Rules Governing Discovery Disputes.

In support of its motion to stay, NSJP offers only its general position on potential disputes over Plaintiffs' discovery requests. NSJP complains about providing "document sand names [sic]" "some twenty months after the encampment ended"; voices its difficulty in interpreting the "instructions and definitions" of Plaintiffs' discovery requests; asserts that a standard privilege log raises serious constitutional concerns; and characterizes Plaintiffs' discovery requests as a "gillnet-style fishing expedition." *See* Mot.3-6.

These arguments are not properly before the Court. NSJP has not even *responded* to Plaintiffs' discovery requests, much less engaged the process required by Local Rules 37-1, 37-2, or 37-3. For starters, NSJP never sent a letter "identify[ing] each issue and/or discovery request in dispute, stat[ing] briefly as to each such issue/request [NSJP's] position …, and

PLAINTIFFS' OPPOSITION TO
NATIONAL STUDENTS FOR JUSTICE IN
PALESTINE'S RENEWED MOTION
FOR A PROTECTIVE ORDER

4

specify[ing] the terms of the discovery order to be sought." L.R. 37-1. The parties therefore have not had the opportunity to "confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." *Id.* Nor, of course, have Plaintiffs and NSJP "formulat[ed] a written stipulation" addressing "all issues in dispute" and "the contentions and points and authorities of each party." L.R. 37-2.

Nevertheless, NSJP has noticed a hearing to debate the "Relevance and Proportionality" of Plaintiffs' discovery requests, Mot.6—precisely the subjects about which the parties are required to confer to endeavor to eliminate disputes to the extent possible, as required by L.R. 37-1. And, despite its motion's focus on discovery matters, NSJP failed to "include the words 'DISCOVERY MATTER' in the caption to ensure proper routing" to the Magistrate Judge, as this Court's Standing Order requires. Dkt.28 at 5-6.

## II.  The Stay Factors Favor Plaintiffs.

Applying the factors set forth in *Lockyer* and *In re Pandora Media*—which the parties agree govern this motion—a stay of discovery is not warranted.

*First*, "the granting of a stay" poses a prospect of "damage" to Plaintiffs, *Lockyer*, 398 F.3d at 1110, because "any stay could significantly curtail the period available to complete discovery," *In re Pandora Media*, 2023 WL 2661192, at *1. This Court generally expects cases to proceed to trial within 18 months. Under that schedule, discovery likely would close in early June.

Even if NSJP had responded to Plaintiffs' initial sets of RFPs and interrogatories, to honor Local Rules 37-1 and 37-2 the parties still would need to confer to resolve NSJP's myriad objections and prepare a joint stipulation and supplemental memoranda of law before having a hearing on

**PLAINTIFFS' OPPOSITION TO NATIONAL STUDENTS FOR JUSTICE IN PALESTINE'S RENEWED MOTION FOR A PROTECTIVE ORDER**

5

the discovery dispute, potentially pushing NSJP's production back weeks if not months. Granting NSJP's Motion would allow it to delay production of responsive documents and answers even further, in turn jeopardizing Plaintiffs' ability to receive the information to which they are entitled before the close of discovery. Moreover, as this Court observed in *In re Pandora Media*, "'delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.'" 2023 WL 2661192, at *1 (quoting *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007)).

*Second*, NSJP is only speculating as to the "hardship" it may suffer in responding to Plaintiffs' discovery requests, because it has not yet even attempted the ordinary processes of seeking to narrow the requests that it finds objectionable. Moreover, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. And, as this Court held in *In re Pandora Media*, "[t]he second factor weigh[ed] against granting a stay" even where the movant cited discovery requests that appear to have been no less comprehensive than Plaintiffs'. 2023 WL 2661192, at *2 (noting movant's objection to "'more than sixty requests for production'" that largely would "'be mooted'" through dismissal).

*Third*, granting NSJP's motion would jeopardize the "manageable and predictable calendar" essential for "facilitat[ing] the presentation of proof and efficiently resolv[ing] questions of law." *Id.* Plaintiffs served their first set of RFPs and interrogatories on NSJP on December 5, 2025. Despite having 30 days to initiate the discovery process and submit a response in accordance with Rule 34(b)(2)(A), NSJP waited until December 31, 2025, to tell Plaintiffs that it had no intention of producing *any* discovery

PLAINTIFFS' OPPOSITION TO
NATIONAL STUDENTS FOR JUSTICE IN
PALESTINE'S RENEWED MOTION
FOR A PROTECTIVE ORDER

6

whatsoever and would instead file a motion for stay. *See* Wilson Decl. (Dkt.109-1), Ex.A at 2; Strawbridge Decl. ¶3 (NSJP counsel stated during January 2, 2026 meet and confer that NSJP would produce no discovery).

But, as explained above, the motion NSJP filed is merely an attempt to get around the Local Rules and cease participating in the litigation "until the Court rules on [its] motion to dismiss." Mot.2. Because the path that NSJP has chosen vitiates the prospect of "a manageable and predictable calendar" and ignores discovery requirements that the Local Rules establish, the Court should reject it. *In re Pandora Media*, 2023 WL 2661192, at *1-*2.

\* \* \*

Finally, as to the callous assertion that the harms Plaintiffs suffered from Defendants' coordinated exclusion of Jews are "so slight that they would barely tip the scales in Smal [sic] Claims Court," Mot.3, NSJP's position betrays a troubling misunderstanding of Plaintiffs' claims and federal civil rights laws more generally. On NSJP's logic, federal courts also should turn a blind eye to the "momentary inconvenience" (Mot.4) of being forced to use separate restrooms or water fountains on the basis of one's race or religion. After all, separate facilities may well be less than "perhaps 100' out of [one's] way." Mot.3. Fortunately, NSJP's view is not the law.

## CONCLUSION

The Court should deny NSJP's Renewed Motion for a Protective Order.

DATED: January 16, 2026

BROWN WEGNER LLP
CONSOVOY MCCARTHY PLLC
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW

PLAINTIFFS' OPPOSITION TO
NATIONAL STUDENTS FOR JUSTICE IN
PALESTINE'S RENEWED MOTION
FOR A PROTECTIVE ORDER

7

By: /s/ Thomas R. McCarthy*
Thomas R. McCarthy*
Patrick Strawbridge*
Thomas A. Wilson*
Zachary P. Grouev*
Julius Kairey*
Richard A. Rosen*
Omer Wiczyk*

Attorneys for Plaintiffs

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that this opposition contains 2,013 words, which complies with the word limit of L.R. 11-6.1 for memoranda of points and authorities.

Dated: January 16, 2026  /s/ Thomas R. McCarthy
Thomas R. McCarthy

PLAINTIFFS' OPPOSITION TO
NATIONAL STUDENTS FOR JUSTICE IN
PALESTINE'S RENEWED MOTION
FOR A PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiffs certifies that a true and correct copy of the foregoing was electronically filed and served upon all counsel of record. Parties may access this filing through the Court's CM/ECF System.

Dated: January 16, 2026

/s/ Thomas R. McCarthy
Thomas R. McCarthy