Dan Stormer, Esq. [S.B. #101967]
Bina Ahmad, Esq. [S.B. #298089]
Rebecca Brown, Esq. [S.B. # 329387]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
         bahmad@hadsellstormer.com
         rbrown@hadsellstormer.com

Attorneys for Defendant
PEOPLE'S CITY COUNCIL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WEINBERG, RABBI DOVID GUREVICH, NIR HOFTMAN, ELI TSIVES, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, JOHN DOE #1, PRESIDENT OF THE UCLA CHAPTER OF SJP, AJP EDUCATIONAL FOUNDATION, INC., D/B/A AMERICAN MUSLIMS FOR PALESTINE, OSAMA ABURSHAID, HATEM AL-BAZIAN, FACULTY FOR JUSTICE IN PALESTINE NEWTWORK, UC DIVEST COALITION, WESPAC FOUNDATION, PEOPLE'S CITY COUNCIL <br><br> Defendants. | Case No.: 2:25-cv-03714-MCS-JC <br><br> [Assigned to the Honorable Mark C. Scarsi – Courtroom 7C] <br><br> **DEFENDANT PEOPLE'S CITY COUNCIL NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** <br><br> DATE:      APRIL 27, 2026 <br> TIME:      9:00 A.M. <br> COURTROOM.:  7C <br><br> Complaint Filed:   April 25, 2025 |

DEFT PCC MTN FOR CERT OF
INTERLOCUTORY APPEAL

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on April 27, 2026, or as soon thereafter as counsel may be heard by the above-entitled Court located at the First Street Courthouse, 350 W. First Street, Courtroom 7C, Los Angeles, California, 90012, Defendant People's City Council ("PCC"), by and through its counsel, will and hereby does move this Court to amend and certify for interlocutory review its Order Denying Defendant PCC's Motion to Dismiss, Doc. 113 (the "Order"). This Motion is made pursuant to the provisions of 28 U.S.C. § 1292(b) on the grounds that the Order centers around the First Amendment protected speech and right to associate and required elements for a civil conspiracy. These are controlling questions of law and there is substantial ground for difference of opinion, such that an immediate appeal from the Order will materially advance the instant litigation.

Specifically, PCC seeks interlocutory appellate review of the following question of law with respect to the Order:

1. Can a separate actor's conduct and speech be used to form the basis of a distinct actor's discriminatory intent, and thus form a conspiracy?

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 26, 2026. This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto, and upon all documents, record, and files in this action and such oral and documentary evidence as may be presented at the time of the hearing.

Dated: March 25, 2026

Respectfully Submitted,
HADSELL STORMER RENICK & DAI LLP


By: /s/ - Bina Ahmad
      Dan Stormer
      Bina Ahmad
      Rebecca Brown
    Attorneys for Defendant People's City Council

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendant PCC seeks interlocutory review of this Court's Order denying PCC's Motion to Dismiss. Doc. 113. PCC meets all of the statutory requirements for an interlocutory review as they present a controlling question of law, there are several substantial bases for difference of opinion on this legal issue, and resolution of this issue would materially advance this litigation. In addition, PCC requests this Court stay these proceedings while the interlocutory review is pending as plaintiffs face no damage with such a stay, the balance of hardships weighs heavily in favor of PCC, and granting the stay will advance the orderly course of justice by simplifying the issues and questions of law.

### PROCEDURAL BACKGROUND

Plaintiffs filed this case against PCC and other defendants on April 25, 2025. Doc. 1. Plaintiffs filed their First Amended Complaint ("FAC") on September 26, 2025. Doc. 54. Defendant PCC filed a Motion to Dismiss the FAC on October 27, 2025. Doc. 69. This Court issued its Order on the Motions to Dismiss on January 20, 2026. Doc. 113. The Court's Order denied PCC's Motion to Dismiss, rejecting PCC's First Amendment and conspiracy arguments. *Id.* The Court also denied National Students for Justice in Palestine ("NSJP")'s Motion to Dismiss. *Id.* The Court granted the Motions to Dismiss for defendants WESPAC, American Muslims for Palestine ("AMP"), Dr. Bazian and Dr. Abuirshaid with leave to amend within fourteen days of the Order. *Id.* Plaintiffs did not file an amended complaint within fourteen days.

