William J. Brown, Jr. (SBN 192950)
bill@brownwegner.com
Kyle J. Berry (SBN 355393)
kberry@brownwegner.com
BROWN WEGNER LLP
2010 Main Street, Suite 1260
Irvine, California 92614
Telephone: 949.705.0080
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Weinberg, et al., | **Case No. 2:25-cv-03714-MCS-JC** |
| *Plaintiffs*, | **PLAINTIFFS' OPPOSITION TO DEFENDANT PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** |
| v. | Date of Hearing: April 27, 2026 |
| National Students for Justice in Palestine, et al., | Time: 9:00 AM |
| | Courtroom: Courtroom 7C |
| *Defendants*. | First Street U.S. Courthouse |
| | 350 W. 1st St. |
| | Los Angeles, CA 90012 |
| | Honorable Mark C. Scarsi |
| | United States District Judge |
| | Complaint Filed: April 25, 2025 |

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

[Additional Counsel Cont. from previous page]
Thomas R. McCarthy (VA Bar No. 47154)*
Thomas A. Wilson (DC Bar No. 90019385)*
Julius Kairey (VA Bar No. 101216)*
Zachary P. Grouev (FL Bar No. 10386291)*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
tom@consovoymccarthy.com
twilson@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

Patrick Strawbridge (MA Bar No. 678274)*
CONSOVOY MCCARTHY PLLC
8th Floor South PMB #706
Boston, MA 02109
Telephone: (617) 227-0548
patrick@consovoymccarthy.com

Richard A. Rosen (NY Bar No. 1663830)*
Omer Wiczyk (NY Bar No. 4321600)*
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW
1330 6th Avenue, 23rd Floor
New York, NY 10019
Telephone: (917) 363-9004
rrosen@brandeiscenter.com
owiczyk@brandeiscenter.com

* Admitted pro hac vice

*Attorneys for Plaintiffs*

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

ii

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iv

INTRODUCTION ........................................................................................... 1

PROCEDURAL BACKGROUND ...................................................................... 2

LEGAL STANDARDS .................................................................................... 2

ARGUMENT ................................................................................................ 3

I.    PCC's Motion is Untimely. ................................................................... 4

II.   PCC Fails to Satisfy Any of §1292(b)'s Statutory Criteria. ................... 5

    A.  PCC Cannot Identify a "Controlling Question of Law"
       Warranting Interlocutory Review. .............................................. 5

    B.  PCC's Invocation of *StandWithUs* Does Not Demonstrate
       "Substantial Ground for Difference of Opinion" on Any Question
       of Law. ..................................................................................... 9

    C.  Immediate Appeal of PCC's "Question of Law" Will Not Advance
       the "Ultimate Termination of the Litigation." ............................ 12

III.  PCC Has Not Provided Any Persuasive Justification for Staying
      Proceedings in This Court. .................................................................. 13

CONCLUSION ........................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Adams v. County of Sacramento,*
2023 WL 3413672 (E.D. Cal. May 12, 2023) ..........................................8

*Beyond Blond Prods., LLC v. Heldman,*
2021 WL 4860377 (C.D. Cal. Apr. 28, 2021) ...........................................4

*Bray v. Alexandria Women's Health Clinic,*
506 U.S. 263 (1993) .................................................................................9

*Carrillo v. Schneider Logistics Trans-Loading & Distribution, Inc.,*
2014 WL 1155403 (C.D. Cal. Mar. 21, 2014) ...................................7, 11

*Caterpillar Inc. v. Lewis,*
519 U.S. 61 (1996) ................................................................................5, 8

*Coopers & Lybrand v. Livesay,*
437 U.S. 463 (1978) .................................................................................2

*Couch v. Telescope Inc.,*
611 F.3d 629 (9th Cir. 2010) ...............................................................9, 10

*Gagan v. Sharer,*
2006 WL 3736057 (D. Ariz. Nov. 6, 2006) .........................................4, 12

*Goodell v. Columbia Cnty. Pub. Transportation,*
2021 WL 1519509 (E.D. Wash. Apr. 16, 2021) ...................................6, 7

*Heiting v. Taro Pharms. USA, Inc.,*
2024 WL 6845482 (C.D. Cal. Oct. 31, 2024) .....................................4, 5

