UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | May 1, 2026 |
| Title | *Weinberg v. Nat'l Students for Justice in Palestine* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL (ECF NO. 125)**

Defendant People's City Council ("PCC") moves to certify the order denying its motion to dismiss for interlocutory appeal. (Mot., ECF No. 125.)[1] Plaintiffs Matthew Weinberg, Eli Tsives, Rabbi Dovid Gurevich, and Nir Hoftman oppose the motion, (Opp'n, ECF No. 128), and PCC replied, (Reply, ECF No. 140). The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I.    BACKGROUND

The Court provided a detailed recitation of Plaintiffs' factual allegations in its order resolving PCC and other defendants' motions to dismiss, (Order 2–5, ECF No. 113), and need not repeat itself here. In brief, Plaintiffs are Jewish members of the University of California Los Angeles ("UCLA") community who claim they were

---

[1] PCC filed an errata amending its motion to include a table of contents and a table of authorities that were inadvertently omitted from its original motion. (Errata, ECF No. 126.) For ease of reference, this Order cites the original motion, which is substantively identical to the errata.

---

**CIVIL MINUTES – GENERAL**                Initials of Deputy Clerk SMO

physically harmed or excluded from portions of the UCLA campus during protests in spring 2024. (FAC ¶¶ 30–33, 132–46, ECF No. 54.) Based on these allegations, Plaintiffs claim the alleged organizers of the protests, including PCC, engaged in a civil rights conspiracy to deprive Plaintiffs of their federal rights and to hinder law enforcement's efforts to protect Plaintiffs, all in violation of 42 U.S.C. § 1985(3). (*Id.* ¶¶ 149–63.) After full briefing and oral argument, the Court denied PCC's motion to dismiss Plaintiffs' claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Order 11–23.)

PCC now seeks interlocutory appellate review of the Court's order denying its motion to dismiss. (*See generally* Mot.) In particular, PCC moves to certify the following question: "Can a separate actor's conduct and speech be used to form the basis of a distinct actor's discriminatory intent, and thus form a conspiracy?" (*Id.* at i.)

## II.    LEGAL STANDARD

Generally, appellate review of district court rulings must wait until after a final judgment. 28 U.S.C. § 1291 (conferring "jurisdiction of appeals from all final decisions of the district courts"); *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, LLC, 548 F.3d 738, 747 (9th Cir. 2008) ("A district court order is . . . not appealable unless it disposes of all claims as to all parties or unless judgment is entered in compliance with Federal Rule of Civil Procedure 54(b)."). However, a district judge who issues "an order not otherwise appealable" may certify a question for appeal in writing if the judge is "of the opinion that such order [(1)] involves a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and [(3)] that the immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "[T]he party pursuing the interlocutory appeal bears the burden of so demonstrating." *Id.* (citation omitted). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

///

## III.    DISCUSSION

### A.    Controlling Question of Law

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd sub nom.*, *Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983). Notwithstanding, the requirement is to "be interpreted in such a way as to implement" the policy that § 1292(b) "be applied sparingly and only in exceptional cases." *Id.* at 1027.

PCC has not presented a controlling question of law. PCC asks whether "a separate actor's conduct and speech" can be used to establish PCC's own discriminatory intent for purposes of liability under 42 U.S.C. § 1985(3). (Mot. at i.) But even assuming the answer is "no," the Court's order denying PCC's motion to dismiss did not rely on allegations of a "separate actor's conduct or speech" in concluding the complaint had adequately alleged a claim against PCC. (*See* Order 15–20.) Instead, the Court pointed to allegations that encampment organizers, which allegedly included PCC, "established a complex check-in, wristband, and vouching system to keep out Zionists" that was "enforced by teams of armed members of the encampment and human phalanxes." (*Id.* at 17 (citing FAC ¶¶ 13, 94(e), 117, 145).) The Court also recounted allegations detailing several acts of violence experienced by Plaintiffs and other Jewish members of the community, which PCC plausibly contemplated and planned for given other allegations about PCC's statements on social media. (*Id.* at 18 (citing FAC ¶¶ 104, 111, 116, 132).) Based on these incidents, all of which PCC was allegedly directly involved with or planned for, the Court concluded Plaintiffs had met their burden to plausibly allege PCC acted with the requisite intent and discriminatory animus. (*Id.* at 18–19.) The Court did not conclude PCC had in fact acted with the requisite intent and discriminatory animus; the Court concluded only that the factual allegations about PCC's own conduct, assumed to be true, raised an inference that PCC intended to deprive Plaintiffs of their rights and acted with a discriminatory animus. *See Goodell v. Columbia Cnty. Pub. Transp.*, No. 2:20-CV-00226-SAB, 2021 WL 1519509, at *4 (E.D. Wash. Apr. 16, 2021) (declining to certify order denying motion to dismiss for interlocutory appeal because "[t]he Court merely concluded that Plaintiff pled sufficient facts to show that his claims are *plausible*"). The Court suspects that PCC will contend that Plaintiffs are wrong and that neither it nor its members undertook any of the actions alleged in the complaint, but that is an issue better addressed after full discovery.

