William J. Brown, Jr. (SBN 192950)
bill@brownwegner.com
Kyle J. Berry (SBN 355393)
kberry@brownwegner.com
BROWN WEGNER LLP
2010 Main Street, Suite 1260
Irvine, California 92614
Telephone: 949.705.0080
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Weinberg, et al., | **Case No. 2:25-cv-03714-MCS-AJR** |
| *Plaintiffs,* | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS IN SUPPORT** |
| v. | |
| National Students for Justice in Palestine, et al., | |
| *Defendants.* | Hearing |
| | Date: June 1, 2026 |
| | Time: 9:00 a.m. |
| | Location: Courtroom 7C |
| | District Judge: |
| | Honorable Mark C. Scarsi |
| | Complaint Filed: April 25, 2025 |

**PLAINTIFFS' MOTION FOR
 AN AWARD OF EXPENSES**

[Additional Counsel Cont. from previous page]
Thomas R. McCarthy (VA Bar No. 47154)*
Thomas A. Wilson (DC Bar No. 90019385)*
Julius Kairey (VA Bar No. 101216)*
Zachary P. Grouev (FL Bar No. 1038629)*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
tom@consovoymccarthy.com
twilson@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

Patrick Strawbridge (MA Bar No. 678274)*
CONSOVOY MCCARTHY PLLC
8th Floor South PMB #706
Boston, MA 02109
Telephone: (617) 227-0548
patrick@consovoymccarthy.com

Richard A. Rosen (NY Bar No. 1663830)*
Omer Wiczyk (NY Bar No. 4321600)*
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW
1330 6th Avenue, 23rd Floor
New York, NY 10019
Telephone: (917) 363-9004
rrosen@brandeiscenter.com
owiczyk@brandeiscenter.com

* Admitted pro hac vice
*Attorneys for Plaintiffs*

**PLAINTIFFS' MOTION FOR AN AWARD OF EXPENSES**                ii

## NOTICE OF MOTION AND

## MOTION FOR AN AWARD OF EXPENSES

TO THE HONORABLE COURT, DEFENDANTS, AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 1, 2026, at 9:00 a.m. in Courtroom 7C of the above-entitled Court located at 350 West 1st Street, Los Angeles, California 90012, Plaintiffs Matthew Weinberg, Nir N. Hoftman, Eli Tsives, and Dovid Gurevich ("Plaintiffs") will and hereby do move this Court, to award expenses pursuant to the Court's ruling as reflected in the Order Imposing Sanctions and Requiring Defendant National Students for Justice in Palestine's Counsel to Show Cause Re: Further Sanctions. Dkt.138. This motion is made following the conference of counsel pursuant to that Order. *See* Wilson Decl., Exhs. A-C.

DATED: May 4, 2026

BROWN WEGNER LLP
CONSOVOY MCCARTHY PLLC
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW


By: /s/ Thomas R. McCarthy*
Thomas R. McCarthy*
Patrick Strawbridge*
Thomas A. Wilson*
Zachary P. Grouev*
Julius Kairey*
Richard A. Rosen*
Omer Wiczyk*

Attorneys for Plaintiffs

**PLAINTIFFS' MOTION FOR AN AWARD OF EXPENSES**

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiffs file this Motion pursuant to the Court's Order Imposing Sanctions and Requiring Defendant National Students for Justice in Palestine's Counsel to Show Cause Re: Further Sanctions. Dkt.138. While Defendant People's City Council (PCC) "appeared through counsel at the Scheduling Conference," *id.* at 1, PCC has declined to seek an award of expenses from NSJP and thus does not join this Motion.

## I.     BACKGROUND

The Court set the parties' Scheduling Conference for Monday, April 13, 2026. Counsel for Plaintiffs and counsel for PCC attended the Conference. Counsel for Defendant National Students for Justice in Palestine (NSJP), Mark A. Kleiman, did not. In light of Mr. Kleiman's failure to appear, the Court adjourned the Conference and entered the Scheduling Order later that day. *See* Dkt.135. Consequently, the parties who did appear were deprived of the opportunity to address scheduling and case management issues at the Scheduling Conference.

