# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-03714-MCS-AJR | Date | May 11, 2026 |
|---|---|---|---|
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |
|---|---|

| Ashley Silva-Elder | C/S 5/11/2026 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
|---|---|
| William J. Brown, Jr.<br>Omer Wiczyk<br>Julius I. Kairey<br>Evan Gottstein | Rebecca Brown (for PCC)<br>Mark Kleiman (for NSJP) |

**Proceedings:**      MINUTES OF INFORMAL DISCOVERY VIDEOCONFERENCE

On April 14, 2026, the Court held an informal discovery videoconference to discuss various discovery disputes between Plaintiffs and Defendant People's City Council ("PCC"). Based on the discussion with the parties, the Court directed as follows:

**Issue 1:** This is a broad issue related to First Amendment protections that has resulted in PCC both withholding documents in response to Plaintiffs' requests for production as well as redacting documents that have been produced. Both the withheld documents and the redacted documents are reflected on PCC's privilege log. In order to allow the Court to provide a ruling on these issues informed by context, the parties agreed to each select 5 documents they want to raise for resolution by the Court. These can be documents that are being withheld or documents that were produced with redactions. The parties should select documents that raise issues with broad application. PCC shall provide it selection of 5 documents to Plaintiffs no later than **May 13, 2026**. The Court authorized Plaintiffs to file a motion to compel on the 10 documents no later than **May 22, 2026**. PCC shall file an opposition no later than **June 5, 2026**. The Court will then take the matter under submission without a hearing and without a reply. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

**Issue 2:** The issue is whether PCC has possession, custody, or control over the personal devices (computers and phones) of its members. Plaintiffs have the burden to establish that PCC has possession, custody, or control of these personal devices. See, e.g., Krishnan v. Cambia Health Sols., Inc., 2021 WL 3129940, at *2 (W.D. Wash. July 23, 2021) ("Plaintiff, as the party seeking production, must establish that Defendants have control of the requested text messages."). The Court advised of its tentative view that

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-03714-MCS-AJR | Date | May 11, 2026 |
|---|---|---|---|
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

Plaintiffs have not yet met their burden of showing legal control by PCC. Therefore, the Court encouraged Plaintiffs to simply proceed with Rule 45 subpoenas, which Plaintiffs are doing. The Court offered to provide a formal ruling on the issue now if Plaintiffs would like, or to defer the issue to the future so that Plaintiffs could come back with additional evidence if they develop such additional evidence through discovery. Plaintiffs elected to defer the issue for now so that they can come back in the future should they develop additional evidence establishing legal control by PCC.

**Issue 3:** PCC objected to Plaintiffs' Interrogatory Nos. 7 and 8. Interrogatory No. 7 seeks information about PCC's funding. Defendant objects to discovery related to PCC's funding on relevance and First Amendment grounds because PCC did not provide any funding related to the UCLA encampment. To get to the core issue related to discovery into PCC's funding, the Court authorized Plaintiffs to file a motion to compel on this broader issue of discovery into PCC's funding no later than **May 22, 2026**. PCC shall file an opposition no later than **June 5, 2026**. The Court will then take the matter under submission without a hearing and without a reply. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Interrogatory No. 8 seeks information related to the UCLA encampment. The Court advised that it was inclined to sustain PCC's work-product objection because the request asks PCC to identify the person most knowledgeable about the UCLA encampment. However, the Court advised that Plaintiffs could ask a factual question such as the actions taken by each member with regard to the UCLA encampment. The parties agreed to meet and confer on a revised, factual interrogatory that does not raise work-product concerns. The parties shall agree on a revised interrogatory no later than **May 13, 2026** and PCC shall provide a supplemental response no later than **May 29, 2026**.

IT IS SO ORDERED.

00:29