William J. Brown, Jr. (SBN 192950)
bill@brownwegner.com
Kyle J. Berry (SBN 355393)
kberry@brownwegner.com
BROWN WEGNER LLP
2010 Main Street, Suite 1260
Irvine, California 92614
Telephone: 949.705.0080

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Weinberg, et al., | **Case No. 2:25-cv-03714-MCS-AJR** |
| *Plaintiffs,* | **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR AN AWARD OF EXPENSES** |
| v. | |
| National Students for Justice in Palestine, et al., | Date of Hearing: 6/1/26 |
| *Defendants.* | Time: 9:00 AM |
| | Courtroom: Courtroom 7C |
| | First Street U.S. Courthouse |
| | 350 W. 1st St. |
| | Los Angeles, CA 90012 |
| | Honorable Mark C. Scarsi |
| | United States District Judge |
| | Complaint Filed: April 25, 2025 |

**PLAINTIFFS' REPLY IN SUPPORT OF
THEIR MOTION FOR
AN AWARD OF EXPENSES**

[Additional Counsel Cont. from previous page]
Thomas R. McCarthy (VA Bar No. 47154)*
Thomas A. Wilson (DC Bar No. 90019385)*
Julius Kairey (VA Bar No. 101216)*
Zachary P. Grouev (FL Bar No. 1038629)*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
tom@consovoymccarthy.com
twilson@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

Patrick Strawbridge (MA Bar No. 678274)*
CONSOVOY MCCARTHY PLLC
8th Floor South PMB #706
Boston, MA 02109
Telephone: (617) 227-0548
patrick@consovoymccarthy.com

Richard A. Rosen (NY Bar No. 1663830)*
Omer Wiczyk (NY Bar No. 4321600)*
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW
1330 6th Avenue, 23rd Floor
New York, NY 10019
Telephone: (917) 363-9004
rrosen@brandeiscenter.com
owiczyk@brandeiscenter.com

* Admitted pro hac vice

*Attorneys for Plaintiffs*

## **REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

Counsel for Defendant Faculty for Justice in Palestine Network (FJPN) filed an opposition to Plaintiffs' Motion for an award of expenses, as well as a declaration in support. *See* Dkts.157-58. These filings, apparently made on Mr. Kleiman's and National Students for Justice in Palestine's (NSJP) behalf, fail to show that Plaintiffs should not receive the reasonable expenses and attorneys' fees incurred in attending the April 13, 2026 scheduling conference.

Most of the argument NSJP presents is improperly placed in a declaration, rather than in its brief. What little is properly presented is meritless or impermissibly speculative—for example, incorrectly suggesting that Mr. Strawbridge's travel to California was for a purpose other than attending the April 13, 2026 scheduling conference. And while NSJP portrays Mr. Kleiman's failure to attend the scheduling conference as a one-off mistake, Mr. Kleiman's behavior has only gotten worse since this Motion was filed. His failure to attend the scheduling conference is part of a troubling pattern of misconduct, which has obstructed the "just, speedy, and inexpensive" advancement of this case. Fed. R. Civ. P. 1. The Court should require Mr. Kleiman to pay Plaintiffs' counsel an appropriate amount within a reasonable time after its decision on this Motion.

## I. NSJP'S BRIEFING VIOLATES THE LOCAL RULES

The Local Rules require that legal argument in opposition to a motion be placed in a memorandum of points and authorities. *See* L.R. 7-9. Evidence presented in opposition to a motion must "comply with the requirements of" Local Rule 7-7. L.R. 7-9. That Rule states: "Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of [Federal Rule of Civil Procedure] 56(c)(4)." L.R. 7-7; *see also* L.R. 11-6 ("Appendices shall not include any matters which

**PLAINTIFFS' REPLY IN SUPPORT OF**
**THEIR MOTION FOR**
**AN AWARD OF EXPENSES**

1

properly belong in the body of the memorandum of points and authorities[.]").

