William J. Brown, Jr. (SBN 192950)
bill@brownwegner.com
Kyle J. Berry (SBN 355393)
kberry@brownwegner.com
BROWN WEGNER LLP
2010 Main Street, Suite 1260
Irvine, California 92614
Telephone: (949) 705-0080

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Weinberg, et al., | **Case No. 2:25-cv-03714-MCS-AJR** |
| *Plaintiffs,* | **STIPULATED ADDENDUM TO PROTECTIVE ORDER REGARDING DICLOSURE AND USE OF DISCOVERY MATERIALS** |
| v. | |
| National Students for Justice in Palestine, et al., | DISCOVERY MATTER |
| *Defendants.* | |

[Additional Counsel Cont. from previous page]
Thomas R. McCarthy (VA Bar No. 47154)*
Thomas A. Wilson (DC Bar No. 90019385)*
Julius Kairey (VA Bar No. 101216)*
Zachary P. Grouev (FL Bar No. 10386291)*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
tom@consovoymccarthy.com
twilson@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

Patrick Strawbridge (MA Bar No. 678274)*
CONSOVOY MCCARTHY PLLC
8th Floor South PMB #706
Boston, MA 02109
Telephone: (617) 227-0548
patrick@consovoymccarthy.com

Richard A. Rosen (NY Bar No. 1663830)*
Omer Wiczyk (NY Bar No. 4321600)*
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW
1330 6th Avenue, 23rd Floor
New York, NY 10019
Telephone: (917) 363-9004
rrosen@brandeiscenter.com
owiczyk@brandeiscenter.com

* Admitted pro hac vice

*Counsel for Plaintiffs*

IT IS HEREBY STIPULATED AND AGREED by and between Matthew Weinberg et al. (the "Propounding Party"), Defendants People's City Council, National Students for Justice in Palestine, and Faculty for Justice in Palestine Network, and non-party University of California, Los Angeles ("Respondent") that, in addition to the Stipulated Protective Order Regarding Disclosure and Use of Discovery Materials (Dkt. No. 123) (the "Protective Order"), the following Stipulated Addendum ("Addendum") shall govern the handling of documents, electronically stored information, objects, or other materials produced in connection with the subpoena issued by the Propounding Party seeking to compel Respondent to produce materials on February 6, 2026:

1.     The parties anticipate that discovery in this matter may involve disclosure of personally identifiable information protected by The Family Educational Rights and Privacy Act of 1974 ("FERPA"), as amended, Pub. L. 93–380, 88 Stat. 1974, 20 U.S.C. § 1232g, and the implementing regulations thereunder, 34 C.F.R. Part 99, including from students who are not parties to this litigation. FERPA prohibits public funding of an educational institution that "has a policy or practice of releasing, or providing access to, any personally identifiable information in education records" unless the student provides written consent or the information is furnished in compliance with judicial order or pursuant to a lawfully issued subpoena. 20 U.S.C. § 1232g(b)(2). "Education records" have the meaning set forth in 20 U.S.C. § 1232g(a)(4) and 34 C.F.R. § 99.3. Under FERPA, "[p]ersonally identifiable information" means information such as names and "[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of

the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3.

Under FERPA, "[p]ersonally identifiable information" means information such as names and "[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3

Discovery in this matter may involve not just personally identifiable information such as student names, but also potentially sensitive information regarding students' race, national origin, or religion; student performance; records reflecting reports of alleged harassment or discrimination or other violations of university policy; records reflecting student discipline; students' communications with faculty, conduct offices, or student support services; and records reflecting tuition payments that may reveal sensitive personal information, including financial information.

2. The parties further anticipate that discovery may involve disclosure of potentially highly sensitive information that may cause substantial and concrete injury if disclosed to the public. This information includes, but is not limited to, potentially highly sensitive commercial information and other potentially highly sensitive information concerning security and public safety measures, and records reflecting internal reviews and/or investigations. Without waiving UCLA's right to object to the production of these materials, the Parties agree that such information could warrant heightened confidentiality protections in this case. In light of the sensitive nature of these materials, there is good cause for the addendum to the protective order that provides for "CONFIDENTIAL" or

4

"HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" designations for such materials, as set forth herein. It is the intent of the parties that information will not be designated as confidential or attorneys' eyes only for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. To the extent a court order is required under FERPA as a condition precedent to the production of documents or information that are otherwise discoverable under Fed. R. Civ. P. 26, the Parties and UCLA shall meet and confer to determine a suitable manner of either producing the non-protected content contained in such documents or information or obtaining a court order that the Parties and UCLA may rely on as a legal basis for producing such documents or information.

