UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. **2:25-cv-03714-MCS-AJR** | Date **May 28, 2026** |
| Title **Weinberg v. Nat'l Students for Justice in Palestine** | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING MOTION FOR SANCTIONS IN PART (ECF NO. 152) AND DISCHARGING ORDER TO SHOW CAUSE (ECF NO. 138)**

The Court ordered Mark A. Kleiman, counsel for Defendant National Students for Justice in Palestine ("NSJP"), to show cause why sanctions should not be imposed after he failed to appear at the scheduling conference on April 13, 2026. (Order 2, ECF No. 138.) Counsel filed a timely responsive declaration. (Kleiman Decl., ECF No. 139.) Having reviewed the response, the Court discharges the order to show cause.

The Court further ordered counsel to pay Plaintiffs Matthew Weinberg, Nir Hoftman, Eli Tsives, and Dovid Gurevich, and Defendant People's City Council ("PCC") the reasonable expenses they incurred because of counsel's nonappearance. (Order 1.) The Court directed the parties to meet and confer as to the amount of reasonable expenses, including attorney's fees incurred to attend the hearing, and invited Plaintiffs and PCC to file a motion for an award of expenses if the parties were not able to come to an agreement. (*Id.* at 1–2.) The parties were unable to reach an agreement, and Plaintiffs filed a motion seeking $34,401.00 in expenses. (Mot., ECF No. 152.) NSJP filed a brief opposing the motion, (Opp'n, ECF No. 158), and

**CIVIL MINUTES – GENERAL**    Initials of Deputy Clerk SMO

Plaintiffs replied, (Reply, ECF No. 163). PCC declined to seek an award and does not join Plaintiffs' motion. (Mot. 1.)

## I.      LEGAL STANDARD

If a party fails to appear at a scheduling conference, "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of" the failure to appear. Fed. R. Civ. P. 16(f)(2). Courts in the Ninth Circuit employ the familiar "lodestar method" to determine reasonable fees. *Roberts v. City & County of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019). The lodestar method proceeds in two steps. First, courts multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate to arrive at the lodestar figure. Second, courts may adjust the figure upward or downward based on factors not subsumed in the lodestar figure. *Roberts*, 938 F.3d at 1023–24.

## II.     DISCUSSION

The $34,401.00 Plaintiffs request comprises three different categories of expenses: (1) $20,749.00 in attorney's fees reflecting "[t]ime spent preparing for, traveling to, and attending the scheduling conference," (2) $1,247.00 for costs incurred "in connection with attendance at the scheduling conference," and (3) $12,405.00 in attorney's fees reflecting "[t]ime spent preparing the motion for sanctions." (Strawbridge Decl. Ex. A, ECF No. 152-2.)

Plaintiffs calculate their requested attorney's fees using the 2024 Wolters Kluwer Real Rate Report, which indicates the median hourly rate in Los Angeles is $895.00 for partners and $713.00 for associates. (Mot. 4.) Plaintiffs' counsel represents these rates are less than the actual rates they charge. (Strawbridge Decl. ¶ 3, ECF No. 152-2.) NSJP does not dispute the reasonableness of these rates, (*see generally* Opp'n), and courts in this district regularly use the Wolters Kluwer Real Rate Report to calculate reasonable rates in Los Angeles, *see, e.g.*, *Aung v. Watts*, No. 2:24-cv-05501-SVW, 2025 WL 2659222, at *3 (C.D. Cal. Aug. 7, 2025) ("The Report is a widely accepted measure of attorney's fees for the location they are based in and relies on similarly charged rates for Los Angeles." (internal quotation marks omitted)). For purposes of the instant motion, the Court accepts these rates as reasonable and primarily weighs the reasonableness of the hours counsel expended.

