UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | May 29, 2026 |
| Title | ***Weinberg v. National Students for Justice in Palestine*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 169)**

Defendant National Faculty and Staff for Justice in Palestine ("NFSJP"), sued as Faculty for Justice in Palestine Network, filed a motion to dismiss Plaintiffs Matthew Weinberg, Eli Tsives, Rabbi Dovid Gurevich, and Nir Hoftman's first amended complaint. (Mot., ECF No. 169.) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for June 1, 2026. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The Court denies the motion for failure to comply with local rules governing motion practice. C.D. Cal. Rs. 6-1, 7-3, 7-4, 7-7, 7-20, 11-6.2; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). Local Rule 6-1 requires parties to file a notice of motion not later than 28 days before the date set for hearing. Here, NFSJP set its motion to be heard four days from its filing. The motion also fails to provide the proposed order required by Local Rule 7-20 and the certificate of compliance with the type-volume limitation of Local Rule 11-6.1, as required by Local Rule 11-6.2.

The motion also fails to comply with the prefiling conference requirement. "[C]ounsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. R. 7-3. The rule requires a prefiling conference to "take place in person, by telephone, or via video conference," and requires a declaration of counsel stating "the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.* "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)).

Here, the motion does not present a declaration of counsel confirming compliance with Local Rule 7-3. Without a declaration from counsel confirming that a conference occurred and setting forth the parties' positions regarding each disputed issue, the Court is uncertain whether the issues presented in NFSJP's motion are disputed. This uncertainty easily could be avoided by conducting a meaningful, thorough conference of counsel and providing the requisite declaration. *See Lopez v. Wells Fargo Bank, N.A.*, No. SACV 16-1409 AG (KESx), 2016 U.S. Dist. LEXIS 144380, at *5–6 (C.D. Cal. Oct. 17, 2016) ("Making two sides talk can significantly help focus and clarify disputes, even when one side still has to file a motion at the end of the day.").

The declaration provided by NFSJP's counsel, which makes no mention of a prefiling conference, appears to independently violate the Local Rule 7-7, which states that "[d]eclarations shall contain only factual, evidentiary matter." The declaration counsel filed here, by contrast, contains extensive legal argument. (*See, e.g.*, Wallace Decl. ¶¶ 14, 22–23, 28, 36–37, ECF No. 169.) If NFSJP seeks to renew its motion, any legal argument it wants the Court to consider must be included in its brief, not an accompanying declaration. *See* C.D. Cal. Rs. 7-5(a), 7-7; *Jacobson v. Schwarzenegger*, 650 F. Supp. 2d 1032, 1044 (C.D. Cal. 2009) ("Legal arguments do not belong in a declaration . . . .").

The motion is denied without prejudice. NFSJP shall file its response to the amended complaint within 14 days. The motion evinces counsel's unfamiliarity with the procedural rules of this Court. If NFSJP seeks to renew its Rule 12 motion, it must take care to strictly comply with the local rules governing motion practice and provide a declaration establishing strict compliance with Local Rule 7-3.

**IT IS SO ORDERED.**