UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | June 23, 2026 |
| Title | *Weinberg v. National Students for Justice in Palestine* | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 180)**

The Court denied the motion to dismiss filed by Defendant National Faculty and Staff for Justice in Palestine ("NFSJP"), sued as Faculty for Justice in Palestine Network, for failure to comply with the local rules governing motion practice. (Order, ECF No. 170.) NFSJP filed a renewed motion attempting to cure the defects outlined in the Court's prior order. (Mot., ECF No. 180.) The Court deems the renewed motion appropriate for decision without oral argument or further briefing and vacates the hearing set for July 20, 2026. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The Court denies the motion for three independent reasons.

First, the motion once again does not comply with local rules governing motion practice. C.D. Cal. R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").[1] In

---

[1] To the extent NFSJP intended to move to dismiss the amended complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the motion does not set forth "[a] brief but complete memorandum." C.D. Cal. R. 7-5(a). NFSJP obliquely argues that it lacks "the minimum contacts needed for jurisdiction," (Mot. ¶ 50), which is a personal jurisdiction-style argument, *see Int'l Shoe Co. v.*

particular, the motion still fails to comply with the prefiling conference requirement. "[C]ounsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. R. 7-3. The rule requires a prefiling conference to "take place in person, by telephone, or via video conference," and requires a declaration of counsel stating "the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.* "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)).

Here, the parties' purported conference does not meet the letter and spirit of Local Rule 7-3. Counsel for NFSJP avers that "there was a conference that took place with Plaintiffs on May 8, 2026," and that "Plaintiffs' position was they would oppose." (Wallace 7-3 Decl., ECF No. 180.) Local Rule 7-3 requires the parties to discuss "the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3. Counsel's cursory declaration does not make clear whether the conference took place in person, by telephone, or via video conference, or whether the parties thoroughly discussed each of the arguments presented in NFSJP's motion and any potential resolutions. Because of that, the Court is uncertain whether the issues presented in the motion are disputed. This uncertainty easily could be avoided by conducting a meaningful, thorough conference of counsel. *See Lopez v. Wells Fargo Bank, N.A.*, No. SACV 16-1409 AG (KESx), 2016 U.S. Dist. LEXIS 144380, at *5–6 (C.D. Cal. Oct. 17, 2016) ("Making two sides talk can significantly help focus and clarify disputes, even when one side still has to file a motion at the end of the day.").

Second, the Court denies the motion on its merits. While NFSJP argues Plaintiffs, particularly Mr. Weinberg, lack standing, (Mot. ¶¶ 39, 51), the Court has

---

*Washington*, 326 U.S. 310, 316 (1945). But NFSJP provides no discussion or analysis of the relevant legal standards or case law governing personal jurisdiction and Rule 12(b)(2) motions in the Ninth Circuit.

already determined that the amended complaint contains sufficient allegations to support Plaintiffs' Article III standing to survive a Rule 12 challenge. (MTD Order 8–11, ECF No. 113.) NFSJP presents no coherent argument why the Court should reconsider its prior conclusion that the amended complaint contains sufficient allegations to support Plaintiffs' standing. *See* C.D. Cal. R. 7-18. NFSJP also argues that the amended complaint is a shotgun pleading that fails to state a valid claim against it under the deprivation clause of 42 U.S.C. § 1985(3). (Mot. ¶¶ 42–49.) But the allegations against NFSJP are analogous to those against Defendants National Students for Justice in Palestine ("NSJP") and People's City Council ("PCC") that the Court found sufficient to state a § 1985(3) deprivation clause claim. (MTD Order 11–20.) For example, Plaintiffs allege that NSFJP was part of the "coordinated social media campaign" designed to recruit encampment members, issued press statements, and "equipped and trained human phalanxes and organized self-defense teams." (FAC ¶¶ 103–04, 107, 115 (internal quotation marks omitted).) NSFSP members were also allegedly at the encampment in "supporting roles" and served on the encampment's security teams. (*Id.* ¶ 76.) Just as the Court concluded with respect to NSJP and PCC, these allegations raise an inference that NFSJP entered into a conspiracy in violation of § 1985(3). (*See* MTD Order 13–15.) Similarly, the allegations of violence and exclusion detailed in the Court's prior order, (*id.* 18–19), coupled with the allegation that NFSJP's members were present at the encampment "in supporting roles" and actively involved with the security teams, (FAC ¶ 76), raise an inference that NFSJP intended to deprive Plaintiffs of their Thirteenth Amendment rights and acted with a discriminatory animus, (*cf.* MTD Order 15–19). In sum, the allegations against NFSJP mirror those levied against PCC and NSJP and thus are enough to state a claim under the deprivation clause of § 1985(3).[2]

Third, the motion demands consideration of materials the Court cannot review on a motion to dismiss, and the Court declines to treat the motion as one seeking summary judgment. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, NFSJP spends much of its brief offering extrinsic evidence tending to show, among other things, that "numerous Jewish students participated in the UCLA encampment." (Mot. ¶¶ 19–22.) The Court takes NFSJP's point that widespread

---

[2] Unlike PCC and NSJP, (MTD Order 20–22), NFSJP does not challenge the sufficiency of Plaintiffs' allegations in support of their hindrance clause claim. The Court renders no opinion as to whether the allegations against NFSJP adequately state a hindrance clause claim.

Jewish participation in the encampment likely undercuts Plaintiffs' theory that Defendants conspired for the very purpose of excluding Jewish members of the UCLA community from portions of campus. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 276 (1993) ("[T]he 'intent to deprive of a right' requirement demands that the defendant do more than merely be aware of a deprivation of right that he causes, and more than merely accept it; he must act at least in part for the very purpose of producing it."). But that is ultimately a factual argument that is not appropriately resolved on a motion to dismiss. Instead, "there is reason to believe that the better course would be to proceed to a full trial," or at least to engage in further proceedings beside summary judgment on this Rule 12 motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *accord* Fed. R. Civ. P. 56 advisory committee's note to 2007 amendment ("[T]here is discretion to deny summary judgment [even] when it appears that there is no genuine issue as to any material fact.").

The motion is denied. NFSJP shall answer the amended complaint within 14 days of entry of this Order.

**IT IS SO ORDERED.**

---