## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-03714-MCS-AJR | Date | June 29, 2026 |
|---|---|---|---|
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |
|---|---|

| Ashley Silva-Elder | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
|---|---|
| None | None |

| Proceedings (In Chambers): | ORDER REGARDING REQUEST FOR INFORMAL DISCOVERY CONFERENCE RE DISPUTES WITH NSJP AND FJPN AS WELL AS REQUIREMENT THAT COUNSEL PARTICIPATE IN INFORMAL DISCOVERY CONFERENCE PROCESS |
|---|---|

On June 26, 2026, Plaintiffs requested an informal discovery conference by email to discuss disputes with both National Students for Justice in Palestine ("NSJP") and Faculty for Justice in Palestine Network ("FJPN"). With regard to NSJP, Plaintiffs contend that NSJP has failed to serve responsive documents in a timely manner in response to Plaintiffs' requests for production. Plaintiffs further contend that NSJP has failed to respond at all to Plaintiffs' supplemental interrogatories and requests for production. Plaintiffs contend that NSJP's counsel has declined to provide any concrete timetable regarding production and responses in recent meet and confers. Plaintiffs also contend that NSJP's counsel declined to participate in the joint submission process.

With regard to FJPN, Plaintiffs contend that FJPN has failed to serve any responses to Plaintiffs' interrogatories or requests for production of documents. Plaintiffs further contend that FJPN's counsel declined to participate in the joint submission process.

Based on these discovery disputes, Plaintiffs seek the Court's approval for a motion or stipulation by the parties to extend the time for the completion of discovery (currently set to close on October 5, 2026, see Dkt. 135). The Court notes that any request to modify discovery deadlines set by the District Judge must be submitted to the District Judge and the parties do not need this Court's approval for such request.

In response to Plaintiffs' request for an informal discovery conference, the Court will work with the parties on scheduling and will endeavor to schedule a prompt hearing. However, the Court reminds the parties that it requires them to participate in an informal

| CV-90 (10/08) | **CIVIL MINUTES - GENERAL** | Page 1 of 3 |
|---|---|---|

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-03714-MCS-AJR | Date | June 29, 2026 |
|---|---|---|---|
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

discovery conference regarding discovery disputes.  See https://apps.cacd.uscourts.gov/Jps/honorable-a-joel-richlin.  The Court has the authority to impose this requirement and will enforce it.  See C.D. Cal. L.R. 72-1 ("Magistrate Judges shall have the inherent power of judicial officers to implement and enforce their own orders and to regulate proceedings before them.").  The Court imposes this requirement because it believes that informal discovery conferences are beneficial to the litigants by saving them time and money to resolve disputes efficiently.  Indeed, the Advisory Committee's Note to Federal Rule of Civil Procedure 16 observes that "[m]any judges who hold such [informal discovery] conferences find them an efficient way to resolve most discovery disputes without the delay and burdens attending a formal motion."  Fed. R. Civ. P. 16 advisory committee's note to 2015 amendment; see also Bonner v. Cnty. of Los Angeles, 2017 WL 10509044, at *3 (C.D. Cal. May 19, 2017) ("[T]he advisory committee notes following Federal Rule of Civil Procedure 16 expressly recognize the value of holding an informal discovery conference with the court prior to the filling of a more burdensome motion.").

As part of the informal discovery conference process, counsel for the parties are required to submit a joint email containing the following:  (1) at least three proposed times mutually agreed upon by the parties for the conference via Zoom; (2) the discovery cut-off date in the case; (3) a neutral statement of each issue in dispute; and (4) a brief description of each party's position on the dispute(s).  See https://apps.cacd.uscourts.gov/Jps/honorable-a-joel-richlin.

Instead of participating in the joint email submission, Mr. Wallace filed a response on June 28, 2026.  (Dkt. 187.)  The response appears to somewhat address the delay in production by NSJP, but does not propose any solution or provide a concrete timeline.  (Id. at 1-2.)  The response does not appear to address the dispute with FJPN at all.  (Id.)  The Court does not consider this response to be compliant with the Court's requirement to participate in the informal discovery conference process and submit a joint email.  Therefore, the Court warns counsel that they must participate in the joint email process and provide their respective client's position on the disputes at issue.  If counsel continue to decline participation, the Court will have no choice but to issue an Order to Show Cause regarding sanctions against counsel personally for failure to comply with Court Orders.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-03714-MCS-AJR | Date | June 29, 2026 |
|---|---|---|---|
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

The Court encourages counsel to promptly participate in the joint email submission and provide their respective client's position on the disputes.

　　　　IT IS SO ORDERED.