UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:25-cv-03714-MCS-AJR** | Date | July 31, 2026 |
|---|---|---|---|
| Title | *Weinberg v. Nat'l Students for Justice in Palestine* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: JOINT STIPULATION TO CONTINUE TRIAL DATES AND RELATED DEADLINES (ECF NO. 196)**

Plaintiffs Matthew Weinberg, Eli Tsives, Nir Hoftman, and Rabbi Dovid Gurevich, and Defendants National Students for Justice in Palestine ("NSJP"), Faculty for Justice in Palestine Network ("FJPN"), and People's City Council ("PCC") stipulate to extend the case schedule by approximately 150 days and the trial date by 180 days. (Stip., ECF No. 196.) The parties indicate that NSJP and FJPN "do not believe they can comply with the current discovery deadline of October 5." (*Id.* at 3; *see also* Wilson Decl. ¶¶ 53, 56, ECF No. 196-1.) The parties explain that NSJP retained a new attorney to oversee its discovery efforts in May 2026 after NSJP failed to produce adequate discovery responses, initial disclosures, or documents. (Stip. 3.) Since April 2026, the parties have worked closely with Magistrate Judge A. Joel Richlin to resolve their discovery disputes, participating in seven informal discovery conferences, six of which involved NSJP, with an eighth conference upcoming. (*Id.*; Mins., ECF Nos. 133, 141, 153, 156, 161, 172, 191; Wilson Decl. ¶ 52.) Plaintiffs have served 85 requests for production and 15 interrogatories on NSJP, many of which have been reissued and narrowed based on productive conferences with Judge Richlin. (Wilson Decl. ¶ 55.) To date, NSJP has produced 460 pages of documents, with roughly 22,000 additional pages of potentially responsive documents in queue for review. (*Id.*) The same attorney overseeing

CIVIL MINUTES – GENERAL         Initials of Deputy Clerk SMO

NSJP's discovery efforts also represents FJPN, a party who first appeared in this action in April 2026. (Appl., ECF No. 147; Order Gr. Appl., ECF No. 148.) Plaintiffs have propounded 37 requests for production and 11 interrogatories on FJPN, but FJPN has yet to produce any documents. (Wilson Decl. ¶ 55.) NSJP and FJPN's attorney represents that he has hired a full-time paralegal and installed an e-discovery software to assist him in responding to Plaintiffs' discovery requests. (*Id.* ¶ 56.) While he recognizes "there have been some delays and setbacks" throughout the discovery period, he is optimistic that he has the tools necessary to meet his discovery obligations going forward. (*Id.*)

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

In general, failing to complete discovery before the discovery deadline does not present good cause to modify the case schedule. (*See* Initial Standing Order § 4, ECF No. 28 (warning that the case schedule "is firm and will rarely be changed").) Similarly, NSJP's retention of new counsel offers no good cause or excusable neglect sufficient to extend the discovery period as substitutions of counsel generally do not justify any litigations delays. *See* C.D. Cal. R. 83-2.3.5. That said, the record before the Court indicates that the parties have been reasonably diligent in their attempts to complete discovery and that they promptly and regularly utilize Judge Richlin when disputes arise. The parties in all likelihood did not anticipate the number of discovery issues that would arise when they proposed the current discovery cut-off in February 2026. (*See* Joint Rule 26(f) Report 17, ECF No. 120.) FJPN's belated appearance and participation in the case was also an unexpected development post-dating entry of the current case schedule. On balance, the Court finds good cause to extend the case schedule, albeit by less time than the parties propose. The Court modifies the case schedule as follows:

///

| Event | Current Date | New Date |
|---|---|---|
| Fact Discovery Propounded by/upon PCC | October 5, 2026 | Unchanged |
| Fact Discovery Propounded by/upon NSJP and FJPN | October 5, 2026 | December 14, 2026 |
| Initial Expert Disclosures | September 28, 2026 | December 7, 2026 |
| Rebuttal Expert Disclosures | October 19, 2026 | January 4, 2027 |
| Expert Discovery Cut Off | November 9, 2026 | January 25, 2027 |
| Motion Hearing Deadline | November 9, 2026 | January 25, 2027 |
| Mediation Deadline | November 23, 2026 | February 1, 2027 |
| Trial Filings Round 1 | January 11, 2027 | March 22, 2027 |
| Trial Filings Round 2 | January 19, 2027 | March 29, 2027 |
| Final Pretrial Conference | February 1, 2027, at 2:00 p.m. | April 12, 2027, at 2:00 p.m. |
| Trial | February 16, 2027, at 8:30 a.m., 5-day jury trial | April 27, 2027, at 8:30 a.m., 5-day jury trial |

No further continuances will be granted absent an extraordinary showing of good cause. The parties are directed to continue working to satisfy their discovery obligations under the Federal Rules of Civil Procedure. The Court warns the parties that fact discovery may not be taken after the cut-off date, even by mutual agreement of the parties. *See* Fed. R. Civ. P. 29(b); *Marathon Petrol. Co. LP v. Nour Invs., Inc.*, 8:23-cv-01501-MCS-ADS, 2024 U.S. Dist. LEXIS 135952, at \*4–5 (C.D. Cal. July 22, 2024) (Scarsi, J.) (threatening sanctions after parties apparently disobeyed scheduling order by taking fact discovery after cut-off). To the extent any party believes that certain discovery materials were not timely disclosed and are thus subject to exclusion under Rule 37(c)(1), the party may present the issue in a properly noticed motion in limine to be heard at the final pretrial conference.

**IT IS SO ORDERED.**