# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | August 21, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

| | |
|---|---|
| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |

| | |
|---|---|
| Nicholas Huynh | C/S 8/21/2026 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| Evan Gottstein<br>William J. Brown, Jr.<br>Julius I. Kairey | Jonathan Wallace<br>Rebecca Brown<br>Bina Ahmad |

**Proceedings:** MINUTES OF INFORMAL DISCOVERY CONFERENCE

On August 21, 2026, the Court held an Informal Discovery Conference to discuss discovery disputes between Plaintiffs and Defendant People's City Council ("PCC"). Based on the discussion with the parties, the Court directed as follows:

**Issue 1:** The first issue is whether Plaintiffs must provide a supplemental response to PCC's Interrogatory No. 5 which seeks the identification of medical providers. PCC seeks this information based on Plaintiffs' claims for physical injury and emotional distress damages. Plaintiffs clarified and confirmed that only Plaintiff Hoffman alleges any sort of physical injury. The other plaintiffs allege only emotional distress. Therefore, Plaintiffs have agreed to identify all healthcare providers that Plaintiff Hoffman has seen since 2023, but the other plaintiffs will only identify mental health providers they have seen since 2023. Based on the fact that all Plaintiffs other than Plaintiff Hoffman have disclaimed any physical injury damages, the Court believes it is appropriate to also limit the identification of healthcare providers to mental health providers for all Plaintiffs other than Plaintiff Hoffman. If PCC discovers something in those records, once produced, that provides a basis to seek additional records, PCC can seek additional records at that time.

Thus, the Court directs Plaintiffs to provide supplemental responses to PCC's Interrogatory No. 5 no later than **August 28, 2026**. Plaintiffs' counsel shall also send PCC's counsel a letter no later than **August 28, 2026**, identifying any healthcare provider identified in response to Interrogatory No. 5 that they contend relates to treatment that is not relevant to the damages sought in this case. If the parties have a disagreement about any such healthcare provider that should be excluded from production, they can bring that dispute back to the Court. Otherwise, the Court expects Plaintiffs to assist PCC with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **2:25-cv-03714-MCS-AJR** | Date | August 21, 2026 |
|---|---|---|---|
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

quickly obtaining medical records from the healthcare providers identified in response to Interrogatory No. 5.

**Issue 2:** The second issue is whether Plaintiffs should be required to produce documents in response to PCC's Request for Production No. 51 that seeks "All DOCUMENTS and COMMUNICATIONS RELATING TO Palestine, Arabs, or Islam." PCC contends this request seeks information relevant to Plaintiffs' motivation for bringing this lawsuit, as well as bias. The Court agrees that Plaintiffs are entitled to discovery related to Plaintiffs' motivation for bringing this lawsuit. See, e.g., Lenz v. Universal Music Corp., 2010 WL 4789099, at *3 (N.D. Cal. Nov. 17, 2010) ("Because information about Lenz's motivations for filing suit reasonably may lead to discoverable evidence about her claimed injury, her conversations about those motivations are discoverable if the privilege has been waived with respect to that subject matter."); Conan v. City of Fontana, 2017 WL 7795953, at *2 (C.D. Cal. Oct. 16, 2017) ("Plaintiff's financial motivation in bringing the instant lawsuit is relevant to Plaintiff's bias and credibility."); S. Lake Union Hotel LLC v. F&F Rogers Fam. Ltd. P'ship, 2025 WL 2495086, at *2 (W.D. Wash. Aug. 29, 2025) ("[T]he Court finds that the underlying questions of Plaintiff's motivation and/or credibility are an appropriate area for examination at trial."). The Court also agrees that PCC is entitled to discovery related to potential bias. See, e.g., Lugo v. Miller, 2014 WL 1956659, at *22 (C.D. Cal. Feb. 25, 2014) ("As previously discussed, evidence suggesting a witness's bias or prejudice in favor of or against a party is uniquely pertinent to assessment of a witness's credibility and the truth of the witness's testimony."), report and recommendation adopted as modified, 2014 WL 1957019 (C.D. Cal. May 15, 2014); United States v. Abel, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.").

However, the Court concludes that Request for Production No. 51 is overbroad as drafted and therefore must be narrowed. Because PCC is seeking discovery into Plaintiffs' motivation for filing this lawsuit, as well as potential bias, the Court suggested narrowing this request to only those communications related to the October 7, 2023 attack by Hamas, as well as Israel's responsive military operation in the West Bank. This would narrow the request both temporally as well as in terms of subject matter. The October 7, 2023 attack and Israel's military response are also very closely tied to the claims in this case as they are the events that precipitated the UCLA encampments. The Court directed the parties to meet and confer on a compromise for Request for Production No. 51. The Court advised that it would not compel production in response to this request as drafted, but intends to narrow this request to some middle ground that is tied to the permissible discovery goals

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | August 21, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

of Plaintiffs' motivation for filing this lawsuit, as well as potential bias. The parties shall meet and confer and file a joint status update with their respective positions no later than **August 28, 2026**. The Court directs this status update to be filed on the docket because the Court intends to resolve any remaining dispute as to this request based on the joint submission and issue a ruling.

IT IS SO ORDERED.

| | |
|---|---|
| | 0:39 |
| **Initials of Preparer** | N.H. |