# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | September 14, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

| | |
|---|---|
| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |

| | |
|---|---|
| Nicholas Huynh | C/S 9/11/2026 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| William J. Brown, Jr., Esq.<br>Evan J. Gottstein, Esq. | Rebecca Brown, Esq. (for PCC) |

**Proceedings:** MINUTES OF INFORMAL DISCOVERY VIDEOCONFERENCE

On September 11, 2026, the Court held an Informal Discovery Conference to discuss a dispute related to the deposition of Plaintiff Matthew Weinberg with Defendant Peoples City Council ("PCC"). PCC has a Fact Discovery Cut-Off of October 5, 2026. PCC noticed the deposition for September 28, 2026. The dispute is whether Mr. Weinberg should have to appear in person for the deposition now that he lives in Washington, D.C. Mr. Weinberg essentially seeks a protective order requiring his deposition to proceed remotely due to the cost of traveling to Los Angeles for the deposition and the interruption to his work duties. Based on the discussion with the parties, the Court advised that it needed a factual record to resolve this dispute and therefore directed both Mr. Weinberg and PCC to file declarations supporting the factual basis of their positions no later than **September 17, 2026**.

For example, the Court needs facts to assess Mr. Weinberg's assertion that traveling to Los Angeles for his deposition would be a "meaningful financial burden," as his counsel argued. The Court also needs facts to assess Mr. Weinberg's claim that traveling to Los Angeles would interfere with his "significant and time-sensitive work responsibilities." The Court would like to understand what the costs of the travel would be, and whether Mr. Weinberg would be reimbursed for those costs. For example, Plaintiff's counsel noted that Mr. Weinberg would travel to Los Angeles for any trial, but was uncertain whether Mr. Weinberg would be required to incur those costs or if he would be reimbursed for them. The Court also asked Mr. Weinberg to consider whether a different date for the deposition would ameliorate any of the burden of travel. For example, counsel for PCC offered to consider a weekend deposition if that would minimize the days of work that Mr. Weinberg would have to miss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | September 14, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

With regard to PCC, the Court directed PCC to also file a declaration supporting their claimed burden from having to take the deposition remotely. The Court also directed PCC to coordinate with all other defense counsel about cross-noticing the depositions of all plaintiffs so that all defense questioning could happen on a single date at a single deposition. **The Court expects all counsel to coordinate such that depositions occur only once and any party who wants to ask questions will timely cross-notice such deposition.**

IT IS SO ORDERED.

| | |
|---|---|
| | 0:45 |
| **Initials of Preparer** | N.H. |