William J. Brown, Jr. (SBN 192950)
bill@brownwegner.com
Evan Mark Simon (SBN 246455)
esimon@brownwegner.com
BROWN WEGNER LLP
2010 Main Street, Suite 1260
Irvine, California 92614
Telephone: 949.705.0080
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Matthew Weinberg, et al.,

*Plaintiffs*,

v.

National Students for Justice in Palestine, et al.,

*Defendants*.

**Case No. 2:25-cv-03714-MCS-AJR**

**PLAINTIFFS' MOTION TO CONTINUE TRIAL DATE AND SUMMARY JUDGMENT DEADLINES**

Honorable Mark C. Scarsi
Magistrate Judge A. Joel Richlin

Motion Hearing Date: October 19, 2026
Time: 9:00 a.m.
Courtroom: 7C

Complaint Filed: April 25, 2025
Current Trial Date: April 27, 2027
Proposed Trial Date: May 4, 2027

[Additional Counsel Cont. from previous page]

Thomas R. McCarthy (VA Bar No. 47154)*
Thomas A. Wilson (DC Bar No. 90019385)*
Julius Kairey (VA Bar No. 101216)*
Zachary P. Grouev (FL Bar No. 1038629)*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
tom@consovoymccarthy.com
twilson@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

Patrick Strawbridge (MA Bar No. 678274)*
CONSOVOY MCCARTHY PLLC
8th Floor South PMB #706
Boston, MA 02109
Telephone: (617) 227-0548
patrick@consovoymccarthy.com

Richard A. Rosen (NY Bar No. 1663830)*
Omer Wiczyk (NY Bar No. 4321600)*
Evan Gottstein (NY Bar No. 5749783)*
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW
1675 Broadway, 13th Floor
New York, NY 10019
Telephone: (877) 600-3532
rrosen@brandeiscenter.com
owiczyk@brandeiscenter.com
egottstein@brandeiscenter.com

* Admitted pro hac vice

*Attorneys for Plaintiffs*

Plaintiffs Matthew Weinberg, Rabbi Dovid Gurevich, Nir Hoftman, and Eli Tsives ("Plaintiffs") respectfully move under Federal Rule of Civil Procedure 16(b)(4) to modify the Court's July 31, 2026 scheduling order by (1) continuing the five-day jury trial date from April 27, 2027 to May 4, 2027, because the presently scheduled trial would overlap with the final days of Passover, when multiple Plaintiffs and at least three Plaintiffs' counsel cannot participate because of their religious observance; and (2) extending the summary judgment briefing deadlines, together with the corresponding motion-hearing deadline by two weeks, to accommodate counsel's religious observances and pre-planned travel of parties and witnesses, as well as their attorneys.

A scheduling order may be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). Under *Johnson v. Mammoth Recreations, Inc.*, Rule 16(b)'s good-cause standard "primarily considers the diligence of the party seeking the amendment," and permits modification when the existing scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." 975 F.2d 604, 609 (9th Cir. 1992) (quotation marks omitted). The Court's standing order provides that scheduling changes are "sharply disfavored" and require compelling facts demonstrating that the requested change is essential. The Court's July 31, 2026 Order further provides that no "further continuances will be granted absent an extraordinary showing of good cause." Dkt.197 at 3. That standard is satisfied here by the unavoidable religious and personal conflicts with the current trial and summary judgment schedules, as explained below.

Courts routinely allow short extensions to accommodate religious holidays. *See, e.g., Sanders v. Old Dominion Freight Line*, Inc., No. 5:18-cv-

00688-DSF (C.D. Cal. Sept. 7, 2018), Dkt.51; *cf. United States v. Ferguson*, 565 F. Supp. 2d 32, 42 (D.D.C. 2008) (continuing trial date "because trial would [otherwise] conflict with Rosh Hashanah and Yom Kippur"). Courts also allow short extensions for pre-planned travel and vacations by counsel, particularly where they do not materially delay the litigation. *See, e.g.*, *Sutton v. Fla. Dep't of Corr.*, No. 05-61712, 2007 WL 2316609, at *1 (S.D. Fla. Aug. 9, 2007) ("The Court will accommodate … counsel's pre-planned vacation plans[.]").

