Dan Stormer, Esq. [S.B. #101967]
Rebecca Brown, Esq. [S.B. #336638]
Bina Ahmad, Esq. [S.B. #329387]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
T: (626) 585-9600 / F: (626) 577-7079
Emails: dstormer@hadsellstormer.com
rbrown@hadsellstormer.com
bahmad@hadsellstormer.com

Attorneys for Defendant
PEOPLE'S CITY COUNCIL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW WEINBERG, RABBI DOVID GUREVICH, NIR HOFTMAN, ELI TSIVES,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, JOHN DOE #1, PRESIDENT OF THE UCLA CHAPTER OF SJP, AJP EDUCATIONAL FOUNDATION, INC., D/B/A AMERICAN MUSLIMS FOR PALESTINE, OSAMA ABURSHAID, HATEM AL-BAZIAN, FACULTY FOR JUSTICE IN PALESTINE NETWORK, UC DIVEST COALITION, WESPAC FOUNDATION, PEOPLE'S CITY COUNCIL,<br><br>Defendants | Case No.: 2:25-cv-03714-MCS-AJR<br><br>[Assigned to the Honorable Mark C. Scarsi – Courtroom 7C]<br><br>**DECLARATION OF REBECCA BROWN REGARDING DEPOSITION OF PLAINTIFF MATTHEW WEINBERG**<br><br>Complaint Filed: April 25, 2025<br>Discovery Cut Off: October 5, 2026<br>Trial Date: April 27, 2027 |

# DECLARATION OF REBECCA BROWN

I, Rebecca Brown hereby declare and say:

1. I am an attorney at the law firm of Hadsell Stormer Renick & Dai LLP. I am an attorney licensed to practice law in California and before this Court, and am counsel of record for Defendant PEOPLE'S CITY COUNCIL in this action. The information contained herein is based on my personal knowledge, or upon review of files and documents generated or received and regularly maintained by my office in connection with this case. If called upon, I could testify in a court of law to the accuracy of the matters set forth herein.

2. I submit this declaration pursuant to the Court's instruction set forth in Dkt. No. 210.

3. Defendant People's City Council ("PCC") will be prejudiced if Plaintiff Matthew Weinberg's deposition is conducted remotely. Plaintiff Weinberg brings gravely serious allegations against PCC, namely that PCC conspired to violate Plaintiffs' rights protected by the Thirteenth Amendment based upon their Jewish identity, in violation of the Ku Klux Klan Act.

4. Plaintiff Weinberg's allegations in this case are premised entirely upon his credibility as a witness because they are based only on his alleged knowledge and state of mind. Weinberg claims that he "was denied access to the Quad because he is Jewish." Dkt. No. 54 at ¶ 140. Plaintiff Weinberg alleges that his access to the UCLA campus was "severely curtailed" because "[b]ased on [his] knowledge, Weinberg feared that appearing at or traveling through the part of campus over which Defendants had conspired to exercise control would threaten his physical safety." *Id.* at ¶¶ 137, 138. Weinberg further alleges that he "knew from press coverage and conversations with friends that members of the encampment were willing to use violence to enforce their control over the area" and "that, because he is Jewish and supports Israel, members of the encampment would consider him an enemy and prevent him from passing through any space (public or otherwise) that they controlled on pain of physical force." *Id.* at ¶ 137. Weinberg also

alleges that he “feared that if he tried to go to any of the UCLA facilities near the encampment (including Powell Library, which students often use to study) members of the encampment would physically deny him entry,” and he “feared that they would threaten him with violence for even attempting to enter.” *Id.* at ¶ 139. Weinberg’s allegations based solely on his knowledge and state of mind continue: “Weinberg knew that members of the encampment were willing to engage in violence towards Jews, including Jewish students, who came nearby or attempted to bypass their ‘checkpoints’ and ‘human phalanxes.’ Based on the reasonable fear that the same thing would happen to him, Weinberg stayed away from the entire area while the encampment was ‘occupying’ it.” *Id.* Weinberg claims that he “was also forced to take a different route around Royce Quad on his way to other parts of campus. Prior to the establishment of the encampment, Weinberg often would walk through the Quad. But after the Defendants worked together to erect the encampment in the middle of the Quad, Weinberg felt obliged to avoid that area out of concern for his safety. And he in fact specifically avoided the ‘occupied’ parts of Royce Quad for the duration of the encampment.” *Id.* at ¶ 140.

5. In sum, Plaintiff Weinberg claims that his constitutional rights were violated by PCC because he was afraid to go near the encampment based upon what he knew about it. He never alleges that he actually went to the encampment, that he was physically prevented from going any part of the UCLA campus, or that anyone committed violence against him. As such, there is no “hard” evidence that would clearly show Weinberg’s rights being violated by the encampment or people associated with the encampment, such as a video of him near the encampment or any other record of him at the encampment. Weinberg can only directly substantiate his allegations by testifying about his knowledge of the encampment and resulting state of mind, including his fears of going near the encampment and decision to avoid the encampment.

6. Similarly, Plaintiff Weinberg’s claimed damages are only emotional distress: Weinberg alleges that he “was shocked, appalled, and frustrated that he was excluded from a public space at his own university simply because he is Jewish.” *Id.* at ¶ 141. His

credibility is paramount to a jury's assessment of his alleged emotional distress. Likewise, PCC intends to inquire about the emotional and psychological impact of alternate stressors in Weinberg's life to comprehensively assess his emotional distress damages.

7. As such, PCC must be able to comprehensively assess Weinberg's presentation, demeanor, and credibility as a witness, particularly when he is not in the comfort of his own home or counsel's office. This simply cannot be fully done via zoom. PCC will be severely prejudiced if it must conduct Plaintiff Weinberg's deposition remotely.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 17th day of September 2026, in Los Angeles, California.

/s/ Rebecca Brown

Rebecca Brown