# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | September 21, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

| | |
|---|---|
| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |

| | |
|---|---|
| Nicholas Huynh | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| None | None |

**Proceedings (In Chambers):** **ORDER DIRECTING PLAINTIFFS TO FILE FURTHER STATUS REPORT REGARDING PEOPLE'S CITY COUNCIL'S REQUEST FOR PRODUCTION NO. 51**

On August 21, 2026, the Court held an Informal Discovery Conference to discuss discovery disputes between Plaintiffs and Defendant People's City Council ("PCC"). The second issue discussed was whether Plaintiffs should be required to produce documents in response to PCC's Request for Production No. 51 that seeks "All DOCUMENTS and COMMUNICATIONS RELATING TO Palestine, Arabs, or Islam." PCC contends this request seeks information relevant to Plaintiffs' motivation for bringing this lawsuit, as well as bias. The Court agreed that PCC was entitled to discovery related to Plaintiffs' motivation for bringing this lawsuit. See, e.g., Lenz v. Universal Music Corp., 2010 WL 4789099, at *3 (N.D. Cal. Nov. 17, 2010) ("Because information about Lenz's motivations for filing suit reasonably may lead to discoverable evidence about her claimed injury, her conversations about those motivations are discoverable if the privilege has been waived with respect to that subject matter."); Conan v. City of Fontana, 2017 WL 7795953, at *2 (C.D. Cal. Oct. 16, 2017) ("Plaintiff's financial motivation in bringing the instant lawsuit is relevant to Plaintiff's bias and credibility."); S. Lake Union Hotel LLC v. F&F Rogers Fam. Ltd. P'ship, 2025 WL 2495086, at *2 (W.D. Wash. Aug. 29, 2025) ("[T]he Court finds that the underlying questions of Plaintiff's motivation and/or credibility are an appropriate area for examination at trial."). The Court also agreed that PCC was entitled to discovery related to potential bias. See, e.g., Lugo v. Miller, 2014 WL 1956659, at *22 (C.D. Cal. Feb. 25, 2014) ("As previously discussed, evidence suggesting a witness's bias or prejudice in favor of or against a party is uniquely pertinent to assessment of a witness's credibility and the truth of the witness's testimony."), report and recommendation adopted as modified, 2014 WL 1957019 (C.D. Cal. May 15, 2014); United States v. Abel, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **2:25-cv-03714-MCS-AJR** | Date | September 21, 2026 |
|---|---|---|---|
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.").

However, the Court also concluded that Request for Production No. 51 was overbroad as drafted and therefore must be narrowed. Because PCC was seeking discovery into Plaintiffs' motivation for filing this lawsuit, as well as potential bias, the Court suggested narrowing this request to only those communications related to the October 7, 2023 attack by Hamas, as well as Israel's responsive military operation in the West Bank. This would narrow the request both temporally as well as in terms of subject matter. The Court directed the parties to meet and confer on a compromise for Request for Production No. 51. The Court advised that it would not compel production in response to this request as drafted, but intended to narrow this request to some middle ground that was tied to the permissible discovery goals of Plaintiffs' motivation for filing this lawsuit, as well as potential bias. The Court directed the parties to meet and confer, and then file a joint status update.

On August 28, 2026, the parties filed a Joint Status Update reflecting their meet and confer efforts at the time. (Dkt. 204.) PCC proposed a set of search terms that it believed were appropriate to run. (Id. at 3-4.) Plaintiffs contended that PCC's proposed terms were overbroad and needed to be narrowed. (Id. at 12.) Plaintiffs advised that they were working on modifying PCC's proposed search terms in a way that would generate more targeted, relevant results, but needed more time to do so. (Id. at 17.) Accordingly, the Court directs Plaintiffs to file a further status update with their proposed search terms, including a hit count report that shows the number of responsive documents both with and without families for Plaintiff's proposed search terms no later than **September 23, 2026.** The Court wants to be able to consider Plaintiffs' proposal before ruling on this issue.

IT IS SO ORDERED.