# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | September 28, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

| | |
|---|---|
| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |

| | |
|---|---|
| Nicholas Huynh | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| None | None |

**Proceedings (In Chambers):** **ORDER DIRECTING PLAINTIFFS TO PRODUCE DOCUMENTS IN RESPONSE TO PEOPLE'S CITY COUNCIL'S REQUEST FOR PRODUCTION NO. 51**

On August 21, 2026, the Court held an Informal Discovery Conference to discuss discovery disputes between Plaintiffs and Defendant People's City Council ("PCC"). The second issue discussed was whether Plaintiffs should be required to produce documents in response to PCC's Request for Production No. 51 that seeks "All DOCUMENTS and COMMUNICATIONS RELATING TO Palestine, Arabs, or Islam." PCC contends this request seeks information relevant to Plaintiffs' motivation for bringing this lawsuit, as well as bias. The Court agreed that PCC was entitled to discovery related to Plaintiffs' motivation for bringing this lawsuit. See, e.g., Lenz v. Universal Music Corp., 2010 WL 4789099, at *3 (N.D. Cal. Nov. 17, 2010) ("Because information about Lenz's motivations for filing suit reasonably may lead to discoverable evidence about her claimed injury, her conversations about those motivations are discoverable if the privilege has been waived with respect to that subject matter."); Conan v. City of Fontana, 2017 WL 7795953, at *2 (C.D. Cal. Oct. 16, 2017) ("Plaintiff's financial motivation in bringing the instant lawsuit is relevant to Plaintiff's bias and credibility."); S. Lake Union Hotel LLC v. F&F Rogers Fam. Ltd. P'ship, 2025 WL 2495086, at *2 (W.D. Wash. Aug. 29, 2025) ("[T]he Court finds that the underlying questions of Plaintiff's motivation and/or credibility are an appropriate area for examination at trial."). The Court also agreed that PCC was entitled to discovery related to potential bias. See, e.g., Lugo v. Miller, 2014 WL 1956659, at *22 (C.D. Cal. Feb. 25, 2014) ("As previously discussed, evidence suggesting a witness's bias or prejudice in favor of or against a party is uniquely pertinent to assessment of a witness's credibility and the truth of the witness's testimony."), report and recommendation adopted as modified, 2014 WL 1957019 (C.D. Cal. May 15, 2014); United States v. Abel, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and

weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.").

However, the Court also concluded that Request for Production No. 51 was overbroad as drafted and therefore must be narrowed. Because PCC was seeking discovery into Plaintiffs' motivation for filing this lawsuit, as well as potential bias, the Court suggested narrowing this request to only those communications related to the October 7, 2023 attack by Hamas, as well as Israel's responsive military operation in the West Bank. This would narrow the request both temporally as well as in terms of subject matter. The Court directed the parties to meet and confer on a compromise for Request for Production No. 51. The Court advised that it would not compel production in response to this request as drafted, but intended to narrow this request to some middle ground that was tied to the permissible discovery goals of Plaintiffs' motivation for filing this lawsuit, as well as potential bias. The Court directed the parties to meet and confer, and then file a joint status update.

On August 28, 2026, the parties filed a Joint Status Update reflecting their meet and confer efforts at the time. (Dkt. 204.) PCC proposed a set of search terms that it believed were appropriate to run. (Id. at 3-4.) Plaintiffs contended that PCC's proposed terms were overbroad and needed to be narrowed. (Id. at 12.) Plaintiffs advised that they were working on modifying PCC's proposed search terms in a way that would generate more targeted, relevant results, but needed more time to do so. (Id. at 17.) Accordingly, on September 21, 2026, the Court directed Plaintiffs to file a further status update with their proposed search terms, including a hit count report that shows the number of responsive documents both with and without families for Plaintiff's proposed search terms. (Dkt. 218.)

On September 23, 2026, Plaintiffs filed a Status Update as directed by the Court. (Dkt. 221.) The Status Update proposes four searches to be run against the collected materials of Plaintiffs Rabbi Dovid Gurevich, Nir Hoftman, and Eli Tsives, for the period September 1, 2023, through the present. (Id. at 2.) As explained by Plaintiffs, the first two proposed searches "target communications concerning the October 7, 2023, attack and the subjects identified by the Court," and third search "is directed specifically to communications potentially bearing on Plaintiffs' motivations for bringing this action," and the fourth search "requires both a reference to a party and language potentially reflecting bias, rather than searching broadly for Plaintiffs' political, religious, or cultural views unrelated to any party." (Id. at 3.) The specific searches are set forth below:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | September 28, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

