# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | October 2, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

| | |
|---|---|
| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |

| | |
|---|---|
| Nicholas Huynh | C/S 10/2/2026 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| William J. Brown, Jr., Esq.<br>Evan J. Gottstein, Esq.<br>Thomas A. Wilson, Esq.<br>Zachary P. Grouev, Esq. | Jonathan Wallace, Esq. |

**Proceedings:** MINUTES OF INFORMAL DISCOVERY CONFERENCE

On October 2, 2026, the Court held an Informal Discovery Conference to discuss numerous discovery disputes between Plaintiffs and Defendants National Students for Justice in Palestine ("NSJP") and Faculty for Justice in Palestine Network ("FJPN"). Based on the discussion with the parties, the Court directed as follows:

**Search Terms:** In advance of this Informal Discovery Conference, both sides proposed search terms. NSJP and FJPN's search terms were too narrow and Plaintiffs' search terms were too broad. The Court directed NSJP and FJPN to run their proposed search terms for the date range of September 1, 2023 through the present and immediately begin reviewing and producing responsive documents. NSJP and FJPN shall complete this production no later than **October 16, 2026**.

The Court also directed Plaintiffs to prepare streamlined and simplified search terms as follows: For each defendant, NSJP and FJPN, Plaintiffs shall prepare two sets of search terms, one set for the time period of September 1, 2023 through December 31, 2024, and a more narrowed set of search terms for the time period of January 1, 2025 to present. This is a total of four sets of search terms for the two defendants, NSJP and FJPN. Plaintiffs shall also prepare one set of search terms to be used on all subpoena respondents (the "Subpoena Respondents"). Plaintiffs shall provide the five sets of search terms to counsel for NSJP, FJPN and the Subpoena Respondents ("Defense Counsel") no later than **Tuesday October 6, 2026**. Defense counsel shall then run the four sets of search terms for NSJP and FJPN and produce search term hit reports to be included in the next status update to be emailed to the Court no later than **Thursday October 8, 2026**. The Court understands that Defense Counsel has not loaded the Subpoena

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | October 2, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

Respondents' documents into Everlaw for searching and review. The Court strongly encourages the Subpoena Respondents to utilize Everlaw so that a single set of search terms can be run over all of their documents to facilitate efficient review and production of responsive documents. Defense counsel agreed to consider this and discuss it with his clients. Defense Counsel shall provide an update on this topic in the next status update.

**<u>Depositions:</u>** The Court authorized Plaintiffs to take partial Rule 30(b)(6) depositions of both NSJP and FJPN as follows. For NSJP, the topics shall be:

1. The circumstances surrounding NSJP's creation, including its founders. The time period for this topic extends from the year before to the year after the date on which NSJP was founded.

2. NSJP's internal organizational structure, including its relationship with its chapters. This Topic specifically includes NSJP's UCLA chapter and the chapters in Southern California that NSJP has listed as belonging to "SoCalSJP" as described in NSJP-produced GAZA000242-50. This topic further specifically includes the entities listed on GAZA001519 (NSJP's "Advisory Board," its "Committees," its "Spokes Council," etc.) and their relation to each other; NSJP's "National Network" as that term is used by NSJP in, for example, GAZA001519; and NSJP's "National Alliance of Students" as that term is used by NSJP in, for example, GAZA002116. This topic further specifically includes the "ratification" of NSJP's "National Network" as those terms are used by NSJP in, for example, GAZA001520-23.

3. The identity and responsibilities of NSJP's officers, employees, contractors, volunteers, agents, or other representatives during the time of the UCLA encampment. This Topic specifically includes the roles and functions of Dylan Kupsh, Carrie Zaremba, and Sean Eren in Your organization.

4. The identity and responsibilities of NSJP's officers, employees, contractors, volunteers, agents, or other representatives who were most involved in the Popular University for Gaza and the UCLA encampment.

5. NSJP's methods of communicating with its members, officers, employees, contractors, volunteers, agents, or other representatives (*e.g.*, Slack, Signal, Telegram, Cryptpad, Zapier, etc.).

6. NSJP's involvement in the Popular University for Gaza, the Campus Support Coalition, and the UCLA encampment, specifically including NSJP's efforts in planning, coordinating, executing, and recruiting for each of these initiatives.

7. NSJP and its UCLA subdivision's methods of communicating with third parties (including but not limited to People's City Council LA ("PCC"), American Muslims for Palestine ("AMP"), WESPAC, FJPN, UC Divest, Unity of Fields, Party for Socialism and Liberation ("PSL"), Students for a Democratic Society ("SDS"), Dissenters, MSA National, MSA West, International League of People's Struggle ("ILPS"), Masar Badil, and Samidoun) concerning the Popular University for Gaza, the Campus Support Coalition, and the UCLA encampment.

