William J. Brown, Jr. (SBN 192950)
bill@brownwegner.com
Evan Mark Simon (SBN 246455)
esimon@brownwegner.com
BROWN WEGNER LLP
2010 Main Street, Suite 1260
Irvine, California 92614
Telephone: 949.705.0080
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Matthew Weinberg, et al.,

*Plaintiffs*,

v.

National Students for Justice in Palestine, et al.,

*Defendants*.

**Case No. 2:25-cv-03714-MCS-AJR**

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONTINUE TRIAL DATE AND SUMMARY JUDGMENT DEADLINES**

Honorable Mark C. Scarsi
Magistrate Judge A. Joel Richlin

Motion Hearing Date: October 19, 2026
Time: 9:00 a.m.
Courtroom: 7C

Complaint Filed: April 25, 2025
Current Trial Date: April 27, 2027
Proposed Trial Date: May 4, 2027

[Additional Counsel Cont. from previous page]
Thomas R. McCarthy (VA Bar No. 47154)*
Thomas A. Wilson (DC Bar No. 90019385)*
Julius Kairey (VA Bar No. 101216)*
Zachary P. Grouev (FL Bar No. 1038629)*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
tom@consovoymccarthy.com
twilson@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

Patrick Strawbridge (MA Bar No. 678274)*
CONSOVOY MCCARTHY PLLC
8th Floor South PMB #706
Boston, MA 02109
Telephone: (617) 227-0548
patrick@consovoymccarthy.com

Richard A. Rosen (NY Bar No. 1663830)*
Omer Wiczyk (NY Bar No. 4321600)*
Evan Gottstein (NY Bar No. 5749783)*
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW
1675 Broadway, 13th Floor
New York, NY 10019
Telephone: (877) 600-3532
rrosen@brandeiscenter.com
owiczyk@brandeiscenter.com
egottstein@brandeiscenter.com

* Admitted pro hac vice

*Attorneys for Plaintiffs*

PCC does not dispute that Plaintiffs are right on the law: Courts routinely allow short extensions to accommodate religious holidays and pre-planned travel and vacations by counsel. *See* Dkt.212 at 1-2 (citing *Sanders v. Old Dominion Freight Line, Inc.*, No. 5:18-cv-00688-DSF (C.D. Cal. Sept. 7, 2018), Dkt.51; *United States v. Ferguson*, 565 F. Supp. 2d 32, 42 (D.D.C. 2008); *Sutton v. Fla. Dep't of Corr.*, No. 05-61712, 2007 WL 2316609, at *1 (S.D. Fla. Aug. 9, 2007)). Nor does PCC have any answer to Plaintiffs' argument that "the requested continuance" would not "materially delay resolution of the case by reopening discovery or altering any substantive obligation." *Id.* at 4.

Instead, PCC attempts an exercise in nose-counting, arguing that a continuance is inappropriate merely because *some* of Plaintiffs' attorneys will not be traveling during the two-week period that includes Christmas and New Year's Day. *See* Dkt.228 at 1. But collecting every name on an email list isn't the same thing as identifying the core team responsible for drafting Plaintiffs' summary judgment brief. Indeed, three of the attorneys PCC lists are not even listed as counsel for Plaintiffs. So PCC's count is wrong. But even if it wasn't, four of the attorneys PCC marks out will also be unavailable for much of the relevant period. Shane Goldstein is a mother with two young children, ages four and one. December 24 is the last day of school for her two children, and school does not resume until January 4. During this window, Mrs. Goldstein's children will be out of school, with no alternative childcare. Mollie Galchus will be traveling from December 27 to January 1 with her family. Evan Simon will be traveling overseas from December 21 to December 28 with his family. And William Brown will be observing Christmas from December 24 to 25.

