William J. Brown, Jr. (SBN 192950)
bill@brownwegner.com
Evan Mark Simon (SBN 246455)
esimon@brownwegner.com
BROWN WEGNER LLP
2010 Main Street, Suite 1260
Irvine, California 92614
Telephone: 949.705.0080
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Matthew Weinberg, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>National Students for Justice in Palestine, et al.,<br><br>*Defendants*. | **Case No. 2:25-cv-03714-MCS-AJR**<br><br>**PLAINTIFFS' STATUS UPDATE RE: DOCKET 232**<br><br>Honorable Mark C. Scarsi<br>Magistrate Judge A. Joel Richlin<br><br>Informal Conference Date: October 19, 2026<br>Time: 10:00 a.m. |

[Additional Counsel Cont. from previous page]
Thomas R. McCarthy (VA Bar No. 47154)*
Thomas A. Wilson (DC Bar No. 90019385)*
Julius Kairey (VA Bar No. 101216)*
Zachary P. Grouev (FL Bar No. 1038629)*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
tom@consovoymccarthy.com
twilson@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

Patrick Strawbridge (MA Bar No. 678274)*
CONSOVOY MCCARTHY PLLC
8th Floor South PMB #706
Boston, MA 02109
Telephone: (617) 227-0548
patrick@consovoymccarthy.com

Richard A. Rosen (NY Bar No. 1663830)*
Omer Wiczyk (NY Bar No. 4321600)*
Evan Gottstein (NY Bar No. 5749783)*
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW
1675 Broadway, 13th Floor
New York, NY 10019
Telephone: (877) 600-3532
rrosen@brandeiscenter.com
owiczyk@brandeiscenter.com
egottstein@brandeiscenter.com

* Admitted pro hac vice

*Attorneys for Plaintiffs*

In its October 2, 2026 minute order, the Court authorized Plaintiffs to take partial Rule 30(b)(6) depositions of both NSJP and FJPN, and provided the topics on which the depositions could be taken. *See* Dkt. 230 at 2-7. On October 9, the Court ordered Plaintiffs to submit a status update by October 16 regarding proposed lines of questioning where guidance is needed on First Amendment privilege objections that NSJP or FJPN may make. *See* Dkt. 232 at 2. The Court ordered Plaintiffs to "obtain Mr. Wallace's position and then present an update to the Court that shows the areas of disagreement where guidance is needed." *Id.*

Plaintiffs' counsel and Mr. Wallace conducted the meet-and-confer on Thursday, October 15. During the meet-and-confer, the Parties discussed NSJP's potential objections to Plaintiffs' Rule 30(b)(6) deposition questions.[1] Plaintiffs explained that they planned to ask, "What methods of communication did NSJP use to communicate with [REDACTED] in 2024?" based on the inclusion of the redacted group on an April 26, 2024 "Movement Partner Call," the details of which were revealed in a document that NSJP had previously produced and that Plaintiffs shared with the Court in a previous status update. *See also* Exh. A (email correspondence between Plaintiffs' counsel and Mr. Wallace regarding the Court's order and describing potential Rule 30(b)(6) questions).

Plaintiffs further explained that they would ask the same question about every other group listed as having joined that call, including a group whose identity Mr. Wallace redacted and that is the subject of a First Amendment privilege dispute currently pending before the Court. *See* Dkts.

[1] As contemplated by the Court's order, the Parties also discussed the status of NSJP's ability to implement Plaintiffs' proposed search terms into Everlaw, as well as the search terms Mr. Wallace has been using in response to Plaintiffs' Rule 45 subpoenas. *See* Dkt. 232 at 1-2. Mr. Wallace confirmed that he was able to run Plaintiffs' proposed search terms, and provided a hit report that Plaintiffs understand he will provide to the Court in his status update. *See id.* at 1.

230, 232. Mr. Wallace confirmed that he would not direct the witness not to answer based on a First Amendment objection in response to these questions, except that he refused to identify the redacted group. For the single remaining redacted group, Mr. Wallace maintained that he would direct NSJP's Rule 30(b)(6) witness not to identify the group or answer related questions, but declined to explain what distinguished the redacted group from any others that joined the call. Mr. Wallace also confirmed that he would identify the members of NSJP's Advisory Board, *see* Dkt. 230 at 3 ("ROG 18"), but offered no position when asked if he would identify members of NSJP's "National Alliance of Students," *see id.* ("ROG 17"), stating that he would have to further review NSJP's discovery responses.

