# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | October 19, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

| | |
|---|---|
| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |

| | |
|---|---|
| Nicholas Huynh | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| None | None |

**Proceedings (In Chambers):** **ORDER REGARDING EXEMPLAR REDACTED DOCUMENTS PROVIDED BY NSJP**

On October 2, 2026, the Court held an Informal Discovery Conference to discuss numerous discovery disputes between Plaintiffs and Defendants National Students for Justice in Palestine ("NSJP") and Faculty for Justice in Palestine Network ("FJPN"). (Dkt. 230.) In advance of the Informal Discovery Conference, Plaintiffs identified six exemplar documents produced by NSJP with redactions that do not appear to be sufficiently supported by NSJP's privilege log or consistent with the Court's August 28, 2026 ruling on the assertion of First Amendment privilege.[1] (Dkt. 201.) The Court warned defense counsel that NSJP and FJPN have the burden to support every redaction in their privilege log and they have not yet done this. (Dkt. 230 at 7.) Defense counsel asked for additional guidance on the redactions in Plaintiffs' six exemplar documents and therefore the Court agreed to review unredacted versions of those six documents *in camera* and provide guidance to the parties. (Id.)

Therefore, the Court directed defense counsel to review the six exemplar documents, remove any redaction that NSJP no longer wanted to defend, and produce revised versions of the documents with more limited redactions. (Id.) For every redaction remaining in the documents, the Court directed defense counsel to explain how that redaction was consistent with the Court's August 28, 2026 ruling on the assertion of First Amendment privilege. (Id.) The Court further directed defense counsel to submit to the Court for *in camera* review unredacted versions of the six documents by email. (Id.) The

[1] The six exemplar documents are GAZA002989, GAZA001742, GAZA000739-41, GAZA000828, GAZA002707, and GAZA000357.

Court advised that it would then rule on any remaining redactions in the six documents as a means of giving guidance to the parties as to redactions generally. (Id.)

Defense counsel appears to have followed a slightly different approach than the one laid out by the Court. Specifically, defense counsel identified five representative documents from a larger group of sixteen documents that had been previously identified by Plaintiffs. Defense counsel reviewed each of the five exemplar documents in detail to explain and justify the redactions. Defense counsel then provided unredacted versions of all sixteen documents previously identified by Plaintiffs for *in camera* review. To assist the parties and provide guidance on document redactions going forward, the Court will review the five exemplar documents identified by defense counsel.

The Court begins by restating the guidance from its August 28, 2026 ruling on the assertion of First Amendment privilege. (Dkt. 201.) The Court concluded that Plaintiffs' interest in disclosure outweighs the burden on First amendment rights where the content of the communications is directly related to the subject matter of the lawsuit, *i.e.*, Defendants' conduct and coordination with third parties related to the UCLA encampment. (Id. at 22.) The Court similarly concluded that Plaintiffs' interest in disclosure outweighs the burden on First Amendment rights where the identity of a third party is relevant either as a witness to Defendants' conduct or as a witness to what happened at the encampment. (Id. at 23.) By contrast, where the content of the communications does not indicate that either Defendants or the third party engaged in conduct related to the UCLA encampment, then the communications have only marginal relevance and the burden on First Amendment rights outweighs Plaintiffs' interest in disclosure. (Id.) Similarly, where there is no reason to believe that a third party engaged in conduct related to the UCLA encampment, was a witness to Defendants' conduct, or was a witness to what happened at the encampment, then their identity is not relevant and the burden on First Amendment rights outweighs Plaintiffs' interest in disclosure. (Id. at 23-24.) The Court will apply this guidance to the exemplar documents identified below.

**(1) GAZA002989-91:** This is a three-page document titled "AGENDA" for a "4/26 MOVEMENT PARTNER CALL." The document appears to be the minutes of a call that occurred by Zoom on April 26, 2024, which is during the UCLA encampment. The redacted version of this document has limited redactions for the identity of certain movement partners. Defense counsel acknowledges that this call took place during the UCLA encampment, but contends that the minutes barely mention the encampments, and therefore, the redactions are justified to protect the privacy of organizations and

individuals attending the meeting who have nothing to do with UCLA. The Court disagrees. The minutes clearly show that a key topic for the call was "[t]he current situation," presumably the UCLA encampment, including how "students are playing the role of reinvigorating the movement," and "encampments are trying to launch sporadically." (GAZA002989.) Thus, the Court concludes that the content of the call was directly related to the subject matter of the lawsuit, *i.e.*, Defendants' conduct and coordination with third parties related to the UCLA encampment. (Dkt. 201 at 22.) The movement partners on the call therefore have highly relevant information for this case and the only way to obtain that information is for Plaintiffs to obtain their identity and for Plaintiffs to be able to pursue discovery. Defense counsel has not provided any information to explain why certain movement partners are unrelated to UCLA and therefore merit redaction. Accordingly, the Court concludes that NSJP has not met its burden to justify any of the redactions on this document under the First Amendment. Thus, the Court orders NSJP to produce this document without redactions no later than **October 26, 2026**.

