UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | October 20, 2026 |
| Title | ***Weinberg v. National Students for Justice in Palestine*** | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE: MOTION TO CONTINUE TRIAL DATE AND SUMMARY JUDGMENT DEADLINES (ECF NO. 212)**

Plaintiffs Matthew Weinberg, Nir Hoftman, Eli Tsives, and Rabbi Dovid Gurevich move for an order modifying the case schedule by (1) continuing the trial date from April 27, 2027, to May 4, 2027, and (2) continuing the summary judgment opposition deadline, reply deadline, and motion hearing deadline by approximately two weeks each. (Mot. 1–5, ECF No. 212.) Defendant People's City Council ("PCC") opposes only the latter request to continue the summary judgment deadlines. (Opp'n 1, ECF No. 228.) Plaintiffs filed a reply. (Reply, ECF No. 231.) Defendants National Students for Justice in Palestine ("NSJP") and National Faculty and Staff for Justice in Palestine ("NFSJP"), sued as Faculty for Justice in Palestine Network, did not participate in the briefing, but Plaintiffs represent they do not oppose the motion. (Mot. 7.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). In general, the pretrial scheduling order can only be modified "'upon a showing of good cause.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). Prejudice to the opposing party, though not the focus of the inquiry, may also support denying a motion. *Johnson*, 975 F.2d at 609.

The Court previously granted the parties' joint stipulation to extend the case schedule. (*See* Order Re: Joint Stip. to Continue, ECF No. 197.) In that Order, the Court cautioned the parties that "[n]o further continuances will be granted absent an extraordinary showing of good cause." (*Id.* at 3.) Here, Plaintiffs have demonstrated good cause to move the trial date from April 27, 2027, to May 4, 2027, because the trial will "overlap with the final days of Passover." (Mot. 2.) Because multiple Plaintiffs, and some of Plaintiffs' trial team, have religious obligations that will prevent them from participating in trial, the modest continuance is warranted. The Court therefore grants Plaintiffs' motion to continue the trial dates.

On the other hand, Plaintiffs have not made an "extraordinary showing of good cause," (Order Re: Joint Stip. to Continue 3), to continue the summary judgment deadlines. Plaintiffs contend that "[t]he current schedule would . . . require Plaintiffs to prepare their opposition to any summary judgment motion in the two-week period that includes Christmas and New Year's Day," and that some of Plaintiffs' counsel have "pre-planned travel and vacation during that period." (Mot. 3.) But Plaintiffs are represented by multiple attorneys, each with differing availability. (*See* Mot. 3; *see also* Reply 1 (disputing the number of attorneys representing Plaintiffs but conceding overlapping periods of availability for Plaintiffs' attorneys).) Plaintiffs have not explained why the available attorneys are insufficient, nor why the attorneys with pre-planned travel cannot participate in summary judgment briefing prior to, during, and after their travels. Further, the Court requires counsel to discuss issues regarding the hearing and briefing of motions at the Local Rule 7-3 prefiling conference of counsel. (*See* Initial Standing Order § 9(c), ECF No. 28 ("Counsel should resolve minor procedural or other non-substantive matters during the conference, including the prospective hearing date.").) Plaintiffs fail to explain why a prefiling conferral could not address or mitigate counsel's concerns about their availability to brief motions over the holidays. Therefore, Plaintiffs have not demonstrated that the current schedule cannot be met with the exercise of reasonable diligence. *Zivkovic*, 302 F.3d at 1087.

Moreover, the proposed modification would prejudice Defendants because it would provide Plaintiffs a month-long period to file an opposition to a motion for summary judgment. This is substantially more time than the minimum allotted under this District's local rules, C.D. Cal. R. 7-9, and under this Court's standing order, (Initial Standing Order § 9(b)). Plaintiffs argue that Defendants would not be prejudiced because "all parties would be given additional time to respond to any summary judgment motion." (Mot. 4.) But the parties' Rule 26(f) report anticipated only defense motions for summary judgment. (Report 13, ECF No. 120.) Although Plaintiffs may yet file a motion for summary judgment, PCC's concern that the extension might provide one-sided relief is salient. (Opp'n 1.) Maintaining the current summary judgment briefing schedule resolves this potential complication. Accordingly, Plaintiffs' motion to extend the summary judgment deadlines is denied.

The Court continues trial to May 4, 2027, at 8:30 a.m. The schedule otherwise remains in place, and no further continuances will be granted absent an extraordinary showing of good cause.

**IT IS SO ORDERED.**