# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | October 20, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

| | |
|---|---|
| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |

| | |
|---|---|
| Nicholas Huynh | C/S 10/19/2026 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| William J. Brown, Jr., Esq.<br>Evan J. Gottstein, Esq.<br>Omer Wiczyk, Esq.<br>Thomas A. Wilson, Esq.<br>Zachary P. Grouev, Esq. | Jonathan Wallace, Esq. |

**Proceedings:** MINUTES OF INFORMAL DISCOVERY CONFERENCE

On October 19, 2026, the Court held an Informal Discovery Conference to discuss discovery disputes between Plaintiffs and Defendant National Students for Justice in Palestine ("NSJP") and National Faculty for Justice in Palestine ("NFJP"). Based on the discussion with the parties, the Court directed as follows:

<u>**Search Terms:**</u> Plaintiffs and NSJP/NFJP worked together to resolve the prior errors in the proposed search terms and NSJP/NFJP were able to produce updated search term hit reports for the period of September 1, 2023 through December 31, 2024 that Plaintiffs agreed were accurate. The hit count for NFJP was only 211, which NJFP agreed was reasonable. Therefore, the Court directed NFJP to proceed with a review using Plaintiffs' proposed search terms.

As to NSJP, the hit count report showed 5,305 results, but it appeared that this count substantially overstated the unique number of documents that would actually have to be reviewed after de-duplication (and by referencing the column for "Documents exclusive to search"). NSJP also believed that the hit counts were overstated because the universe of documents being searched included documents already produced. The parties agreed that documents already produced could be removed from the universe of documents being searched and therefore would substantially reduce the number of hits. Finally, the parties agreed that it would be helpful to see a hit count frequency report that showed the hits broken down by term as opposed to just showing total hit counts per search string. This would help the parties and the Court assess whether modifications to the search strings were necessary and/or how to make them. Therefore, the parties agreed to work

together and work with Everlaw to do the following: (1) remove the previously produced documents from the universe being searched; (2) obtain an updated hit count report with frequency detail showing hits per search term as opposed to only total hits per search string; and (3) obtain some sort of updated hit count report or guidance from Everlaw to better show the total number of unique hits that would need to be searched after de-duplication. NSJP shall provide this information to Plaintiffs and the Court as soon as it is available, but no later than **October 28, 2026**. The reason to keep this moving quickly is so that we can finalize search terms that would then allow NSJP to remove non-responsive data from hosting (and preserve the data offline). This will help NSJP avoid hosting costs and allow both NSJP and NFJP to load data from January 1, 2025 to present.

**Subpoena Respondents:** Mr. Wallace provided a list of progress for subpoena respondents affiliated with both NSJP and NFJP. The list showed many respondents nearing completion with their self-collection and redactions such that Mr. Wallace and his paralegal could be begin facilitating production. Therefore, the Court set a deadline of **October 30, 2026** for all subpoena respondents on the lists provided by Mr. Wallace to complete their self-collection and redactions, and provide the document productions to Mr. Wallace for production. The Court directs Mr. Wallace to advise the subpoena respondents of this deadline. The goal is for Mr. Wallace and his paralegal to have all the documents no later than October 30, 2026, so that they can then facilitate the productions shortly thereafter. The Court further directs Mr. Wallace to provide Plaintiffs and the Court an update on progress no later than **October 28, 2026**.

**Depositions:** The last issue discussed was guidance regarding potential First Amendment objections for the upcoming partial 30(b)(6) depositions of NSJP and NFJP. The parties talked through hypothetical lines of questioning and the Court provided guidance to help assist the parties and avoid disputes. Mr. Wallace agreed to be judicious with objections and that any dispute could be presented to the Court for resolution following the deposition and then the 30(b)(6) deponents could reappear for future questioning if needed.

\\

\\

\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | October 20, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

**Next Steps:** The Court had previously scheduled a further Informal Discovery Conference for **October 29, 2026 at 10:00 a.m.** (Dkt. 233.) The Court has directed NSJP and Mr. Wallace to provide certain updates no later than **October 28, 2026**. If Plaintiffs or NFJP have any update, they are welcome to also provide it no later than **October 28, 2026** (but if there is no update, they do not need to submit anything).

IT IS SO ORDERED.

| | |
|---|---|
| | 0:59 |
| **Initials of Preparer** | NTH |