Jonathan Wallace, Esq.
PO #728
Amagansett, New York 11930
917-359-6234
jonathan.wallace80@gmail.com

November 9, 2026

Magistrate Judge Joel Richlin
United States District Court
Central District, California
By email and efiling

**Re: Weinberg v. NSJP– Status Report - Defendant's Responses to Magistrate Richlin's 10.29.26 Order**

Defendants NSJP and NFSJP present their Status Report as directed by this Court.

The cut off date for discovery is December 14, a little more than a month away. Judge Scarsi warned the parties that he will not extend this deadline again, nor will he tolerate discovery continuing beyond that date, even on consent.

Putting things bluntly, Plaintiffs have run out the discovery clock by their refusal to compromise on search terms, subpoenas or any other issue, even though meet-and-confer rules required them to seek a middle ground. Had the parties reached agreement themselves on issues without involving the Magistrate Judge, I could have reviewed many more documents than will be possible now. The following is my pragmatic yet optimistic proposal to do as much as I can in the time left.

Submitted with this is the search report on the disambiguated strings, which still produces a result of 4,521 documents. Their limit changes have only decreased the number of responsive documents by 700.

I cannot review anything near this number by December 14th. I will be required again to do all the review myself; there is no other solution. Even if the Plaintiffs finally agreed to pay for assistance, which I have been suggesting for months, there is no time left to hire and train another lawyer.

As I have said, I can review at best 50 documents per day. I have explained that these are mainly meeting notes of 40 to 120 pages, which I must read carefully, looking for names of individuals and groups to redact under the First Amendment privilege rules stated by Your Honor. The 50 document limit is based on my solid experience reviewing the documents in this case so far. I have a very extensive *pro bono* practice, and I also cannot completely ignore other clients and matters between now and December 14th.

My most serious time constraints between now and December 14th are as follows. I have been summoned by a federal judge in Atlanta to appear, along with counsel for several other parties, in his courtroom in person on November 19th. I will also have to travel there and back, although I will do as much review as I can on travel days. I have a status conference in a state case in Brooklyn, NY on December 3, and must return to argue motions on December 9, each of which will take up at least a half day (and also require 6 hours round trip travel). I will use best efforts to review documents in the time I have available, including travel, on those days. I also have a deposition I am defending remotely, in a New Jersey state case on December 11th which will consume the entire day. I have briefs to file in other cases in federal courts in California on November 13 and 24. I have an ultrasound and blood draw scheduled in Manhattan on December 8, which also requires travel. I will of course have other emergency calls and advice to give, and other distractions that are the incidents of a full time law practice. I again reference the language from Rule 26 about “the parties’ resources”.

Another important interference in my ability to review documents is that I cannot do any such work on any day when I am defending, or for that matter attending, a day-long deposition in this case. Plaintiffs said at one point they wish to ask Your Honor to raise the limit to 20. This is completely impractical with a December 14 cut off date. Even if they were required to stick to the 10 deposition limit, that leaves five more to be somehow shoehorned in by December 14th. Note also that Plaintiffs insist that Your Honor gave them permission to take a second day of each 30(b)(6) without counting it towards the limit (I do not remember being asked to respond to this, or Your Honor making that determination).

Under the circumstances, our loading more documents to extend the date range to the present is impossible. We have run out of time to collect and load these documents, let alone review them. I also note that the thousand of pages we have already produced have already failed to give support for Plaintiffs’ claims. Bringing the date range to the present would not disclose any more concrete evidence. Since NSJP did not control the UCLA chapter nor intervene in the encampment, which was not a “Jew exclusion zone”, nothing in later-dated documents will modify these truths in any way.

I propose that I therefore review as many documents as I still can of the existing universe, with a target to be set by Your Honor taking into account the 50 document limit and the other commitments I have described. Granting me the grace of taking one day off from document review per week (which is more of a hedge against other unexpected demands on my time than an actual day of rest) , and subtracting the days on which I have full time obligations, that is 23 days left from November 11 to December 14, before we subtract for any depositions (if there were to be no more depositions, that would be 1,150 documents (23 days x 50 documents)). Also, whatever limit we set would include both NSJP and NFSJP documents.

The subpoenas are also a serious problem. (We are submitting via email the subpoena update reports we sent Plaintiffs as directed.) Respectfully, Plaintiffs should not have been permitted to serve 38 subpoenas in this essentially small, and also unsupported case. May, who is now working part time, has been occupied exclusively with the subpoenas for more than two months, a very stressful assignment which has made me fear at times we will lose her. We do not have authority over the individuals involved, especially ex-Steering, and some have fallen behind in collections, despite our best efforts. We have produced responsive documents on 5 subpoenas to date. I respectfully suggest that Your Honor therefore reduce our overall obligation to just 10 more subpoenas, a realistic goal given the shortness of the time until December 14.

Sean Eren’s 30(b)(6) deposition took place as scheduled on November 3 and, from my perspective, proceeded uneventfully. My tentative recollection is that I asserted First Amendment privilege twice,

and I believe that we afterward resolved one of those uses. Andrew Ross' 30(b)(6) ]was held today, on November 9, and also seemed to proceed rather smoothly. It is urgent that this Court resolve how many depositions are still to be conducted in the time left, including whether the Plaintiffs are to be permitted to take a second say of 30(b)(6) depositions of each witness without counting those against the limit. I have a compromise proposal: Since Plaintiffs have already indicated they also wish to depose each of the two witnesses in their individual capacity (which in their reckoning would mean six days of deposition, three days per witness, before December 14, but only counting as four depositions towards the limit), I suggest that they depose each witness just one more day apiece, at which they can ask both 30(b)(6) and personal capacity questions. I also ask of course that the 10 deposition limit not be exceeded.

Finally, I respectfully request that after the November 10 IDC, Your Honor issue an order scheduling all remaining discovery up to the December 14 deadline, and not schedule another IDC before, or any other reporting requirements or other tasks which would also take my time away from document review.

Also, all remaining discovery obligations should be conducted in parallel, as they already have been, with no deadlines prior to December 14. The time is too short for me to produce all documents prior to any more depositions, unless the document limit was set much lower. Although I understand this is not best practices in discovery, the existence of the hard December 14 deadline really does not permit any other approach.

Sincerely,

/s/ Jonathan Wallace