Jonathan Wallace, Esq.
PO #728
Amagansett, New York 11930
917-359-6234
jonathan.wallace80@gmail.com

November 17, 2026

Magistrate Judge A. Joel Richlin
U.S. District Court
Northern District of California

*Via e-filing*

Re: Weinberg, et al., v. National Students for Justice in Palestine, et al., No.

2:25-cv-3714-MCS-AJR (C.D. Cal.)

Dear Magistrate Judge Richlin:

Defendants NSJP and NFSJP submit this status report for the 11/18 IDC.

As we make clear in the application for relief from discovery being filed contemporaneously, Defendants and their counsel now very greatly lack confidence in this Court to manage discovery in a way which is respectful of Rule 26's mandate to take the "parties' resources" into account. This status report thus must be read against a background that we have been ordered to do the physically impossible by deadlines which are not supported by any real-world need for speed.

**Subpoenas**. Submitted in email with this report are updated status reports on collections from the subpoena recipients. We have to date submitted the production for 10 of these subpoenas. May has committed her full work time to these subpoenas since they were served. It is now urgent that we redeploy her to review the 4,300 documents Your Honor has ordered us to produce in two weeks. We reiterate our request to this Court to limit our entire production to 15 of 38 subpoenas. In addition or in the alternative, we request that Your Honor stay subpoena production until after 11/27 production. We respectfully ask that Your Honor explicitly rule on each such request in the 11/18 minutes, so that we may seek Rule 72 relief if needed.

**Depositions.** Other than the deposition on 11/20, which I will not be defending, there are no other confirmed dates for further depositions. We respectfully request that all further depositions which I will be defending be stayed until after 11/27.

**Document Review**. We have produced the results from the review of the 211 NFSJP documents and are actively reviewing the 4,300 NSJP documents Your Honor has ordered us to produce by 11/27. We reiterate our position that the so-called "quick peek" approach ordered by Your Honor causes an existential (and completely unnecessary) threat to the studies, careers, and possibly even lives of individuals whose names we would have redacted if given the time to do so. This Court's decision to mandate "quick peek" works a terrible infringement of First Amendment rights, performed directly by Your Honor as state actor.

**Date Range.** I was also horrified to note in the last minutes that Your Honor apparently still intends to order us to do an additional collection of documents through the present. Plaintiffs have not gleaned any evidence of any of their assertions about discrimination, chapter control and the "Jew exclusion zone" they assert, from the discovery to date. The case has to do with events that ended at the beginning of May, 2024. Plaintiffs have not shown good cause for the date range extension, which would work one more extreme and unreasonable hardship on Defendants. Again, we did not run out the clock; when does anyone think we will have time and capacity to load, search and review additional tens of thousands of documents by December 14?

**Confidentiality.** We remind Your Honor not to name protected individuals in minutes filed on the public docket.

While we will continue in good faith to struggle to meet impossible requirements and deadlines, we reiterate that a complete reset in this case, as to discovery requirements, due dates, trial dates and, it appears, the presiding judge and magistrate, would be required to restore procedural justice.

Sincerely,

/s/ Jonathan Wallace