William J. Brown, Jr. (SBN 192950)
bill@brownwegner.com
Evan Mark Simon (SBN 246455)
esimon@brownwegner.com
BROWN WEGNER LLP
2010 Main Street, Suite 1260
Irvine, California 92614
Telephone: 949.705.0080
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Matthew Weinberg, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>National Students for Justice in Palestine, et al.,<br><br>*Defendants*. | **Case No. 2:25-cv-03714-MCS-AJR**<br><br>**PLAINTIFFS' STATUS UPDATE RE: DOCKET 250**<br><br>Honorable Mark C. Scarsi<br>Magistrate Judge A. Joel Richlin<br><br>Informal Conference Date: November 18, 2026<br>Time: 1:30 p.m. |

[Additional Counsel Cont. from previous page]
Thomas R. McCarthy (VA Bar No. 47154)*
Thomas A. Wilson (DC Bar No. 90019385)*
Julius Kairey (VA Bar No. 101216)*
Zachary P. Grouev (FL Bar No. 1038629)*
CONSOVOY MCCARTHY PLLC
2107 Wilson Blvd., Ste. 725
Arlington, VA 22201
Telephone: (703) 243-9423
tom@consovoymccarthy.com
twilson@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

Patrick Strawbridge (MA Bar No. 678274)*
CONSOVOY MCCARTHY PLLC
8th Floor South PMB #706
Boston, MA 02109
Telephone: (617) 227-0548
patrick@consovoymccarthy.com

Richard A. Rosen (NY Bar No. 1663830)*
Omer Wiczyk (NY Bar No. 4321600)*
Evan Gottstein (NY Bar No. 5749783)*
THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW
1675 Broadway, 13th Floor
New York, NY 10019
Telephone: (877) 600-3532
rrosen@brandeiscenter.com
owiczyk@brandeiscenter.com
egottstein@brandeiscenter.com

* Admitted pro hac vice

*Attorneys for Plaintiffs*

Plaintiffs respectfully provide this update on their and Defendants' progress in completing the steps ordered by the Court following the November 10, 2026 informal discovery conference. *See* Dkt. 250.

In its Order, the Court noted that "the remaining subpoena respondents have not complied with the Court's October 30, 2026 production deadline" despite having had "more than enough time to complete these productions." *Id.* at 1. The Court thus "directed Mr. Wallace to inquire of the subpoena respondents what impediment exists, if any, that is preventing prompt completion of the productions." *Id.* The Court further "directed Mr. Wallace to notify all of the subpoena respondents with outstanding productions that they must immediately complete their document productions or they will be subject to further action by the Court to compel production." *Id.* The Court directed Mr. Wallace to "provide updated progress reports no later than **November 17, 2026**." *Id.*

As for upcoming depositions, the Court stated that "Mr. Wallace will check to confirm whether he is going to represent and whether he is authorized to accept service for [redacted] and [redacted]." *Id.* at 2. The Court noted that Plaintiffs and NSJP/FJPN "dispute whether the Rule 30(b)(6) deponents for NSJP/[FJPN] were adequately prepared/educated to discuss all of the noticed topics." *Id.* "To the extent they agree that the deponent was not sufficiently knowledgeable, the parties should go forward with further Rule 30(b)(6) depositions to cover the noticed topics." *Id.* "To the extent the parties disagree, Plaintiffs can submit a copy of the transcripts along with a list of the topics where they claim the deponent was not sufficiently knowledgeable that includes citations to the deposition testimony that demonstrates the lack of knowledge." *Id.* "The Court will then review the transcript and list of topics with citations at an informal discovery conference to try to resolve the dispute." *Id.*

The Court noted Plaintiffs' intent to serve additional written discovery. *Id.* The Court directed Plaintiffs "to promptly send the drafted discovery to Mr. Wallace for review and to include a copy in the next status update on **November 17, 2026**." *Id.* The Court would then look to see "that the proposed discovery is not duplicative of prior discovery and that it is proportional to the needs of the case." *Id.* If the Court approves the discovery, the Court will deem it served on NSJP/FJPN "with a deadline to respond of two weeks (**December 2, 2026**)." *Id.*

