Jonathan Wallace, Esq.
PO #728
Amagansett, New York 11930
917-359-6234
jonathan.wallace80@gmail.com

November 18, 2026

Magistrate Judge A. Joel Richlin
U.S. District Court
Northern District of California

*Via e-filing*

Re: Re: Weinberg, et al., v. National Students for Justice in
Palestine, et al., No.
2:25-cv-3714-MCS-AJR (C.D. Cal.)

Dear Magistrate Judge Richlin:

My clients have not received justice in your courtroom. The order conveyed via Friday's minutes works a huge infringement of our First Amendment rights and is a denial of due process.

At this point we are likely in much worse shape than if no magistrate had been assigned to our case. At every step, despite all financial, time and personal limitations, we have fully engaged in the process, in good faith: I licensed Everlaw, hired May and have spent hundreds of hours working on this matter including using best efforts to carry out all this Court's directions. As I have told you before, I have fifty cases involving clients similar to those in this case, in the federal and state courts in eight states, yet have spent a third to all of every single day since April working on this one matter.

I did not run out the clock on this case. Plaintiffs and this Court did. I have also complained, to absolutely no avail, that Plaintiffs never engaged in the required meet and confer process in good faith, always standing their ground and never conceding anything. This required substantial court intervention, which has now conclusively been mismanaged. It appears from the perspective of the Defendants that the Court has exacerbated Plaintiffs disregard for the meet and confer process, allowing Plaintiffs to engage in bad faith and stand their ground. Meets and confer should be an attempt to reach a resolution, and while Defendants have consistently attempted to

do so, Plaintiffs will not, and the Court should have intervened when we continually brought it up. This indicates the Court favors one side over the other, and has allowed them to run rampant and unregulated. Rather than evening the playing field, the Court has furthered the imbalance.

If Your Honor was inclined to order me to review 4,300 documents, he might have done so months ago, when I still had some chance of doing so. You are now ordering me to review this number in just two weeks, physically as impossible as ordering me to flap my arms and fly. Whether this was deliberate or not, the Court has failed to do its job to ease the discovery process. Another indication the Courts favor Plaintiffs from where Defendants stand.

The passage of time is not chargeable to delay on my part, but Plaintiffs' recalcitrance, for which there has been absolutely no consequences, and Your Honor's very slow process of working with the search terms in a way which decreased them only seven hundred documents from IDC to IDC. This process of weekly IDC's and discussion of the same issues has now had a devastating outcome, when it should have struck a balance protecting our interests as well. As we let you know in every status report, every week Defendants spent all their time responding to IDC orders, managing search terms, and writing status reports instead of being able to focus on document review. We trusted that putting this time and effort into the Court's orders would pay off in creating a more just process, but it has had the opposite effect.

Your "quick peek" solution reminds me of your earlier statement that I should consider not protecting the client by exercising First Amendment privilege in redacting, even though you had granted this right to PCC. I do not feel this Court has ever really understood our interests, dangers and limitations. The stakes are extremely high for anyone publicly known to be associated with the pro-Palestinian movement. For example, I represent doctors whose medical careers have essentially ended for actions like putting up a flyer at a medical school or making a post on personal social media-- all of which contained rather bland, mainstream and absolutely First Amendment-protected criticism of Israel. People whose names and information are revealed to Plaintiffs also may travel from time to time to the West Bank to see family or to Lebanon, regularly attacked by the Israeli military. Numerous Palestinian-Americans have been killed by the Israeli military and by settlers. "Quick peek" raises the risk level to an intolerable point, and should have been avoided by more hands-on management, more respect for our resources, and more limitations appropriately set on the Plaintiffs' demands. This is a disregard for our citizens First Amendment right to free speech, a right that should be protected by this Court, but instead Your Honor has furthered the chill of speech on Palestine, just as Plaintiffs want.

Your Honor, instead of managing the discovery process to a quiet and fair conclusion, has placed us in a corner where, in order to zealously represent my client, I will have to file objections to your order and to engage in other associated motion practice. One of the first things I had been doing in every federal case had been asking for the assignment of a magistrate, on the assumption that close management of the discovery process would only protect and benefit my client. In this case, it has inflicted devastating harm.

The list of infuriating and disappointing decisions continues. Your Honor is allowing Plaintiffs to potentially pursue more discovery requests despite discovery finishing in three weeks, and Defendants struggle to meet the existing deadlines. Furthermore, the new discovery requests are insulting, have nothing to do with the claims of the case, and are nothing more than trying to

entrap Defendants in order for Plaintiffs to chill First Amendment protected free speech. It's abhorrent. Defendants are offended by this continued behavior of Plaintiffs, and wonder when the Court will see the Plaintiffs obvious manipulation and abuse of the system. Defendants hold the position that the entire discovery request is outside the scope of the case and object to each and every request.

I have just been reviewing my September 25 letter filed at docket #222 as a request for relief from discovery, which begins, “Putting it quite bluntly, I am completely, personally overwhelmed by the volume of discovery generated by Plaintiffs in this matter to my two clients” and ends, “In summary, I am drowning here and seek Your Honor’s intervention to calibrate discovery to resources.” It seems ironic that, had Your Honor ordered me at that IDC to review 4,300 documents, I would at least have had a chance of achieving that. Instead, Your Honor ruled this motion *mooted* and then held, by my count, six more Informal Discovery Conferences, at which none of my concerns were addressed, and which led to the 11/13 order that I review approximately 160,000 pages of documents in just two weeks.

A couple of other issues in closing. There is no real world urgency dictating that this case must get to trial by next April. Plaintiffs themselves had asked Judge Scarsi to defer the trial date to summer 2027. A very simple solution that would contribute greatly to a resolution (though not a full and fair resolution) of the issues I am raising would be to extend all the dates. We will not make that request ourselves of Judge Scarsi-- we should not have to, as we are not the ones who ran the clock out, and he would certainly deny it. We respectfully suggest that Your Honor suggest to Judge Scarsi that he extend the dates *sua sponte,* given the devastating impact on Defendants of months of IDC’s which resulted in no final resolution of discovery issues until it was too late to fulfill them.

I have also repeatedly requested that Your Honor limit the number of subpoenas we have to fulfill, but Your Honor has never ruled on any of these requests in your minutes. There should have never been 38 subpoenas, most of which have 49 requests, served on young protestors for speaking out against the genocide in Gaza and its perpetrator, Israel. I therefore renew my request for perhaps the third or fourth time that we not be required to respond to more than fifteen of the 38 subpoenas, and ask that Your Honor rule on this issue in this week’s minutes, so that I may seek Rule 72 relief if needed.

I will be moving Judge Scarsi with my objections to the 11/13 order as soon as I can, given the meet-and-confer seven day requirement. I will also be moving him for your disqualification. Pending those motions, I respectfully request that you disqualify yourself from this matter pursuant to 28 USC 455(a), as not having shown the understanding or had the will to strike a protective and just balance as to discovery requirements. We also, in addition or in the alternative, request that you issue a stay of the 11/13 order pending that motion.

Sincerely,

/s/ Jonathan Wallace