# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | November 18, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

| | |
|---|---|
| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |

| | |
|---|---|
| Nicholas Huynh | C/S 11/18/2026 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| Evan J. Gottstein, Esq.<br>Omer Wiczyk, Esq.<br>Thomas A. Wilson, Esq.<br>Zachary P. Grouev, Esq. | Jonathan Wallace, Esq. |

**Proceedings:** **MINUTES OF INFORMAL DISCOVERY VIDEOCONFERENCE AND ORDER SCHEDULING FURTHER INFORMAL DISCOVERY VIDEOCONFERENCE**

On November 18, 2026, the Court held an informal discovery conference by Zoom to discuss discovery disputes between Plaintiffs and Defendant National Students for Justice in Palestine ("NSJP") and National Faculty for Justice in Palestine ("NFJP"). Based on the discussion with the parties, the Court directed as follows:

**Subpoena Respondents:** Mr. Wallace provided separate progress reports for the NSJP-affiliated subpoena respondents and the NFJP-affiliated subpoena respondents. The NSJP progress report shows nine completed productions, fourteen productions in progress, and one production for an individual who is no longer represented by Mr. Wallace that appears to be asserting the Fifth Amendment privilege against self-incrimination. The NFJP progress report shows only one completed production and fourteen productions in progress. It is still unclear to the Court why these productions are taking so long and have not been completed sooner, but Mr. Wallace advises that he has limited information and control over these individual respondents, some of whom are no longer members of NSJP or NFJP. Therefore, the Court directs Mr. Wallace to continue conveying to the subpoena respondents the importance of promptly completing their productions. The Court also proposed to Plaintiffs that they may want to seek additional depositions of subpoena respondents as a way of obtaining the information sought in light of the delayed document productions. The discovery delays would potentially serve as good cause for Plaintiffs to exceed the presumptive 10-deposition limit in Rule 30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03714-MCS-AJR** | Date | November 18, 2026 |
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

With regard to the subpoenas to individuals affiliated with NSJP and NFJP, Mr. Wallace orally requested that the Court issue a motion to quash and/or protective order to limit the number of subpoenas that must be responded to. Mr. Wallace asserts that responding to the large volume of subpoenas is unduly burdensome and not proportional to the needs of the case. However, the Court still does not understand why the subpoena respondents have been unable to complete their productions or what additional work is required on their end to do so. The Court has provided ample time for the subpoena respondents to complete their productions. They have not met the Court's deadlines, yet they have not faced any penalty. It is still unclear to the Court why the subpoena respondents cannot promptly complete their productions. The Court does not believe that completing their productions is unduly burdensome for the subpoena respondents given the amount of progress already made. Moreover, the Court believes that the document productions are necessary for Plaintiffs to obtain relevant evidence. Plaintiffs were forced to serve the subpoenas because NSJP and NFJP took the position that the organizations did not have possession, custody, or control, or any documents in the possession of the individual members. Therefore, the Court believes that requiring the subpoena respondents to complete their document productions is proportional to the needs of the case. For all of those reasons, the request for a motion to quash and/or protective order is DENIED.

**Depositions:** Plaintiffs are moving forward with depositions including further Rule 30(b)(6) depositions of NSJP and NFJP. The Court confirmed that Plaintiffs are permitted to notice additional Rule 30(b)(6) depositions of both NSJP and NFJP because the initial partial Rule 30(b)(6) depositions were intentionally limited to preliminary topics as a way of addressing discovery delays and to allow NSJP and NFJP to provide information in a less burdensome way than responding to voluminous written discovery. The Court also confirmed that the Rule 30(b)(6) deponents are also subject to deposition in their individual capacity should Plaintiffs choose to use one of their depositions on such witness. Therefore, the Court directed Mr. Wallace to provide dates for the further Rule 30(b)(6) depositions as well as the deposition of Mr. Eren in his individual capacity. The parties agreed to meet and confer and attempt to conduct Mr. Eren's future deposition(s) as efficiently as possible by trying to cover in one sitting the follow-up from the first Rule 30(b)(6) deposition, the new topics as a Rule 30(b)(6) deponent, and the separate questions to Mr. Eren in his individual capacity. The parties should schedule two separate days for Mr. Eren, but try to get this done in one day and only use the second day if needed.