### LEGAL STANDARD

Per 28 U.S.C. § 1292(b), a district court may certify a matter for immediate review if it meets three standards: (1) It must be a controlling question of law, (2) there must be substantial grounds for difference of opinion, and (3) immediate resolution may materially affect the outcome of the litigation.

Here, Defendant PCC meets all three standards. PCC (1) presents a controlling

DEFT PCC' MTN FOR CERT OF INTERLOCUTORY APPEAL

-1-

question of law on First Amendment and conspiracy, (2) there are substantial grounds for difference of opinion on this First Amendment and conspiracy legal issue, and (3) immediate resolution may materially affect the outcome of the litigation as it could significantly shorten the time, effort and expense of the district court proceedings for all the parties.

## ARGUMENT

### I.   PCC's Question Presented Satisfies All Three Statutory Criteria for Interlocutory Review

This case is exactly the kind of case in which § 1292(b) was meant to apply. PCC presents a controlling question of law, there are substantial basis for difference of opinion on this legal issue, and resolution of this issue now would materially advance the litigation by resolving a core legal question.

Plaintiffs cannot deny the fact that this Court's Order resolved a controlling legal issue of substantial importance and widespread applicability with significant implications on First Amendment activity, warranting interlocutory appellate review. Plaintiffs also cannot dispute the fact that further proceedings in this litigation will be extremely burdensome and expensive, both for the parties and the Court. This Court should certify this interlocutory appeal.

### A.   The First Amendment and Conspiracy Issues Presented Involve a Controlling Question of Law

This case presents a controlling question of law. 28 U.S.C. § 1292(b). "To be a 'controlling question of law' and therefore a proper subject for certification for interlocutory appeal, the question must be a 'pure question of law, not a mixed question of law and fact or an application of law to a particular set of facts.'" *Keskinen v. Lush Handmade Cosmetics, LLC*, No. 2:24-cv-8860-HDV-SK, 2025 LX 223258, at *6 (C.D. Cal. June 24, 2025), citing *Bada Int'l Inc. v. ChungHo Nais Co.*, No. 13-SA-CV-01110-JVS-ANx, 2014 U.S. Dist. LEXIS 206745, 2014 WL 12965998 (C.D. Cal. Aug. 5, 2014). Section 1292(b) does not require that a question of law determine the outcome of

DEFT PCC' MTN FOR CERT OF
INTERLOCUTORY APPEAL

-2-

the litigation so long as it materially affects the outcome. 28 U.S.C. §1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd sub nom*; *Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983). In fact, the Ninth Circuit has explicitly stated it "do[es] not hold that a question brought here on interlocutory appeal must be dispositive of the lawsuit in order to be regarded as controlling." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Although conflicting decisions are sufficient, *see, e.g., In re Cintas Corp. Overtime Pay Litig.*, 06-01781, 2007 WL 1302496, at *2 (N.D. Cal. May 2, 2007), they are not necessary. *See Reese v. BP Exploration (Alaksa) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Certification is thus justified if a novel and difficult question of first impression is presented. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2011).

Courts have granted interlocutory appeals on questions raising First Amendment issues as questions of controlling law, as presented in this case. *See Adams v. Cnty. Of Sacramento*, No. 2:22-cv-01499 WBS KJN, 2023 U.S. Dist. LEXIS 83787, at *2 (E.D. Cal. May 12, 2023). If courts deny interlocutory appeals in these types of cases, "[t]his purpose [of interlocutory appeal] would be lost. . . if the parties were forced to engage in long, protracted litigation only to find out that the. . . motion [to dismiss] should have been granted." *Mitchell v. Hood*, No. 13-5875, 2014 U.S. Dist. LEXIS 61377, at *18 (E.D. La. May 2, 2014).