*Henry v. Lake Charles Am. Press, L.L.C.,*
566 F.3d 164 (5th Cir. 2009) ..................................................................8

*In re Fones4All Corp.,*
2010 WL 1172246 (C.D. Cal. Mar. 23, 2010) ......................................12

*In re Pandora Media, LLC Copyright Litigation,*
2023 WL 2661192 (C.D. Cal. Jan. 31, 2023) ..........................2, 13, 14

PLAINTIFFS' OPPOSITION TO
PEOPLE'S CITY COUNCIL'S
MOTION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL

iv

*In re Rieves*,
    No. 22-0503 (6th Cir. Feb. 7, 2023) ......................................................8

*Lindley v. Life Invs. Ins. Co. of Am.*,
    2010 WL 2465515 (N.D. Okla. June 11, 2010) ...................................5

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ....................................................2, 13, 14

*Mendocino Env't Ctr. v. Mendocino Cnty.*,
    192 F.3d 1283 (9th Cir. 1999) ..............................................................6

*Mitchell v. Hood*,
    2014 WL 1764779 (E.D. La. May 2, 2014) .........................................8

*Negrete v. The Campbell's Co., Snyder's Lance, Inc.*,
    2026 WL 166569 (C.D. Cal. Jan. 15, 2026) .........................................4

*Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania,
Inc.*,
    202 F.3d 957 (7th Cir.2000) .................................................................4

*Rieve v. Coventry Health Care, Inc.*,
    870 F. Supp. 2d 856 (C.D. Cal. 2012) .................................................6

*SEC v. Johnson*,
    2022 WL 1591712 (C.D. Cal. Feb. 11, 2022) .......................................6

*Spears v. Washington Mut. Bank FA*,
    2010 WL 54755 (N.D. Cal. Jan. 8, 2010) ............................................4

*StandWithUs Ctr. for Legal Just. v. Massachusetts Inst. of Tech.*,
    158 F.4th 1 (1st Cir. 2025) ...........................................................1, 4, 9

*STM Atl. N.V. v. Dong Yin Dev. (Hldgs.) Ltd.*,
    2018 WL 6265089 (C.D. Cal. June 8, 2018) .......................................7

*Taylor v. City of Oakland*,
    2007 WL 3287843 (N.D. Cal. Nov. 5, 2007) .....................................12

*Twitter, Inc. v. Paxton*,
    26 F.4th 1119 (9th Cir. 2022) ............................................................14

**PLAINTIFFS' OPPOSITION TO
PEOPLE'S CITY COUNCIL'S
MOTION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL**

v

*U.S. Rubber Co. v. Wright,*
    359 F.2d 784 (9th Cir. 1966) ....................................................................5

*Union Carbide Corp. v. U.S. Cutting Serv., Inc.,*
    782 F.2d 710 (7th Cir. 1986) ....................................................................8

*United States v. Disla,*
    805 F.2d 1340 (9th Cir. 1986) ..................................................................6

*United States v. Nelson,*
    2025 WL 1165863 (C.D. Cal. Mar. 25, 2025) .........................................7

*Wallis v. Centennial Ins. Co.,*
    2012 WL 1552766 (E.D. Cal. May 1, 2012) .............................................4

*Wang v. Zymergen Inc.,*
    759 F. Supp. 3d 1002 (N.D. Cal. 2024) ..................................................12

*Wisconsin v. Mitchell,*
    508 U.S. 476 (1993) ...........................................................................7, 8, 10

**Statutes**

28 U.S.C. §1292(b) ...........................................................................1, 2, 7, 11

## INTRODUCTION

PCC's request to certify an interlocutory appeal is untimely and fails to meet the requirements of §1292(b). It is a naked attempt to avoid PCC's discovery obligations. The Court should reject it as meritless.

This Court entered its order denying PCC's motion to dismiss on January 20, 2026. Dkt.113. Sixty-four days later—and just one day after Plaintiffs raised the parties' discovery disputes with the Court—PCC filed the instant Motion, never attempting to explain why it waited months to file. PCC's unjustified delay is a sufficient basis to deny the Motion.