The question PCC identifies for interlocutory appeal thus does not control further proceedings against it under the Court's analysis of the pleadings.

## B.        Substantial Ground for Difference of Opinion

PCC has also not established that there is substantial ground for difference of opinion on its proposed question. "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution . . . ." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). The second element may be met "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (internal quotation marks omitted); *see also Reese*, 643 F.3d at 688 ("[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified . . . ."). Disagreement with a court's application of settled law, standing alone, does not suffice. *Couch*, 611 F.3d at 633.

While PCC posits the Court's decision stands in direct tension with the First Circuit's recent decision in *StandWithUs Center for Legal Justice v. Massachusetts Institute of Technology*, 158 F.4th 1 (1st Cir. 2025), (Mot. 5–8), the Court's order denying PCC's motion to dismiss did not disagree with any legal principle evinced in that decision. As the Court explained in detail in its order, the factual allegations in this case are materially distinguishable from those present in *StandWithUs*. (Order 16–18.) While the *StandWithUs* court concluded the complaint there failed to plausibly allege the defendants acted with the requisite intent or discriminatory animus because it alleged only "two acts of arguable 'violence' against Jewish or Israeli students" by individuals not affiliated with the defendants, 158 F.4th at 25, Plaintiffs here alleged far more, (*see* Order 17–18). The more robust allegations of violence and exclusion, which Plaintiffs allege PCC and its members were directly involved with and planned for, explain the difference between this case and *StandWithUs*. And while the lack of a directly contradictory precedent is not dispositive, *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130–31 (9th Cir. 2022), the only basis for a difference of opinion PCC identifies is the perceived conflict with *StandWithUs*, (Mot. 5–8). PCC thus has not met its burden to establish there is a substantial ground for a difference of opinion. *Couch*, 611 F.3d at 633.

### C.    Material Advancement of Ultimate Termination of Litigation

Although the motion fails at the first and second elements, the Court considers the third. Courts have found the element met where early resolution of the issue on appeal "may avoid protracted and expensive (but ultimately unnecessary) litigation and the burdens on the litigants and court system that would result from the denial of § 1292(b) certification." *Moffett v. Recording Radio Film Connection, Inc.*, No. CV 19-3319 PSG (KSx), 2020 U.S. Dist. LEXIS 201232, at *12 (C.D. Cal. Jan. 31, 2020) (internal quotation marks omitted). "[C]ourts consider the effect of a reversal by the court of appeals on the management of the case, including whether litigation will be conducted in substantially the same manner regardless of the outcome of the appeal." *North v. Superior Hauling & Fast Transit, Inc.*, No. EDCV 18-2564 JGB (KKx), 2019 U.S. Dist. LEXIS 217692, at *7 (C.D. Cal. July 10, 2019) (citations and internal quotation marks omitted).

The proposed interlocutory appeal would not materially advance the resolution of this case. Even if PCC were successful in its proposed interlocutory appeal and a "separate actor's conduct and speech" cannot in fact be used to establish PCC's own intent, clarity from the Court of Appeals would not materially advance the litigation because the complaint alleges numerous acts and conduct by PCC directly or acts the PCC planned for and endorsed. (*See*, *e.g.*, FAC ¶¶ 13, 94(e), 117, 145.) The case would therefore still proceed based on allegations of PCC and its members' own conduct. That the case would return here regardless of the success of PCC's proposed appeal—placing the parties in the exact same posture in which they currently find themselves—weighs heavily against this factor. *White v. Nix*, 43 F.3d 374, 378–79 (8th Cir. 1994) ("When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation."). In other words, an interlocutory appeal would do nothing but delay the ultimate resolution of this case and increase the risk and magnitude of wasted time and resources. *Cf. U.S. Rubber Co v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (vacating order granting interlocutory appeal of "nothing more than an uncertain question of law relevant to only one of several causes of action alleged below," as "no disposition we might make of this appeal on its merits could materially affect the course of litigation in the district court").

///

---

## IV.    CONCLUSION

PCC fails to demonstrate that any of the three of the requirements of 28 U.S.C. § 1292(b) are met.[2] The Court denies the motion.[3]

**IT IS SO ORDERED.**

---

[2] Because the Court rejects PCC's argument on the merits, the Court renders no opinion on Plaintiffs' additional argument that the motion is untimely. (Opp'n 4–5.)

[3] PCC's request for a stay pending its interlocutory appeal is denied as moot.