The Court then entered an order requiring Mr. Kleiman to, among other things, "pay Plaintiffs Matthew Weinberg, Nir Hoftman, Eli Tsives, and Dovid Gurevich, and Defendant People's City Council, the reasonable expenses they incurred because of counsel's nonappearance, including but not limited to attorney's fees incurred to attend the hearing." Dkt.138 at 1. Encouraging the parties to "agree on the measure of the sanction," the order provided 14 days for the parties to file "a joint statement indicating NSJP's counsel completed the payment." *Id.* If the parties could not agree on the sanction or if NSJP's counsel otherwise failed to complete payment, the order gave "the parties who appeared through counsel at the scheduling conference" the option to instead "file within 21 days a joint motion for an

**PLAINTIFFS' MOTION FOR**              1
 **AN AWARD OF EXPENSES**

award of expenses," expressly noting that "[a]ny such motion may seek an award for fees incurred to file the motion." *Id.* at 1-2.

On Monday, April 20, Plaintiffs' counsel emailed a letter to Mr. Kleiman detailing their reasonable expenses and attorneys' fees incurred to attend the hearing. *See* Wilson Decl., Exh. A. The letter cited four cases standing for basic propositions regarding expense and fee calculations in the Central District of California. *See id.* at 1. One of the cases noted that the "2024 Wolters Kluwer Real Rate Report" is an authoritative source for determining fees. *Id.* While the rates listed in that resource "are below the standard rates Consovoy McCarthy charges for the services of its attorneys," Plaintiffs' counsel nevertheless used the 2024 Wolters Kluwer rates to "accor[d] with local practice." *Id.* Providing specific fee breakdowns to the tenth of an hour, the letter explained that total time and expenses amounted to $22,846.03, much of which resulted from the cross-country travel required to attend the hearing. "In order to reach a resolution," however, Plaintiffs offered to "accept payment of $12,000." *Id.* at 2-3.

By Wednesday, April 22, Plaintiffs had not received any response from Mr. Kleiman. In an effort to arrive at a compromise and avoid motion practice (as well as the additional expenses that would inevitably result), Plaintiffs emailed Mr. Kleiman and asked him to indicate whether he would agree to pay Plaintiffs' proposed expense figure later that day. *See* Wilson Decl., Exh. B.

Mr. Kleiman responded by email that evening, arguing that Plaintiffs' request for a response was "unseemly" because Plaintiffs "gave [themselves] a week to decide on [their] position" but "expect[ed] [Mr. Kleiman's] response in two days." *See* Wilson Decl., Exh. C at 3. Mr. Kleiman took particular issue with Plaintiffs' citation of "four cases" as well as "a proprietary database"—*i.e.*, the Wolters Kluwer Real Rate Report—with which

PLAINTIFFS' MOTION FOR                           2
 AN AWARD OF EXPENSES

Mr. Kleiman claimed to be "unfamiliar," in turn asserting that he needed more time to evaluate Plaintiffs' position. *Id.*[1] Mr. Kleiman thus stated that he would "respond to [Plaintiffs] by Saturday," April 25. *Id.*

Plaintiffs' counsel responded the following morning to explain that Plaintiffs' proposed timeline was necessitated by receiving payment in time to prepare the joint statement contemplated in the Court's order; to provide additional context regarding the four cases and "proprietary database" Mr. Kleiman had noted; and to reiterate that, if the parties could not agree on the measure of expenses, Plaintiffs would "file a motion seeking full fees and expenses, plus additional costs incurred for filing the motion." *Id.*