Mr. Wallace's Declaration, made on Mr. Kleiman's behalf, is replete with legal argument and thus flagrantly violates Local Rule 7-7. *See, e.g.*, Wallace Decl. ¶44 (arguing that an award of expenses is unjust under the circumstances); *id.* ¶45 (arguing that there was no bad faith on Mr. Kleiman's part). Under the Local Rules, these arguments should have been presented in NSJP's brief. Because the Wallace Declaration "amounts to a legal argument," it is "afforded no weight." *Mussnich v. Teixeira*, 2021 WL 4706981, at *2 (C.D. Cal. Jan. 22, 2021) (Scarsi, J.); *accord, e.g.*, *Iturbe v. Sunny Acre LLC*, 2025 WL 2631602, at *4 n.6 (C.D. Cal. Apr. 25, 2025) ("[U]nder Local Rule 7-7, declarations may contain only factual, evidentiary matter; the Court will not consider any legal arguments made in the Declaration.").

The Wallace Declaration also includes material that is irrelevant, *see e.g.*, Wallace Decl. ¶¶31-32 ("I drive a 2016 Honda CRV, from which I hope to get a few more years. Most of my clothes, including all of my suits, were purchased in thrift shops."), and largely incomprehensible, *see, e.g.*, *id.* ¶25 ("I look forward to the conversation in which I can explain to someone that I sometimes find Jonathan Wallace Esq. annoying, and he is always exhausting, but I can't dispense with him because his 2400 clients depend on him."). This Motion does not seek expenses from Mr. Wallace, so neither his financial condition nor the extent to which his clients depend on him are relevant, much less material.

It is unclear why Mr. Kleiman did not submit his own declaration, or how Mr. Wallace has "personal knowledge" of what he attests to. Fed. R. Civ. P. 56(c)(4). Instead, Mr. Kleiman has apparently decided to rely on

**PLAINTIFFS' REPLY IN SUPPORT OF**          2
**THEIR MOTION FOR**
**AN AWARD OF EXPENSES**

hearsay submitted through Mr. Wallace. *See, e.g.,* Wallace Decl. ¶35 ("[Mr. Kleiman] is averaging ninety hours a week at age 76."); *id.* ¶36 "[Mr. Kleiman's] gross income from legal work in 2025 was less than $20,000."); *id.* ¶45 ("[Mr. Kleiman] missed the conference because he was physically overwhelmed by the demands of the work, not because of any negligence or bad faith."). Even if the Court considers the hearsay in the Wallace Declaration, it should assign it less weight given the second-hand nature of the information. *See Tyson v. City of San Bernardino*, 2024 WL 3468832, at \*4 (C.D. Cal. Jan. 12, 2024) ("[T]he Court can give more or less weight to [a] declaration based on the declarant's personal knowledge and credibility.").

## II.   NSJP'S OBJECTIONS TO PLAINTIFFS' MOTION LACK MERIT

In its opposition, NSJP argues that Mr. Strawbridge may have traveled to California for purposes other than to attend the scheduling conference, and that the time Plaintiffs' counsel spent preparing for the conference is excessive. Opp. 2. Through the Wallace Declaration, NSJP argues that Mr. Kleiman does not have the money to pay a sanction of more than a few thousand dollars, and that Plaintiffs have improperly increased the amount sought since the parties' failed to reach agreement on an amount of expenses. Wallace Decl. ¶¶48-49. These arguments fail on the merits.

NSJP speculates that Mr. Strawbridge traveled to California for purposes other than attending the scheduling conference, such as to take a deposition. Opp. 2. In fact, Mr. Strawbridge traveled for the sole purpose of attending the scheduling conference, and began traveling back to his home in North Carolina just after Mr. Kleiman failed to appear at the scheduling conference. *See* Suppl. Strawbridge Decl. ¶3 ("I traveled to Los Angeles on April 12, 2026, for the sole purpose of attending the scheduling conference."). As indicated by his itinerary, Mr. Strawbridge booked round trip

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR AN AWARD OF EXPENSES**                3

airline tickets that had him departing Los Angeles at 2:20 P.M. local time on April 13. *See* Suppl. Strawbridge Decl., Exh. A. That would not have given Mr. Strawbridge sufficient time to take or attend a deposition before departing Los Angeles following the scheduling conference. Notably, NSJP nowhere contests that travel time is fully compensable. *See* Mot. 4-5 (collecting cases). Nor does NSJP contest the reasonableness of the requested rates. *See id.* at 4. The Court should therefore award expenses that fully compensate for Mr. Strawbridge's travel time.