4. Under Section 11, due to recent case law, there should not be a reference to "inadvertent" productions. Instead, this section should be replaced and interpreted going forward as follows:

"11. <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

The parties do not intend to disclose information subject to a claim of attorney-client privilege, work product designation, or any other privilege or protection, or to waive any such protection. If a party, or producing nonparty, inadvertently discloses such privileged or protected information ("Inadvertently Disclosed Information"), it shall promptly

5

notify the receiving party and the provisions below will apply. The notification by the Producing Party shall include an explanation as to why the Protected Information is covered by the attorney-client privilege and/or work product protection. If the receiving party discovers that it has received likely Inadvertently Disclosed Information, it shall immediately inform the disclosing party or nonparty, cease all use of such Inadvertently Disclosed Information, and follow the same procedures set forth in this Section:

If a disclosing party or nonparty notifies the receiving party of Inadvertently Disclosed Information, the receiving party shall: (i) immediately cease using, copying, or distributing the Inadvertently Disclosed Information; and (ii) return or certify the destruction, within seven (7) days, of all copies of the Inadvertently Disclosed Information, including any documents created by the receiving party based upon such information, to the disclosing party or nonparty, and including taking reasonable steps to retrieve and return or destroy the Inadvertently Disclosed Information if the receiving party disclosed it before being notified by the disclosing party or nonparty.

5.    Upon final disposition of this action, the return-or-destroy provisions of Section 13 of the Protective Order shall apply to all materials produced by UCLA, including litigation-support databases, load files, or review platforms containing and production data. Each Receiving Party must return or destroy all such materials and submit a written certification to UCLA in accordance with Section 13 of the Protective Order.

6.    Nothing in this Addendum abridges the right of UCLA or any Party to seek further modification of this Addendum or the Protective Order by the Court.

6

7. Nothing in this Addendum or in UCLA's production of materials in this action shall constitute a waiver of any objection UCLA may have to the scope, relevance, burden, or proportionality of any subpoena or discovery request, nor shall it constitute a waiver of any privilege or immunity from discovery. UCLA expressly reserves all such objections and rights.

/s/ *Thomas R. McCarthy*
Thomas R. McCarthy (pro hac vice)
Thomas A. Wilson (pro hac vice)
Julius Kairey (pro hac vice)
Zachary P. Grouev (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
twilson@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

Patrick Strawbridge (pro hac vice)
CONSOVOY MCCARTHY PLLC
8th Floor South PMB #706
Boston, MA 02109
(617) 227-0548
patrick@consovoymccarthy.com

Richard A. Rosen (pro hac vice)
Omer Wiczyk (pro hac vice)
LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW
1330 6th Avenue, 23rd Floor
New York, NY 10019
(917) 363-9004
rrosen@brandeiscenter.com
owiczyk@brandeiscenter.com

*Counsel for Plaintiffs*

/s/ *Mark Kleiman*
Mark Kleiman
KLEIMAN / RAJARAM
12121 Wilshire Boulevard, #810
Los Angeles, CA 90002
(310) 392-5455

8

mark@krlaw.us

*Counsel for Defendant National Students for Justice in Palestine*

/s/ *Rebecca Brown*
Rebecca Brown
Dan Stormer
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103
(626) 585-9600
rbrown@hadsellstormer.com
dstormer@hadsellstormer.com

*Counsel for Defendant People's City Council*

/s/ *Jonathan Wallace*
Jonathan Wallace
PO Box #728
Amagansett, New York 11930
(917) 359-6234
jonathan.wallace80@gmail.com

*Counsel for Faculty for Justice in Palestine Network*

9

## **SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4, I hereby attest that the other signatories listed, on whose behalf this filing is submitted, concurs in the filing's content and has authorized the filing.

Dated: May 22, 2026                                                  /s/ *Thomas R. McCarthy*
                                                                         Thomas R. McCarthy

IT IS SO ORDERED.

DATED:

_____
Honorable A. Joel Richlin
United States Magistrate Judge

11