Within the first category of expenses, Plaintiffs request compensation for 24.6 hours incurred by four attorneys for preparing for, traveling to, and attending the

April 13 scheduling conference. (*Id.*) The bulk of that time consists of 18.1 hours Patrick Strawbridge spent traveling between his home in North Carolina and the scheduling conference in Los Angeles. (*See* Mot. 5 & n.3; Strawbridge Decl. Ex. A.) "Reasonable travel time by the attorney is compensable, at full rates, if that is the practice in the community," and some courts have observed that "[i]n Los Angeles, the practice is to compensate at full rates for travel time." *Rodriguez v. County of Los Angeles*, 96 F. Supp. 3d 1012, 1025 (C.D. Cal. 2014). The Court is not satisfied, however, that Mr. Strawbridge's travel time to attend a routine scheduling conference is reasonable. In the Court's experience, clients generally do not pay for attorney travel time, especially for routine, nondispositive hearings. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (permitting courts to rely "on their own knowledge of customary rates and their experience concerning reasonable and proper fees"). Plaintiffs also concede that of the 18.1 hours Mr. Strawbridge spent travelling, he only spent 2.0 hours substantively preparing for the scheduling conference. (Mot. 5 n.3.) It is entirely plausible that Mr. Strawbridge spent all or part of the remaining 16.1 hours working on other matters or on other tasks for this case unrelated to the scheduling conference. If that is the case, compensating Mr. Strawbridge for his travel time would effectively allow him to double-bill his time, which is entirely unreasonable. *See Mohamed v. Barr*, 562 F. Supp. 3d 1128, 1137 (E.D. Cal. 2022) (reducing total hours requested in fee motion because "it appear[ed] that some matters were excessively or double billed"). Tellingly, nowhere in Plaintiffs' motion or supporting materials do they represent that counsel actually billed them—or that they actually paid for—Mr. Strawbridge's travel time. Mr. Strawbridge's travel time thus does not appear to be an expense Plaintiffs "incurred because of" Mr. Kleiman's nonappearance at the scheduling conference. *See* Fed. R. Civ. P. 16(f)(2). The Court declines to award Plaintiffs fees associated with the 16.1 hours Mr. Strawbridge spent traveling but not substantively preparing for the scheduling conference.

Setting aside Mr. Strawbridge's travel time leaves 8.5 hours of work billed by four attorneys for "preparing for, traveling to, and attending the scheduling conference." (Strawbridge Decl. Ex. A.) Two of these attorneys, Thomas Wilson and Julius Kairey, did not attend the scheduling conference. (Mins., ECF No. 134.) Because Messrs. Wilson and Kairey did not attend the scheduling conference, the fees they incurred were not "incurred because of" Mr. Kleiman's nonappearance.

Fed. R. Civ. P. 16(f)(2). That leaves 3.0 hours billed by Mr. Strawbridge[1] at a rate of $895 per hour and 3.2 hours billed by William Brown at a rate of $630 per hour for preparing for and attending the scheduling conference, totaling $4,701.00. (*See* Strawbridge Decl. Ex. A.) But 6.2 hours spent preparing for and attending a case management conference is still unreasonable given counsel's history and familiarity with this case, which has involved extensive motion practice and the detailed Rule 26(f) Report the parties filed, strongly suggesting counsel did not need to expend significant additional time preparing for the scheduling conference. *See Hernandez v. Taqueria El Grullense*, No. 12-cv-03257-WHO, 2014 WL 1724356, at *13 (N.D. Cal. Apr. 30, 2014) (decreasing total hours spent preparing for case management conference "given the nature of this case, the [case management] statements themselves, and [the attorneys'] considerable experience"); *Salvador v. Live At Home Care Connection, Inc.*, No. 5:18-cv-07159-EJD, 2021 WL 9217145, at *2 (N.D. Cal. Feb. 16, 2021) (decreasing fees awarded under Rule 16(f)(2) from $7,800 to $3,900 because the total number of hours spent preparing for the scheduling conference was "excessive"). In the context of this particular case, the Court finds that 1.0 hour of preparation time for Mr. Strawbridge and 1.5 hours of preparation time for Mr. Brown, for a total of $1,840.00 in fees, is reasonable. *See Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993) (noting courts have "broad discretion" in fashioning an appropriate sanction).