On July 31, 2026, the Court partially granted the parties' Joint Stipulation to Continue Trial Dates and Related Deadlines. *See* Dkt.197. The Court set a five-day trial that is currently set to begin on April 27, 2027, and would therefore overlap with the final days of Passover, a Jewish holiday, when observant Jews refrain from work and travel.

This conflict affects multiple Plaintiffs and members of Plaintiffs' trial team. Plaintiff Rabbi Dovid Gurevich serves as a Chabad rabbi and is responsible for leading religious services and community events during Passover. Those responsibilities, together with the Rabbi's own religious observance, prevent him from attending and participating in the trial as currently scheduled. Plaintiffs Matthew Weinberg, Nir Hoftman, and Eli Tsives likewise cannot participate in trial during the holiday because of their religious observances.

In addition, at least three members of Plaintiffs' trial team also observe Passover and could not participate in a large portion of the trial. These conflicts cannot be resolved by merely rearranging the order of witnesses because multiple Plaintiffs and attorneys would be unable to participate in significant portions of the scheduled trial, as Passover, as observed outside of Israel, will conclude at nightfall on April 29, 2027. Plaintiffs thus

respectfully request that the Court grant the shortest continuance that fully avoids the conflict: a one-week continuance from April 27 to May 4, 2027.

Plaintiffs also request a limited extension of the deadlines to oppose summary judgment motions and file replies in support. The modified Scheduling Order established January 25, 2027 as the new motion-hearing deadline. Dkt.197 at 3. The Court's standing order requires summary judgment motions to be filed at least 35 days before the hearing and establishes the briefing schedule for motions noticed between 35 and 70 days after filing. Dkt.28. Working backward from the January 25 hearing deadline produces a December 21, 2026 summary judgment motion deadline, a January 4, 2027 opposition deadline, and a January 11, 2027 reply deadline.

The current schedule would thus require Plaintiffs to prepare their opposition to any summary judgment motion in a two-week period that includes Christmas and New Year's Day. Plaintiffs' attorneys Thomas McCarthy, Patrick Strawbridge, Zachary Grouev, Omer Wiczyk, and Evan Gottstein all have pre-planned travel and vacation during that period. In addition, Plaintiffs' attorneys Thomas McCarthy, Patrick Strawbridge, Thomas Wilson, and Zachary Grouev all intend to attend religious services and spend time with their families in observance of Christmas.

Because the resulting briefing dates had to be calculated by applying the Court's standing order and working backward from the Court's January 25 hearing deadline, the January 4 opposition deadline was not a date the parties had previously discussed or proposed. After calculating the resulting schedule and conferring with Plaintiffs' litigation team regarding counsel's and Plaintiffs' availability, Plaintiffs promptly requested Defendants'

consent on August 26, 2026, nearly four months before the affected deadline.

Plaintiffs therefore request that the summary judgment opposition deadline be continued from January 4 to January 18, 2027; that the reply deadline be continued from January 11 to January 25, 2027; and that the motion hearing deadline be continued from January 25 to February 8, 2027. The requested modification is necessary to allow Plaintiffs a reasonable opportunity to prepare their opposition after counsel's religious observances and preexisting travel commitments, while preserving ample time for the Court to resolve any summary judgment motions before the final pretrial conference and trial.

The short extension would not prejudice Defendants: The December 21 motion deadline would remain unchanged; the revised briefing schedule would apply to all parties; all parties would be given additional time to respond to any summary judgment motion; and the motion-hearing deadline would move only two weeks, from January 25 to February 8, 2027. Nor would the requested continuance materially delay resolution of the case by reopening discovery or altering any substantive obligation. Courts routinely grant extensions under like circumstances. *See, e.g.*, *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (noting good cause for three-day summary-judgment-opposition-briefing extension where "defendants would not have been prejudiced by a week's delay in the filing of the opposition and a concomitant week extension to file a reply"); *Hood v. Hartford Life & Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1226 (E.D. Cal. 2008) (good cause for extension found where discovery would not need to be reopened and trial would not be delayed); 6A Fed. Prac. & Proc. Civ. §1522.2 (3d ed.) (relief appropriate where amendment "would not require

that discovery be reopened or that the trial be delayed"). So it is no surprise that NSJP and NFSJP have consented to the requested modifications.