1. Communications concerning October 7, Hamas, and alleged falsehoods or justification:

("October 7" OR "October 7th" OR "10/7" OR Hamas OR hostage*) w/5 (lie* OR liar OR lying OR fake OR false OR fabricat* OR exaggerat* OR propaganda OR Pallywood OR Palliwood OR "not true" OR justified OR resistance)

2. Communications concerning October 7, Hamas, and expressions of support, justification, resistance, retaliation, or condemnation:

(("October 7" OR "October 7th" OR "10/7" OR "Hamas attack") w/5 (Hamas OR Palestin* OR Arab* OR Muslim* OR Islam*)) w/10 (support* OR sympath* OR justif* OR celebrat* OR defend* OR resist* OR deserv* OR revenge OR retaliat* OR condemn* OR terroris*)

3. Communications connecting a party to this lawsuit, litigation motives, bias, punishment, or targeting:

(PCC OR "People's City Council" OR NSJP OR "National Students for Justice in Palestine" OR SJP OR "Students for Justice in Palestine" OR FJP OR "Faculty for Justice in Palestine") w/15 (lawsuit OR sue OR suing OR litigation OR plaintiff* OR case OR claim* OR motivat* OR bias OR agenda OR punish* OR target*)

4. Communications potentially reflecting bias concerning a party:

(PCC OR "People's City Council" OR NSJP OR "National Students for Justice in Palestine" OR SJP OR "Students for Justice in Palestine" OR FJP OR "Faculty for Justice in Palestine") w/15 (savage* OR animal* OR thug* OR scum OR monster* OR terrorist* OR hate* OR deserv* OR revenge OR violen* OR genocid* OR apartheid OR Nazi* OR fascis* OR criminal* OR evil)

(Id. at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | September 28, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

Plaintiffs' four proposed searches generated 809 direct-hit documents and 1,683 documents when families were included. (Id. at 3.) The search hit results are set forth below:

| Proposed Search | Direct-hit Documents | Documents Including Families | Unique Direct Hits |
|---|---|---|---|
| Search 1 | 349 | 736 | 255 |
| Search 2 | 213 | 422 | 143 |
| Search 3 | 232 | 490 | 135 |
| Search 4 | 230 | 582 | 118 |
| *Combined*: | 809 | 1,638 | - |

(Id. at 3.)

Based on the Court's review of both PCC's proposed search terms, (Dkt. 204-1 at 3-4), the resulting hit counts, (Dkt. 204-2 at 2-3), Plaintiffs' proposed search terms set forth above, and the hit counts provided by Plaintiffs set forth above, the Court directs Plaintiffs to run their proposed search terms with the following modifications:

**Search 1:** In the first parenthetical, add "OR 'October Seventh' OR terror* OR kidnap." Additionally, the within 5 connector shall be expanded to within 10. These modifications are necessary to broaden the search and at the same time, they should not significantly expand the overall hit counts.

**Search 2:** In the first parenthetical, add "OR Hamas OR 'October Seventh' OR terror* OR kidnap." Additionally, the within 5 connector shall be expanded to within 10. In the second parenthetical, add "OR Gaza." In the third parenthetical, add "OR savag* OR animal OR thug OR scum OR monster." Once again, these modifications are necessary to broaden the search and at the same time, they should not significantly expand the overall hit counts.

**Search 3:** In the first parenthetical, add "OR 'People's City' OR 'People City' OR 'Student for Justice' OR 'Students for Justice' OR 'Faculty for Justice.'" The within 15 connector and the second parenthetical shall be eliminated. The reason is that any communication by Plaintiffs that mentions the Defendants is potentially relevant and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | September 28, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

should be reviewed for responsiveness. The within 15 connector and the second parenthetical unduly limits the search.

**Search 4:** With the changes set forth above to Search 3, Search 4 becomes redundant and unnecessary.

The Court directs Plaintiffs to run the search terms set forth above against the collected materials of Plaintiffs Rabbi Dovid Gurevich, Nir Hoftman, and Eli Tsives, for the period September 1, 2023, through the present. Plaintiffs shall produce documents responsive to the following narrowed categories proposed by Plaintiffs: (1) all communications concerning October 7, Hamas, and alleged falsehoods or justification; (2) all communications concerning October 7, Hamas, and expressions of support, justification, resistance, retaliation, or condemnation; (3) all communications connecting a party to this lawsuit, litigation motives, bias, punishment, or targeting; and (4) all communications potentially reflecting bias concerning a party.

Given that the current Fact Discovery Cut-Off for PCC is October 5, 2026, (Dkt. 197 at 3), the Court must direct prompt production. The Court apologizes for not resolving this dispute earlier and wishes to acknowledge the diligence of the parties in moving this dispute forward. However, in light of the October 5, 2026 deadline, the Court must direct Plaintiffs to produce responsive documents as set forth above no later than **October 5, 2026**.

IT IS SO ORDERED.