8. NSJP's "Movement Partners" with respect to the Popular University for Gaza, the Campus Support Coalition, and the UCLA encampment, as that term is used by NSJP in, for example, GAZA002989.

For NSJP, Plaintiffs shall also be permitted to include as deposition topics, the following discovery requests:

- ROG 16: Identify and describe all organizations making up Your "Movement Partners" as You used that term in a document recently produced to Plaintiffs in discovery. See GAZA002989.

- ROG 17: Identify and describe all organizations making up the "National Alliance of Students" as You used that term in a document recently produced to Plaintiffs in discovery. See GAZA002116.

- ROG 18: Identify and describe all members of Your "Advisory Board" as You used that term in a document recently produced to Plaintiffs in discovery. See GAZA001519.

Also for NSJP, Plaintiffs shall be permitted to ask about the following topics which are questions based on certain documents that have been produced:

- Cryptpad:
  - NSJP recently produced a document called "CONSOLIDATED ENCAMPMENT RESOURCES." *See* GAZA000840. That document contains links to the notes from "Media" and "Cop Tactics" "Trainings" hosted on Cryptpad, an "end-to-end encrypted and open-source collaboration suite." GAZA000848. NSJP posted the access password to at least one of these trainings in the document, which gives Plaintiffs reason to believe that NSJP has Cryptpad documents in its custody or control.
- Zapier:
  - Zapier is a "[n]o-code automation" platform that allows users to store data, use AI, and coordinate automation across other third-party apps. As recently as October 1, 2025, Steering Committee member Sean Eren was subscribed to an annual Zapier plan he expensed to NSJP. *See* GAZA001797. On May 1, 2024, an NSJP Steering Committee Member was assigned the task of "transfer[ring] Zapier functions to the new Slack Workspace." GAZA000415. NSJP completed this task by May 4, 2024. *See* GAZA000438. Given NSJP's position that it has no documents from Slack, Plaintiffs need to know what "functions" NSJP was carrying out on Zapier and whether NSJP has conducted an adequate search for any Zapier ESI responsive to Plaintiffs' discovery requests.
- Telegram:
  - Several NSJP Steering Committee members during the original UCLA encampment mention a "Popular University for Gaza" telegram channel in reference to NSJP's effort to "delegat[e] tasks" related to the encampments. For example, on April 25, 2024, a Steering Committee Member stated that NSJP "[s]hould offload things, and this plays out on local level, delegating tasks like setting up tents so SJP can strategize [REDACTED] has been useful (Pop U telegram)." GAZA000386. And on April 28, another Steering Committee member stated that NSJP "need[ed] infrastructure to absorb faculty. Should do

a call on 4/30 for folks interested in joining and centralize these actions (ex. telegram)." GAZA000396. Plaintiffs need to know what, if any, involvement NSJP had with the Popular University for Gaza Telegram channel (which has since been deleted) named after one of NSJP's signature national campaigns.

- Slack:

  - NSJP's supplemental ESI disclosures describe Slack as the "[p]rimary form of communications internally among steering" but claim that "[d]ue to an organizational policy of one week vanishing messages, as of the initiation of the action in April 2025, there were no longer any messages stored for the relevant time period of September 2023 - December 2024." Contemporaneous notes from NSJP's Steering Committee, however, indicate that a Steering Committee member was tasked to "go through the backlash channel and archive." GAZA000415. Another Steering Committee Member refers to this process as "archiving the data that was a security risk." For reference, "archiving" a channel on Slack is an alternative to deleting the channel. Per Slack, "[a]rchived channels are closed to new activity, but the message history is retained and searchable on paid plans." Plaintiffs need to know what Slack channels or other ESI NSJP "archived" and whether NSJP has conducted an adequate search for any archived Slack ESI responsive to Plaintiffs' discovery requests.

- Archiving Institutional Knowledge:

  - Notes from a contemporaneous NSJP Steering Committee meeting describe a project to "[a]rchiv[e] institutional knowledge gained since October 7th," including "[m]aking a document/booklet with all of our campaigns from the past 7 months and our reflections." GAZA000672 (June 6, 2024). Given NSJP's claims that most contemporaneous communications from this time period have been deleted, Plaintiffs need to know if NSJP has any documents related to this archival project responsive to Plaintiffs' discovery requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | October 2, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

For FJPN, the topics shall be:

1. The circumstances surrounding FJPN's creation, including its founders. The time period for this topic extends from the year before to the year after the date on which FJPN was founded.