PCC argues that Plaintiffs would receive an "unfair advantage" if they were granted an extension. *See id.* But the current schedule unfairly advantages PCC by requiring Plaintiffs to draft their summary judgment response during a period when many of their attorneys, including the primary drafters of the brief, will be traveling or engaged in religious observances. *See* Dkt.212 at 3-5. An extension would allow Plaintiffs the necessary time to prepare their oppositions to PCC's motion and avoid a significant disadvantage that would otherwise burden Plaintiffs through no fault of their own—indeed, the reason an extension was required in the first place was Defendant NSJP's inability to complete discovery under the initial schedule. *See infra*, at 3. An extension would not unduly advantage anyone. *See id.* PCC believes that Plaintiffs are unlikely to file a motion for summary judgment, and thus that the requested modification of the summary-judgment briefing deadlines would unfairly benefit Plaintiffs. *See* Dkt.228 at 1. But "NSJP and NFSJP have consented to the requested modification[,]" something they would not have done if the prejudice to Defendants were as great as PCC suggests. Dkt.212 at 5. So PCC is the only Defendant in this case that thinks an extension would be unreasonable.

PCC also asserts that Plaintiffs "delayed" the filing of this motion. *See id.* In fact, Plaintiffs asked the Court for relief more than three months before the deadline for filing summary judgment motions, allowing the motion to be submitted to the Court on the standard motion schedule provided by the Local Rules. And some of the "delay[]" PCC complains about consisted of the time required for Plaintiffs to meet and confer with PCC to try to obtain consent for this motion—even after the other remaining Defendants gave their consent—as well as the mandatory seven-day waiting period before a motion can be filed. *See* Dkt.212 at 7; Local Rule 7-3.

PCC hangs its hat on illusory factual arguments because it doesn't even try to make a legal argument. Reasonable accommodations for religious holidays and pre-planned travel by key members of a litigation team are common. *See* Dkt.212 at 1-2 (citing *Sanders*, *supra*, Dkt.51; *Ferguson*, 565 F. Supp. 2d at 42; *Sutton*, 2007 WL 2316609, at *1). Nor does PCC have an answer to Plaintiffs' argument that "the requested continuance" would not "materially delay resolution of the case by reopening discovery or altering any substantive obligation." *Id.* at 4. Under the circumstances Plaintiffs identified in their motion, "[c]ourts routinely grant extensions." *Id.* (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010); *Hood v. Hartford Life & Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1226 (E.D. Cal. 2008); 6A Fed. Prac. & Proc. Civ. §1522.2 (3d ed.)).

Finally, PCC has no answer to Plaintiffs' explanation that "the initial motion to extend the case schedule was necessitated by NSJP's and NFSJP's failure to satisfy their discovery obligations." Dkt.212 at 5. PCC should not be allowed "to take advantage of a schedule that Plaintiffs never would have agreed to in the first instance given the obvious and severe conflict it poses with their religious obligations and holiday travel schedules." *Id.* While PCC may stand to benefit from a schedule that would require Plaintiffs to prepare their opposition to PCC's summary judgment motion during the heart of the most well-recognized holiday period in America, "that is no reason to deny the requested relief." *Id.* (citing *Ahanchian*, 624 F.3d at 1259) (observing that plaintiff and his counsel's travel plans "over Labor Day weekend" and another "previously-scheduled commitment" provided strong justification for modifying summary-judgment-briefing schedule).

Plaintiffs respectfully request that the Court grant their motion.

Respectfully submitted,

DATED: October 5, 2026

BROWN WEGNER LLP
CONSOVOY MCCARTHY PLLC
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW

By: /s/ Thomas R. McCarthy*
Thomas R. McCarthy*
Patrick Strawbridge*
Thomas A. Wilson*
Zachary P. Grouev*
Julius Kairey*
Richard A. Rosen*
Omer Wiczyk*

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiffs certifies that a true and correct copy of the foregoing was electronically filed and served upon all counsel of record who have appeared in the case and are registered with the CM/ECF. Parties may access this filing through the Court's CM/ECF System.

Dated: October 5, 2026

/s/ Thomas R. McCarthy
Thomas R. McCarthy