For several weeks, Plaintiffs have provided Mr. Wallace with pin-cites to documents discussing the National Alliance of Students. Yet, Mr. Wallace stated during the meet-and-confer that he did not know what the term meant. The Court's own order allowing depositions to proceed states that Plaintiffs may ask about the "'National Alliance of Students' as that term is used by NSJP in, for example, GAZA002116." Dkt.230 at 2. Plaintiffs directed Mr. Wallace to the documents they have cited that reference this entity. Plaintiffs believe the Alliance is a consolidation of NSJP's Movement Partners in support of the Popular University for Gaza during the relevant period. *See* Dkt. 230 at 3 (allowing questions regarding "NSJP's 'Movement Partners' with respect to the Popular University for Gaza, the Campus Support Coalition, and the UCLA encampment, as that term is used by NSJP in, for example, GAZA002989.").[2]

Finally, Mr. Wallace declined to commit to not instructing NSJP's 30(b)(6) witness not to answer questions about the identity of third parties

[2] While NSJP contends that the term "Movement Partner" is "not a term of art," Dkt. 234 at 2, the documents NSJP has thus far produced belie that contention. *See, e.g.*, GAZA002989.

with which NSJP communicated about the Popular University for Gaza, and the Campus Support Coalition beyond those on the April 26, 2024 call, and would provide the same instruction regarding questions about NSJP's methods of communication with these third parties.

This line of questioning is reasonably calculated to discover evidence that is highly relevant to Plaintiffs' case. In Mr. Wallace's own words, NSJP was engaged in a "high-level strategy session" with third parties about the Popular University and campus encampments. It is clear that these calls often involved discussions of the UCLA encampment, which is no surprise given that NSJP understood the UCLA encampment to be a standout example of a Popular University encampment by an active chapter that was used as a template around the country. Plaintiffs' previous status updates have provided the Court with extensive documentary evidence of these facts.

NSJP's position contravenes the guidance that this Court provided in its adjudication of co-Defendant PCC's First Amendment objections. *See* Dkt. 201. Given that one of the Popular University for Gaza initiative's primary objectives was to establish encampments on college campuses across the country, and given that the crown jewel of that nationwide initiative was the UCLA encampment, high-level strategy calls discussing the Popular University for Gaza—indeed, even explicitly referencing the UCLA encampment—clearly are "directly related to the subject matter of the lawsuit" and therefore are not protected by the asserted First Amendment privilege. Dkt. 201 at 22. What is more, Mr. Wallace stated during a previous informal discovery conference that he would have completely redacted the list of organizations attending the April 26, 2024 call but for a clerical error. But Plaintiffs can only challenge Mr. Wallace's improper redactions for documents they see, and they can only see documents they know to ask for.

In light of the significant risk that Mr. Wallace continues to misapply this Court's First Amendment rulings, Plaintiffs respectfully request that the Court clarify that Plaintiffs may ask questions seeking to identify NSJP's movement partners with respect to the Popular University for Gaza (defined as any organization that joined a Movement Partner Call between September 2023 and December 2024). To be clear, Plaintiffs' goal is not to identify lists of NSJP chapters outside of Southern California that may have discussed the Popular University with national leadership. Rather, Plaintiffs seek to identify other national organizations that conspired with NSJP to prosecute the Popular University initiative around the country, including at UCLA. "Conspiring to deprive Jews of their Thirteenth Amendment rights is not a protected activity under the First Amendment." Order Re: Motions to Dismiss, Dkt. 133 at 22. That is true whatever the scope of the conspiracy. NSJP cannot invoke the First Amendment privilege to shield the identities of its co-conspirators. *See Dawson v. Delaware*, 503 U.S. 159, 165 (1992) ("[T]he Constitution does not erect a per se barrier to the admission of evidence concerning one's beliefs and associations … simply because those beliefs and associations are protected by the First Amendment.").

Respectfully submitted,

DATED: October 18, 2026

BROWN WEGNER LLP
CONSOVOY MCCARTHY PLLC
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW

By: /s/ Thomas R. McCarthy*
Thomas R. McCarthy*
Patrick Strawbridge*

Thomas A. Wilson*
Zachary P. Grouev*
Julius Kairey*
Richard A. Rosen*
Omer Wiczyk*
Evan Gottstein*

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiffs certifies that a true and correct copy of the foregoing was electronically filed and served upon all counsel of record who have appeared in the case and are registered with the CM/ECF. Parties may access this filing through the Court's CM/ECF System.

Dated: October 18, 2026

/s/ Thomas R. McCarthy
Thomas R. McCarthy