**(2) GAZA000739-41:** These are three pages from NSJP's handbook related to advisory boards. The handbook defines an advisory board as a group that provides non-binding strategic advice to NSJP. (GAZA000739.) The first page contains a redaction for an internal link which appears to be an internal NSJP document that contains "a full articulation of the Advisory Boards role." (Id.) Defense counsel states that this internal link has been reviewed for production. Therefore, the Court understands defense counsel to be stating that NSJP will produce this document. The Court therefore directs NSJP to produce this document, if it has not already done so, no later than **October 26, 2026**. The first and second pages from NSJP's handbook also contain redactions for the identity of "Participating Organizations." (GAZA000739-40.) Defense counsel states that these organizations had nothing to do with UCLA or the UCLA encampment and therefore NSJP has redacted their names based on First Amendment privilege. The Court has reviewed the unredacted version of these three pages and concludes that there is no reason to believe that the "Participating Organizations" engaged in conduct related to the UCLA encampment, were witnesses to Defendants' conduct, or were witnesses to what happened at the encampment. (Dkt. 201 at 23-24.) Therefore, the Court concludes that the identity of the "Participating Organizations" is not relevant and the burden on First Amendment rights outweighs Plaintiffs' interest in disclosure. (Id.) In short, the Court sustains the redactions based on First Amendment privilege.

**(3) GAZA002707-13:** This is an email dated April 20, 2024, sent by a NSJP email account to Students for Justice in Palestine chapter representatives about their

existing campaigns, including the Popular University for Gaza. NSJP redacted the email addresses of the recipients of the email, which are the personal email addresses of the local chapter representatives across the country. The content of the email is unredacted. The Court has reviewed the unredacted version of this email and concludes that there is no reason to believe that the recipients of the email engaged in conduct related to the UCLA encampment, were witnesses to Defendants' conduct, or were witnesses to what happened at the encampment. (Id. at 23-24.) Therefore, the Court concludes that the identity of the recipients of the email is not relevant and the burden on First Amendment rights outweighs Plaintiffs' interest in disclosure. (Id.) In short, the Court sustains the redactions based on First Amendment privilege.

**(4) GAZA000242-50:** Defense counsel states that this document appears to have been accidentally redacted and that the unredacted copy has now been provided to Plaintiffs. Accordingly, there is nothing to resolve as to this document.

**(5) GAZA000357-472:** This document is NSJP's running meeting notes on the Popular University for Gaza in April of 2024, which is almost 120 pages in length. The content of the meeting notes is largely unredacted. The first category of redactions is for internal links. Defense counsel states that the documents contained in the links have been produced, but the links were redacted to prevent Plaintiffs from accessing NSJP's drives directly. The Court believes this approach is acceptable so long as defense counsel makes it clear which documents relate to which redacted link. Otherwise, it would be impossible for Plaintiffs to understand how the documents relate to each other.

The second category of redactions is for the names of individuals and organizations who are not directly involved in the UCLA encampment or the claims of this case. The Court has reviewed the unredacted version of these meeting notes and concludes that there is no reason to believe that the redacted individuals and organizations engaged in conduct related to the UCLA encampment, were witnesses to Defendants' conduct, or were witnesses to what happened at the encampment. (Id.) Therefore, the Court concludes that the identity of the redacted individuals and organizations is not relevant and the burden on First Amendment rights outweighs Plaintiffs' interest in disclosure. (Id.) In short, the Court sustains the redactions based on First Amendment privilege.

The third category of redactions is for attorney-client communications and attorney work product. Specifically, there are limited redactions for privilege and work product on the following pages: GAZA00421, GAZA00437, GAZA000438-40, GAZA000443, GAZA000449, GAZA000471. The Court has reviewed the unredacted content and sustains

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | October 19, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

the redactions as to privilege and work product except as to the attorney work-product redaction on GAZA000437. The redacted content merely mentions the current lawsuit, but there is no legal advice being sought or conveyed, and there is no indication that the brief reference to the current lawsuit has anything to do with any work product prepared by counsel, or that anyone is acting at the direction of counsel. Defense counsel has not provided any additional facts or argument as to why this particular discussion is covered by the attorney work product doctrine. Accordingly, the Court concludes that NSJP has not met its burden to justify the attorney work product redaction on GAZA000437. Thus, the Court orders NSJP to produce GAZA000437 without redactions no later than **October 26, 2026**.

The Court hopes the foregoing guidance is helpful as it is simply not possible for the Court to review and rule on every single redaction. The Court expects the parties to use this guidance and apply it across the board to resolve disputes as to any other document redaction.

IT IS SO ORDERED.