The Court noted that it "has finalized search terms for both NSJP and [FJPN] for the documents with a date range up to and including December 31, 2024." *Id.* The Court noted that "the volume is very manageable to complete review and production, even with redactions, within the next two weeks, particularly because this effort has been ongoing for months now." *Id.* The Court explained that "Mr. Wallace has repeatedly asserted that while the overall volume of documents to review is manageable," he has also asserted that "the documents are redaction intensive and the need to carefully review and implement First Amendment privilege redactions is causing the process to move very slowly." *Id.* at 2-3. Yet, the Court stated that there is "not sufficient time remaining in light of the December 14, 2026 Fact Discovery Cut-Off." *Id.* at 3 (citing Dkt. 197).

Therefore, the Court directed NSJP and FJPN "to complete [their] review and production of documents responsive to the current search terms no later than **November 27, 2026**." *Id.* For any remaining responsive documents not yet produced by that date, the Court directed NSJP and FJPN "to summarily produce all remaining responsive documents subject to an Attorneys Eyes' Only designation without any waiver of privilege." *Id.* NSJP and FJPN "can replace this production with a redacted version of the same production no later than **December 11, 2026**," after which Plaintiffs

would have to destroy the summary production. *Id.* The Court explained that "[t]his approach balances the rights of NSJP and [FJPN] to carefully review documents and redact for privilege against Plaintiffs' right to receive relevant evidence within the Fact Discovery Cut-Off." *Id.*

### I. Status of Subpoena Recipients' Document Production

Since the Court's previous informal discovery conference, Plaintiffs received document productions from three additional NSJP subpoena recipients: [redacted], [redacted], and [redacted]. Mr. Wallace also sent Plaintiffs an empty folder labeled "[redacted] Subpoena Responses," which Plaintiffs understand to represent the purported lack of responsive documents. Subpoena recipients still have not complied with "the Court's October 30, 2026 production deadline," despite having had "more than enough time to complete these productions." *Id.* at 1. Plaintiffs respectfully request that the Court order Mr. Wallace to complete the production of documents for all subpoena recipients as soon as possible.

### II. Scheduling of Depositions

The Court ordered Mr. Wallace to confirm "whether he is going to represent and whether he is authorized to accept service for [redacted] and [redacted]." *Id.* at 2. During a meet and confer with Plaintiffs yesterday, November 16, Mr. Wallace stated that he will not accept service for [redacted] or [redacted], and that he does not know whether he will represent them in any deposition. Plaintiffs will attempt to subpoena both individuals to obtain their deposition testimony.

Plaintiffs also intend to schedule second Rule 30(b)(6) depositions with witnesses for NSJP and FJPN. During yesterday's meet and confer, Mr. Wallace expressed doubt that the Court had already authorized additional depositions of witnesses for NSJP and FJPN. Plaintiffs believe the Court's authorization of additional depositions is clear from the Court's

previous orders and remarks during informal discovery conferences. *See, e.g.*, Dkt. 230 at 2 ("The Court authorized Plaintiffs to take partial Rule 30(b)(6) depositions of both NSJP and FJPN as follows."). To the extent Mr. Wallace stands by his position, Plaintiffs respectfully request the Court clarify that it has already authorized additional Rule 30(b)(6) depositions. Plaintiffs will continue to work with Mr. Wallace to arrive at a mutually agreeable date and time for the depositions.

### III. Additional Written Discovery

The Court directed Plaintiffs to "promptly send the drafted discovery to Mr. Wallace for review and to include a copy in the next status update on **November 17, 2026**." Dkt. 250 at 2. Prior to filing this status report on today's date, Plaintiffs sent their first set of requests for admission and additional interrogatories to Mr. Wallace. *See* Exh. A. Plaintiffs believe these discovery requests are "not duplicative of prior discovery and … proportional to the needs of the case." Dkt. 250 at 2. Plaintiffs served just seven additional interrogatories. And Plaintiffs served a limited number of requests for admission narrowly focused on the involvement of Samidoun and its representatives in NSJP's development of the Popular University for Gaza and the UCLA encampment.