**Search Terms:** The Court previously directed NSJP and NJFP to complete their review and production of documents responsive to the current search terms no later than

November 27, 2026. (Dkt. 250 at 3.) As the Court explained, it is important to complete this review because NSJP and NFJP still need to load and search documents for the period of January 1, 2025 to present. (Id. at 2.) The Court previously determined that Plaintiffs should be entitled to seek documents for the time period of January 1, 2025 to present, but with a more narrowed set of search terms to reflect the fact that this time period is less relevant to the case. (Dkt. 230.) Plaintiffs proposed a separate set of search terms for the later time period for both NSJP and NFJP, but those search terms were never tested because NSJP and NFJP never loaded the data for this time period into the document review database. (Dkt. 232.)

Mr. Wallace orally requested that the Court issue a protective order to prohibit discovery into the time period of January 1, 2025 to present as unduly burdensome and not proportional to the needs of the case. However, the Court concludes that NSJP and NFJP cannot meet their burden to justify this limit on discovery in light of the fact that they have not even tested the proposed search terms. The Court previously acknowledged that the time period of January 1, 2025 to present is less relevant and therefore directed Plaintiffs to prepare separate, more narrow search terms for this period, which they did. However, unless and until NSJP and NFJP actually load the data for this time period into the document review database and run a search term hit report, there is no basis to conclude that conducting these searches would be unduly burdensome. The Court hopes that NSJP and NFJP will complete the production of documents up to December 31, 2024 by the November 27, 2026 deadline, and then can promptly turn to loading and searching the data for January 1, 2025 to present. The Court believes that this is still possible within the current Fact Discovery Cut-Off of December 14, 2026. (Dkt. 197 at 3.) For all of those reasons, the request for a protective order is DENIED.

**Additional Written Discovery:** Plaintiffs would like to serve additional written discovery on NSJP and NFJP. (Dkt. 250 at 2.) To prevent additional discovery from sidetracking the current efforts to complete document productions and discovery responses, the Court directed Plaintiffs to send the draft discovery to Mr. Wallace for review and to include the proposed discovery in the status update for this informal discovery conference. (Id.) Plaintiffs propose serving seven interrogatories and 58 requests for admission. Having reviewed these discovery requests and discussing them with the parties, the Court believes it would be less burdensome and more proportional to the needs of the case to permit Plaintiffs to ask these questions at the upcoming Rule 30(b)(6) depositions, instead of responding in writing. See, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig., 301 F.R.D. 449, 455 (N.D. Cal. 2014) ("Particularly when compared to the level of detail required by Interrogatories Nos. 16 and 17, examination on this issue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **2:25-cv-03714-MCS-AJR** | Date | November 18, 2026 |
|---|---|---|---|
| Title | Matthew Weinberg, et al. v. National Students for Justice in Palestine, et al. | | |

in a 30(b)(6) deposition would entail significantly less expenditure of time, money, and effort."). Therefore, the Court declines Plaintiffs' request to lift the stay on discovery at this time for these additional written discovery requests. Instead, Plaintiffs should ask these questions at the upcoming Rule 30(b)(6) depositions. The Court directs Mr. Wallace to provide the discovery requests to the Rule 30(b)(6) deponents in advance so they can be prepared to answer the questions. The Court also warns that if the Rule 30(b)(6) deponents do not provide meaningful responses, then the Court will permit Plaintiffs to serve the written discovery and will order a written response no later then the Fact Discovery Cut-Off.

**Next Steps:** The Court schedules a further informal discovery conference by Zoom for **December 2, 2026 at 10:30 a.m.** The purpose of this informal discovery conference is to check on the progress of the parties with the work streams and deadlines set forth above. The Court hopes that this date will permit NSJP and NFJP to complete their production of documents for the time period through December 31, 2024 and then load the data for January 1, 2025 to present. If NSJP/NFJP would like the Court to review and potentially narrow Plaintiffs' proposed search terms, then they will need to load the relevant documents and run search term hit count reports. NSJP and NFJP can include these search term hit count reports in their status update to be filed no later than **December 1, 2026**. In the absence of search term hit count reports, the Court intends to set deadlines for NSJP/NFJP to review and produce documents responsive to Plaintiffs' proposed search terms for the period of January 1, 2025 to present. NSJP and NJFP should also include in their status update an overall update on progress completing discovery and can raise any other final issue they would like the Court to address. Plaintiffs can do the same and file their own status update no later than **December 1, 2026.**

IT IS SO ORDERED.

| | |
|---|---|
| | 1:01 |
| **Initials of Preparer** | NTH |