Other Circuits have granted interlocutory appeals due to "concerns over the use of lawsuits that have the purpose or effect of chilling the exercise of First Amendment rights." *Henry v. Lake Charles Am. Press LLC*, 566 F.3d 164, 169 (5th Cir. 2009). The "chilling effect of meritless tort suits on the exercise of First Amendment rights" "weighs profoundly in favor of [interlocutory] appealability." *Id.* at 180-181. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Id.* at 181. Early dismissal of lawsuits that potentially "have the purpose or effect of chilling the exercise of First Amendment Rights" "saves defendants the cost and burden of trial and minimizes the chilling effect of these

DEFT PCC' MTN FOR CERT OF INTERLOCUTORY APPEAL

-3-

lawsuits." *Mitchell*, No. 13-5875, 2014 U.S. Dist. LEXIS 61377, at *18 , citing *Henry*, 566 F.3d at 180. In fact, "in free-speech cases interlocutory appeals sometimes are more freely allowed." *Union Carbide Corp. v. U.S. Cutting Serv.*, 782 F.2d 710, 712 (7th Cir. 1986).

Courts have also granted interlocutory appeals raising conspiracy issues as controlling questions of law, just as presented in this case. "The district court's legal determination concerning the scope of a civil conspiracy fits squarely within the definition of a 'controlling question of law' under § 1292(b)." *In re Rieves*, No. 22-0503, 2023 U.S. App. LEXIS 2980, at *3 (6th Cir. Feb. 7, 2023). Where "[d]ifferent views about how to frame a conspiracy's breadth exist. . . [t]his conflict evinces the substantial ground for difference of opinion that § 1292(b) requires." *Id*.

In addition, Courts have granted interlocutory appeal in cases with conspiracy issues and how those questions overlap with First Amendment protections. For instance, where "[t]he question of law raised by plaintiff here is whether speech. . . is protected First Amendment speech." *Adams*, No. 2:22-cv-01499 WBS KJN, 2023 U.S. Dist. LEXIS 83787, at *2-4. *Adams* explicitly considered the intersection of conspiracy and First Amendment speech when granting the interlocutory appeal, noting that the "First Amendment conspiracy claim is also contingent on that question." *Id*. *Adams* concluded that "an immediate appeal would affect the outcome" of several claims, and was "likely to materially advance the ultimate outcome of the litigation." *Id*.; 28 U.S.C. § 1292(b).

Here, the speech and conduct at issue in this case present "novel and difficult questions of first impression." *Reese*, 643 F.3d at 688. The Court's Order largely relied upon answering legal questions regarding First Amendment law and conspiracy. Doc. 113. The Court's Order analyzed both PCC's First Amendment arguments as well as PCC's arguments regarding the alleged conspiracy. Doc. 113 at 11-23. Based on the Court's analysis, the Court denied PCC's Motion to Dismiss because it disagreed with PCC's First Amendment defenses as well as PCC's arguments that plaintiffs had not adequately alleged a conspiracy. As these are the core issues the Court analyzed and

based its decision upon, these are both controlling questions of law.

**B.      There Are Substantial Bases for Difference of Opinion Regarding the First Amendment and Conspiracy Issues Presented**

Here, "substantial ground[s] for difference of opinion exist [as] reasonable jurists might disagree on an issue's resolution," namely the First Amendment and conspiracy issues. *Reese*, 643 F.3d at 688. The "substantial grounds" prong is satisfied by the "novel and difficult questions of first impression [that] are presented," namely whether one actor's conduct can be used to establish a distinct actor's discriminatory intent and support a conspiracy claim. *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). "[T]he district court need not await[] development of contradictory precedent before concluding that the question presents a substantial ground for difference of opinion." *Id.*, citing *Reese*, 643 F.3d at 688, and *Couch*, 611 F.3d at 633.