In all events, the Motion is meritless. Rather than demonstrate that the Court's "order involves a controlling question of law as to which there is substantial ground for difference of opinion," 28 U.S.C. §1292(b), PCC misstates (at 8) Plaintiffs' factual allegations and attempts to rewrite the Court's order to place it "directly at odds with" the First Circuit's decision in *StandWithUs Center for Legal Justice v. Massachusetts Institute of Technology*, 158 F.4th 1 (1st Cir. 2025). PCC never acknowledges that the Court expressly addressed that decision and distinguished it based on the respective complaints' *factual allegations*, not on a distinct application of law. *See* Dkt.113 at 16-18. PCC cannot contort the order into a suitable vehicle for interlocutory review by misconstruing (or simply ignoring) its analysis.

PCC's arguments for staying the proceedings offer more of the same. If PCC is asking for a stay pending Ninth Circuit review, its request should be moot in light of the instant Motion's deficiencies. And if PCC is seeking a stay broader than that contemplated in §1292(b), its request fails on the merits; PCC's vague references to generic litigation costs and First Amendment chill cannot outweigh the harm a stay would pose to Plaintiffs. The Court should deny the Motion in its entirety.

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

1

## PROCEDURAL BACKGROUND

Plaintiffs filed their initial Complaint on April 25, 2025. Dkt.1. Once Defendant National Students for Justice in Palestine (NSJP) agreed to participate, the parties filed a joint stipulation for a briefing schedule on Defendants' motions to dismiss on September 24. Dkt.52. Briefing concluded on December 8, Dkts.84-90, and the Court issued its order denying PCC's and NSJP's motions to dismiss on January 20, 2026. Dkt.113. Plaintiffs continued to engage in discovery. After reaching impasse on discovery disputes with PCC, Plaintiffs brought several issues to the Magistrate Judge on March 24. PCC filed this Motion the next day. Dkt.125.

## LEGAL STANDARDS

A district court may certify an order for interlocutory review when the order "involves a controlling question of law" implicating "substantial ground for difference of opinion," and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). A §1292(b) motion must be timely filed, and may be granted only in "'exceptional circumstances'" where the movant meets each statutory criterion. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

The "relevant interests" in deciding whether to grant a motion for stay are: "1) 'the possible damage which may result from the granting of a stay,' 2) 'the hardship or inequity which a party may suffer in being required to go forward,' and 3) 'the orderly cause of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *In re Pandora Media, LLC Copyright Litigation*, 2023 WL 2661192, at \*1 (C.D. Cal. Jan. 31, 2023) (Scarsi, J.) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

PLAINTIFFS' OPPOSITION TO
PEOPLE'S CITY COUNCIL'S
MOTION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL

2

## ARGUMENT

PCC's Motion is untimely. Instead of seeking the sort of "immediate appeal" that §1292(b) contemplates, without explanation PCC waited over two months to file. This unjustified delay is sufficient grounds for denial.

PCC fares no better on the merits, failing to satisfy even one of §1292(b)'s requirements. To start, it is unclear what "controlling question of law" PCC purports to identify. Insofar as PCC raises a pure legal question at all, it is one that has been settled for decades—namely, whether courts may use co-conspirators' speech or conduct as circumstantial evidence tending to show a defendant's involvement in the conspiracy. But PCC instead appears to challenge the way the Court construed Plaintiffs' factual allegations, which is a pleadings-dependent inquiry. Neither question is suitable for interlocutory review. Nor does PCC seriously attempt to demonstrate a "substantial ground for difference of opinion" over the purported "question of law." Instead, PCC simply ignores that this Court carefully distinguished the supposedly contrary authority on factual—not legal—grounds, and misrepresents Plaintiffs' allegations along the way. Further, PCC's delay undermines its claim that immediate review would "advance the ultimate termination of the litigation," as does the fact that the case will proceed against NSJP irrespective of the Motion's disposition.

Finally, PCC cannot justify the stay it seeks. If PCC is asking for a stay pending Ninth Circuit review, then the Court's denial of the instant Motion will moot the request. And any request for broader relief fails on the merits: The potential harm such a stay poses to Plaintiffs' ability to vindicate their claims is significant; PCC's conclusory references to First Amendment "chill" and standard litigation costs are minor; and rewarding PCC's strategic delay would undermine the orderly cause of justice.