Though Mr. Kleiman told Plaintiffs on Wednesday, April 22 that he would provide his position on Plaintiffs' expenses by Saturday, April 25, he failed to do so. Considering that the Court's order provided until Monday, April 27 for the parties to file a joint statement (were Mr. Kleiman to have "completed the payment," Dkt.138 at 1), Mr. Kleiman's conduct confirmed he did not intend to complete any payment by that deadline. Plaintiffs thus emailed Mr. Kleiman on April 27 to inform him that they would proceed with a motion seeking full fees and expenses, and requested to meet and confer regarding the forthcoming motion. *See* Wilson Decl., Exh. C at 2. Mr. Kleiman then revealed that he had hired counsel to represent him in this matter, and directed Plaintiffs to speak with his attorney, Jonathan Wallace.[2] *See* Wilson Decl., Exh. C at 2.

---

[1] Despite his statement that he was "unfamiliar" with the Wolters Kluwer "proprietary database," Mr. Kleiman has relied on the Wolters Kluwer Real Rate Report when seeking fees in separate litigation. *See, e.g.*, Consortium Defendants' Motion for Attorneys' Fees, Dkt.156 at 15, Strugar Decl., ¶12, Exh. A, *Concerned Jewish Parents and Teachers of Los Angeles et al. v. Liberated Ethnic Studies Model Curriculum Consortium, et al.*, No. 2:22-cv-03243 (C.D. Cal. Dec. 30, 2024).

[2] Mr. Wallace also represents Defendant Faculty for Justice in Palestine, who entered the case on Thursday, April 23. *See* Dkts.145, 147.

PLAINTIFFS' MOTION FOR AN AWARD OF EXPENSES

3

Plaintiffs agreed to meet and confer with Mr. Wallace the morning of April 28. *Id.* at 1-2. The parties had a productive conversation, but Plaintiffs ultimately could not accept Mr. Kleiman's offer. Further negotiations through the morning of Wednesday, April 29, also failed to result in an agreement between the parties.

## II.    REASONABLE EXPENSES INCURRED

In determining an attorney's reasonable hourly fee, courts have explained that the "2024 Wolters Kluwer Real Rate Report" is a "widely accepted measure of attorney's fees for the location they are based in." *Aung v. Watts*, 2025 WL 2659222, at *3 (C.D. Cal. Aug. 7, 2025) (internal quotation marks omitted). According to that authority, "[f]or litigation hourly rates in Los Angeles" the median rate for partners is $895 and the median rate for associates is $713. *Trs. of The Laundry & Dry Cleaning Workers Loc. No. 52 Health & Welfare Tr. Fund v. Kleen Kraft Servs., Inc.*, 2026 WL 638867, at *4 (C.D. Cal. Feb. 2, 2026). While those rates are below the standard rates that Consovoy McCarthy PLLC charges for its attorneys' services, Plaintiffs' counsel have consistently stated that they will accept the 2024 Wolters Kluwer rates in an effort to reach agreement on a reasonable, reduced amount of fees and expenses. *See* Strawbridge Decl. at 1.

Additionally, "[t]he Ninth Circuit has established that travel time and clerical tasks are reasonably compensated at normal hourly rates if such is the custom in the relevant legal market." *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1080 (N.D. Cal. 2010). And "[i]t is the custom in the Central District to award attorneys' fees for reasonable travel time." *Bea-Mone v. Silverstein*, 2019 WL 762676, at *3 (C.D. Cal. Feb. 20, 2019); *see also, e.g.*, *Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 1012, 1025 (C.D. Cal. 2014) ("In Los Angeles, the practice is to compensate at full rates for travel time."), *aff'd,* 891 F.3d 776 (9th Cir. 2018); *Tetrault v. Capital Grp. Cos.*

**PLAINTIFFS' MOTION FOR AN AWARD OF EXPENSES**                                              4

*Global*, 2026 WL 714265, at \*7 (C.D. Cal. Feb. 11, 2026) ("Within this district 'courts generally compensate attorneys at their full hourly rate for travel time.'").