While NSJP does not challenge the reasonableness of the 17.4 hours Plaintiffs' counsel spent preparing this Motion, it contends that 5.3 hours of preparation time for the conference is excessive. Opp. 2. Not so. Plaintiffs had to prepare for a scheduling conference in a complex, multi-defendant case, and prepare to discuss the discovery issues then outstanding—including NSJP's failure to adequately respond to Plaintiffs' discovery requests or even serve any initial disclosures under Rule 26(a)(1). Mr. Wilson recorded 1.3 hours "to draft notes for the scheduling conference, correspond with [Mr.] Kairey and [Mr.] Grouev regarding the scheduling conference, and send the notes to [Mr.] Strawbridge." Wilson Decl. Exh. A. Mr. Kairey recorded 1 hour "to prepare [Mr.] Strawbridge for the conference by editing the notes prepared by [Mr.] Wilson, and to discuss the notes with [Mr.] Wilson." *Id.* And Mr. Strawbridge spent 2 hours of his travel time reviewing court materials, and an additional 1 hour preparing for the conference while not traveling. *Id.*; Mot. 5 & n.3. NSJP's mere assertion that such time is excessive does not establish that it is so.

Beyond patently violating the Local Rules, the arguments presented in the Wallace Declaration also fail on the merits. Through declaration, NSJP argues that Mr. Kleiman lacks the resources to pay even $12,000 as

**PLAINTIFFS' REPLY IN SUPPORT OF**     4
**THEIR MOTION FOR**
**AN AWARD OF EXPENSES**

a lump sum. *See* Wallace Decl. ¶48. To be sure, inability to pay is a factor the Court may consider in imposing sanctions. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126 n.4 (9th Cir. 2002). But "the sanctioned party has the burden to produce evidence of inability to pay." *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993). The Ninth Circuit has made clear that a mere declaration stating that a sanctioned party is unable to pay is neither "probative" nor "sufficient" evidence of actual inability to pay. *Id.* Rather, "[t]o consider an attorney's ability to pay, … the Court must be presented with some evidence of the attorney's financial status, such as income, expenses, and assets." *Hansen v. U.S. Bank, Nat'l Ass'n*, 2016 WL 7105865, at \*6 (D. Idaho Dec. 5, 2016). "Even a declaration of general financial difficulty would not suffice." *Radical Invs., Ltd. v. Good Vibrations Ent. LLC*, 2022 WL 18358945, at \*1 (C.D. Cal. Nov. 28, 2022). Rather, a sanctioned party must give "details regarding h[is] ability to pay an award of fees." *Notorious B.I.G. LLC v. Snowboards*, 2023 WL 4681570, at \*8 (C.D. Cal. June 6, 2023). A "reduction in the fee award is not warranted" where a sanctioned party "owns and operates a business," but does not "provide[] evidence of h[is] inability to pay any sanctions award." *Id.*

NSJP has not met its burden. The Wallace Declaration claims—without supporting documentation—that Mr. Kleiman's "gross income from legal work in 2025 was less than $20,000." Wallace Decl. ¶28. But the Declaration "fails to discuss any savings or other assets that may be used to pay the sanction." *Hansen*, 2016 WL 7105865, at \*6. And even the "less than $20,000" claim is questionable, since the Wallace Declaration also states that Mr. Kleiman "has an employee to compensate." Wallace Decl. ¶34. It is unclear how Mr. Kleiman could employ *anyone* if his gross income were less than $20,000. Mr. Wallace's "'unsupported declaration'" thus "fails to

PLAINTIFFS' REPLY IN SUPPORT OF          5
THEIR MOTION FOR
AN AWARD OF EXPENSES

provide sufficient evidence to preclude sanctions of reasonable attorneys' fees and costs." *Mogan v. Sacks, Ricketts & Case LLP*, 2022 WL 1458518, at \*5 (N.D. Cal. May 9, 2022) (quoting *Hall v. Contra Costa County*, 50 F.3d 14, 1995 WL 15553, at \*2 (9th Cir. 1995)).

As to the amount of the sanction, Mr. Wallace complains that Plaintiffs "increas[ed] the amount demanded by fifty percent." Wallace Decl. ¶49. But that is entirely a function of Mr. Kleiman's refusal to accept Plaintiffs' compromise amount of $12,000—itself a decrease of more than $10,000 from the expenses incurred up to that point. The amount Plaintiffs currently seek includes approximately $12,000 in attorneys' fees incurred in preparing this Motion, fees which the Court's order expressly authorized Plaintiffs to seek. *See* Dkt.138 ("Any [motion for expenses] may seek an award for fees incurred to file the motion."). The total amount Plaintiffs request is therefore reasonable.