Turning to the second category of expenses, Plaintiffs claim $1,247.00 for costs incurred "in connection with attendance at the scheduling conference." (Strawbridge Decl. Ex. A.) This consists of $940.00 for Mr. Strawbridge's airfare, $231.00 for Mr. Strawbridge's hotel, $66.00 for Mr. Brown's mileage, and $10.00 for Mr. Brown's parking. (*Id.*; Brown Decl. ¶ 4, ECF No. 152-3; Strawbridge Suppl. Decl. Exs. A–B, ECF No. 163-1.) Based on the Court's experience and familiarity with airfare to and from Los Angeles and parking rates around the courthouse, most of these costs are reasonable. But as to the $66.00 Plaintiffs claim for Mr. Brown's mileage, Plaintiffs provide no explanation or evidence as to how they arrived at that figure. Plaintiffs do not indicate how far Mr. Brown traveled or the applicable mileage rate. Without that information, the Court has no way to assess whether $66.00 for mileage is reasonable. The Court accordingly awards Plaintiffs only $1,181.00 in costs incurred in connection with their counsel's attendance at the scheduling conference.

---

[1] Plaintiffs indicate Mr. Strawbridge spent 2.0 hours during his travel time preparing for the scheduling conference and 1.0 additional hour preparing for the hearing when he was not traveling. (Wilson Decl. Ex. A, at 2, ECF No. 152-1.)

Finally, Plaintiffs request $12,405.00 in fees for preparing the instant sanctions motion. (Strawbridge Decl. Ex. A.) This request is entirely unreasonable. In an effort to avoid motion practice, Plaintiffs initially offered to accept $12,000.00 in total to cover their reasonable expenses. (Wilson Decl. ¶ 3(a), ECF No. 152-1; *id.* Ex. A, at 3.) NSJP's counsel countered with an offer to pay $3,500.00. (Wallace Decl. ¶ 42, ECF No. 157.) After Plaintiffs rejected that proposal, NSJP's counsel came back with an offer "to pay the entire $12,000 demanded" by making a $3,500.00 down payment and then "working out some kind of payment plan for the balance." (*Id.* ¶¶ 46–47.) Plaintiffs rejected this offer and proceeded to file the instant motion. (*Id.* ¶ 49.) Plaintiffs leave wholly unexplained why they rejected NSJP's offer to pay the $12,000.00 via a $3,500.00 down payment followed by a payment plan. Had they accepted that sensible compromise, under which Plaintiffs would have received the exact amount they originally demanded, motion practice, and the accompanying fees, would have been avoided entirely.

Moreover, Mr. Kleiman explains that he failed to appear at the scheduling conference because he "fell asleep while working at [his] desk" late at night on a brief for another case and "slept through alarms, automated notifications, and attempts by counsel for the co-defendant . . . to reach [him]." (Kleiman Decl. ¶ 4.) While missing court hearings is very serious and almost never justified, the Court recognizes that Mr. Kleiman's absence at the scheduling conference appears to have been a simple accident.[2] Plaintiffs should have recognized that requesting over $12,000.00 for accidentally missing a scheduling conference is patently unreasonable, especially since Plaintiffs arrived at that figure primarily by requesting over 16 hours of travel time for Mr. Strawbridge, during which he was not substantively preparing for the scheduling conference. (*See* Wilson Decl. Ex. A, at 1–3.) For all of these reasons, the Court declines to award any fees Plaintiffs incurred in bringing the instant motion or to apply an adjustment to the lodestar. Doing so would be wholly incommensurate with the nature of Mr. Kleiman's violation. *Gfeller v. Doyne Med. Clinic, Inc.*, No. 2:14-cv-01940-JCM-VCF, 2015 WL 5210392, at *9 (D. Nev. Sept. 3, 2015) ("When a court determines that Rule

---

[2] Plaintiffs characterize Mr. Kleiman's nonattendance at the scheduling conference as part of a broader "pattern of disobedient and recalcitrant behavior" consistent with his or his client's conduct in discovery. (Mot. 9–10 (internal quotation marks omitted).) The Court offers no opinion as to whether Mr. Kleiman's conduct in discovery is independently sanctionable and leaves any sanctions motion Plaintiffs may choose to file for resolution by the assigned Magistrate Judge in the first instance.

---

16(f) has been violated, it has broad discretion in fashioning an appropriate sanction.").

## III.    CONCLUSION

The Court grants the motion in limited part. NSJP's counsel shall pay Plaintiffs $3,021.00, consisting of $1,840.00 in fees and $1,181.00 in costs Mr. Strawbridge and Mr. Brown reasonably incurred in preparing for and attending the April 13 scheduling conference.

**IT IS SO ORDERED.**