Nevertheless, while PCC consents to the trial date continuance, it opposes the requested modification to the summary judgment briefing schedule that takes place over Christmas, New Year's, and numerous pre-planned commitments. When counsel met and conferred, counsel for PCC claimed that PCC would be prejudiced by the fact that Plaintiffs would have two additional weeks to prepare their oppositions to Defendants' motions. PCC's supposed concern is unfounded; as noted above, *all* parties would receive additional time to prepare their briefing. The requested extension would simply level the playing field for all parties and facilitate fair adjudication on the merits. Absent such an extension, Plaintiffs' counsel would have very limited resources to devote to motion briefing during their vacations and religious observances, whereas none of Defendants' briefing deadlines would be hindered by vacations, international travel, or religious observances.

Moreover, none of this imbalance can possibly be attributed to Plaintiffs' conduct. Plaintiffs' counsel has "acted conscientiously throughout the litigation, promptly seeking extensions of time when necessary," *Ahanchian*, 624 F.3d at 1260; the initial motion to extend the case schedule was necessitated by NSJP's and NFSJP's failure to satisfy their discovery obligations. Yet PCC now attempts to take advantage of a schedule that Plaintiffs never would have agreed to in the first instance given the obvious and severe conflict it poses with their religious obligations and holiday travel schedules. While PCC stands to benefit by compromising Plaintiffs' counsel's ability to brief its summary judgment opposition, that is no reason to deny the requested relief. *Accord, e.g.*, *id.* at 1259 (observing that plaintiff

and his counsel's travel plans "over Labor Day weekend" and another "previously-scheduled commitment" provided strong justification for modifying summary-judgment-briefing schedule).

For these reasons, Plaintiffs respectfully request that the Court modify its July 31, 2026 scheduling order by continuing the summary judgment opposition deadline to January 18, 2027, the reply deadline to January 25, 2027, the motion hearing deadline to February 8, 2027, and the five-day jury trial to May 4, 2027. All other dates and requirements would remain unchanged.

Respectfully submitted,

DATED: September 14, 2026

BROWN WEGNER LLP
CONSOVOY MCCARTHY PLLC
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW

By: /s/ Thomas R. McCarthy*
Thomas R. McCarthy*
Patrick Strawbridge*
Thomas A. Wilson*
Zachary P. Grouev*
Julius Kairey*
Richard A. Rosen*
Omer Wiczyk*

Attorneys for Plaintiffs

## LOCAL RULE 7.3 CERTIFICATION

As counsel of record for Plaintiffs, I certify that I have personal knowledge of the matters stated below, and submit this declaration in compliance with Local Rule 7.3 and Section 4 of the Court's Standing Order. Plaintiffs attempted to obtain Defendants' consent for this motion. On August 26, 2026, Mr. Gottstein, counsel for Plaintiffs, emailed counsel for Defendants to request consent for the extension Plaintiffs seek here. On September 2, 2026, Mr. Wallace, counsel for NSJP and NFSJP, stated by email that he did not oppose Plaintiffs' motion. On September 4, 2026, Plaintiffs conducted a meet and confer by telephone with Ms. Rebecca Brown, counsel for PCC. Counsel discussed the proposed trial continuance, the proposed summary judgment extension, and whether either issue could be resolved without motion practice. Plaintiffs explained that an extension of the summary judgment briefing deadline was warranted because of pre-planned travel by Plaintiffs' counsel, and that an extension of the date for trial was necessary because of the Passover holiday. Ms. Brown stated that while PCC would not oppose a one-week extension of the trial date, PCC would not agree to an extension of the summary judgment briefing schedule. Counsel for Plaintiffs informed counsel for PCC that Plaintiffs would proceed to file this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 14, 2026

/s/ Julius Kairey
Julius Kairey

## CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiffs certifies that a true and correct copy of the foregoing was electronically filed and served upon all counsel of record who have appeared in the case and are registered with the CM/ECF. Parties may access this filing through the Court's CM/ECF System.

Dated: September 14, 2026

/s/ Thomas R. McCarthy
Thomas R. McCarthy