2. FJPN's internal organizational structure, including its relationship with its chapters. This Topic specifically includes FJPN's UCLA presence.

3. The identity and responsibilities of FJPN's officers, employees, contractors, volunteers, agents, or other representatives during the time of the UCLA encampment.

4. The identity and responsibilities of FJPN's officers, employees, contractors, volunteers, agents, or other representatives who were most involved in the Popular University for Gaza and the UCLA encampment.

5. FJPN's methods of communicating with its members, officers, employees, contractors, volunteers, agents, or other representatives (*e.g.*, Slack, Signal, Telegram, Cryptpad, Zapier, etc.).

6. FJPN's involvement in the Popular University for Gaza, the Campus Support Coalition, and the UCLA encampment, specifically including FJPN's efforts in planning, coordinating, executing, and recruiting for each of these initiatives.

7. FJPN's methods of communicating with third parties (including but not limited to NSJP, People's City Council LA ("PCC"), American Muslims for Palestine ("AMP"), WESPAC, FJPN, UC Divest, Unity of Fields, Party for Socialism and Liberation ("PSL"), Students for a Democratic Society ("SDS"), Dissenters, MSA National, MSA West, International League of People's Struggle ("ILPS"), Masar Badil, and Samidoun) concerning the Popular University for Gaza, the Campus Support Coalition, and the UCLA encampment.

The parties are directed to meet and confer to agree on dates for the depositions to occur during the weeks of October 19 and October 26, one deposition each week. No later than **Wednesday October 7, 2026**, Defense Counsel shall notify Plaintiffs' counsel who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **2:25-cv-03714-MCS-AJR** | Date | October 2, 2026 |
|---|---|---|---|
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

the deponents will be for each side and where they are located. The parties shall include an update on deposition scheduling in the next status update to be emailed to the Court no later than **Thursday October 8, 2026.**

**First Amendment Privilege:** Plaintiffs identified six exemplar documents produced by NSJP with redactions that do not appear to be sufficiently supported by NSJP's privilege log or consistent with the Court's August 28, 2026 ruling on the assertion of First Amendment privilege.[1] (Dkt. 201.) The Court warned Defense Counsel that NSJP and FJPN have the burden to support every redaction in their privilege log and they have not yet done this. The Court encouraged Defense Counsel to review the prior redactions and consider removing the majority of the redactions to allow Defense Counsel to focus on a narrower subset of only the most sensitive information for which NSJP and FJPN want to assert a First Amendment privilege and then would take the time to support in the context of a supplemental privilege log. Defense Counsel asked for additional guidance on the redactions in Plaintiffs' six exemplar documents and therefore the Court agreed to review unredacted versions of those six documents *in camera* and provide guidance to the parties. Therefore, Defense Counsel shall have until **Thursday October 8, 2026** to review the six exemplar documents, remove any redaction that NSJP no longer wants to defend, and produce revised versions of the documents with more limited redactions. For every redaction remaining in the documents, Defense Counsel must explain how that redaction is consistent with the Court's August 28, 2026 ruling on the assertion of First Amendment privilege. Defense Counsel shall also submit to the Court for *in camera* review unredacted versions of the six documents by email no later than **Thursday October 8, 2026**. The Court will then rule on any remaining redactions in the six documents as a means of giving guidance to the parties as to redactions generally.

**Next Steps:** The Court already scheduled a further Informal Discovery Conference by Zoom for **Friday October 9, 2026 at 10:30 a.m.** The parties are directed to provide separate status updates by email (with copies to all parties) no later than **Thursday October 8, 2026.** Plaintiffs' status update shall include Plaintiffs' proposed search terms described above, as well as an update on the status of deposition scheduling. The status update for NSJP and FJPN shall include the search term hit reports described above, as well as an update on the status of deposition scheduling, including the identity of the deponents and each of their locations. The update for NSJP and FJPN shall also include an update on potentially loading the Subpoena Respondents' documents into Everlaw,

[1] The six exemplar documents are GAZA002989, GAZA001742, GAZA000739-41, GAZA000828, GAZA002707, and GAZA000357.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | October 2, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

Defense Counsel's argument as to any remaining redaction in the six exemplar documents, and the revised six exemplar documents (assuming that NSJP decides to remove some of the redactions).

IT IS SO ORDERED.

| | |
|---|---|
| | 1:24 |
| **Initials of Preparer** | N.H. |