Although Plaintiffs originally intended to serve additional requests for admission to help authenticate the documents NSJP and FJPN have produced so far, they recognize that Mr. Wallace has other pressing discovery obligations. Given Mr. Wallace's other obligations, Plaintiffs opted to serve only two requests focused on authentication. Instead of addressing authentication through written discovery, Plaintiffs propose that Mr. Wallace work with the parties and the Court to stipulate to the authenticity of the documents that NSJP and FJPN produce in discovery over the course of this litigation.

Given Plaintiffs' efforts to tailor their requests to a narrow slice of highly relevant evidence, the requests for admission served on Mr. Wallace are "not duplicative" and are "proportional to the needs of the case." Dkt. 250 at 2. Any argument that Mr. Wallace might make otherwise would be meritless, since courts require parties to answer requests for admission even if the answers are already in the requesting party's possession. *See, e.g.*, *Netlist Inc. v. Samsung Elecs. Co.*, 341 F.R.D. 650, 664 (C.D. Cal. 2022) ("Samsung's assertion that Netlist already had evidence in their possession does not absolve Samsung of its duty to admit the RFAs at issue."). Thus, Plaintiffs respectfully request that the Court deem their written discovery requests "served on NSJP/[FJPN] with a deadline to respond of … **December 2, 2026**[.]" Dkt. 250 at 2.

### IV. Final Document Productions by NSJP and FJPN

The Court ordered NSJP and FJPN "to complete [their] review and production of documents responsive to the current search terms no later than **November 27, 2026**." *Id.* at 3. During Plaintiffs' meet and confer with Mr. Wallace yesterday, Mr. Wallace stated that he was aware of this deadline, but was not sure if he would be able to meet it. Because of the limited time "remaining in light of the December 14, 2026 Fact Discovery Cut-Off," *id.*, Plaintiffs respectfully request that the Court remind Mr. Wallace of the importance of complying with his discovery obligations. In accordance with the Court's November 13 Order, any failure by NSJP and FJPN to complete document productions will require them "to summarily produce all remaining responsive documents subject to an Attorneys Eyes' Only designation without any waiver of privilege." *Id.* The alternative would deprive Plaintiffs "of relevant evidence" and put NSJP and FJPN "at serious risk of evidentiary sanctions for failing to timely meet their discovery obligations."

*Id.* Especially considering the upcoming depositions, it is imperative Plaintiffs receive access to the remaining documents as soon as possible.

Yesterday, Mr. Wallace also provided Plaintiffs with what he represented was the "final" production for FJPN. Mr. Wallace did not indicate whether he reviewed all 211 responsive documents. Plaintiffs would like Mr. Wallace to confirm that his review of the 211 documents is complete, and that there are no other responsive documents. Further, the 211 documents in question only pertain to the period from September 1, 2023 through December 31, 2024. *See* Dkt. 238 at 1. Thus, Plaintiffs would like Mr. Wallace to provide his progress in uploading the more recent FJPN documents to Everlaw and completing his review of those more recent documents using the agreed-upon, narrower search terms.

Respectfully submitted,

DATED: November 17, 2026

BROWN WEGNER LLP
CONSOVOY MCCARTHY PLLC
THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW

By: /s/ Thomas R. McCarthy*
Thomas R. McCarthy*
Patrick Strawbridge*
Thomas A. Wilson*
Zachary P. Grouev*
Julius Kairey*
Richard A. Rosen*
Omer Wiczyk*
Evan Gottstein*

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiffs certifies that a true and correct copy of the foregoing was electronically filed and served upon all counsel of record who have appeared in the case and are registered with the CM/ECF. Parties may access this filing through the Court's CM/ECF System.

Dated: November 17, 2026

/s/ Thomas R. McCarthy
Thomas R. McCarthy