**1.      StandWithUs' Holding That Conduct of Certain Group Members that Exceeds the Scope of Constitutional Protections Cannot Establish Other Protestors' Discriminatory Intent and Support a Conspiracy Claim Presents a Substantial Basis for Difference of Opinion**

The Court's Order here is contrary to *StandWithUs'* rulings on whether one actor's conduct can be used to impute another actor's discriminatory intent when forming a conspiracy and support a conspiracy claim, showing that "substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." *Reese*, 643 F.3d at 688; Doc. 113 at 16-18. The *StandWithUs* plaintiffs alleged that because of defendants' separate speech, combined with a larger antisemitic environment and acts, defendants "conspired to engage in 'racially and ethnically motivated violence against Jews and Israelis in contravention of the Thirteenth Amendment.' But [the Court found] plaintiffs have supplied no facts that, if proven, could justify recovery on this theory." *StandWithUs Ctr. For Legal Just. V, Mass. Inst.*

DEFT PCC' MTN FOR CERT OF INTERLOCUTORY APPEAL

-5-

*Of Tech.*, 158 F.4th 1, 25 (1st Cir. 2025). The First Circuit in *StandWithUs* dismissed the case in part because the speech and acts of third parties that the *StandWithUs* plaintiffs complained of did not sufficiently plead the *defendants'* discriminatory purpose for entering a conspiracy and thus did not support a conspiracy claim. 158 F.4th at 17-18.

The First Circuit rejected plaintiffs' allegations of a conspiracy and dismissed the case in part because "plaintiffs' conclusory assertions fail[ed] to state a claim that impairing rights of Jewish students was among the student protestors' 'conscious objective[s].'" *Id.* at 26. Rather, the First Circuit reasoned "[p]laintiffs' theory is particularly implausible given the joint statements from the [defendants]. . . [which] state plainly the protestors' purported goals: to pressure MIT to 'divest' from Israel," to cease supporting the Israeli army, and call for a ceasefire. *Id.* Similar to this case, *StandWithUs* plaintiffs' "theory is that the purpose of the alleged conspiracy between the student groups was to interfere with Jewish and Israeli students' property and contract rights by forcing them to 'endure[] chants that [were] overtly antisemitic' and to be 'subjected to walkouts,' 'doxed,' 'kicked out of study groups,' and 'prevented from entering public areas of campus' because they were Jewish." *Id*. at 25. Despite these allegations, the First Circuit reasoned, "plaintiffs' allegations offer no facts to plausibly suggest that the *protestors agreed* to target Jewish students, as opposed to agreeing to demand that the university adopt the activists' position regarding the conflict between Israelis and Palestinians." *Id.* at 25 (emphasis added). Meaning there was no conspiratorial agreement or meeting of the minds.

The First Circuit noted that even if some protestors used the same speech as defendants but did so for discriminatory reasons, "civil rights protestors do not forfeit their First Amendment rights merely because group members' [and not the defendants themselves] conduct exceeded the scope of constitutional protections." *StandWithUs*, 158 F.4th at 17-18, citing *NAACP v. Claiborne Hardware*, 458 U.S. 886, 915-20 (1982). "Plaintiffs' complaint did not allege that [the] incidents were authorized,

DEFT PCC' MTN FOR CERT OF INTERLOCUTORY APPEAL

-6-

endorsed, or planned by [defendants], let alone that they were the purpose of the protests." *Id.* at 25. Meaning *StandWithUs* defendants did not affirm, endorse, authorize or in any way support the speech and conduct of other actors or the discriminatory intent of other actors. In other words, protestors' speech and conduct cannot lose First Amendment protection and constitute support a conspiracy claim and conspiracy's discriminatory intent so long as the protesters do not endorse the unlawful elements of the other group members' conduct.