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

3

## I.    PCC's Motion is Untimely.

Whether a "motion for certification of interlocutory appeal [is] timely filed" is a "threshold issue," *Spears v. Washington Mut. Bank FA*, 2010 WL 54755, at *1 (N.D. Cal. Jan. 8, 2010), and "unreasonable and unexplained delay in seeking certification are grounds to deny certification," *Beyond Blond Prods., LLC v. Heldman*, 2021 WL 4860377, at *2 (C.D. Cal. Apr. 28, 2021). Courts thus routinely deny §1292(b) motions where the movant unjustifiably waits months to file its application.[1]

PCC waited 64 days to seek interlocutory appeal. "[N]o excuse for [PCC's] taking two months to appeal has been offered." *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir.2000) (Posner, J.). And PCC's Motion confirms that no excuse exists. PCC primarily argues that the Court's order is "directly at odds" with the First Circuit's decision in *StandWithUs*, 158 F.4th 1. Mot.8. But that is the same case on which PCC relied in its motion-to-dismiss briefing, *see* Dkt.69 at 20; Dkt.88 at 6-7, so PCC could have filed an identical motion immediately after the Court's ruling. Yet PCC waited 64 days to do so. PCC's "unreasonable and unexplained delay" dooms its Motion. *Heldman*, 2021 WL 4860377, at *2.

---

[1] *See, e.g.*, *Spears*, 2010 WL 54755, at *2 (denying application for interlocutory appeal as untimely where applicant "provided no reason for the two and a half month delay in seeking certification of the court's … order denying [applicant's] motion to dismiss"); *Heiting v. Taro Pharms. USA, Inc.*, 2024 WL 6845482 at *3 (C.D. Cal. Oct. 31, 2024) (finding a six-week delay with insufficient explanation untimely); *Negrete v. The Campbell's Co., Snyder's Lance, Inc.*, 2026 WL 166569, at *2 (C.D. Cal. Jan. 15, 2026) (motion untimely where plaintiff waited 41 days to file without explanation); *Wallis v. Centennial Ins. Co.*, 2012 WL 1552766, at *2 (E.D. Cal. May 1, 2012) (denying certification because defendants "provided no reason for their three month delay in seeking certification"); *Gagan v. Sharer*, 2006 WL 3736057, at *1 (D. Ariz. Nov. 6, 2006) (collecting cases in which "courts have held that an unreasonable and unexplained delay in seeking certification is sufficient cause for denying the request").

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

4

What is more, the timing of PCC's Motion suggests that PCC "may be seeking to avoid an unfavorable ruling, rather than to expedite the litigation for the benefit of the Court and all parties." *Lindley v. Life Invs. Ins. Co. of Am.*, 2010 WL 2465515, at \*2 (N.D. Okla. June 11, 2010). Having engaged in protracted back-and-forth for months, Plaintiffs brought several critical issues to the attention of the Court on March 24, 2026, requesting a pre-motion conference in accordance with the Magistrate Judge's rules. PCC filed this Motion the next day, seeking certification of an interlocutory appeal and a stay of proceedings. Mot.9-11. Especially given that PCC has offered no explanation for its delay, the prospect of an "unfavorable ruling" on these pending discovery issues is the obvious explanation why PCC waited 64 days to file a motion that it could have filed immediately. *Lindley*, 2010 WL 2465515, at \*2.[2]

## II.    PCC Fails to Satisfy Any of §1292(b)'s Statutory Criteria.

### A.    PCC Cannot Identify a "Controlling Question of Law" Warranting Interlocutory Review.

**1.** "Routine resort to §1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (internal quotation marks omitted). Thus, interlocutory appeals should be granted "only in extraordinary cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). And such extraordinary cases must present "'a pure question of law, something the court of appeals could decide quickly and cleanly without having to

---

[2] Insofar as PCC contends that it had to wait two weeks to determine whether Plaintiffs would amend their pleadings, that still would leave PCC with an unexplained 50-day delay, which still is untimely. *See, e.g.*, *Heiting*, 2024 WL 6845482 at \*3 (six-week delay untimely); *Negrete*, 2026 WL 166569, at \*2 (41-day delay untimely).