Unless excused by order of the Court, in-person appearance of lead counsel for each party is required at any Court-ordered scheduling, pretrial, or settlement conference. *See* Dkt. 28 at 2. As such, Plaintiffs' counsel put serious effort and expense into preparing for and attending the Scheduling Conference. Five attorneys representing Plaintiffs incurred expenses preparing for or traveling to the Scheduling Conference on April 13, 2026, and/or preparing this Motion. In accordance with §10(d) of the Court's Standing Order, Dkt.28, the time incurred is detailed in the attached tables. *See* Strawbridge Decl., Exh. A. It is also summarized below, by attorney:

- Patrick Strawbridge: $1,171 in expenses, $17,094 for travel time, preparation, and attendance at the hearing (19.1 hours times $895).[3]

- William Brown: $76 in expenses, $2,016 for time, preparation, and attendance at the hearing (3.2 hours times $630).

- Thomas Wilson: $926 for time preparing for the hearing (1.3 hours times $713); $6,773 for time preparing this Motion (9.5 hours times $713).

[3] Mr. Strawbridge's travel time was particularly significant, as he lives in North Carolina. It therefore took him 10.4 hours to travel from North Carolina to California (9.7 hours for connecting flights on Southwest Airlines, 0.7 hours for travel to the courthouse), and 7.7 hours to travel from California to North Carolina (7.0 hours for connecting flights, 0.7 hours for travel from the courthouse). The travel time includes 2.0 hours of review of court materials by Mr. Strawbridge in preparation of the hearing.

**PLAINTIFFS' MOTION FOR**
**AN AWARD OF EXPENSES**

5

- Julius Kairey: $713 for time preparing for the hearing (1.0 hours times $713); $2,495 for time preparing this Motion (3.5 hours times $713).

- Zachary Grouev: $3,137 for time preparing this Motion (4.4 hours times $713).

Accordingly, and as reflected in the attached tables, *see* Strawbridge Decl., Exh. A, Plaintiffs have incurred $34,401 in reasonable fees and expenses for which they seek payment pursuant to this Court's order. Dkt.138.[4]

## III. THE COURT SHOULD AWARD PLAINTIFFS' TOTAL EXPENSES AS SANCTIONS.

The Court's Order awarding Plaintiffs monetary sanctions against Mr. Kleiman is based on Rule 16(f)(2), *see* Dkt.138 at 1, which provides that, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Dkt.138 at 1-2. That provision was added in 1983 to "expressly provid[e] for imposing sanctions on disobedient or recalcitrant parties, their attorneys, or both." Fed. R. Civ. P. 16(f)(2), Notes of Advisory Committee on Rules, 1983 Amendment to Rule 16. The purpose of this addition is to "encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986).

---

[4] Plaintiffs' calculations as to the expenses incurred because of Mr. Kleiman's misconduct do not yet include expenses that may be incurred preparing for and attending an in-person hearing on this Motion. Should the Court conclude that the Due Process Clause requires such a hearing, *see Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir. 1990), Plaintiffs respectfully request an opportunity to submit supplemental billing records to liquidate the total amount of Plaintiffs' expenses.

PLAINTIFFS' MOTION FOR                    6
AN AWARD OF EXPENSES

"When a court determines that Rule 16(f) has been violated, it has broad discretion in fashioning an appropriate sanction." *Gfeller v. Doyne Med. Clinic, Inc.*, 2015 WL 5210392, at \*9 (D. Nev. Sept. 3, 2015). "In determining the appropriate sanction, a primary objective is to deter similar misconduct." *Id.* Thus, a court may consider the fact that an attorney has "exhibited habitual non-compliance with clear orders." *Id.* at \*10.

Unfortunately, "habitual non-compliance" is an accurate description of Mr. Kleiman's conduct. Despite Plaintiffs' repeated attempts to reach a negotiated settlement within the timeline contemplated by the Court's Order, Dkt.138, Mr. Kleiman responded with unexplained and unwarranted delay. *See supra*, at 2-3.