And even if a sanction under these circumstances might present financial hardship, the Court should still impose one. The Ninth Circuit has stated that even a "credible" "showing of poverty" isn't necessarily sufficient to prevent the imposition of sanctions. *Hall*, 1995 WL 15553, at \*2 n.4. In the context of discovery misconduct, inability to pay does not in and of itself prevent the imposition of sanctions. *See N. Kelly Hoang L. Firm v. Hoang*, 2023 WL 9420124, at \*1 (C.D. Cal. Dec. 5, 2023) ("Hoang's alleged inability to pay would not make the award of sanctions unjust."). Here, Mr. Kleiman does not claim "poverty," but—through the declaration of a separate individual—states that his business does not generate much income. Even if true, Mr. Kleiman's conduct is part of a pattern of disregarding the Federal Rules and court orders, as further described in Part III below.

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR AN AWARD OF EXPENSES**  6

A significant sanction is necessary to deter future misconduct by Mr. Kleiman, even if it is not the full amount Plaintiffs request. Deeming Mr. Kleiman immune from any monetary penalty would simply encourage further misconduct.

## III. MR. KLEIMAN HAS ESTABLISHED A PATTERN OF DISREGARDING THE FEDERAL RULES, THE LOCAL RULES, THE STANDING ORDER, AND THE COURT'S SPECIFIC ORDERS

The Court should assess the "nature, scope, and history of this case" in deciding the amount of sanctions. *Mogan*, 2022 WL 1458518, at *5. As Plaintiffs explained at greater length in their Motion, "Mr. Kleiman's failure to appear at the Scheduling Conference is part of a pattern of 'disobedient' and 'recalcitrant' behavior stretching back to the beginning of this case." Mot. 10 (quoting Fed. R. Civ. P. 16(f)(2), Notes of Advisory Committee on Rules, 1983 Amendment to Rule 16).

The day after Plaintiffs filed this Motion, the Magistrate Judge told Mr. Kleiman at a discovery conference that his conduct in this case has not been in accord with the Federal Rules or compliant with court orders:

> You've violated my court orders. You're not complying with the Federal Rules of Civil Procedures by a wide margin and your responses are not satisfactory. I'm not sure what I should do here. I've been thinking about imposing sanctions or referring you to the Court's disciplinary committee. I don't know what to do here but these responses are not workable. I'm close to being compelled to grant the plaintiffs evidentiary sanctions on your discovery responses which will cause great prejudice to your clients. You have not responded. You haven't signed a response, you haven't verified a response, your objections are completely

**PLAINTIFFS' REPLY IN SUPPORT OF**        7
**THEIR MOTION FOR**
**AN AWARD OF EXPENSES**

inappropriate and I'm going to overrule all of them. Your responses are not timely.

*See* Dkt.159 at 13:12-24. The Magistrate Judge added: "I'm very concerned about prejudice to your clients from your ongoing representation." *Id.* at 14:6-7. And the Judge emphasized that he has "never had to say that before[.]" *Id.* at 14:9.

It is now beyond reasonable dispute that Mr. Kleiman has "exhibited habitual non-compliance with clear orders," as Plaintiffs demonstrated in their Motion. *Gfeller v. Doyne Med. Clinic, Inc.*, 2015 WL 5210392, at *9 (D. Nev. Sept. 3, 2015); *see* Mot. 6-10. In response, NSJP states that its continued refusal to comply with the Federal Rules is somehow attributable to "the revelation that Legal Permanent Residency status is now being denied applicants because they have criticized Israel." Opp. 3.

That is not remotely plausible. NSJP's misconduct has included:

- Its evasion of service. *See* Mot. 7.
- Its frequent disregard of deadlines to respond to discovery requests, which has necessitated numerous informal discovery conferences before Magistrate Judge Richlin, with the most recent taking place on May 14. *See* Mot. 8-9.
- Its failure to serve initial disclosures, which failure continues to this day, contrary to this Court's Standing Order and Mr. Kleiman's representation to Plaintiffs' counsel that he would serve those disclosures by February 13. *See* Standing Order §8(b) ("[T]he parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery.").