Contrary to *StandWithUs,* this Court denied PCC's Motion to Dismiss partly by rejecting the First Circuit's interpretation of this First Amendment principle, demonstrating a substantial difference of opinion on this legal issue of First Amendment speech and association. Here, Plaintiffs also "do not allege that [the] incidents [of antisemitic behavior] were authorized, endorsed, or planned by [PCC]." *StandWithUs*, 158 F.4th at 25. But this Court's Order takes an entirely different stance to that held in *StandWithUs*. Here, disagreeing with the *StandWithUs* decision, this Court's order finds PCC's speech is *not* protected and met the discriminatory intent or racial animus elements of a conspiracy as it was allegedly part of a larger movement that contained potentially unprotected speech and activity. Doc. 113 at 23. The Order attributed PCC's speech to distinct and separate antisemitic acts, deeming that entirely separate actor's speech and conduct showed PCC's discriminatory intent, with no allegations that PCC endorsed or authorized the separate actor's speech. *Id.* Citing PCC's *speech acts*, this Court stated,

> the complaint does reference several of PCC's speech acts (*See, e.g.,* FAC ¶ 122 (referencing a social media post reading 'KETTLE THE COPS CHALLENGE—LAPD F**CK OFF,'); *id.* ¶ 111 (referencing a published list of supplies, including goggles and shields, as well as public statements on PCC letterhead).) However, Plaintiffs are entitled to rely on PCC's speech acts as evidence tending to prove the elements of their § 1985(3) claims. Doc. 113 at 22-23.

With no allegations of PCC endorsing the acts or speech of others, this Court relies solely on PCC's separate speech to establish the conspiracy claim. Contrary to *StandWithUs*, this Court's Order would suggest that "civil rights protestors *do* [] forfeit

their First Amendment rights merely because [other] group members' conduct exceeded the scope of constitutional protections." *StandWithUs*, 158 F.4th at 17-18 (emphasis added). In other words, PCC's speech *may* constitute discriminatory intent and support a conspiracy claim even though Plaintiffs plead no facts that PCC endorsed, authorized or supported the unlawful elements of the other group members' conduct.

This is directly at odds with *StandWithUs* and presents a substantial basis for difference of opinion, satisfying the second prong for interlocutory review.

## C.    Resolution of the Legal Issues Presented Here Would Materially Advance the Litigation

An interlocutory appeal in this case "*may* materially advance the ultimate termination of the litigation." 28 U.S.C § 1292(b) (emphasis added). It is not required "that the interlocutory appeal have a final, dispositive effect on the litigation" and "need not remove all of the claims." *Reese*, 643 F.3d at 688; *see also Adams*, No. 2:22-cv-01499 WBS KJN, 2023 U.S. Dist. LEXIS 83787, at *2-4 ("an immediate appeal need not resolve every claim."). The "'materially advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI*, 22 F.4th at 1130, citing *In re Cement*, 673 F.2d at 1027. If an "interlocutory reversal *might* save time for the district court, and time and expense for the litigants," appellate review should be considered. *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (emphasis added); *see also Adams*, No. 2:22-cv-01499 WBS KJN, 2023 U.S. Dist. LEXIS 83787, at *2-4 (resolving a question materially advances litigation if it quickens the pace to resolve a controlling issue, "sav[ing] the courts and litigants unnecessary trouble and expense" including "the need for two separate trials.").

Here, the Court's Order denying PCC's Motion to Dismiss centers on First Amendment and conspiracy legal issues. Doc. 113. Resolving these core legal issues now on interlocutory appeal would materially advance this litigation as this "may appreciably shorten the time, effort or expense of conducting the district court

DEFT PCC' MTN FOR CERT OF
INTERLOCUTORY APPEAL

-8-

proceedings." *ICTSI*, 22 F.4th at 1130 (citations omitted). Resolving these core legal issues would also "save the courts and litigants unnecessary trouble and expense" by sparing them extensive litigation prior to addressing the Court's ruling. *Adams*, No. 2:22-cv-01499 WBS KJN, 2023 U.S. Dist. LEXIS 83787, at *2-4.

## II. This Court Should Stay Further Proceedings in This Court Pending Completion of Appellate Proceedings

This Court should grant a stay of these proceedings while the interlocutory appeal is pending. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levy v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). When considering granting a stay, the court must weigh the competing interests of "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Filtrol Corp. v. Kelleher,* 467 F.2d 242, 244 (9th Cir. 1972). But "to justify a stay, petitioners need not determine that it is more likely than not that they will win on the merits." *Leiva-Perez v. Holder,* 640 F.3d 962, 966 (9th Cir. 2011).