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**                    5

study the record.'" *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012); *SEC v. Johnson*, 2022 WL 1591712, at *2 (C.D. Cal. Feb. 11, 2022) (Scarsi, J.) (similar). Moreover, several "district courts have concluded that denial of a motion to dismiss is generally not appropriate for a §1292(b) interlocutory appeal." *Goodell v. Columbia Cnty. Pub. Transportation*, 2021 WL 1519509, at *4 (E.D. Wash. Apr. 16, 2021).

Because "the standard of review applicable to a motion to dismiss is plausibility," the Court did "not ma[ke] any legal determination" in its order denying PCC's motion to dismiss, so "there is nothing to certify to the Circuit." *Id.* (internal quotation marks omitted). The Court's analysis could stop there. But even taken on its own terms, the question PCC asks this Court to certify for review—whether "a separate actor's conduct and speech [may] be used to form the basis of a distinct actor's discriminatory intent, and thus form a conspiracy," Mot.i—does not come close to meeting §1292(b)'s rigorous standards.

As an initial matter, the precise question of law on which PCC seeks review is unclear. Most charitably, PCC wants the Ninth Circuit to decide whether one actor's speech or conduct may be used as circumstantial evidence to prove whether another actor entered into a conspiracy to pursue an unlawful objective—here, denying the rights of Jews or hindering law enforcement's ability to protect those rights. The answer to that question is unmistakably "yes." An agreement "to accomplish some unlawful objective" "need not be overt, and may be inferred on the basis of circumstantial evidence." *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999); *see also, e.g.*, *United States v. Disla*, 805 F.2d 1340, 1348 (9th Cir. 1986) ("A conspiracy may be proven by circumstantial evidence that the defendants acted together with a common goal."). And "[t]he First

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

6

Amendment … does not prohibit the evidentiary use of speech to establish the elements of a crime to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993). Such "well settled" law does not constitute a "'controlling question of law'" for purposes of §1292(b). *Carrillo v. Schneider Logistics Trans-Loading & Distribution, Inc.*, 2014 WL 1155403, at *3 (C.D. Cal. Mar. 21, 2014); *accord, e.g., STM Atl. N.V. v. Dong Yin Dev. (Hldgs.) Ltd.*, 2018 WL 6265089, at *10 (C.D. Cal. June 8, 2018) (§1292(b) certification should be reserved for "'particularly injurious or novel'" rulings).

If, on the other hand, PCC is trying to argue that courts may not infer a "separate actor's" discriminatory intent based on the animus of a "distinct acto[r]" where the two actors never engaged in a common objective, Mot.i, PCC's Motion is even less viable. To have any bearing on "the ultimate termination of th[is] litigation," 28 U.S.C. §1292(b), the implicit premise of such an argument is that none of the facts alleged in the operative complaint raises a plausible inference that PCC acted with discriminatory intent. But that premise is inapplicable here. *See infra*, at 9-11. And, in all events, PCC's argument simply reduces to a dispute about whether the Court properly construed the factual allegations in Plaintiffs' complaint, so "reviewing this issue would require extensive factual review via essentially a re-screening of Plaintiffs' factual allegations in his Complaint, which is the antithesis of a proper §1292(b) appeal and does not involve a controlling question of law." *United States v. Nelson*, 2025 WL 1165863, at *6 (C.D. Cal. Mar. 25, 2025) (cleaned up); *accord Goodell*, 2021 WL 1519509, at *4.

**2.** PCC cites a handful of "interlocutory appeals on questions raising First Amendment issues," but none supports PCC's Motion. Mot.3. To start, *Union Carbide Corp. v. U.S. Cutting Serv., Inc.*, affirmatively undermines PCC's argument. 782 F.2d 710 (7th Cir. 1986) (Posner, J.). There, the court

PLAINTIFFS' OPPOSITION TO
PEOPLE'S CITY COUNCIL'S
MOTION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL

7

held that "[t]he threat to free speech" posed by limitations on communications with an adversary was "not so palpable as to warrant a departure from the usual principle of finality that governs federal appeals." *Id.* at 712; *see also Lewis*, 519 U.S. at 74. Given that PCC never attempts to refute that the First Amendment "does not prohibit the evidentiary use of speech … to prove motive or intent," *Mitchell*, 508 U.S. at 489, it is difficult to see how any "threat to free speech" could be more "palpable" here, *Union Carbide*, 782 F.2d at 712. And the contrast between PCC's Motion and the motion at issue in *Adams v. County of Sacramento* confirms the meritlessness of PCC's position. 2023 WL 3413672 (E.D. Cal. May 12, 2023). Not only was the §1292(b) motion in *Adams* unopposed, but it presented a pure legal question that implicated an issue whose difficulty the Ninth Circuit had expressly recognized. *Id.* at \*1-\*2. None of those conditions obtains here.[3]