But Mr. Kleiman's misconduct is only "[t]he latest in [a] nearly unbroken string of non-compliance" tracing back to the outset of this litigation. *Gfeller*, 2015 WL 5210392, at \*9. After Plaintiffs filed their initial complaint in April 2025, they attempted to effect service on NSJP. "Rather than comply with its 'duty to avoid unnecessary expenses of serving the summons,' NSJP insisted on personal service while simultaneously refusing to identify anyone on whom such service would be proper." Dkt.111 at 2 n.1. Mr. Kleiman enabled this effort—first by ignoring Plaintiffs' numerous requests that he waive service on behalf of NSJP, and then by suggesting that Plaintiffs should have tried to serve Dylan Kupsh, whom Mr. Kleiman later represented had left his position as a member of NSJP's national steering committee months before this case was even filed. *See* Dkt.43-2, Exh. B; Dkt.111-2, Exh. A. Only after Plaintiffs threatened to seek the fees incurred due to this bait-and-switch did Mr. Kleiman and NSJP relent, finally agreeing to enter the case in September 2025. *See* Dkt.111-2, Exh. A.

Things did not get any better after Mr. Kleiman and NSJP appeared in the case. Plaintiffs served initial discovery requests on NSJP on

**PLAINTIFFS' MOTION FOR AN AWARD OF EXPENSES**                7

December 5, 2025, and served a second set of requests on December 22 following argument on NSJP's then-pending motion to dismiss. Dkt.111 at 2. Plaintiffs also served their initial disclosures and an initial production containing hundreds of documents, consistent with the Court's Standing Order. *Id.* Rather than timely respond to Plaintiffs' discovery requests, NSJP filed a meritless motion to stay discovery based on its motion to dismiss, Dkt.105, notwithstanding this Court's admonition that "[d]iscovery is not stayed prior to the Scheduling Conference ... unless otherwise ordered by the Court," Dkt.28 at 6; *see also* Dkt.77 at 2 (explaining that NSJP's motion to dismiss was "no barrier" to discovery under the standing order).

Even after the Court denied both NSJP's motion to dismiss and its motion to stay on January 20, *see* Dkt.113, Mr. Kleiman remained unresponsive. After Plaintiffs explained that Mr. Kleiman's non-compliance had waived NSJP's objections in a January 26 deficiency letter, they met and conferred with NSJP and offered Mr. Kleiman an alternative discovery schedule in an effort to avoid burdening the Court with motion practice. Throughout February, the parties exchanged several letters memorializing these negotiations. Yet when NSJP finally submitted objections and responses on March 3, those responses "demonstrate[d] that [NSJP and Mr. Kleiman had] not made a good-faith effort to comply with the Federal Rules or the modified discovery schedule to which the parties agreed." Wilson Decl., Exh. D at 7. And despite having previously agreed to provide initial disclosures by February 13, NSJP still had not (and still has not) done so. *See* Wilson Decl., Exh. E at 1 ("We will make our 26a disclosures by 2/13 and will produce those documents that are in our possession, custody, or control by then.").

Plaintiffs met and conferred with NSJP again, eventually reaching an impasse that necessitated resort to Magistrate Judge Richlin's pre-motion

**PLAINTIFFS' MOTION FOR**
 **AN AWARD OF EXPENSES**                                8

discovery procedure. After Plaintiffs requested NSJP's position on the issues they planned to present for discussion at the mandatory pre-motion discovery conference, NSJP missed yet another agreed-upon deadline. When Mr. Kleiman finally submitted NSJP's position statement, it strongly suggested that he was outsourcing NSJP's legal positions to generative AI. *See* Wilson Decl., Exh. F at 2 (NSJP's counsel copying and pasting what appears to be express "instructions" to AI agent to "[u]se the Weinberg Vault" to generate "law professor-grade strategic advice," and then pasting the entire AI-generated result into NSJP's portion of the parties' joint submission). Then, at the April 10 informal discovery conference, Mr. Kleiman made several concessions under questioning by Judge Richlin, including that he would provide Plaintiffs with the names of NSJP members necessary to conduct further discovery via individual subpoenas and depositions.