**PLAINTIFFS' REPLY IN SUPPORT OF**
**THEIR MOTION FOR**
**AN AWARD OF EXPENSES**

8

- Its service of barely more than 100 pages of documents, many of which are heavily redacted, despite identifying 22,000 pages of potentially responsive material. These documents were served the day of an informal discovery conference with Magistrate Judge Richlin. In supplemental interrogatory responses, NSJP admitted that it had conversations with an organization called Palestine Action, which is a designated terrorist organization in the United Kingdom, regarding initiatives directly relevant to this litigation. NSJP also produced documents showing it has at least some control over the documents of its chapters. There was no reason Plaintiffs had to wait five months for these responses and NSJP's meager document production. NSJP's response stating it had conversations with Palestine Action, for example, could have easily been provided within the standard 30-day period for answering interrogatories.

- Its blanket First Amendment objections to the production of documents, without addressing the protections afforded to NSJP under the protective order.

- Its outsourcing of its legal positions to generative AI. *See* Mot. 9; *see also* Dkt.159 at 21:9-15 ("[T]he fact that you include[d] [an AI prompt] in the submission you gave to the Court means to me you aren't reading things[.] [Y]our discovery responses have Claude edits in them which is again why I asked you if you had read them before you served them because I don't think you did or I don't know why you served responses with generative A[I] redlining, green-lining in them.").

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR AN AWARD OF EXPENSES**             9

- Its baseless objection to a modification of the protective order, meant to facilitate document production pursuant to a subpoena Plaintiffs issued to UCLA, based on supposed concerns that NSJP could be subject to liability under the Family Educational Rights and Privacy Act of 1974, 88 Stat. 571, 20 U.S.C. §1232g. NSJP withdrew this objection nine days later only after a meet and confer with Plaintiffs' counsel, and a follow up email from Plaintiffs after NSJP failed to update Plaintiffs on its position on an agreed-upon timeline.

None of this misconduct can be explained away by NSJP's mere assertion (at 3) that individuals mentioned in NSJP's responsive material—or NSJP's members themselves—could be subject to deportation based on their political opinions. That issue can be addressed on a document-by-document or response-by-response basis, where NSJP can raise objections to the production of certain materials or to certain questions, or at least insist that certain materials be labeled confidential. It does not justify NSJP's noncompliance with the Federal Rules, Local Rules, and court orders.

In short, Mr. Kleiman's "nearly unbroken string of non-compliance" has caused Plaintiffs to incur significant expenses throughout this case. *Gfeller*, 2015 WL 5210392, at *9. Only "forceful judicial management" can check Mr. Kleiman's behavior, *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986), prevent this litigation from spiraling into further disorder, and "deter similar misconduct," *Gfeller*, 2015 WL 5210392, at *9.

To cover the full reasonable expenses incurred in preparing for and attending the scheduling conference, and in drafting this Motion, Plaintiffs respectfully request that the Court impose a sanction in the amount of $34,401, or an alternative amount the Court may deem appropriate.

**PLAINTIFFS' REPLY IN SUPPORT OF**     10
**THEIR MOTION FOR**
**AN AWARD OF EXPENSES**

DATED: May 18, 2026                BROWN WEGNER LLP
                                   CONSOVOY MCCARTHY PLLC
                                   THE LOUIS D. BRANDEIS CENTER
                                   FOR HUMAN RIGHTS UNDER LAW


                                   By: /s/ Thomas R. McCarthy*
                                   Thomas R. McCarthy*
                                   Patrick Strawbridge*
                                   Thomas A. Wilson*
                                   Zachary P. Grouev*
                                   Julius Kairey*
                                   Richard A. Rosen*
                                   Omer Wiczyk*

                                   Attorneys for Plaintiffs

**PLAINTIFFS' REPLY IN SUPPORT OF**          11
**THEIR MOTION FOR**
**AN AWARD OF EXPENSES**

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that the foregoing document contains 2,883 words, which complies with this Court's word limit for reply memoranda of points and authorities.

Dated: May 18, 2026                                    /s/ Thomas R. McCarthy
                                                       Thomas R. McCarthy

**PLAINTIFFS' REPLY IN SUPPORT OF**          12
**THEIR MOTION FOR**
**AN AWARD OF EXPENSES**

## CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiffs certifies that a true and correct copy of the foregoing was electronically filed and served upon all counsel of record. Parties may access this filing through the Court's CM/ECF System.

Dated: May 18, 2026                           /s/ Thomas R. McCarthy
                                              Thomas R. McCarthy

**PLAINTIFFS' REPLY IN SUPPORT OF**          13
**THEIR MOTION FOR**
**AN AWARD OF EXPENSES**