Here, PCC meets all of the interests in granting a stay as PCC faces significant damage should the Court deny the stay, the balance of hardships tips heavily in favor of granting the stay, and the stay is the most orderly course of justice as it simplifies the issues, proof and questions of law.

### A. Plaintiffs Face No Possible Damage Should the Court Grant the Stay

Plaintiffs face no possible damage should the Court grant the stay of these proceedings. Any harms plaintiffs experienced during the protests can no longer occur as the atmosphere plaintiffs have complained of is no longer in existence. The encampments and large protests on campus have ceased. As such, Plaintiffs are not

DEFT PCC' MTN FOR CERT OF
INTERLOCUTORY APPEAL                    -9-

currently facing the alleged hostile atmosphere or harms. Thus, continuing this litigation, denying the stay, would not stand to ameliorate or address any imminent possible harm. Plaintiffs would simply need to wait while the interlocutory appeal is litigated. This is not a possible damage plaintiffs face.

**B.    The Balance of Hardships Tips In Favor of a Stay Pending Resolution of Ninth Circuit Proceedings**

The potential speech chilling impacts of this case impose a significant hardship on PCC who will continue to suffer this chill of their speech should this case proceed without interlocutory review. Courts are more likely to grant interlocutory review in these types of cases because of this very risk they "have the purpose or effect of chilling the exercise of First Amendment Rights." *Mitchell*, No. 13-5875, 2014 U.S. Dist. LEXIS 61377, at \*18, citing *Henry*, 566 F.3d at 180; *see also Union Carbide*, 782 F.2d at 712. Granting interlocutory review "minimizes the chilling effect of these lawsuits." *Mitchell*, No. 13-5875, 2014 U.S. Dist. LEXIS 61377, at \*18.

Here, this Court should grant a stay of the proceedings to "minimizes the chilling effect of these lawsuits." *Id*. In addition to the chilling effect this case has on PCC, PCC faces the additional hardship of the enormous cost and burden of litigating this case. Granting interlocutory review mitigates against the impact of "long, protracted litigation," if the parties were only later "to find out that the. . . motion [to dismiss] should have been granted." *Id*.

**C.    Granting the Stay of Proceedings Advances the Orderly Course of Justice by Simplifying the Issues and Questions of Law**

Granting an interlocutory appeal in this case would be the most efficient use of the federal court system. "The institutional efficiency of the federal court system is among the chief concerns underlying Section 1292(b)." *Forsyth v. Kleindienst,* 599 F.2d 1203, 1208 (3d Cir. 1979). If a district court erred in denying a motion to dismiss, "a second trial will presumably be required after an appeal from the district court's final judgment." *In re Rieves*, No. 22-0503, 2023 U.S. App. LEXIS 2980, at \*4. It is

generally "valuable to avoid the burden of two trials on the district court when one may suffice." *Id.*

Here, granting a stay of the proceedings would avoid potentially unnecessary litigation including "the burden of two trials on the district court when one may suffice." *Id.* It would be significantly less orderly and more complicated to continue the litigation while this interlocutory appeal is pending, commence discovery, engage in an exchange of discovery, take depositions, do the briefings for the motion for summary judgment, and conduct the entire trial. Continuing this litigation only to later have this interlocutory appeal granted in PCC's favor dismissing these core legal issues would waste the time and resources of all parties.

## CONCLUSION

This Court should certify this case for interlocutory appellate review and grant a stay of the proceedings while this interlocutory appeal is pending.

Dated: March 25, 2026

Respectfully Submitted,
HADSELL STORMER RENICK & DAI LLP

By: /s/ - Bina Ahmad
   Dan Stormer
   Bina Ahmad
   Rebecca Brown
Attorneys for Defendant People's City Council

DEFT PCC' MTN FOR CERT OF
INTERLOCUTORY APPEAL

-11-