And, despite framing its "question of law" around conspiracy liability, PCC musters only one example of a court granting an interlocutory appeal "raising conspiracy issues": *In re Rieves*, No. 22-0503 (6th Cir. Feb. 7, 2023). Mot.4. But *Rieves* is a three-page, unpublished order concluding that an intra-Sixth-Circuit conflict regarding conspiracy liability justified interlocutory appeal. Despite claiming *Rieves* presents issues identical to those here, Mot.4, PCC fails to locate any analogous conflict.

---

[3] PCC's out-of-circuit cases are even further afield. The Fifth Circuit's decision in *Henry v. Lake Charles Am. Press, L.L.C.*, does not address §1292(b) at all; rather, the court held that the collateral-order doctrine supplied jurisdiction for the interlocutory appeal at issue. 566 F.3d 164, 181 (5th Cir. 2009). And the motion for interlocutory appeal in *Mitchell v. Hood* presented "several issues of first impression" related to Louisiana's anti-SLAPP statute. 2014 WL 1764779, at \*5 (E.D. La. May 2, 2014). But again, insofar as PCC's Motion presents a legal question at all, it simply asks the Court to certify a question whose answer is undisputed. *See supra*, at 6.

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

8

## B.   PCC's Invocation of *StandWithUs* Does Not Demonstrate "Substantial Ground for Difference of Opinion" on Any Question of Law.

**1.** "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Rather, whether "a 'substantial ground for difference of opinion' exists under §1292(b)" turns on the "extent [to which] the controlling law is unclear." *Id.*

The Court's denial of PCC's motion to dismiss neither conflicts with the First Circuit's *StandWithUs* decision nor suggests that any legal principle is "unclear." *Id.* Both decisions acknowledge that *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993), supplies controlling law for an action under §1985(3), and both decisions interpreted the respective complaints' factual allegations under *Twombly* and *Iqbal* to determine whether the plaintiffs in each case had stated a cognizable §1985(3) claim. *See StandWithUs*, 158 F.4th at 24-26; Dkt.113 at 7-8, 17-18. The reason the First Circuit ruled as it did was that the plaintiffs in that case alleged only "two acts of arguable 'violence' against Jewish or Israeli students" and "did not allege that these two incidents were authorized, endorsed, or planned by any student group, let alone that they were the purpose of the protests." 158 F.4th at 25.

Expressly distinguishing the First Circuit's holding, the Court explained that in this case "Plaintiffs have alleged much more than two isolated incidents of anti-Jewish violence and exclusion." Dkt.113 at 17. The Court specifically identified Plaintiffs' allegations of PCC's involvement in the conspiracy, including that PCC "'published lists of supplies' including 'goggles and shields likely to be used by the encampment's 'security teams,''" which "further shows that violence and exclusion were plausibly

PLAINTIFFS' OPPOSITION TO
PEOPLE'S CITY COUNCIL'S
MOTION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL

9

contemplated by the encampment's organizers." *Id.* at 18 (quoting Dkt.54 ¶111). The Court thus concluded that what "sets this case apart" from *StandWithUs* is not a different interpretation of controlling law, but rather that "[t]he sheer volume of alleged incidents of exclusion and violence against Jews" set forth in Plaintiffs' complaint dwarfs "the two isolated incidents of violence alleged in *StandWithUs*." *Id.* That is, the same "settled law" in *StandWithUs* "applied differently" here because the Plaintiffs in this case offered substantially stronger factual allegations. *Couch*, 611 F.3d at 633.