After the conference, Judge Richlin issued an order requiring Plaintiffs to promulgate revised discovery requests by April 15 and requiring NSJP to provide revised objections and responses by April 27. *See* Dkt.133. NSJP was expressly warned that "boilerplate and general objections will be ignored and overruled" and that the Court "expect[ed] meaningful responses and that any objection will be detailed and specific." *Id*. The Court ordered the parties to provide a joint email update by May 1.

Though Plaintiffs held up their end of the bargain, NSJP did not. Instead, NSJP emailed Plaintiffs nearly 200 pages of objections and responses in piecemeal fashion throughout Tuesday, April 28 and Wednesday, April 29. Not only did NSJP's late objections and responses appear to be largely generated by AI and contain numerous arguments copy-pasted throughout, but their length and untimeliness frustrated Plaintiffs' ability to analyze them, meet and confer with NSJP regarding their validity, and apprise the Court of the remaining discovery issues (of which there are many) by

PLAINTIFFS' MOTION FOR
 AN AWARD OF EXPENSES

9

Friday, May 1. Mr. Kleiman also declined to give Plaintiffs the names he had agreed to provide at the initial informal discovery conference. Worse, NSJP still has not produced a single document in this case, and even continues to withhold its initial disclosures despite the "crystal clear" language in the Court's Standing Order requiring their production early in litigation. *Gfeller*, 2015 WL 5210392, at *10; *see* Dkt.28 at 6.

In short, Mr. Kleiman's failure to appear at the Scheduling Conference is part of a pattern of "disobedient" and "recalcitrant" behavior stretching back to the beginning of this case. Fed. R. Civ. P. 16(f)(2), Notes of Advisory Committee, *supra*. His "nearly unbroken string of non-compliance" has caused Plaintiffs to incur significant expenses throughout. *Gfeller*, 2015 WL 5210392, at *9. Only "forceful judicial management" can check Mr. Kleiman's conduct and prevent this litigation from spiraling into further disorder. *Sherman*, 801 F.2d at 1135.

To cover the full reasonable expenses incurred preparing for and attending the scheduling conference and drafting this Motion, Plaintiffs thus respectfully request that the Court order Mr. Kleiman to pay $34,401.

DATED: May 4, 2026                BROWN WEGNER LLP
                                  CONSOVOY MCCARTHY PLLC
                                  THE LOUIS D. BRANDEIS CENTER
                                  FOR HUMAN RIGHTS UNDER LAW


                                        By: /s/ Thomas R. McCarthy*
                                        Thomas R. McCarthy*
                                        Patrick Strawbridge*
                                        Thomas A. Wilson*
                                        Zachary P. Grouev*
                                        Julius Kairey*
                                        Richard A. Rosen*

**PLAINTIFFS' MOTION FOR**                    10
**AN AWARD OF EXPENSES**

Omer Wiczyk*

Attorneys for Plaintiffs

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that this opposition contains 2,918 words, which complies with the word limit of L.R. 11-6.1 for memoranda of points and authorities.

Dated: May 4, 2026                                      /s/ Thomas R. McCarthy
                                                        Thomas R. McCarthy

**PLAINTIFFS' MOTION FOR                12
AN AWARD OF EXPENSES**

## CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiffs certifies that a true and correct copy of the foregoing was electronically filed and served upon all counsel of record who have appeared in the case and are registered with the CM/ECF. Parties may access this filing through the Court's CM/ECF System.

Dated: May 4, 2026                                    /s/ Thomas R. McCarthy
                                                      Thomas R. McCarthy

**PLAINTIFFS' MOTION FOR**                    13
**AN AWARD OF EXPENSES**