**2.** PCC tries to manufacture substantial ground for difference of opinion by misconstruing the Court's ruling. To start, PCC erroneously asserts that, in denying its motion to dismiss, this Court "reject[ed] the First Circuit's interpretation [in *StandWithUs*] of [the] First Amendment principle" that "protestors' speech and conduct cannot lose First Amendment protection and constitute support a conspiracy claim [sic] and conspiracy's discriminatory intent so long as the protestors do not endorse the unlawful elements of the other group members' conduct." Mot.7. But PCC refuses to acknowledge that Plaintiffs adequately alleged PCC *itself* "endorse[d] … unlawful elements" of protestors' conduct, *id.*, and took part in those unlawful actions. *See* Dkt.113 at 16-18. And while the Court recognized that Plaintiffs' "complaint does reference several of PCC's speech acts," it explained that, under Supreme Court precedent, "Plaintiffs are entitled to rely on PCC's speech acts as evidence tending to prove the elements of their §1985(3) claims, such as whether PCC acted with an improper intent or was motivated by discriminatory animus." Dkt.113 at 22-23 (citing *Mitchell*, 508 U.S. at 489). Nothing in the First Circuit's decision contradicts these fundamental legal principles.

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

10

PCC further mischaracterizes the Court's decision in claiming that "[t]he Order attributed PCC's speech to distinct and separate antisemitic acts, deeming that entirely separate actor's [sic] speech and conduct showed PCC's discriminatory intent." Mot.7. In fact, the Court cited several "circumstantial allegations that raise an inference PCC and NSJP acted with a discriminatory animus toward Jews"—including that "PCC and NSJP had organizers on the ground helping to lead the encampment" and that at this encampment "there were numerous incidents of violence and exclusion directed at Jews." Dkt.113 at 19. PCC simply pretends the relevant analysis in the Court's decision does not exist.

In the same vein, PCC claims that Plaintiffs "'do not allege that [the] incidents [of antisemitic behavior] were authorized, endorsed, or planned by [PCC].'" Mot.7 (modifications in original). This is false; Plaintiffs made precisely such allegations throughout their complaint. *See, e.g.*, Dkt.54 ¶103 (alleging PCC "used electronic communications platforms" as part of a "coordinated effort to plan, execute, supply, reinforce, and 'defend' the encampment against 'Zionists and the police'"); *id.* ¶105 ("These efforts were fueled by antisemitic animus"); *id.* ¶115 ("People's City Council engaged in a massive recruitment effort to grow the encampment").

At bottom, PCC's attempt to rewrite both the Court's order and Plaintiffs' complaint underscores its inability to establish a "substantial ground for difference of opinion" on any "controlling question of law." 28 U.S.C. §1292(b). The courts simply reviewed different factual allegations and "applied the same law and reached different results." *Carrillo*, 2014 WL 1155403, at *4.

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

11

### C. Immediate Appeal of PCC's "Question of Law" Will Not Advance the "Ultimate Termination of the Litigation."

PCC's unjustifiable delay undermines its assertion that it is filing this Motion to advance the ultimate termination of the litigation. *See, e.g.*, *Gagan*, 2006 WL 3736057, at *2 ("Not only is there no justification for defendant's delay in requesting certification, but it is evident from the history of this case that defendant is not as concerned with judicial efficiency as he professes to be."). Were PCC genuinely concerned about "'sav[ing] the courts and litigants unnecessary trouble and expense' by sparing them extensive litigation," Mot.9, it would not have engaged in such "extensive litigation" for two months before finally deciding to file its Motion.

Nor can PCC "establish how 'an immediate appeal would materially advance the ultimate termination of the litigation'" considering that "this appeal would not prevent the pending action from going to trial against [NSJP, FJP, or UC Divest Coalition]." *In re Fones4All Corp.*, 2010 WL 1172246, at *1 (C.D. Cal. Mar. 23, 2010). No other Defendant has sought leave for interlocutory review, and the grounds on which PCC wishes to appeal are specific to its own theory of liability. The case therefore would continue even if PCC were to succeed on appeal, meaning certification of PCC's question "will have a relatively minimal impact on the overall case." *Wang v. Zymergen Inc.*, 759 F. Supp. 3d 1002, 1012 (N.D. Cal. 2024); *see also, e.g.*, *Taylor v. City of Oakland*, 2007 WL 3287843, at *2 (N.D. Cal. Nov. 5, 2007) ("Particularly since a trial is necessary in this action anyway, an interlocutory appeal at this time would not materially advance the termination of this litigation.").

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**                    12

### III. PCC Has Not Provided Any Persuasive Justification for Staying Proceedings in This Court.

PCC asks the Court to "stay these proceedings while the interlocutory review is pending." Mot.1. Insofar as this language assumes the Court will issue a §1292(b) certification permitting PCC to make an "application for an appeal" to the Ninth Circuit, the Court should deny its request as moot after it declines to certify an interlocutory appeal. To the extent PCC seeks broader relief—*e.g.*, a stay of proceedings while the Court considers the §1292(b) issue—none of the three "'competing interests which will be affected by the granting or refusal to grant a stay'" favors PCC. *Pandora Media*, 2023 WL 2661192, at *1.

*First*, "the granting of a stay" poses a serious prospect of "damage" to Plaintiffs, not PCC. *Lockyer*, 398 F.3d at 1110. If the Court approves the parties' proposed discovery schedule, all discovery (including expert discovery) would close in early October. Delaying Plaintiffs' opportunity to collect evidence with a tight discovery window directly jeopardizes Plaintiffs' ability to prove up their case—particularly considering that PCC's participation in discovery thus far has been woefully inadequate, forcing Plaintiffs to seek intervention from the Court. Remarkably, PCC has refused to confirm whether it even asked its members to *preserve* potentially relevant evidence, suggesting that any delay may heighten the risk of spoliation. *See* Wilson Decl., Exh. A at 1. And, of course, if the Court rejects the parties' proposed schedule and orders discovery to close in early June, the harm of a stay is even more acute.

Moreover, PCC's inadequate efforts may inhibit Plaintiffs' ability to identify additional members of the alleged antisemitic conspiracy—and, if necessary, add them as additional defendants—within the two-year

PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

13

limitations period for Plaintiffs' claims. Indeed, despite a robust, negotiated protective order, thus far PCC has refused to identify individuals with whom its members communicated during and about the encampment. Absent the Court's intervention, PCC appears intent on stonewalling Plaintiffs' discovery efforts past the two-year mark.

*Second*, PCC complains about the "hardship of the enormous cost and burden of litigating this case," Mot.10, but "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'" sufficient to justify a stay, *Lockyer*, 398 F.3d at 1112. Nor does PCC's assertion that "[t]his Court should grant a stay of the proceedings to 'minimizes [sic] the chilling effect of these lawsuits'" carry water. Mot.10. PCC does not attempt to substantiate its conclusory references to First Amendment chill, nor does it provide any reason to short-circuit the Magistrate Judge's review of the First Amendment issues pending before him. *Cf., e.g., Twitter, Inc. v. Paxton*, 26 F.4th 1119, 1124 (9th Cir. 2022).

*Third*, granting PCC's request to stay proceedings in this Court would jeopardize the Court's "manageable and predictable calendar." *Pandora Media,* 2023 WL 2661192, at *2. PCC filed its Motion seeking an interlocutory appeal and stay the day after Plaintiffs raised their discovery disputes with the Magistrate Judge, all but confirming that the Motion was intended as an end-run around the Court's standard discovery practice. Granting PCC's stay request would thus vitiate the prospect of "a manageable and predictable calendar" and run roughshod over "'the orderly cause of justice'" that the Local Rules establish. *Id.* at *1-*2.

## CONCLUSION

The Court should deny PCC's Motion for Certification of Interlocutory Appeal and deny the accompanying request for stay.

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

14

DATED: April 6, 2026

BROWN WEGNER LLP
CONSOVOY MCCARTHY PLLC
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW

By: /s/ Thomas R. McCarthy*
Thomas R. McCarthy*
Patrick Strawbridge*
Thomas A. Wilson*
Zachary P. Grouev*
Julius Kairey*
Richard A. Rosen*
Omer Wiczyk*

Attorneys for Plaintiffs

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that this opposition brief contains 4,198 words, which complies with the word limit of L.R. 11-6.1 for memoranda of points and authorities.

Dated: April 6, 2026

/s/ Thomas R. McCarthy
Thomas R. McCarthy

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

16

# CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiffs certifies that a true and correct copy of the foregoing was electronically filed and served upon all counsel of record. Parties may access this filing through the Court's CM/ECF System.

Dated: April 6, 2026                          /s/ Thomas R. McCarthy
                                                Thomas R. McCarthy

**PLAINTIFFS' OPPOSITION TO PEOPLE'S CITY COUNCIL'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**       17